ANDERSON KILL & OLICK, P.C.
R. Mark Keenan
John M. O'Connor
Peter A. Halprin
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

Attorneys for Plaintiffs
SEA TRADE MARITIME CORPORATION AND
GEORGE PETERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEA TRADE MARITIME CORPORATION and GEORGE PETERS,<br><br>                             Plaintiffs,<br><br>   v.<br><br>STELIOS COUTSODONTIS, FRANCESA ELENI COUTSODONTIS, GENERAL MARITIME ENTERPRISES CORPORATION, ATTIKA INTERNATIONAL NAVIGATION SA, IASON SHIPPING LTD., PINTO SHIPPING LTD. and KARTERIA SHIPPING LTD.,<br><br>                             Defendants. | Civil Action No. 09 CIV 00488 (BSJ)<br><br>**PLAINTIFFS' LOCAL CIVIL RULE 56.1(a) STATEMENT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

        Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George C. Peters ("Peters") (collectively "Plaintiffs"), respectfully submit the following Local Civil Rule 56.1(a) Statement of Material Facts as to which there is no genuine issue to be tried in support of Plaintiffs' Motion for Partial Summary Judgment against Defendant Stelios Coutsodontis ("Coutsodontis" or "Defendant").

NYDOCS1-962138.2

1. In July 1992 Sea Trade was organized under the Liberian Business Corporation Act and Sea Trade's Articles of Incorporation set forth a registered address in Monovia, Liberia.

2. A true copy of the Articles of Incorporation of Sea Trade Maritime Corporation, dated July 8, 1992, is attached as Exhibit A to the Declaration of Peter Halprin in Support of Plaintiffs' Motion for Summary Judgment ("Halprin Decl.").

3. The Liberian Associations Law states that a stock restriction may: "Require the corporation or the holders of the shares to consent to any proposed transfer of the restricted shares or to approve the proposed transferee of the restricted shares." 1976 LIBERIAN CODES OF LAWS REVISED § 5.2(2)(c) (as amended 2002).

4. Sea Trade's Articles of Incorporation state: "No shareholder of the Corporation shall have the right or power to sell, assign, transfer or otherwise dispose of all or any part of the shares of stock of the Corporation to a person who is not already a shareholder without first obtaining the unanimous written consent of all the other shareholders of the Corporation." See Exhibit A to the Halprin Decl.

5. Sea Trade's stock certificates state: "No shareholder of the Corporation shall have the right or power to sell, assign, transfer or otherwise dispose of all or any part of the shares of stock of the Corporation to a person who is not already a shareholder without first obtaining the unanimous written consent of all the other shareholders of the Corporation."

6. A true copy of Sea Trade Maritime Corp.'s Stock Certificate, dated February 12, 1997, is attached as Exhibit B to the Halprin Decl.

      7.      No unanimous written consent of all other shareholders of Sea Trade was obtained with respect to the Sea Trade shares that Coutsodontis claims were transferred to him.

      8.      On or about July 10, 2008, Coutsodontis proceeded *ex parte* to cause an arrest of the Sea Trade ship, ATHENA, in Tarragona, Spain (the "Spanish Arrest"). The Spanish Arrest was later vacated.

      9.      A true copy of the Decisions in Issues 312/2008, dated August 4, 2008, of Section 2 of the Commercial Court 1 Tarragona, Tarragona, Spain, aff'd, Appeal of Decision in Issues 312/2008, dated February 19, 2009, of Section 2 of the Commercial Court 1 Tarragona, Tarragona, Spain (vacation of the Spanish Arrest and the subsequent affirmation by a Spanish Appellate Court), are attached as Exhibit F to the Halprin Decl.

      10.      On or about August 27, 2008, Coutsodontis proceeded *ex parte* to cause an arrest of the ATHENA in Louisiana ("The Louisiana Arrest"). The Louisiana Arrest was later vacated by the United States District Court. The United States Court of Appeals for the Fifth Circuit affirmed the District Court's decision to vacate the arrest of the ATHENA.

      11.      The decisions of the Federal District Court and the Fifth Circuit Court of Appeals appear at: Coutsodontis v. M/V ATHENA, No. 08-4285, 2008 WL 4330236, at *2 (E.D. La. Sept. 16, 2008), aff'd., 571 F.3d 1341 (5th Cir. 2009).

12. Coutsodontis obtained an injunction preventing Sea Trade from completing a proposed sale of the ATHENA. <u>See</u> Amended Complaint, dated April 3, 2009, ¶¶ 87-102.

Dated: February 16, 2011
New York, New York    By: /s/ Peter A. Halprin
                          Peter A. Halprin, Esq.

                          Anderson Kill & Olick, P.C.
                          1251 Avenue of the Americas
                          New York, NY  10020
                          Telephone:  212-278-1000

                          Attorneys for Plaintiffs
                          Sea Trade Maritime Corporation
                          and George Peters