# ANDERSON KILL & OLICK, P.C.

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Peter A. Halprin, Esq.
phalprin@andersonkill.com
(212) 278-1165

**By Fax**


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/11

August 19, 2011

Hon. Barbara S. Jones
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: Sea Trade Maritime Corporation, et al. v.
> Coutsodontis, et al.
> 09 Civ 00488 (BSJ) (HP)

Dear Judge Jones:

On behalf of Plaintiffs, we write with respect to Plaintiffs' intention to file a motion seeking a temporary stay of discovery pending resolution of two dispositive motions before Your Honor: (1) Plaintiffs' motion for summary judgment and (2) the defendant General Maritime's motion to dismiss. Both motions were filed earlier this year. Since discovery may either be rendered unnecessary, or dramatically altered, by the Court's decisions, Plaintiffs believe that to engage in discovery at this point with the inherent discovery disputes will be wasteful for the parties and potentially wasteful of the Court's time as well. In addition, a decision from the Court in Spain with respect to the seizure of the Plaintiffs' ship (a major claim in this lawsuit) is expected in September and that decision will undoubtedly have a material effect on this litigation.[1]

In addition, in February, Plaintiffs moved for the immediate disqualification of the law firm representing the Defendant Coutsodontis. In that motion, Plaintiffs pointed out that discovery should not take place during the pendency of the motion,

---

[1] We have consulted counsel for Coutsodontis and for General Maritime to ascertain their position with respect to the motion to stay discovery. As of the date of this letter, we have not received a definitive answer from General Maritime and were awaiting a response from counsel for Coutsodontis. We were informed that counsel for Coutsodontis is considering whether to appeal Magistrate Judge Pitman's recent decision and order, dated July 25, 2011 (and described below), in which he disqualified two attorneys from the law firm of Poles Tublin.

NYDOCS1-973363.3

New York, NY ■ Newark, NJ ■ Philadelphia, PA ■ Ventura, CA ■ Washington, DC ■ Stamford, CT

**Anderson Kill & Olick, P.C.**

Hon. Barbara S. Jones
August 19, 2011
Page 2

while Poles Tublin was acting as counsel. See Plaintiffs' Disqualification Brief[2] at 4 (seeking disqualification of Poles Tublin "before [the] litigation continue[d] further"). Plaintiffs further argued that "allowing Poles Tublin to serve as counsel through discovery will only hinder the expedient resolution of this case as it will be in the awkward situation of answering interrogatories, being deposed, and, at the same time, making factual affidavits in defense or in prosecution of motions to dismiss or for summary judgment." Id. at 22. In Plaintiffs' Disqualification Reply Brief, Plaintiffs noted that, "Defendant can certainly replace Poles Tublin and discovery, if necessary, can then proceed." Plaintiffs' Disqualification Reply Brief[3] at 13.

Magistrate Judge Pittman recently rendered a 50 page decision granting Plaintiffs' motion in part and ordering the immediate disqualification of two Poles Tublin attorneys. Magistrate Judge Pitman noted the importance of <u>immediate</u> disqualification. See Disqualification Op. p. 30.[4] Specifically, the Disqualification Opinion cited Gorbaty. v. Wells Fargo Bank, N.A., in which the Gorbaty court found that:

> [E]fficiency and the orderly progress of the case will be better served by disqualification early in the proceedings, when there will be time for plaintiff to find a new attorney to represent her without delaying the trial, for any new attorney to become familiar with the case now and not on the eve of trial, and for counsel who will try the case to be involved in framing the pleadings, taking discovery and bringing any appropriate pretrial motions.

Id. at 30, citing Gorbaty v. Wells Fargo Bank, N.A., CV-10-3291, 2011 WL 318090, at *3 (E.D.N.Y. Feb. 1, 2011). The Disqualification Opinion also noted that the defendants "acknowledge[d] that no discovery had been taken when the motion was filed." Disqualification Op. at 38.[5] Under these circumstances, and with the two dispositive motions pending, as a practical matter, none of the parties actively pursued their

---

[2]  "Plaintiffs' Disqualification Brief" refers to Plaintiffs' Memorandum of Law in Support of the Motion to Disqualify Poles Tublin, dated February 11, 2011.

[3]  "Plaintiffs' Disqualification Reply Brief" refers to Plaintiffs' Reply in Further Support of the Motion to Disqualify Poles Tublin, dated April 15, 2011.

[4]  "Disqualification Op." refers to Sea Trade Maritime Corp. v. Coutsodontis, 09-CIV-00488, slip op. (S.D.N.Y.) (Opinion and Order, ECF No. 64, July 25, 2011).

[5]  As the courts have observed, motions for disqualification are sometimes made for tactical reasons and are submitted after the counsel whose disqualification is sought has already conducted discovery and prepared for trial. The Plaintiffs here moved before any discovery was undertaken and Magistrate Judge Pitman noted that the defendants were not prejudiced in this case by the timing of Plaintiffs' motion.

**Anderson Kill & Olick, P.C.**

Hon. Barbara S. Jones
August 19, 2011
Page 3

previously served discovery and instead awaited Judge Pitman's ruling. For example, the Plaintiffs did not pursue their notices of deposition and the Defendant Coutsodontis withdrew two deposition dates. We have prepared but not yet filed motion papers to support the application for a stay. We have reviewed the Order of Reference to Magistrate Judge Pitman, Your Honor's Rules, and the Rules of the Southern District of New York. Since dispositive motions have not been referred by the Order, we believe that motions to stay discovery pending the determination of dispositive motions before this Court are also properly returnable before Your Honor. With respect to SDNY Rule 37.2, which calls for informal discovery conferences, it is our belief that a motion for a stay until determination of pending dispositive motions is not the type of discovery dispute to which SDNY Rule 37.2 applies. Accordingly, we have not requested an informal conference with the Court. If this is incorrect, upon the Court's instructions, we would be glad to contact all the parties to schedule such a conference.

In the meantime, based upon the Order of Reference and the pertinent Rules, Plaintiffs plan to serve and file the motion for a stay of discovery, subject to receiving any instructions otherwise from the Court.

Respectfully submitted,

Peter A. Halprin

cc: Nathan C. Gaudio, Esq. (by email)
    Peter Skoufalos, Esq. (by email)
    Patrick R. O'Mea, Esq. (by email)
    R. Mark Keenan, Esq. (by email)

*[Handwritten order:]* Plaintiff shall initiate a telephone conference with opposing counsel and the Court on Monday August 29th @ 11:00 a.m. to resolve plaintiff's request for a stay of discovery. SO ORDERED. Barbara S. Jones, USDJ  8-22-11

NYDOCS1-973363.3