```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEA TRADE MARITIME CORPORATION, et al.,

          Plaintiffs,

-against-

STELIOS COUTSODONTIS,

          Defendant.

09 Civ. 0488 (BSJ) (HBP)

SCHEDULING ORDER

PITMAN, United States Magistrate Judge:

In accordance with the order of Judge Barbara S. Jones dated August 31, 2011 (copy attached) which stayed discovery in this matter, it is hereby ORDERED that:

    1.    All fact discovery in this matter shall be completed no later than six months from the date that Judge Jones lifts the stay of discovery currently in place.

    2.    If plaintiffs intend to rely on an expert witness, plaintiffs shall make all required expert disclosures no later than six months from the date that Judge Jones lifts the stay of discovery currently in place.

    3.    If defendant intends to rely on an expert witness, defendant shall make all required expert disclosures no later than one month after the date by which plaintiffs must make all required expert disclosures.

    4.    All discovery concerning experts shall be completed no later than two months after the date by which defendant is required to make required expert disclosures.

973832.4

5. The parties shall report for a settlement conference one month after the end date for the completion of fact discovery. The specific date will be established in consultation with this Court. The settlement conference will be held in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York 10007 at a time to be determined. A copy of the procedures for settlement conferences accompanies this Scheduling Order.

6. Further dispositive motions, if any, shall be made no later than three months after the date by which all expert discovery must be completed. (The Plaintiffs' Motion for Summary Judgment and General Maritime's Motion to Dismiss are currently pending.)

7. The Pretrial Order, in the form required by Judge Jones's rules, along with all other pretrial submissions required by Judge Jones, shall be filed one month after the date by which dispositive motions shall be filed, or thirty days after the final decision on any dispositive motion (if the pretrial order is still necessary after such decision), which-ever date is later. Plaintiffs shall serve a draft of their portion of the Pretrial Order on counsel for defendant no later than fifteen days prior to the Pretrial Order's due date. For the convenience of all parties, a copy of Judge Jones's rules is available on the Court's website: www.nysd.uscourts.gov.

Dated: New York, New York
September 30, 2011

SO ORDERED

_____
HENRY PITMAN

-2-

973832.4

_____
United States Magistrate Judge

Copies transmitted to:

John M. O'Connor
R. Mark Keenan
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020
*Attorneys for Plaintiffs*

Peter Skoufalos
Patrick R. O'Mea
Brown Gavalas & Fromm LLL
355 Lexington Avenue
New York, New York 10017
*Attorneys for Defendant*
*GENERAL MARITIME*
*ENTERPRISES CORPORATION*

Nathan C. Gaudio
Poles, Tublin, Stratakis & Gonzalez LLP
46 Trinity Place
New York, New York 10006
*Attorney for Defendant*
*Stelios Coutsodontis*

973832.4

BRUCE HAMPTON
COURTROOM DEPUTY
(212) 805-6112

**Procedures Applicable to Cases Referred for Settlement
to Magistrate Judge Henry Pitman**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3. No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, no longer than five pages, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations;(2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and(3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre conference submissions be faxed to 212-805-6111.

4. At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a brief presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are notadjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

6. The presence in person of parties, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the initial conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the

973832.4

person with decision-making authority who gives directions to the attorney of record. Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8. Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9. Except for pre-conference submissions pursuant to ¶3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on written request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.

973832.4