# BROWN GAVALAS & FROMM LLP

355 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017
TEL.: (212) 983-8500
FAX: (212) 983-5946
www.browngavalas.com
bgmail@browngavalas.com

NEW JERSEY OFFICE

1118 CLIFTON
AVENUE
CLIFTON, NJ 07013
TEL.: (973) 779-1116
FAX: (973) 779-0739

BARRY A. GAVALAS
(1978-1999)
ROBERT J. SEMINARA
(1987-1999)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/11

October 26, 2011

**VIA FACSIMILE**
(212) 805-6191

The Honorable Barbara S. Jones
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Sea Trade Maritime Corp., *et al.*, v. Stelios Coutsodontis, *et al.*
      Case No.: 09 Civ. 488 (BSJ) (HBP)
      Our File No.: 1591.0001

Dear Judge Jones:

We represent defendant General Maritime Enterprises Corp. ("General Maritime") in this action. We write to advise the Court of a decision entered in a parallel New York State court action that dismissed the case as to General Maritime for lack of personal jurisdiction.

Briefly, by way of background, the plaintiffs commenced this action against defendant Stelios Coutsodontis to seek forfeiture of Coutsodontis's ownership interest in plaintiff Sea Trade. The plaintiffs allege that Coutsodontis violated his fiduciary duty and otherwise acted improperly by defaming plaintiff George Peters, wrongfully arresting Sea Trade's vessel, commencing harassing litigation against the plaintiffs, and other acts.

Subsequently, the plaintiffs amended the Complaint to add General Maritime and several other corporate entities as defendants and to assert a claim for money damages. The plaintiffs allege that General Maritime and the other defendants are liable because Coutsodontis indirectly owns or controls them.[1] Specifically, the plaintiffs assert that Coutsodontis committed all of his alleged wrongful acts "on behalf of" and "for the benefit of" General Maritime and so General Maritime is liable for any harm to the plaintiffs. Plaintiffs do not claim that General Maritime itself actively participated in any of the alleged wrongful acts underlying the Complaint.

---

[1] It is undisputed that Coutsodontis has no direct ownership or control interest in General Maritime or the other ship-owning defendants. Instead, the plaintiffs allege that Coutsodontis exercises control through family ties or some other unidentified indirect influence.

## BROWN GAVALAS & FROMM LLP

The Honorable Barbara S. Jones
October 26, 2011
Page 2 of 3

The Court may also be aware that plaintiff George Peters commenced a similar action in New York State Supreme Court in 2007 against all the defendants here except Francesca Coutsodontis (the "State Action").[2] The complaint in the State Action pled causes of action for defamation and unfair competition. As here, Peters relied on an alter ego-type theory of liability against General Maritime. Likewise, Peters did not allege that General Maritime itself played any active role in the acts underlying the complaint.

In the State Action, as here, General Maritime moved to dismiss the complaint on several grounds, including lack of personal jurisdiction. In opposing General Maritime's motion, Peters alleged, as here, that General Maritime and Coutsodontis were co-conspirators and that their conspiracy supported a finding of personal jurisdiction over General Maritime.

On September 26, 2011, Judge Barbara Kapnick issued the attached Decision and Order granting General Maritime's motion to dismiss for lack of personal jurisdiction. Judge Kapnick found that Peters failed to establish either general or specific personal jurisdiction over General Maritime. [Decision/Order p. 4]. Peters did not contest General Maritime's assertions that it has no property and does no regular business in New York, thus eliminating grounds for general jurisdiction. [*Id.* p. 5]. Turning to specific jurisdiction, Judge Kapnick analyzed Peters's claim of personal jurisdiction through alleged conspiracy. Judge Kapnick found that Peters failed to allege that "Coutsodontis and General Maritime entered into an agreement *with regard to the conduct at issue here.*" [*Id.* p. 8 (emphasis in original)]. Instead, Judge Kapnick found that Peters's conspiracy allegations only involved conduct that was not at issue in the Complaint, and thus irrelevant to C.P.L.R. § 302(a) jurisdiction. [*Id.*]. Peters also failed to allege that General Maritime intentionally participated in the conspiracy or undertook any affirmative conduct in furtherance of it. [*Id.*].

Judge Kapnick found the foregoing sufficient to dismiss the complaint, and thus did not reach the remaining grounds of General Maritime's motion.[3]

General Maritime respectfully submits that Judge Kapnick's reasoning is equally applicable here, so the same result should obtain. The factual allegations in Peters's affidavit are virtually identical – word for word – to the affidavit he submitted in this action. Likewise, the plaintiffs' theory of liability in both actions relies solely on Coutsodontis's acts "on behalf of" and "for the benefit of" General Maritime.

General Maritime respectfully requests the opportunity to submit a supplemental memorandum addressing the applicability of Judge Kapnick's ruling to the pending motion, should the Court believe that such a submission would be useful. General Maritime is also ready to provide pleadings or motion papers from the State Action at the Court's request.

---

[2]  *George Peters v. Stelios Coutsodontis, et al.*, Index No. 600482/07 (Supreme Ct. N.Y. County).

[3]  We note that Peters served a Notice of Appeal of Judge Kapnick's decision on October 23, 2011.

**BROWN GAVALAS & FROMM LLP**

The Honorable Barbara S. Jones
October 26, 2011
Page 3 of 3

We thank the Court in advance for its consideration of this matter.

Respectfully submitted,

**BROWN GAVALAS & FROMM LLP**

Peter Skoufalos

Enclosure

TO:  Anderson Kill & Olick, P.C.
     1251 Avenue of the Americas
     New York, New York 10020
     Attn:  R. Mark Keenan, Esq.
            John M. O'Connor, Esq.

     Poles, Tublin, Stratakis & Gonzalez, LLP
     46 Trinity Place
     New York, New York 10006
     Attn:  Scott R. Johnston, Esq.

*By E-Mail Without Enclosure*

The court grants Defendant's request to submit a supplemental memorandum, with the restriction that the submission not exceed 7 pages. Plaintiffs are given an equal opportunity to respond once the submission is filed.

SO ORDERED
Dated: 11/3/11

BARBARA S. JONES
U.S.D.J.