ANDERSON KILL & OLICK, P.C.
R. Mark Keenan
John M. O'Connor
Peter A. Halprin
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

Attorneys for Plaintiffs
Sea Trade Maritime Corporation and
George Peters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEA TRADE MARITIME CORPORATION and GEORGE PETERS,<br><br>      Plaintiffs,<br><br>  v.<br><br>STELIOS COUTSODONTIS, FRANCESA ELENI COUTSODONTIS, GENERAL MARITIME ENTERPRISES CORPORATION, ATTIKA INTERNATIONAL NAVIGATION SA, IASON SHIPPING LTD., PINTO SHIPPING LTD. and KARTERIA SHIPPING LTD.,<br><br>      Defendants. | Civil Action No.: 09 CIV 00488 (BSJ) |

**<u>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO
GENERAL MARITIME ENTERPRISES CORPORATION'S MOTION TO DISMISS
THE AMENDED COMPLAINT</u>**

Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters ("Peters") respectfully submit this supplemental memorandum of law in opposition to the Supplemental Memorandum of Law dated December 5, 2011 in Further Support of General Maritime Enterprises Corporation's ("General Maritime") Motion to Dismiss the Complaint. Plaintiffs respectfully submit that General Maritime's Motion to Dismiss the Complaint is without merit and since there has been no discovery, it is, at the very least, premature.

## PRELIMINARY STATEMENT

As set forth in Plaintiffs' prior brief dated March 16, 2011 and the Affidavit of George Peters dated March 8, 2011 (the "Peters Affidavit"), this action involves a bitter family dispute between Stelios Coutsodontis ("Coutsodontis") and his relatives who operate General Maritime on the one hand and Peters on the other – a vengeful fight over the control and ownership of Sea Trade, a maritime shipping company that owned, until recently, a shipping vessel – the ATHENA. Defendants' hostility toward Peters had led them to undertake a series of actions designed to cause the financial ruin of Sea Trade. As the leading force, Coutsodontis' actions were taken on behalf of, and to the benefit of, both himself and Defendant General Maritime, run by his relatives and partners. These actions involved illegal ex parte arrests of the ATHENA, illegal and improper interference with the ATHENA's sale and other improper actions. *See, e.g.*, Amended Complaint (the "Complaint") ¶¶ 18, 22, 63.

General Maritime has filed a supplemental brief seeking to demonstrate that a recent decision by Judge Barbara Kapnick in an unrelated proceeding in New York State court, now on appeal, *Peters v. Coutsodontis, et al.*, 2011 N.Y. Slip Op. 32750U (Sup. Ct., N.Y. Cty. Sept. 28,

2011) (the "State Court Action"), somehow collaterally estops Plaintiffs' action against General Maritime's before this Court.[1]

As noted in Plaintiffs' letters dated October 28, 2011 and November 4, 2011, Judge Kapnick's decision is inapplicable to this litigation for at least four reasons. First, the two actions do not involve identical facts, a requirement (as admitted by General Maritime) for any application of collateral estoppel. The facts alleged in the State Court Action took place in 2005 while this action was filed in 2009 and the operative facts set forth in the Complaint post-date the State Court Action by a year and a half and, in some cases, two years. Second, the decision in the State Court Action is currently pending appeal and thus should not be given any weight pending the outcome of the appeal. Third, as explained below, the decision in the State Court Action solely reviewed whether Plaintiffs' defamation as alleged in that action satisfied specific jurisdictional requirements whereas here the claims go far beyond defamation and include illegal arrests, interference with material transactions, etc. Fourth, at the very least, and as identified in Plaintiffs' Opposition to General Maritime's Motion to Dismiss (the "Opposition"), there are significant fact issues that are crucial to the matters before Your Honor for which there has yet to be any discovery - that were of little significance to the State Court Action.

Moreover, in the Southern District, courts have held that where pleadings raise the possibility of a principal-agent relationship, as here, questions as to the scope and existence of agency are not properly the basis for a motion to dismiss. *See, e.g., Amusement Industry, Inc. v. Stern*, 693 F. Supp. 2d 327, 345 (S.D.N.Y. 2010); *Heredia v. United States*, 887 F. Supp. 77, 80 (S.D.N.Y. 1995).

---

[1]  A copy of the decision is attached to General Maritime's Brief as Exhibit A. Citations to the decision, for ease of reference, will be made to "*Slip Op.*" and the *Slip Op.* pagination.

## THE DECISION IN THE STATE COURT ACTION

General Maritime seeks to have the decision in the State Court Action treated as collateral estoppel here. General Maritime misreads Judge Kapnick's decision and ignores the language in that opinion which expressly limits the scope of that holding. General Maritime is trying to fit a square peg into a round hole. In doing so, General Maritime has made a plethora of outright mischaracterizations as well as misleading statements trying to make the two cases "identical" in order to force the (mis)application of collateral estoppel. As noted previously, the sole claim in the State Court Action (the defamation) took place in 2005 and involves different facts than the operative facts of this action (the arrests) which took place many years after the State Court Action was filed.

In particular, General Maritime fails to note the difference between the jurisdictional statutes that applied in the State Court Action (relating to defamation claims) and those that apply here. In the State Court Action, Judge Kapnick noted the relevant statutory language:

> Personal jurisdiction over a non-domiciliary may be found, pursuant to CPLR 302(a), where the cause of action arises from either, 1) a transaction of business within the State; 2) a tortious act committed within the State, <u>except as to a cause of action for defamation of character</u>; 3) a tortious act committed outside New York causing injury within the State, <u>except as to a cause of action for defamation of character</u>; or 4) ownership, use, or possession of real property within the State.

*Slip Op.* at *6. Judge Kapnick then explained that "the <u>only claim</u> asserted here is for <u>defamation of character</u>." *Id.* (emphasis added). As such, the jurisdictional restrictions under CPLR 302(a) of the State Court Action, in which the "only claim" asserted was for defamation, exclude two of the four bases from which to obtain jurisdiction over a non-domiciliary (namely tortious acts committed within the state and tortious acts committed outside the state). In sum, for a defamation case, the state court stated that personal jurisdiction must be based upon

-3-

(1) doing business in New York or (2) owning real property in New York and that allegations of agency or conspiracy (as here) cannot support those two prongs of the statute.[2]

Such restrictions apply only to defamation, part of the State Court Action, and do not apply to the claims that are critical to the action before this Court including:

(1)   the two improper and illegal arrests[3] of Sea Trade's ship – the ATHENA;

(2)   the improper and illegal interference with the sale of Sea Trade's ship; and

(3)   the interference with Sea Trade's insurance recovery.

Therefore, the essential thrust of the Opposition –that all Defendant Coutsodontis' actions, as alleged in the Complaint, were taken on behalf of himself and his relatives and partners at General Maritime as agents and co-conspirators – satisfy the bases for jurisdiction under CPLR 302(a) subsections 2 and 3 (tortious acts committed inside or outside the state). See, e.g., Louros v. Cyr, 175 F. Supp. 2d 497, 520 (S.D.N.Y. 2001); In re Sumitomo Copper Litig., 120 F. Supp. 2d 328, 340-342 (S.D.N.Y. 2000).

## ARGUMENT

### I.  COLLATERAL ESTOPPEL DOES NOT APPLY WHERE THE ISSUES IN THE TWO PROCEEDINGS ARE NOT IDENTICAL

The doctrine of collateral estoppel applies if: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was 'actually litigated and actually decided,' (3) there was a 'full and fair opportunity for litigation in the prior proceeding,' and (4) the issues

---

[2] This distinction was noted by Judge Kapnick in holding that the allegations and proof of agency/conspiracy were not sufficient for a defamation claim, "Whether the parties were part of a conspiracy as to other conduct is irrelevant for purposes of finding personal jurisdiction pursuant to CPLR 302(a)(1) (i.e. business transacted within New York). Slip Op. at *9. Thus the Court did not discuss that the allegations and proof of agency/conspiracy as they relate to the second and third prongs which are key here (tortious acts committed inside or outside the state).

[3] This is the subject of Magistrate Pittman's disqualification decision which is currently on appeal.

previously litigated were 'necessary to support a valid and final judgment on the merits.'" *NML Capital, Ltd. v. Banco Central de la Republica Argentina*, 652 F.3d 172, 185 (2d Cir. 2011) (finding collateral estoppel inapplicable where the factual and legal issues were not identical).

As noted above, the two actions and the statutory legal predicates are entirely different. As such, collateral estoppel does not apply. *Id.*[4]

## II. WHERE AS HERE THE PRIOR PROCEEDING IS ON APPEAL, COLLATERL ESTOPPEL IS NOT APPROPRIATE

While an appeal will not <u>automatically</u> bar consideration of the collateral estoppel doctrine, where, as here, there is good reason to decline to consider the doctrine, the Court can do so in its discretion and should do so here. *See Yamaha Intern. Corp. v. Central Venture, Inc.*, No. 90 Civ. 9495, 1991 WL 4548, *2-3 (S.D.N.Y. Jan. 19, 1991) (citing judicial efficiency). It would be a judicial anomaly if estoppel were granted here where (1) identical facts are not involved, (2) identical statutes are not involved, and (3) and the decision is on appeal and may be overturned.

## III. CPLR 302(A) PROVIDES JURISDICTION OVER GENERAL MARITIME EXISTS UNDER THE LEGAL DOCRINES OF BOTH AGENCY AND CONSPIRACY

Personal jurisdiction under Section 302(a)(2) (tortious acts within the state) exists where acts were taken by a co-conspirator within New York acting as "agent" for the absent party. *Allen ex rel. Allen v. Devine*, 670 F. Supp. 2d 164, 171 (E.D.N.Y. 2009). "It is well established that acts committed in New York by the co-conspirator of an out-of-state defendant pursuant to a conspiracy may subject the out-of-state defendant to jurisdiction under C.P.L.R. 302(a)(2)." *Louros*, 175 F. Supp. 2d at 520. Moreover, "a formal agency relationship is not

---

[4] As such, the other required elements of collateral estoppel do not apply.

required to establish that an out-of-state defendant acted through his agent." *Id.* at 519.[5] In fact, Plaintiffs need only show that Coutsodontis engaged in purposeful activities in New York for the benefit of and which could form the basis of the tacit knowledge of General Maritime. *See, e.g., Energy Brands, Inc. v. Jorgensen*, No. 09-CV-591A, 2011 WL 282354, at *5 (W.D.N.Y. Jan. 25, 2011); *Cooper, Robertson & Partners, LLP. v. Vail*, 143 F. Supp. 2d 367, 371 (S.D.N.Y. 2001).[6] As set forth at length in the Peters Affidavit (¶ 8), on many occasions both Coutsodontis and his General Maritime relatives <u>together</u> actively participated in interfering with Sea Trade's operations. Moreover, by its very nature, a conspiracy with an improper goal relies on circumstantial evidence which Plaintiffs have demonstrated through a showing of Coutsodontis' and General Maritime's motive, including the potential benefits to be derived therefrom and the conspirators' prior wrongful acts. Accordingly, the law is clear that the requisite proof will be derived from such circumstantial evidence as set forth in the Peters Affidavit. *See Cleft of the Rock*, 992 F. Supp. 574.

Plaintiffs have met this burden. General Maritime was clearly aware of the effects that the following actions would have on Plaintiffs in New York: filing a bad faith action against Sea Trade in a New York court, conspiring to wrongfully arrest the ATHENA <u>twice</u> (as

---

[5] General Maritime also claims that Plaintiffs do not specifically allege that General Maritime "authorized" or "participated" in the acts cited in the Complaint. However, the allegations in the Complaint which show a corrupt agreement and overt acts, and the fact that the acts were done on behalf of and as a partner of General Maritime, are sufficient under any concept of notice pleading. *See, e.g., CompuDyne Corp. v. Shayne*, 453 F. Supp. 2d 807, 825-26 (S.D.N.Y. 2006); *Burrell v. State Farm & Cas. Co.*, 226 F. Supp. 2d 427, 440 (S.D.N.Y. 2002). In addition, claims of conspiracy do not have to be specifically pleaded since they are not considered a separate claim. *See Interstate Cigar Co. v. I.B.I. Sec. Serv.*, 105 Misc.2d 179, 184-85 (N.Y. Sup. Ct. Nassau Cty. 1980) ("There is really no substantive tort of conspiracy. . . . It has been held that the allegation of conspiracy is merely a pleading device permitting evidence in the trial connecting one defendant with the act of his codefendant") (citations omitted).

[6] Further, a co-conspirator, as here, may be an "agent" as that term is used within the New York long-arm statute. *See Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574 (E.D.N.Y. 1998) (finding that a co-conspirator may be an "agent" under CPLR 302(a)).

found by four separate courts), interfering with the sale of the vessel, and breaching fiduciary duties. In fact, causing damage to Sea Trade was the very purpose of the conspiracy. Plaintiffs have already established that Coutsodontis' efforts to harm Peters were for the benefit of General Maritime and that Coutsodontis was acting at the company's behest. Accordingly, the actions taken in furtherance of the conspiracy also subject General Maritime to personal jurisdiction. *Id.*

### IV. AT THE VERY LEAST, PURSUANT TO CPLR 3211(D) PLAINTIFFS ARE ENTITLED TO DISCOVERY REGARDING JURISDICTION

As shown above, it is clear that, at a minimum, Plaintiffs' allegations and evidence warrant denial of the Motion. While Plaintiffs submit that General Maritime's motion should be denied out of hand, it is respectfully submitted that, at the very least, the motion is premature and General Maritime should not be dismissed without requiring the relatives and partners of General Maritime to submit to sworn discovery on these jurisdictional issues pursuant to CPLR 3211(d). *See* Opposition at 19.

### CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny General Maritime's Motion to Dismiss the Complaint in all respects.

January 6, 2012

By: /s/ Peter A. Halprin
R. Mark Keenan
Peter A. Halprin

ANDERSON KILL & OLICK, P.C.
Attorneys for Plaintiffs
SEA TRADE MARITIME CORPORATION and
GEORGE PETERS
1251 Avenue of the Americas
New York, New York 10020
Telephone: 212-278-1000

nydocs1-979733.5