MANDATE

S.D.N.Y.–N.Y.C.
09-cv-488
Jones, J.
Pitman, M.J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand twelve.

Present:
John M. Walker, Jr.,
Chester J. Straub,
Gerard E. Lynch,
*Circuit Judges*.

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** ____________
**DATE FILED:** May 10, 2012

---

Sea Trade Maritime Corporation,
George Peters,

*Plaintiffs-Appellees*
*-Cross-Appellants*,

v. 11-3420-cv (L)
11-3539-cv (xap)

Francesa Eleni Coutsodontis, *et al.*,

*Defendants*,

Stelios Coutsodontis,

*Defendant-Appellant*
*-Cross-Appellee*.

---

Appellees, through counsel, move to dismiss the appeal docketed under 11-3420-cv for lack of appellate jurisdiction, and to impose sanctions against Appellant pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Furthermore, Appellees acknowledge that, if Appellant's appeal is dismissed for lack of jurisdiction, their cross-appeal docketed under 11-3539-cv should likewise be dismissed. Upon due consideration, it is hereby ORDERED that both appeals are DISMISSED.

SAO-WJF

MANDATE ISSUED ON 05/09/2012

This Court has determined that it lacks jurisdiction over these appeals because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, and the order now at issue is not immediately appealable under the collateral order doctrine or 28 U.S.C. § 1292(a)(3). *See LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995) (holding that an order of a magistrate judge is not appealable unless the magistrate judge is given plenary jurisdiction by the district court and by consent of the parties pursuant to 28 U.S.C. § 636(c)); *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440 (1985) ("[O]rders disqualifying counsel in civil cases . . . are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291."); *Becker v. Poling Transp. Corp.*, 356 F.3d 381, 387 (2d Cir. 2004) (holding that § 1292(a)(3) "provides appellate jurisdiction . . . when the court below . . . has entered an interlocutory [admiralty] decree deciding the merits of the controversy between the parties, but has left unsettled the assessment of damages or other details required to be determined prior to entry of a final decree" (internal quotation marks omitted)); *Cement Div., Nat. Gypsum Co. v. City of Milwaukee*, 915 F.2d 1154, 1158 (7th Cir. 1990) (en banc) (holding that an order disqualifying counsel was not immediately appealable under § 1292(a)(3) because it did not resolve the underlying dispute between the parties). It is further ORDERED that Appellees' motion for sanctions is DENIED. A request for sanctions based on disqualified attorneys being involved in this appeal should first be presented to the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit