```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
                                  :
SEA TRADE MARITIME CORPORATION    :
and GEORGE PETERS,                :
                     Plaintiffs,  :
                                  :     09 Civ. 488(BSJ)(HBP)
              v.                  :     **Memorandum and Order**
                                  :
STELIOS COUTSODONTIS, FRANCESA    :
ELENI COUTSODONTIS, GENERAL       :
MARITIME ENTERPRISES CORPORATION, :
ATTIKA INTERNATIONAL              :
NAVIGATION S.A. and IASON SHIPPING:
LTD.                              :
                     Defendants,  :
                                  :
----------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 11/05/2012

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

## INTRODUCTION

Pursuant to Rule 6.3 of the Local Civil Rules for the Southern District of New York, Defendant General Maritime Enterprises Corporation ("Defendant") has filed a motion for reconsideration of the Court's Memorandum and Order entered on August 16, 2012, which denied Defendant's motion to dismiss Plaintiffs Sea Trade Maritime Corporation and George Peters' (collectively "Plaintiffs") Amended Complaint.  In its motion for reconsideration, Defendant asks the Court to reconsider whether Plaintiffs are precluded from asserting personal jurisdiction based on a finding of a lack of personal jurisdiction in a previous state court action.  This argument

1

was previously raised by Defendant in a Supplemental Memorandum which was filed on December 5, 2011.  The Court **GRANTS** Defendants' motion for reconsideration, but **DENIES** Defendant's motion to dismiss in its entirety.

**STANDARD OF REVIEW**

The standard for granting a motion for reconsideration is high, and reconsideration "will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked— i.e., matters that may reasonably be expected to alter the conclusion reached by the district court." Abimbola v. Ridge, 181 Fed. Appx. 97, 99 (2d Cir. 2006) (citing Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  To justify reconsideration, a party must point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Shrader, 70 F.3d at 257.

**DISCUSSION**[1]

In reaching the decision made in its prior order, the Court failed to appreciate the arguments raised by Defendant in its surreply. Given this, the Court now grants Defendant's Motion for Reconsideration in order to consider whether the prior state court judgment has collateral estoppel effect on this Court's inquiry into personal jurisdiction.

Having now considered the arguments raised in Defendant's surreply, the Court finds that the personal jurisdiction issues considered by New York Supreme Court Judge Barbara Kapnick are not identical to those before this Court. Accordingly, since the prior state court judgment has no preclusive effect in the instant action, for the reasons discussed in the Court's August 16, 2012 order, the Court denies Defendant's motion to dismiss in its entirety.

### I.  Legal Standard

Under the full faith and credit statute, 28 U.S.C. § 1738, "[c]ongress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Hickerson v. City of N.Y., 146 F.3d 99, 103 (2d Cir. 1998) (citing Allen v. McCurry, 449 U.S. 90, 96 (1980)). In New York

---

[1] The Court assumes familiarity with the facts outlined in its August 16, 2012 order and incorporates herein the Background section of that prior order.

courts, "collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." Eastman Kodak v. Asia Optical Co., No. 11 Civ. 6036, 2012 WL 2148198, at *4 (S.D.N.Y. June 13, 2012) (citing In re Hyman, 502 F.3d 61, 65 (2d Cir. 2007). While "[t]he party asserting issue preclusion bears the burden of showing that the identical issue was previously decided...the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1995) (internal citation omitted).

Defendant's primary argument in its motion for reconsideration is that the personal jurisdiction issue decided in the state court is identical to that in the instant action. (Mem. of Law in Supp. of Mot. for Recons. 6.) In determining whether personal jurisdiction theories are identical, the Court looks to whether Plaintiffs assert personal jurisdiction under the same statutory provision, and whether the personal jurisdiction asserted under this statutory provision is grounded in the same allegations. See Eastman Kodak, 2012 WL 2148198, at *4. The Court also bears in mind that collateral estoppel is a

4

flexible doctrine, and whether to apply it in a particular case depends on "general notions of fairness involving a practical inquiry into the realities of the litigation." In re Hyman, 502 F.3d at 66.

## I. Analysis

### A. Statutory Basis for Jurisdiction

In the state court action, Plaintiffs asserted jurisdiction over Defendant pursuant to N.Y. C.P.L.R. ("CPLR") §§ 301 and 302(a). (Supp. Mem. of Law in Further Supp. of General Maritime Enterprises Corp.'s Mot. to Dismiss the Compl. ("Def.'s Supp. Mem."), Ex. B. ¶ 10.)  Since the state court action involved only a defamation claim, personal jurisdiction could only be based upon CPLR § 302(a)(1), which requires that defendant must conduct business in the state, or CPLR § 302(a)(4), which requires that defendant must own real property in the state.[2]

In the present action, Plaintiffs assert causes of action beyond defamation, for which the Court can exercise long arm jurisdiction pursuant to CPLR §§ 302(a)(2) and 302(a)(3). Under CPLR § 302(a)(2) a defendant may be subject to personal jurisdiction for tortious acts, other than defamation, that are committed within the state.  Under CPLR § 302(a)(3)(ii), a defendant may be subject to personal jurisdiction for tortious

---

[2] The other two subsections of CPLR § 302(a), (2) and (3), state that they do not apply to "a cause of action for defamation of character".

5

acts, other than defamation, committed outside the state, provided that the defendant: "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce".

The Court therefore finds that Plaintiffs rely on different statutory provisions to establish jurisdiction in the present action than were relied upon in the state court action. Nonetheless, the Court proceeds to the second prong of analysis to examine whether the allegations in the two actions differ.

### B. Theory and Allegations Asserted in Each Action

To determine whether Plaintiffs have asserted personal jurisdiction on the same theory and allegations in both actions, the Court compares the claims asserted in the prior state court action to those now asserted, examining differences in the underlying facts essential to those claims. In deciding whether "[c]hanges in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issue," Montana v. U.S., 440 U.S. 147, 159 (1979), the Court considers whether intervening changes "significantly affect the overall complexion of the record." Hickerson, 146 F.3d at 112. To the extent there are new facts under which Plaintiffs assert personal jurisdiction, the Court will look to see if the new evidence: (1) concerns events postdating the state court dismissal, or (2) significantly alters the personal

6

jurisdiction analysis from that undertaken by the state court. See Eastman Kodak, 2012 WL 2148198, at *5.

In the state court case, Plaintiffs brought causes of action for libel, defamation, and unfair competition. All of these causes of action were grounded in allegations relating to a previous state court case brought by Defendant Coutsodontis. (Def.'s Supp. Mem., Ex. B. ¶¶ 12-37.) The allegations were as follows: (1) that Defendant Coutsodontis filed an action in New York state court which contained false allegations, namely that Plaintiff Peters had fraudulently awarded himself an employment contract, id. at ¶ 22, committed forgery on power of attorney documents, id. at ¶ 23, and lied in his business dealings, id. at ¶ 29; (2) that, in the allegedly false action, Defendant Coutsodontis had named maritime management company Colonial Navigation Co., Inc., a company with whom Plaintiff Peters had a business relationship, for the sole purpose of serving the Company the aforesaid defamatory statements, id. at ¶¶ 30-31; (3) that Defendant Coutsodontis had provided the directors of Hellenic Mutual War Risk Association ("Hellenic"), the largest Greek war risk insurance company, with the defamatory litigation papers, id. at ¶ 32; and (4) that these actions injured Plaintiff's business reputation and his ability to work in the

7

shipping industry, creating an unfair business advantage for Defendant Coutsodontis, id. at ¶¶ 33-34.

In the present action, in addition to the allegations asserted in the state court action, the Amended Complaint also alleges that Defendant Coutsodontis: (1) improperly acquired shares in Sea Trade Maritime Corporation through a coercively obtained agreement from one elderly and infirm shareholder, (Am. Compl. ¶¶ 36-62; (2) instigated two unlawful maritime arrests of Plaintiffs' vessel, the first in Spain on or about July 10, 2008, and the second in Louisiana on or about August 27, 2008, id. at ¶¶ 63-81; (3) brought an anti-sale injunction in Greek court through a false claim of an ownership interest in the vessel Athena, which lead to a delay in sale to the detriment of the Plaintiffs, id. at ¶¶ 82-106; and (4) filed allegedly vexatious and harassing litigation in Piraeus, Greece, id. at ¶¶ 122-128.

Comparing the two complaints, although both contain allegations of defamation rooted in the earlier state court litigation, the Court finds that the Amended Complaint's new claims regarding the allegedly unlawful maritime arrests, anti-sale injunction, harassing litigation, and improper acquisition of shares "significantly affect the overall complexion of the record," Hickerson 146 F.3d at 112, and substantially alter the personal jurisdiction analysis. See Eastman Kodak, 2012 WL

2148198, at *5. By alleging a pattern of tortious conduct beyond simply defamation, the Amended Complaint asserts a basis for jurisdiction pursuant to CPLR § 302(a)(3), thereby requiring the Court to engage in a fundamentally different personal jurisdiction inquiry than that entertained by the state court. Since the state court could only exercise personal jurisdiction pursuant to §§ 302(a)(1) and 302(a)(4) of the long arm statute, its analysis was limited to the Defendants' in-state presence. In contrast, the allegations in the instant action call for the Court to examine, not only whether Defendant regularly does or solicits business in New York, but also whether it "expects or should reasonably expect the [tortious] act [committed outside of the state] to have consequences in the state" and whether the Defendant "derives substantial revenue from interstate or international commerce" as described in CPLR § 302(a)(3)(ii). Such an inquiry is vastly different in scope than that conducted by the state court.

The broader scope of the Court's inquiry also affects the consideration given to Plaintiffs' conspiracy allegations. Because the sole cause of action before the state court was a claim for defamation, the state court properly gave little weight to any of the complaint's conspiracy allegations which related to conduct beyond the defamation claim. In rejecting Plaintiff Peters' assertion of jurisdiction over Defendant

9

General Maritime Corporation, Judge Kapnick held that "Peters makes no allegation that Coutsodontis and General Maritime entered into an agreement *with regard to the conduct at issue here*. Whether the parties were part of a conspiracy as to other conduct is irrelevant for purposes of finding personal jurisdiction pursuant to CPLR 302(a)(1), where the cause of action must arise from business transacted within the state." Peters v. Coutsodontis, No. 600482/07, 2011 N.Y. Misc. LEXIS 5039, at *9 (N.Y. Sup. Ct. Sept. 26, 2011) (emphasis in original). In the instant case, because personal jurisdiction is no longer predicated solely on Defendants' in-state transactions or ownership of real property, the Amended Complaint's allegations regarding a conspiracy to engage in out-of-state tortious conduct become extremely relevant to the Court's jurisdictional determination.

## CONCLUSION

For the reasons discussed, the Court finds that the factual allegations in the present action significantly change the complexion of the record from that of the state court action. As a result, the Court's jurisdictional inquiry differs substantially from that undertaken by the state court, and the Court accordingly finds that an identical issue of personal jurisdiction was not decided in the prior state court action. Since the Court is not collaterally estopped from considering

the question of personal jurisdiction in the instant action, the Court reaffirms the reasoning outlined in its August 16, 2012 order and DENIES Defendant's motion to dismiss in its entirety.

SO ORDERED:

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         November 5, 2012

11