UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
                                  :
SEA TRADE MARITIME CORPORATION    :
and GEORGE PETERS,                :
                    Plaintiffs,   :
                                  :
            v.                    :
                                  :
STELIOS COUTSODONTIS, FRANCESA    :
ELENI COUTSODONTIS, GENERAL       :
MARITIME ENTERPRISES CORPORATION, :
ATTIKA INTERNATIONAL              :
NAVIGATION S.A. and IASON SHIPPING :
LTD.                              :
                    Defendants,   :
                                  :
----------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _12/04/2012_ )

09 Civ. 488(BSJ)(HBP)
**Memorandum and Order**

Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters' ("Peters") (together "Plaintiffs") filed a motion for summary judgment in the instant action on February 16, 2011.  Plaintiffs' motion requests in the first instance that the Court issue a judgment declaring that Defendant Stelios Coutsodontis ("Coutsodontis") does not have a shareholder interest in Sea Trade.  In the alternative, Plaintiffs ask the Court to make a finding that Coutsodontis breached his fiduciary duties to Sea Trade.  Coutsodontis has opposed the motion.

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion.

1

**STANDARD OF REVIEW**

The standard for granting a motion for summary judgment is well established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The role of the court in deciding a motion for summary judgment 'is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.'" Wilson v. Northwestern Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir.2010) (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir.1986)).

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts which are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

2

**BACKGROUND**[1]

Sea Trade is a maritime shipping company, organized under the laws of the Republic of Liberia, which was formed with the corporate purpose of owning a cargo vessel. (Am. Compl. ¶¶ 1, 29.) Since its formation, Sea Trade has been privately owned and operated by Peters and various members of his extended family. Id. at ¶¶ 2 and 30.

Upon its formation, Sea Trade authorized the issuance of 500 "bearer" shares. Id. at ¶ 30. Sea Trade's Articles of Incorporation forbid any shareholder from transferring their shares to others without the unanimous written consent of all other shareholders. Id. at ¶ 31.

In September 2000, Athena Eliades, ("Mrs. Eliades"), one of Sea Trade's original shareholders, signed a written agreement which purported to transfer 250 of her shares of Sea Trade to Coutsodontis. Id. at ¶ 40. Sometime thereafter, Mrs. Eliades signed a second agreement which again purported to transfer to Coutsodontis 250 shares of Sea Trade. Id. at ¶ 48-49.

---

[1] The Court notes that the parties have yet to engage in discovery. Accordingly, in their motion for summary judgment, Plaintiffs rely on the factual allegations asserted in the Amended Complaint. The Court assumes familiarity with its August 16, 2012 order denying Defendant General Maritime Enterprises Corporation's ("General Maritime") motion to dismiss, and includes here only the allegations most relevant to the pending motion to dismiss. For a more detailed summary of the Amended Complaint's allegations, the Court refers to the "Background" section of its prior August 16, 2012 order.

3

In January 2003, Mrs. Eliades passed away and Coutsodontis took possession of 250 shares which he claimed he owned by virtue of the agreements previously signed by Mrs. Eliades. Id. at ¶¶ 51, 54.

On July 10, 2008, Coutsodontis filed an *ex parte* petition for the arrest of the Athena in the commercial court of Tarragona, Spain. Id. at ¶ 63. Relying on Coutsodontis' statements in the petition, the Spanish Court issued an arrest order confining the Athena to port. Id. at ¶ 65. The Spanish Court lifted the arrest on August 4, 2008, and determined that the arrest was wrongful and that Sea Trade was entitled to damages. Id. at ¶¶ 66-67.

On August 27, 2008, Coutsodontis filed another complaint to have the Athena placed under arrest. Id. at ¶ 69. This time, the complaint was filed in federal district court in the Eastern District of Louisiana. Id. Although the Louisiana Court relied on the complaint's claims and initially issued an arrest warrant, on September 12, 2008, the court lifted the arrest and determined that Coutsodontis did not have a claim against the Athena. Id. at ¶¶ 71-72.

On January 6, 2009, Sea Trade negotiated the sale of the Athena for $2,625,000. Id. at ¶ 87. On January 14, 2009, Coutsodontis applied to the Greek court for an injunction to prevent the sale of the Athena. Id. at ¶ 89. The Greek court

4

granted Coutsodontis' request for an injunction, and Sea Trade
was unable to complete the sale of the Athena.   Id. at ¶¶ 95-97.

**DISCUSSION**

### I.   <u>Coutsodontis' Shares of Sea Trade</u>

Plaintiffs' motion for summary judgment first seeks a
declaratory judgment that Coutsodontis does not have a
shareholder interest in Sea Trade.  Plaintiffs' position rests
on an argument that: (1) Sea Trade's Articles of Incorporation
contain a restriction which prevents the transfer of shares
without prior unanimous written consent of all the other
shareholders; (2) Liberian law would enforce this restriction;
and (3) unanimous written consent of the other shareholders was
not obtained prior to Mrs. Eliades' transfer of shares to
Coutsodontis.

In further support of their motion, Plaintiffs have
submitted the "legal opinion" of G. Constantatos
("Constantatos"), the Consulate General of the Republic of
Liberia.[2]  In addition to the letter from Constantatos,
Plaintiffs have also included as an exhibit to their motion an
opinion from the Delaware law firm of Potter Anderson & Corroon
LLP ("Potter Anderson") that expresses the firm's view as to
"whether, if Sea Trade were a Delaware corporation, the Consent

---

[2] Constantatos' opinion is in the form of a letter, and although the letter
references Section 5.2 of the Liberian Business Corporation Act, the letter
does not provide any statutes or case law to support the opinions expressed
therein.

Transfer Restriction would be valid under Delaware law and whether, pursuant to Delaware law, the Consent Transfer Restriction would be applicable either in the context of a testamentary disposition under the will of a deceased stockholder, or in the context of intestate succession." (Decl. of Peter A. Halprin in Supp. of Pls.' Mot. for Summ. J., ("Halprin Decl."), Ex. E, 1.)[3]

In opposition to the motion, Coutsodontis argues that: (1) there are issues of disputed fact as to what is contained in both Sea Trade's Articles of Incorporation and the share certificates held by Coutsodontis; and (2) since Liberian law provides that testamentary succession laws take precedence over share restrictions, and a Greek court adjudicating the holographic will of Mrs. Eliades found that her transfer of shares was valid and enforceable, Coutsodontis is the lawful owner of his Sea Trade shares. To support his interpretation of Liberian law, Coutsodontis has submitted with his opposition the legal opinion of George E. Henries, a Liberian lawyer and former associate justice of the Supreme Court of Liberia. (Affirmation of Scott R. Johnston, ("Johnston Affirmation"), Ex. I.)

---

[3] The Court notes that, in addition to the opinions of Constantatos and Potter Anderson, Plaintiffs have also submitted the opinion of Liberian attorney, Mohamedu F. Jones. However, since this opinion was raised for the first time in Plaintiff's Reply papers, the Court need not consider it in deciding Plaintiff's motion. See Emigra Group, LLC v. Fragomen, Del Rey, Bernsen & Loewy, 612 F. Supp. 2d 330, 349 (S.D.N.Y. 2009) ("[A moving party will not be heard to advance a new argument for the first time in its reply brief . . . .")

The Court finds that, as an initial matter, there are issues of disputed fact with respect to both the Articles of Incorporation and Coutsondontis' share certificates.  Although Plaintiffs argue that there are no disputed issues as to these documents because they have attached them as exhibits to their motion, Coutsodontis responds that, since the parties have not engaged in any discovery, neither party is able to authenticate the document in the possession of its adversary.[4]  In light of this, Coutsodontis argues that summary judgment is inappropriate.  While the Court notes that Coutsodontis has not substantively questioned the content of the documents attached to Plaintiffs' motion, drawing reasonable inferences against the movant on this issue, the Court finds that summary judgment would be improper.

In addition, the Court finds that Plaintiffs have not carried their burden of proving foreign law to enable this Court's application of it to the instant action.  See Bigio v. Coca-Cola Co., No. 97 Civ. 2858, 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010) (citing Baker v. Booz Allen Hamilton, Inc., 358 Fed. Appx. 476, 481 (4th Cir. 2009)).[5]

---

[4] The Articles of Incorporation are in the possession of the Plaintiffs, whereas the share certificates for Coutsondontis' shares are in his possession.

[5] "[A] federal court exercising diversity jurisdiction applies the choice-of-law rules of the state in which it sits.  New York law dictates that the law of the state of incorporation governs an allegation of breach of fiduciary

Federal Rule of Civil Procedure 44.1 controls the determination of foreign law in federal court, and authorizes the court to consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.  Id. (citing Fed. R. Civ. P. 44.1).  Although the Court's determination of foreign law is treated as a question of law, Plaintiffs submissions are insufficient for the Court to determine on a motion for summary judgment the content of the applicable Liberian law.  Id.

## II.   Coutsodontis' Breaches of Fiduciary Duty

As an alternative argument, Plaintiffs' motion asks the Court to grant summary judgment on the basis of Coutsodontis' breaches of fiduciary duty to Sea Trade.  Plaintiffs argue that Coutsodontis' actions which led to the arrests of the Athena in Spain and Louisiana, along with his interference in the Athena's sale, constitute blatant and severe breaches of fiduciary duty.

Resolving ambiguities and drawing reasonable inferences against the Plaintiffs, the Court finds that there are there are factual issues to be tried and denies summary judgment.

---

duty owed to a corporation."  Walton v. Morgan Stanley & Co. Inc., 623 F.2d 796, 798 n.3 (2d Cir. 1980).  The parties do not dispute that Liberian law applies to the present action.

**CONCLUSION**

The Court DENIES Plaintiffs' motion for summary judgment in its entirety.  The Clerk of the Court is directed to terminate motion #31 from the ECF docket.


**SO ORDERED:**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**


Dated:    New York, New York
          December 3, 2012

9