John G. Poles (JP 4812)
Christ Stratakis (CS 9741)
Nathan Gaudio (NG 4196)
POLES TUBLIN STRATAKIS & GONZALEZ LLP
*Attorneys for Defendant, Stelios Coutsodontis*
46 Trinity Place – Fifth Floor
New York, New York 10006
(212) 943-0110

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SEA TRADE MARITIME CORPORATION and GEORGE PETERS, | CIVIL ACTION NO.:  09 CIV 00488 (BSJ) |
| Plaintiffs, | |
| – v – | |
| STELIOS COUTSODONTIS, FRANCESA ELENI COUTSODONTIS, GENERAL MARITIME ENTERPRISES CORP., ATTIKA INTERNATIONAL NAVIGATION SA, and IASON SHIPPING LTD., | |
| Defendant. | |

---

**DEFENDANT STELIOS COUTSODONTIS'
MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THIS HONORABLE COURT'S
MEMORANDUM AND ORDER DATED DECEMBER 4, 2012**

## TABLE OF CONTENTS

page

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.   Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.   Plaintiffs' Motion Is a Mere Repackaging and Reargument
         of Issues Thoroughly Considered by this Honorable Court. . . . . . . . . . . . . . . . . . 4

    III.   Controlling Law Mandates Denial of Summary Judgment. . . . . . . . . . . . . . . . . . 5

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

page

C<span>ASES</span>

*Alvarez v. American Airlines, Inc.,*
    No. 98 Civ. 1027 (MBM), 2000 WL 145746 (S.D.N.Y. Feb. 8, 2000)................ 2

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)......................... 5

*Brady v. Town of Colchester,* 863 F.2d 205 (2nd Cir. 1988). .............................. 5

*Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147 (2nd Cir. 1990)................. 5

*Callon Petroleum v. National Indemnity Company,*
    2010 U.S. Dist. LEXIS 105479 (E.D.N.Y. 2010................................ 2, 3

*City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42 (2nd Cir. 1988)........................... 5

*Employers Ins. of Wausau v. News Corp.,*
    No. 06 Civ. 1602 (MBM), 2006 WL 2564394 (S.D.N.Y. Sept. 5, 2006). .............. 2

*Eon Labs, Inc. v. Pfizer Inc.,*
    No. 05 Civ. 0002 (LAP), 2005 WL 2848952 (S.D.N.Y. Oct. 28, 2005)................ 2

*Finkelstein v. Mardkha,* 518 F. Supp. 2d 609 (S.D.N.Y. 2007).  ........................ 3, 5

*In re Health Mgmt. Sys., Inc., Sec. Litig.,* 113 F. Supp. 2d 613 (S.D.N.Y. 2000).............. 3

*In re World Trade Ctr. Disaster Site Litig.,*
    No. 21 MC 100 (AKH), 2008 WL 2704317 (S.D.N.Y. July 10, 2008)................. 3

*Kapco Mfg. Co., Inc. v. C & O Enters., Inc.,* 773 F.2d 151 (7th Cir. 1985)................... 2

*Lehmuller v. Inc. Vill. of Sag Harbor,* 982 F. Supp. 132 (E.D.N.Y. 1997).................... 3

*Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union,*
    No. 00 Civ. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004). .............. 2

*Sequa Corp. v. GBJ Corp.,* 156 F.3d 136 (2nd Cir. 1998). ................................ 2

*Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148 (S.D.N.Y. 1999). . . . . . . . . . . . . . . . . . . . . 1

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2nd Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

*Stephens v. Shuttle Assocs., L.L.C.,* 547 F. Supp. 2d 269 (S.D.N.Y. 2008). . . . . . . . . . . . . . . . . 3

*Szoke v. Carter,* 974 F. Supp. 360 (S.D.N.Y. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Gross,*
    No. 98-CR-0159, 2002 WL 32096592 (E.D.N.Y. Dec. 5, 2002). . . . . . . . . . . . . . . . . 2, 4, 6

*Wechsler v. Hunt Health Sys.,* 186 F. Supp. 2d 402 (S.D.N.Y. 2002). . . . . . . . . . . . . . . . . . . . . . 3

*Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680 (M.D. Fla.1996).. . . . . . . . . . . . . . 3

SATUTES

FEDERAL RULES OF CIVIL PROCEDURE 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

FEDERAL RULES OF CIVIL PROCEDURE 59. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

FEDERAL RULES OF CIVIL PROCEDURE 60. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LOCAL CIVIL RULE 6.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-4

## STATEMENT OF RELEVANT FACTS

Defendant, Captain Stelios Coutsodontis, respectfully submits this memorandum of law in opposition to Plaintiffs' Sea Trade Maritime Corporation and George Peters motion for reconsideration (hereinafter '*Plaintiffs' Motion*') of this Court's Memorandum and Order, dated December 4, 2012 (hereinafter the '*Order*').

Plaintiffs' Motion, which is made pursuant to LOCAL CIVIL RULE (hereinafter '*Loc. Civ. R.*') 6.3., should be denied because it fails to meet the strict standard for reconsideration. As discussed below, Plaintiffs' Motion is frivolous as it points to no controlling decisions of law or factual matters that this Court failed to consider in its ORDER and has been made solely to reargue issues already considered and decided upon by this Court with which Plaintiffs are dissatisfied.

## LEGAL ARGUMENT

### I. Standard of Review

Motions for reconsideration in the Southern District of New York are governed by LOC. CIV. R. 6.3, which, in pertinent part, directs that the motion shall "set[] forth concisely the matters or controlling decisions which counsel believes the court has <u>overlooked</u>." (*Emphasis added*.) LOC. CIV. R. 6.3. Further, such motions are to be evaluated by the same strict standard that applies to motions for reconsideration under FEDERAL RULES OF CIVIL PROCEDURE (hereinafter '*Fed.*

R. Civ. P.') 59(e)[1] and 60(b).[2]  See *Employers Ins. of Wausau v. News Corp.,* No. 06 Civ. 1602 (MBM), 2006 WL 2564394 at 1 (S.D.N.Y. Sept. 5, 2006).  Thus, to prevail on a motion for reconsideration pursuant to LOC. CIV. R. 6.3, the movant must "point to controlling decisions or data that the court <u>overlooked</u>—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (*Emphasis added*.)  *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir. 1995);  accord *Eon Labs, Inc. v. Pfizer Inc.,* No. 05 Civ. 0002 (LAP), 2005 WL 2848952 at 1 (S.D.N.Y. Oct. 28, 2005);  *Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union,* No. 00 Civ. 3613 (LAP), 2004 WL 1943099 at 1 (S.D.N.Y. Aug. 27, 2004).  A motion for reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by this Court in deciding Plaintiffs' original motion.  See *United States v. Gross,* No. 98-CR-0159, 2002 WL 32096592 at 4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.");  see also *Callon Petroleum v. National Indemnity Company,* 2010 U.S. Dist. LEXIS 105479 at 2 (E.D.N.Y. 2010).  Nor is it proper to raise new arguments and issues in motions for reconsideration.  See *Sequa Corp.*

---

[1] FED. R. CIV. P. 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. *Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

[2] Rule 60(b) is limited to a review of final decisions and, therefore, does not apply to the denial of a summary judgment motion. *E.g. Kapco Mfg. Co., Inc. v. C & O Enters., Inc.,* 773 F.2d 151, 154 (7th Cir. 1985) (Rule 60(b) must be limited to review of final decisions because "[a] party should not get immediate review of an order for discovery, or one denying summary judgment and setting the case for trial, just by filing a Rule 60(b) motion to set aside the order and then appealing the denial of this motion"); *Alvarez v. American Airlines, Inc.,* No. 98 Civ. 1027 (MBM), 2000 WL 145746 at 1 (S.D.N.Y. Feb. 8, 2000) (decision granting in part, and denying in part, defendant's motion for summary judgment is an interlocutory, not final order, and thus, Rule 60(b) is inapplicable).

*v. GBJ Corp.,* 156 F.3d 136, 144 (2nd Cir. 1998) ("It is well-settled that [Fed. R. Civ. P.] 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (*Citation and quotation marks omitted*)); see also *Lehmuller v. Inc. Vill. of Sag Harbor,* 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Further, reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. *Callon* at 2, citing *Wechsler v. Hunt Health Sys.,* 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

In this Circuit, the standard of review applicable to motions for reconsideration is "strict, and reconsideration will generally be denied ..." *Shrader* at 257. The standard is strict because reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc., Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 685 (M.D. Fla.1996)). As one decision before this Court recently summarized:

> A court must narrowly construe and strictly apply [LOC. CIV. R.] 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment.

*Stephens v. Shuttle Assocs., L.L.C.,* 547 F. Supp. 2d 269, 280 (S.D.N.Y. 2008). "[A] motion for reconsideration is not a motion to reargue those issues already considered <u>when a party does not like the way the original motion was resolved</u>." (*Emphasis added*.) *Finkelstein v. Mardkha,* 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007) (*internal quotation marks omitted*); see also *In re World Trade Ctr. Disaster Site Litig.,* No. 21 MC 100 (AKH), 2008 WL 2704317 at 1 (S.D.N.Y. July 10, 2008) ("A motion for reconsideration does not provide the parties with an opportunity to reargue issues that

3

have already been decided just because a party is displeased with the original outcome.").

## II.  Plaintiffs' Motion Is a Mere Repackaging and Reargument of Issues Thoroughly Considered by this Honorable Court

The totality of Plaintiffs' Motion for Reconsideration is that this Court erred by not giving more weight to Plaintiffs' arguments and granting Plaintiffs summary judgment.  Plaintiffs' Motion does not point to a single controlling decision or fact <u>overlooked</u> by this Court in denying Plaintiffs' motion.  Indeed, Plaintiffs even admit that "this Court recited the clear undisputed facts" in this matter in its Order.  Plaintiffs' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION (hereinafter '*Plaintiffs' Memo*'), pg 5.  By way of example, Plaintiffs have speciously raised:  (1)  the arrest in Spain and its resolution (ORDER at 4), (2)  the sale of the vessel (*Id.*), (3)  Capt. Coutsodontis' shareholding interest in Sea Trade Maritime Corporation (ORDER at 5–6), (4)  Capt. Coutsodontis' alleged breach of fiduciary duty (ORDER at 8), (5)  the Louisiana arrest and its resolution (ORDER at 4), (6)  the alleged share certificate clausing (ORDER at 5–6), and (7)  the Liberian law experts' opinions (ORDER, pgs. 5–6)—each of which this Court considered and addressed (at the pages noted) in its ORDER.  Finally, Plaintiffs attempt to argue that this Court overlooked Capt. Coutsodontis allegedly having copies of corporate documents in his possession (PLAINTIFFS' MEMO, pg. 7).  However, even this alleged issue was addressed by this Court (ORDER at 7) when it noted that there has been no discovery.

As can be seen in the foregoing analysis, Plaintiffs not only failed to meet the strict standard of LOC. CIV. R. 6.3 requiring that they "set[] forth concisely the matters or controlling decisions which [they] believe[] the court [] overlooked," but they have also blatantly engaged in prohibited wholesale reargument, *United States v. Gross,* 2002 WL 32096592 at 4, merely because

4

they did "not like the way the original motion was resolved," *Finkelstein* at 611, thus wasting this Court's scarce judicial resources. *Health Mgmt. Sys.* at 614.

### III. Controlling Law Mandates Denial of Summary Judgment

Plaintiffs' Motion further ignores several legal principles not overlooked by this Court in its Order.

First, on a motion for summary judgment, "as a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion." *Szoke v. Carter,* 974 F. Supp. 360, 363 (S.D.N.Y. 1986), quoting *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2nd Cir. 1988); see also *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2nd Cir. 1990); *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2nd Cir. 1988). See ORDER at 7–8. Indeed, "summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 91 L. Ed. 2d 202, 211–212, 106 S. Ct. 2505, 2510 (1986). "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 91 L. Ed. 2d at 212, 106 S. Ct. at 2510–2511. (ORDER at 7–8). This Court properly determined that several genuine factual issues existed which required trial and it properly denied summary judgment. ORDER at 8.

Second, Fed. R. Civ. P. 56(d) states:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

This Court properly recognized that "since the parties have not engaged in any discovery, neither party is able to authenticate the document in the possession of its adversary" it is proper to draw all "reasonable inferences against the movant on this issue." ORDER at 7.

Finally, Plaintiffs have failed to "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," (*Emphasis added*.) *Shrader* at 257. Instead, they have blatantly attempted to utilize their motion as a tool to repackage and relitigate its prior arguments and issues already considered by the Court in deciding the original motion for summary judgment. See *United States v. Gross* at 4.

Accordingly, Plaintiffs' Motion for reconsideration should be denied or, if reconsidered, this Court should adhere to its original decision.

## CONCLUSION

Because Plaintiffs' Motion fails to present any controlling decisions or evidence that this Honorable Court overlooked or that would compel a different result, Plaintiffs' Motion for reconsideration should be denied or, if reconsidered, this Court should adhere to its original decision,

and Defendant Capt. Stelios Coutsodontis should be granted his reasonable costs and attorneys fees, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 28, 2012

by: /s/ John G. Poles
John G. Poles (JP 4812)
**POLES TUBLIN STRATAKIS & GONZALEZ LLP**
*Attorney for Defendant, Stelios Coutsodontis*
46 Trinity Place – Fifth Floor
New York, New York 10006
(212) 943-0110

7