UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                             :
SEA TRADE MARITIME CORPORATION and  :
GEORGE PETERS,                                :
                               Plaintiffs,    :         09 Civ. 00488 (LGS)
                                                :
              -against-                :          MEMORANDUM
                                                :     OPINION AND ORDER
STELIOS COUTSODONTIS, *et al.*,          :
                                 Defendants.  :
                                                 :
-------------------------------------------------------------- X

**LORNA G. SCHOFIELD**, District Judge:

    Before the Court is Plaintiffs' Motion for Reconsideration (Dkt. No. 88) of the Court's Memorandum and Order dated December 4, 2012 (Dkt. No. 85, "December 4 Order"). For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

    On February 16, 2011, Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters filed a Motion for Summary Judgment (Dkt. No. 31) seeking an order (1) declaring that Defendant Stelios Coutsodontis does not have a shareholder interest in Sea Trade, and (2) in the alternative, finding that Coutsodontis breached his fiduciary duty to Sea Trade and, therefore, must forfeit any shareholder interest that he may have in Sea Trade, in addition to providing any other relief.

    In the December 4 Order, the Court (Hon. Barbara S. Jones) denied summary judgment. On Plaintiffs' claim that Coutsodontis does not have a shareholder interest in Sea Trade, the Court found that (1) there were issues of disputed fact with respect to both the Articles of Incorporation and Coutsodontis' share certificates, and (2) Plaintiffs' submissions were insufficient for the Court to determine the content of the applicable Liberian law on a motion for summary judgment. Regarding Plaintiffs' claim that Coutsodontis breached his fiduciary duties,

the Court found that, resolving ambiguities and drawing reasonable inferences against the Plaintiffs, there remained factual issues to be tried.

On December 18, 2012, Plaintiffs timely filed this Motion for Reconsideration ("Motion") of the December 4 Order.  Familiarity with the facts of the case, as set forth in the December 4 Order and the Court's August 16, 2012 Order denying Defendant General Maritime Enterprises Corporation's Motion to Dismiss (Dkt. No. 76), is assumed.

## II. DISCUSSION

A motion for reconsideration must be accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3.  A motion for reconsideration generally will be denied unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*  Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that the court has already considered fully." *In re Gen. Elec. Co. Sec. Litig.*, 856 F. Supp. 2d 645, 652 (S.D.N.Y. 2012).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

Here, none of the grounds raised in Plaintiffs' Motion provides an appropriate basis for reconsideration.  Plaintiffs argue that the Court overlooked undisputed facts and arguments made in Plaintiffs' moving papers.  However, Plaintiffs do not identify any specific facts or arguments that the Court overlooked; Plaintiffs point only to facts and arguments already considered in the December 4 Opinion.  The Court will not grant a motion for reconsideration where the moving

party seeks only to further develop arguments that already have been considered and rejected by the Court.  *See Shrader*, 70 F.3d at 257; *In re Gen. Elec. Co. Sec. Litig.*, 856 F. Supp. 2d at 652.

With respect to whether Coutsodontis has a shareholder interest in Sea Trade, Plaintiffs argue that the Court should have taken into consideration the legal opinion of Liberian attorney Mohamedu F. Jones.  (Reply Supp. Summ. J., Pichardo Decl., Ex. B, Dkt. No. 62).  The Court declined to consider the legal opinion because it was submitted for the first time in Plaintiffs' Reply papers.  (December 4 Order at 6).  Plaintiffs argue that the legal opinion should have been considered because it did not advance a new argument but rather supported previously raised arguments and rebutted the legal opinion of a Liberian attorney provided by Defendants.

The Court finds that even if the legal opinion of Mohamedu F. Jones were to be considered, the Court still would find summary judgment inappropriate with respect to whether Coutsodontis has a shareholder interest in Sea Trade.  As stated in the December 4 Order, there are issues of disputed fact with respect to both the Articles of Incorporation and Coutsodontis' share certificates, and Plaintiffs' submissions are insufficient for the Court to determine the content of the applicable Liberian law for the purposes of summary judgment.

Accordingly, the Court concludes that Plaintiffs have failed to demonstrate that reconsideration of the December 4 Order is warranted, and the Motion is denied.

### III.  CONCLUSION

For the reasons set forth above, the Motion for Reconsideration is DENIED.  The Clerk is directed to close the motion at docket number 88.  It is hereby ORDERED that the stay of discovery ordered by the Court on August 31, 2011, (Dkt. No. 68) is lifted.

SO ORDERED.

Dated:  July 23, 2013
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE