

# POLES TUBLIN
POLES, TUBLIN, STRATAKIS & GONZALEZ, LLP

Writer's New York Telephone Ext.: 223
Writer's Email: sjohnston@polestublin.com

Respond to New York, New York Address

46 Trinity Place, 5th Fl.
New York, NY 10006
Tel: (212) 943-0110
Fax: (212) 269-9875

December 3, 2013

127 E. Mt. Pleasant Ave.
Livingston, NJ 07039
Tel: (973) 992-3555
Fax: (973) 992-9397

**Via ECF**
Hon. Lorna G. Schofield
United States District Court, Southern District of New York
40 Foley Square – Courtroom 1106
New York, New York 10007

info@polestublin.com
www.polestublin.com

Re:   *Sea Trade Maritime Corp. & George Peters v. Stelios Coutsodontis*
      Case 1:09-cv-00488-LGS-HBP

Dear Judge Schofield:

We represent STELIOS COUTSODONTIS, defendant in the above-reference action (hereinafter '*Capt. Coutsodontis*'). We are writing in response to Anderson Kill P.C.'s (hereinafter '*Petitioner*') PETITION FOR ENFORCE ATTORNEY'S LIEN AND JUDGMENT (hereinafter '*Petition*') filed Wednesday, November 27, 2013, on the eve of the Thanksgiving holiday. Anderson Kill P.C.'s Petition is based upon material misrepresentations of both facts and law and Capt. Coutsodontis respectfully requests that the Petition be denied. Barring outright denial, Capt. Coutsodontis requests a conference before the Court to establish a discovery and briefing schedule so that Defendant may adequately respond to Petitioner's specious arguments and representations.

While Petitioner is correct in stating that it previously represented Plaintiffs Sea Trade Maritime Corporation (hereinafter '*Sea Trade*') and George Peters (hereinafter '*Peters*') in numerous prior actions, it failed to identify the character of the lawsuits in those prior representations. At its core, all of the disputes in which Petitioner represented Plaintiffs had, as their ultimate goal, not the welfare of Sea Trade but, rather, the personal power struggle of George Peters to strip Capt. Coutsodontis of his ownership interest in Sea Trade. Indeed, the matter before this Honorable Court prays for that very goal. Petitioner, however, ignores and evades several issues, the first of which is fatal to its Petition.

It is important to note here that Capt. Coutsodontis, despite being an adjudicated 50% owner of Sea Trade (an adjudication which is currently on appeal before the Supreme Court of Athens, Greece) has not seen Petitioner's invoices for the purported services rendered; had not seen Petitioner's retention agreements; was not asked to, and did not ultimately participate in, the fee litigation (and its attendant discovery) leading to the purported settlement agreement and, thus, is not in a position to comment here and now as to the veracity of Petitioner's allegations as to the fees due Petitioner. The foregoing notwithstanding, Petitioner now argues to this Honorable Court that Petitioner's purported fees should be paid by Sea Trade. Under these circumstances, the law does not allow such payment by Sea Trade. As clearly enunciated in *Rosenfeld v. Fairchild Engine & Airplane Corp.*,

309 N.Y. 168, 128 N.E.2d 291 (1955), the leading case on the subject in New York, while shareholders may "make reasonable and proper expenditures, subject to the scrutiny of the courts when duly challenged, from the corporate treasury for the purpose of persuading the stockholders of the correctness of their position and soliciting their support of policies which the directors believe, in good faith, are in the best interests of the corporation,"[1] **shareholders cannot raid the corporate treasury for purely personal power contests**.[2] Thus, to the extent that Petitioner is entitled to payment of its fees, it must look to George Peters, personally, for payment.

Additionally, in the matter currently before this Honorable Court, there are two plaintiffs who were formerly represented by Petitioner, yet Petition seeks 100% of its purported fees be paid Sea Trade, alone. Why? In point of fact, in one of the other actions (currently pending before the New York State Supreme Court, County of New York) in which Petition seeks compensation George Peters, alone, is the plaintiff.[3] Why is Sea Trade to be held accountable for the payment of that portion of Petitioner's purported fees? Indeed, why is George Peters apparently authorizing Sea Trade to pay his portion of any legal fees? It ultimately be determined that fees and disbursements already paid to Petitioner by Sea Trade be returned to Sea Trade and Petitioner's fees and disbursements be sought directly from George Peters, particularly since Petitioner knew or should have known that it should not have been looking to Sea Trade for payment of its fees in George Peters' personal power struggle.

Petitioner's remaining arguments are equally flawed. By way of example, there has been no determination as to any equity division of the escrow funds. After a final determination is made by a court, Sea Trade may be entitled to none of those funds and Capt. Coutsodontis to all of the funds regardless of Petitioner's purported lien.

Given the foregoing, alone, Petitioner's Petition should be denied. Barring outright denial, Capt. Coutsodontis requests a conference before the Court to establish a discovery and briefing schedule so that Capt. Coutsodontis may adequately respond to Petitioner's specious arguments and representations.

We thank the Court for attention and consideration.

Very truly yours,

POLES TUBLIN STRATAKIS & GONZALES, LLP

Scott R. Johnston

---

[1] Id. at 173, 128 N.E.2d at 293. (*Emphasis added.*)

[2] Id.

[3] *George Peters v. Stelios Coutsodontis, General Maritime Enterprises Corporation, Attika International Navigation SA, Iason Shipping LTD., Pinto Shipping LTD., and Karteria Shipping LTD.* (Index No. 600482/07)