

# POLES TUBLIN
POLES, TUBLIN, STRATAKIS & GONZALEZ, LLP

Writer's New York Telephone Ext.: 223
Writer's Email: sjohnston@polestublin.com

**Respond to New York, New York Address**

46 Trinity Place, 5th Fl.
New York, NY 10006
Tel: (212) 943-0110
Fax: (212) 269-9875

127 E. Mt. Pleasant Ave.
Livingston, NJ 07039
Tel: (973) 992-3555
Fax: (973) 992-9397

info@polestublin.com
www.polestublin.com

January 2, 2014

**Via ECF**

Hon. Henry B. Pitman
United States District Court, Southern District of New York
500 Pearl Street – Courtroom 18A
New York, New York 10007-1312

    Re:    *Sea Trade Maritime Corp. & George Peters v. Stelios Coutsodontis*
            Case 1:09-cv-00488-LGS-HBP

Dear Judge Pitman:

We represent Stelios Coutsodontis, defendant in the above-reference action (hereinafter '*Capt. Coutsodontis*'). We are writing in response to Anderson Kill P.C.'s (hereinafter '*Petitioner*') letter of January 2, 2014 seeking an extension (from January 6 to January 13, 2014) in which to file its reply memorandum. While Capt. Coutsodontis would normally consent to such a request, he cannot do so in this case. The Court is respectfully reminded that it initially did not see the need, nor provide for a reply submission by Petitioner in the Court's fee petition briefing schedule. Nonetheless, Anderson Kill requested permission to file a reply on or before January 3, 2014 "given the holidays." The Court not only granted this request, but extended the reply date to January 6, 2014. Anderson Kill now seeks an additional extension to January 13, 2014 without identifying the purported issues which have arisen.

The Court is respectfully reminded that Anderson Kill's Petition fails to segregate the legal work done on behalf of Plaintiff Sea Trade Maritime Corporation (hereinafter '*Sea Trade*') and Plaintiff George Peters (hereinafter '*Peters*') and yet seeks the totality of its legal compensation from George Peters' purported half of the escrow corpus to which only Sea Trade and Capt. Coutsodontis are parties. The Court is further respectfully reminded Anderson Kill's Petition fails to proffer to the Court how much, if any, of its purported legal fees are attributable to Sea Trade and how much are attributable to George Peters. Indeed, despite being an adjudicated 50% owner of Sea Trade (an adjudication which is currently on appeal before the Supreme Court of Athens, Greece), Capt. Coutsodontis has not been allowed to review any of Sea Trade's books and records, including the purported legal fees. In point of fact, Capt. Coutsodontis was excluded from any participation, or even notice, of the negotiations leading to the Judgment upon Confession entered into by George Peters on behalf of Sea Trade. Allowing any further extension of Anderson Kill's reply date will not alter any of the foregoing, nor will it overcome the controlling law in New York that **shareholders**

**cannot raid the corporate treasury for purely personal power contests**,[1] as Peters has been doing in the instant matter nor the fact that no lien exists under New York law, as cited by Capt. Coutsodontis in his opposition to Anderson Kill's Petition.

Given the foregoing, Anderson Kill's request should be denied. We thank the Court for attention and consideration.

Very truly yours,

POLES TUBLIN STRATAKIS & GONZALES, LLP

Scott R. Johnston

---

[1] *Rosenfeld v. Fairchild Engine & Airplane Corp.*, 309 N.Y. 168, 173, 128 N.E.2d 291, 293 (1955)