ANDERSON KILL P.C.
Edward J. Stein (ES8836)
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEA TRADE MARITIME CORPORATION
and GEORGE PETERS,

                Plaintiffs,

- against -

STELIOS COUTSODONTIS,

                Defendant.

Civil Action No. 09 Civ. 488 (LGS) (HBP)

**REPLY MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE ATTORNEY'S LIEN AND JUDGMENT**

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Argument | 2 |
|   | A. By Agreement With Its Former Clients, AK's Settlement Consideration Should Be Paid From The Escrow Account | 2 |
|   |    1. AK Is a Judgment Creditor | 2 |
|   |    2. Coutsodontis Has No Basis For Objecting To The Lien And Judgment To Which AK's Former Clients Have Agreed | 3 |
|   | B. A Judgment Creditor Such As AK May Levy On The Escrow Funds | 5 |
|   | C. AK Has Not Violated Any Duties To Coutsodontis | 7 |
|   |    1. Coutsodontis's Claim To Be a Shareholder In Sea Trade | 7 |
|   |    2. The Escrow Agreement | 9 |
|   |    3. AK's Lien and Judgment Are Valid Notwithstanding the Contention By Coutsodontis Of Improper Corporate Expenditures | 9 |
| III. | Conclusion | 10 |

# TABLE OF AUTHORITIES

**CASES**                                                                                                    Page(s)

*In re Application of Three Hundred Fifty West Forty-Sixth Street, Inc.*,
   246 N.Y.S.2d 501 (App. Div. 1964) ............................................................................... 9

*Aragona v. Cin-Mar Developers, Inc.*
   673 N.Y.S.2d 202 (App. Div. 1998) ............................................................................... 9

*In re C&M Plastics, Inc.*,
   571 N.Y.S.2d 343 (App. Div. 1991) ............................................................................... 8

*City of Troy v Capital Dist. Sports, Inc.*,
   759 N.Y.S.2d 795 (App. Div. 2003) ............................................................................... 4

*Coutsodontis v. Sea Trade Maritime Corp. et al.*,
   Index No. 653946/2012, N.Y. Sup. Ct., N.Y. Cty. ............................................................. 1

*Gala Enterprises, Inc. v. Hewlett Packard Co.*,
   970 F.Supp. 212, 217 (S.D.NY 1997) ........................................................................... 5, 6

*Goldstein, Goldman, Kessler & Underberg v 4000 E. River Rd. Assocs.*,
   409 N.Y.S.2d 886 (App. Div. 1978), *affd* 400 N.E. 2d 1348 (N.Y.1979) ............................ 4

*Greenfield v Greenfield*,
   704 N.Y.S.2d 55 (App. Div. 2000) ............................................................................. 4, 5

*Hallsville Capital, S.A v. Dobrish*,
   930 N.Y.S. 2d 1 (App. Div. 2011) ............................................................................. 6, 7

*Hay v. Brookfield*,
   145 N.Y.S. 543 (App. Div. 1914) ................................................................................. 8

*Koroleski v. Badler*,
   32 A.D.2d 810 (2d Dept.1969) .................................................................................. 5, 6

*Lang v. State*,
   258 A.D.2d 165, 171 (1st Dept.1999) ........................................................................... 5

*McCrea v. Robertson*,
   84 N.E. 960 (N.Y. 1908) ............................................................................................. 8

*National Union Fire Ins. Co. v. Proskauer Rose Goetz & Mendelsohn*,
   634 N.Y.S.2d 609, 614 (Sup. Ct. 1994) ......................................................................... 9

*99 Commercial St. Inc. v. Goldberg*,
 811 F. Supp. 900, 906 (S.D.N.Y. 1993) .................................................................9

*Potter v. MacLean*,
 904 N.Y.S. 2d 551 (App. Div. 2010) ......................................................................5

*Rosenfeld v. Fairchild Engine & Airplane Corp.*,
 128 N.E. 2d 291 (N.Y. 1955) ...........................................................................8, 10

*In re Sakow*,
 746 N.Y.S.2d 159 (App Div. 2002) ........................................................................9

*Saregama India, Ltd. v. Mosley*, No. 12-MC-45-P1, 11-MC-84-P1, 2012 WL
 955520 (S.D.N.Y. March 20, 2012) .......................................................................3

*Torrelli v. Torrelli*,
 941 F. Supp. 36 (S.D.N.Y. 1996) ...........................................................................8

*In re Treiling*,
 21 B.R. 940, 943 (Bankr. E.D.N.Y. 1982) ..............................................................9

*Zagoory v Fein*,
 396 N.Y.S.2d 263 (App. Div. 1977) ...................................................................3, 5

**STATUTES**

N.Y. Judiciary Law Section 475 ....................................................................................3, 5

**OTHER AUTHORITIES**

2A N.Y. Jur. 2d Agency §61..............................................................................................8

15 N.Y. Jur. 2d Business Relationships §1247 ................................................................8

Fed.R.Civ.P. 69. ................................................................................................................3

NYCPLR §5225(b)..............................................................................................................3

I.  Introduction

Defendant Stelios Coutsodontis, in his Memorandum in Opposition to Anderson Kill P.C.'s Petition to Enforce Attorney's Lien and Judgment (the "Opposition"), presents a parade of vociferous non sequiturs, yet tacitly concedes the key points. Ultimately, the Opposition sheds more heat than light, offering no valid reason why the petition should not promptly be allowed.

The Opposition does not dispute the key facts and legal propositions that:

- The only potential interest of Coutsodontis in this matter is his claimed 50% equity interest in plaintiff Sea Trade,[1] which remains to be adjudicated in this action and which is the subject of an appeal pending in a Greek court;[2]
- Coutsodontis has not claimed more than a 50% equity interest in Sea Trade nor claimed any damages due from it;
- The Escrow Account holds over $2.3 million in Sea Trade corporate assets pending final adjudication of Coutsodontis's ownership interest in Sea Trade;

---

[1] Abbreviations and defined terms herein are consistent with AK's Petition filed November 27, 2013, except as otherwise stated.

[2] Coutsodontis acknowledges that the Greek court's adjudication of his 50% equity ownership in Sea Trade is on appeal before the Supreme Court of Greece, but he fails to inform the Court of the status of that appeal. See Opp. at 12. In particular, upon information and belief, the Opposition fails to inform the Court of a report recently issued by a member of the Supreme Court of Greece, known as the "Rapporteur Judge," which recommends reversal of the decision on which Coutsodontis bases his ownership claim. See Exhibit A to the Affidavit of Howard Benjamin, Esq. (counsel to Peters and Sea Trade) in Support of Petition to Enforce Attorney's Lien and Judgment, submitted herewith (the "Benjamin Affidavit"), which is comprised of Mr. Benjamin's Affirmation In Support Of Order To Show Cause dated August 26, 2013, submitted in *Coutsodontis v. Sea Trade Maritime Corp. et al.*, Index No. 653946/2012, N.Y. Sup. Ct., N.Y. Cty. (the "August Benjamin Affirmation") at ¶¶ 6-11; *see also* the Affidavit of Konstantinos Spaidiotis dated May 28, 2013, which is attached in turn as Exhibit C to the August Benjamin Affirmation (the "Spaidiotis Affidavit"), together with its own exhibits, including the report of the Rapporteur Judge itself and a translation. Upon information and belief, the recommendation of the Rapporteur Judge is of great importance and "in practice, most often constitutes the draft judgment itself," such that it now is highly probable that the Supreme Court of Greece will reverse the decision on which Coutsodontis bases his claim to own a 50% equity stake in Sea Trade. Benjamin Aff. Ex. A, August Benjamin Affirmation ¶¶ 10-13; Spaidiotis Affidavit ¶¶ 10, 20-21.

- Even if Coutsodontis were entitled to a 50% equity interest in Sea Trade, which is yet to be determined, the remaining 50% would be retained by plaintiff Peters;
- Accordingly, each of Coutsodontis and Peters could receive at most 50% of the Escrow Account by virtue of their claimed equity interest in the corporation (assuming Sea Trade did not pay any corporate obligations prior to distributing escrow funds to shareholders);
- AK sued its former clients Sea Trade and Peters for an account stated in excess of $1.25 million, and as a result of the court-ordered settlement of the Collection Action has a judgment and lien against Sea Trade in the amount of $763,130.14;
- As a judgment creditor of Sea Trade, AK has a superior claim to corporate assets, even if Coutsodontis prevails in establishing that he is a shareholder;
- Peters has agreed that AK's judgment is to be paid satisfied solely from that share of the Escrow Account to which he would be entitled as an undisputed 50% equity shareholder of Sea Trade (i.e., "Peters' Escrow Share"), and not from any share that ultimately might be due to Coutsodontis; and
- Peters' Escrow Share exceeds $1.15 million, which is more than enough to satisfy AK's $763,130.14 judgment, such that there is no prejudice to Coutsodontis's potential escrow share.

II. <u>Argument</u>

Lacking any real interest that could be affected by AK's petition, Coutsodontis nevertheless raises several arguments in opposition, apparently out of habit or pure spite. Whatever his motivation, his arguments lack merit.

    A. <u>By Agreement With Its Former Clients, AK's Settlement Consideration Should Be Paid From The Escrow Account</u>

Coutsodontis argues at length that AK has no charging lien or retaining lien, ignoring a number of facts. For example, the firm is not claiming a retaining lien, so that argument is pointless. At bottom, he fails to address two fundamental points.

        1. <u>AK Is a Judgment Creditor</u>

AK not only has a charging lien, it has a valid and collectible judgment against Sea Trade. Its petition seeks to enforce not only an attorney's lien under N.Y. Judiciary Law §475, but also a judgment pursuant to a court-ordered settlement between the firm, Peters, and Sea Trade. Enforcement of a judgment in a Federal court utilizes the

2

mechanisms for judgment enforcement in the state in which the court sits. *Fed.R.Civ.P.69*. Because property of Sea Trade is presently escrowed at AK, execution of AK's judgment against that property may be accomplished by way of a petition under NYCPLR §5225(b), and all the elements of such an application are contained in the Petition as filed. *See, e.g., Saregama India, Ltd. v. Mosley*, No. 12-MC-45-P1, 11-MC-84-P1, 2012 WL 955520 (S.D.N.Y. March 20, 2012) (enforcement of a judgment by way of turn-over proceeding may be by petition or motion, if there is personal jurisdiction over the garnishee).[3] Coutsodontis has not cited any authority suggesting that collection of AK's judgment must await determination of his claim to be a shareholder of the judgment debtor, particularly where the corporation's management and other shareholder agree that the judgment will not be paid from any share of corporate assets that might ultimately be distributed to him.

2. <u>Coutsodontis Has No Basis For Objecting To The Lien And Judgment To Which AK's Former Clients Have Agreed</u>

Coutsodontis argues against AK's lien as if he were the firm's former client. Clearly, he was not, but rather was and remains an adversary of the firm's former clients, Sea Trade and Peters. These former clients agreed to the lien and payment sought by AK's petition, and it has been so-ordered by the court in the Collection Action. *See* Stein Aff. (filed November 27, 2013) Ex. I and Ex. J. The former clients consent to and fully support AK's Petition. Benjamin Aff. ¶ 2.

A stipulation of clients creating a lien in favor of their attorney as to the amount to be paid as attorney fees is valid and enforceable. *See Zagoory v Fein*, 396 N.Y.S.2d 263 (App. Div. 1977) (attorney representing plaintiff in negligence action was bound by

---

[3] Since AK is both the judgment creditor and the garnishee, there is no issue of personal jurisdiction.

3

stipulation between plaintiff and prior attorneys creating lien in favor of first attorney on net amount to be paid as attorneys' fees). Here, not only have Peters and Sea Trade stipulated that AK shall have a lien against their recovery in this action, but the court in the Collection Action "so-ordered" that stipulation, see Stein Aff. Exs. I & J, providing an additional basis for enforcement. See *Greenfield v Greenfield*, 704 N.Y.S.2d 55 (App. Div. 2000) (refusing to set aside so-ordered stipulation for charging lien in favor of law firm that represented plaintiff in divorce action).

Hence, while Coutsodontis argues at length that AK is not entitled to a charging lien, the argument is not only incorrect,[4] but moot. Sea Trade and Peters have unequivocally agreed and a court has ordered otherwise. The Opposition fails to cite a single case in which the adversary of a law firm's former clients, like Coutsodontis, sought to oppose a lien to which the client itself had agreed in a binding court-ordered settlement. Rather, the Opposition cites cases involving challenges by the former clients themselves, not their litigation adversaries. Those cases simply do not apply

---

[4] The Opposition essentially argues that AK could have no lien because Judicial Law Section 475 requires an affirmative recovery and this action seeks merely to defend Peters' and Sea Trade's interest in property. See Opp. at 3-4, 8-9. Yet Peters and Sea Trade seek compensatory damages in this action, in addition to an order requiring Coutsodontis to forfeit any ownership interest he claims in the corporation. See generally Amended Complaint (attached as Ex. D to Stein Aff.) at pp. 21-25. Further, the settlement of the Collection Action clearly confirms the parties' intent that forfeiture of Coutsodontis's claim to an equity interest in Sea Trade is an affirmative recovery subject AK's lien on an identifiable fund, i.e., the Escrow Account. See *Goldstein, Goldman, Kessler & Underberg v. 4000 E. River Rd. Assocs.*, 409 N.Y.S.2d 886 (App. Div. 1978), affd 400 N.E. 2d 1348 (N.Y.1979) (where attorney's efforts reduced client's tax liability, charging lien on proceeds attaches if reserve fund for taxes is conserved); see also *City of Troy v Capital Dist. Sports, Inc.*, 759 N.Y.S.2d 795 (App. Div. 2003) (factual inquiry required to determine if parties intended to include debt reduction as "recovery" to which attorney's lien would apply). Coutsodontis also argues, nonsensically, that AK's proper remedy is a plenary action for fees, see Opp. at 5, ignoring that the firm already brought such an action, i.e., the Collection Action, the settlement of which is at issue here. See Stein Aff. Exs. A, H, I, & J.

here, where AK's former clients have agreed, and the court in the Collection Action has ordered, that the firm shall have a lien and recover a judgment. New York law requires that such stipulations between clients and their former attorneys be given effect. See *Zagoory, supra*, and *Greenfield, supra*.

B. A Judgment Creditor Such As AK May Levy On The Escrow Funds

Coutsodontis appears to argue that the Escrow Funds are not subject to levy by any judgment creditor, including AK. See Opposition at 9-11. He points out that neither Sea Trade nor Peters can presently access the Escrow Funds, which is correct but irrelevant. Because Coutsodontis disclaims any interest on one-half of the Escrow Funds, at least that portion of the Escrow Funds is presently leviable.[5]

The law of New York is clear: if a judgment debtor has a property interest in escrowed funds, the funds are leviable by a judgment creditor of that debtor. AK cited several cases to this effect in its Petition,[6] which the Opposition does not address; *see also Potter v. MacLean*, 904 N.Y.S. 2d 551, 553 (App. Div. 2010) ("such funds, even if deposited in an escrow account may be attached as long as they are subject to the judgment debtor's 'present or future control.'")

---

[5] Coutsodontis also misrepresents the terms of the Escrow Agreement, stating its purpose is to hold escrow funds "while awaiting a determination in the Greek courts as to the ownership of the Escrow Funds." Opp. at 7. In fact, the Escrow Agreement allows disbursement of funds "[u]pon final non-appealable judicial determination of Coutsodontis's ownership interest in Sea Trade and Coutsodontis's entitlement to the Escrow Funds, if any." Stein Aff. Ex. B (Escrow Agreement) at p. 3, §2.02(2). There is no condition requiring such determination by the Greek courts or precluding disbursement upon final adjudication of the instant action.

[6] See AK Petition at ¶35, citing *Koroleski v. Badler*, 32 A.D.2d 810 (2d Dept.1969); *Gala Enterprises, Inc. v. Hewlett Packard Co.*, 970 F.Supp. 212, 217 (S.D.NY 1997); *Lang v. State*, 258 A.D.2d 165, 171 (1st Dept.1999).

5

The archetypal case is *Hallsville Capital, S.A v. Dobrish*, 930 N.Y.S. 2d 1 (App. Div. 2011). Hallsville had loaned one David Mimran $10 million. While the loan was still performing, David and his wife Lucy Mimran entered into divorce litigation, in the course of which they sold a yacht, the proceeds of which were escrowed pending the resolution of the divorce action. Thereafter, David defaulted on the loan, and Hallsville obtained judgment for some $12 million. Hallsville then levied on the escrow account and commenced a turnover proceeding. Lucy defended against the turnover proceeding, but only as to the portion of the escrow account in which she claimed an interest. Neither David nor Lucy contended that the portion of the escrowed funds to which Lucy made no claim was exempt from levy. The Appellate Division held that the entire escrow account was leviable, since Lucy's rights were inchoate and extended only to whatever assets David might have when the divorce was final.

By analogy, AK could execute its judgment in the instant case against even the portion of the Escrow Funds ultimately claimed by Coutsodontis. But that is not even at issue, because Sea Trade and Peters have agreed to pay AK's judgment solely from Peters' Escrow Share, and AK indisputably has the right to levy on escrow funds to which Coutsodontis makes no claim. *See also Koroleski* and *Gala Enterprises, supra* (escrowed funds in which debtor retains interest may be attached).

There is some case law to the effect that if the funds that are escrowed will not revert to the judgment debtor if the escrow conditions are fulfilled, they are not the leviable property of the judgment debtor. The cases cited at pages 9 and 10 of the Opposition are all precisely this situation – money is escrowed that will become the

property not of the judgment debtor (called the "grantor" in those cases) but of another party (called the "grantee") who owes the judgment creditor nothing.

Whether these cases survive *Hallsville* is doubtful. But in any event, they limit levy only where the non-debtor has an arguable interest in the escrowed funds potentially superior to that of the judgment debtor. Where the judgment debtor's interest in escrowed funds is "over and above the interest of the grantee," *id.*, the law has always been that a judgment creditor can execute. And here, Coutsodontis, the "grantee," claims no interest in the half of the escrowed funds which are the subject of the pending petition, and even if he did, the inchoate rights of a would-be equity shareholder are junior to those of a judgment creditor of the corporation.

C.  AK Has Not Violated Any Duties To Coutsodontis

A caption in the Opposition proclaims that "**ANDERSON KILL HAS VIOLATED ITS FIDUCIARY DUTY TO CAPTAIN COUTSODONTIS BY ENTERING INTO THE SETTLEMENT AGREEMENT WITH SEA TRADE AND GEORGE PETERS AND THEN PETITIONING THIS HONORABLE COURT TO INVADE THE ESCROW FUNDS.**" Opp. at 11 (emphasis in original). The argument is self-defeating on its face, but to be clear, the Court should reject it.

1.  Coutsodontis's Claim To Be a Shareholder In Sea Trade

The Opposition provides no analysis and cites no authority supporting the novel theory that AK violated a duty to its former clients' adversary by entering into a settlement agreement with the former clients. Coutsodontis is a stranger to the relationship between AK and its former clients Sea Trade and Peters, who were free to

settle their dispute as to fees without consulting their litigation adversary. Peters had full authority to enter the settlement on Sea Trade's behalf.[7]

Coutsodontis, on the other hand, was rejected by the other shareholders of Sea Trade, has never held an office at Sea Trade, nor has he ever had the power to bind Sea Trade. To somehow require or permit every shareholder or would-be shareholder to become a party to a litigation involving claims against a corporation would turn corporate claims and our court system on end. "Stockholders who are not accused of any wrongdoing, against whom no relief is sought, and who do not join with plaintiffs in the action are neither proper or necessary parties, ... and they may not be made parties defendant upon their own motion." 15 N.Y. Jur. 2d Business Relationships §1247, Stockholder as Parties Defendant (citing *McCrea v. Robertson*, 84 N.E. 960 (N.Y. 1908); *Hay v. Brookfield*, 145 N.Y.S. 543 (App. Div. 1914)). Prospective, potential rights to corporate shares, such as Coutsodontis claims here, do not provide a would-be shareholder standing to sue in the name of the corporation. *See Torrelli v. Torrelli*, 941 F. Supp. 36, 39 (S.D.N.Y. 1996). Rather, courts hold that the prerequisite standing must first be established at the time of the actions complained of or the action will be dismissed. *See In re C&M Plastics, Inc.*, 571 N.Y.S.2d 343 (App. Div. 1991)

---

[7] Peters executed the Settlement Agreement as Sea Trade's President and Attorney in Fact, *i.e.*, its appointed agent. "An attorney-in-fact is essentially an alter ego of the principal and is authorized to act with respect to any and all matters on behalf of the principal, except as to acts which by their nature, by public policy, or by contract require personal performance." 2A N.Y. Jur. 2d Agency § 61. Mr. Peters was appointed as Attorney in Fact for Sea Trade by a Power of Attorney dated August 18, 1992, executed by Sea Trade's then President, Athena E. Eliades (the "Power of Attorney"), a true and correct copy of which is attached as Exhibit B to the Benjamin Affidavit. The Power of Attorney expressly gives Peters, as Sea Trade's Attorney in Fact, authority to conduct generally the business of Sea Trade in any part of the world; to retain legal counsel and attorneys at law, and to compromise any debts which may be owing by Sea Trade. *See* Benjamin Aff. Ex. B, Power of Attorney ¶¶ 1, 8, 11.

(dissolution proceeding); *In re Sakow*, 746 N.Y.S.2d 159 (App Div. 2002) (dissolution proceeding); *In re Application of Three Hundred Fifty West Forty-Sixth Street, Inc.*, 246 N.Y.S.2d 501 (App. Div. 1964); *see also Aragona v. Cin-Mar Developers, Inc.* 673 N.Y.S.2d 202 (App. Div. 1998) ("Before any relief may be granted to the plaintiff ... the threshold question of her standing [as a shareholder] to sue must be determined.").

2. The Escrow Agreement

Likewise, the firm breached no duties to Coutsodontis under the Escrow Agreement by petitioning this Court for an order allowing disbursement from Peters' Share of the Escrow Funds. None of the three cases on this point cited by Coutsodontis is relevant. *See* Opp. at 11- 12 (citing *National Union Fire Ins. Co. v. Proskauer Rose Goetz & Mendelsohn*, 634 N.Y.S.2d 609, 614 (Sup. Ct. 1994); *99 Commercial St. Inc. v. Goldberg*, 811 F. Supp. 900, 906 (S.D.N.Y. 1993); *In re Treiling*, 21 B.R. 940, 943 (Bankr. E.D.N.Y. 1982)). In each, the escrow agent lost or converted escrow funds. Here, in contrast, there is no question that AK has safely preserved the Escrow Fund, has not taken any amounts for its own purposes, and has simply sought this Court's approval of a disbursement to which the only affected parties, Sea Trade and Peters, have agreed. Such conduct could not breach any duties to Coutsodontis, whose rights are unaffected by the mere request and would be equally unaffected if the Court allows it.

3. AK's Lien and Judgment Are Valid Notwithstanding the Contention By Coutsodontis Of Improper Corporate Expenditures

Coutsodontis cites *Rosenfeld v. Fairchild Engine & Airplane Corp.*, 128 N.E. 2d 291 (N.Y. 1955) as a "leading case" for the proposition that "shareholders cannot raid the corporate treasury for purely personal power contests." Opp. at 13-14. That may

9

be so, but it is irrelevant. *Rosenfeld* involved a stockholder's derivative action seeking to compel certain directors to repay the corporation for its payment of their expenses in a proxy fight. If Coutsodontis ultimately establishes that he is in fact a shareholder in Sea Trade and then establishes that some part of AK's fees related to purely personal power contests between himself and George Peters, then *Rosenfeld* might support a claim that Peters should be compelled to return the corporation's payment of AK's fees. (Peters, of course, could counter that the payment was solely from his share of the Escrow Funds, not from any share that might otherwise be due to Coutsodontis.) However, *Rosenfeld* does not excuse the corporation's obligation to pay a judgment creditor of a corporation, as Coutsodontis suggests; it merely addresses whether the individual managers or directors whose "purely personal" interests were benefitted should repay the corporation.

III. Conclusion

For the reasons stated herein and in its original Petition, AK respectfully urges the Court to reject the Opposition and reiterates its request for the relief sought in its Petition.

Dated: January 13, 2014

By: _____
Edward J. Stein (ES 8836)

Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000