# POLES TUBLIN
## POLES, TUBLIN, STRATAKIS & GONZALEZ, LLP

Writer's New York Telephone Ext.: 223
Writer's Email: sjohnston@polestublin.com

**Respond to New York, New York Address**

46 Trinity Place, 5th Fl.
New York, NY 10006
Tel:  (212) 943-0110
Fax: (212) 269-9875

127 E. Mt. Pleasant Ave.
Livingston, NJ 07039
Tel:  (973) 992-3555
Fax: (973) 992-9397

info@polestublin.com
www.polestublin.com

February 21, 2014

**BY ELECTRONIC FILING**

Honorable Henry Pitman
United States District Court – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York   10007-1312

Re:   *Sea Trade Maritime Corporation et al. -v- Stelios Coutsodontis et al.*
       09 CIV 00488 (LGS)(HBP)
       Our File No. 26,090

Dear Judge Pitman:

We represent CAPTAIN STELIOS COUTSODONTIS and FRANCESCA COUTSODONTIS, defendants in the above-reference action.  We are writing in response to Plaintiffs' letter of February 19, 2014 to which we take exception both as to its omissions and its characterizations of events.  We state at the onset that we have no objections to an order specifying dates for discovery, provided, however, that such order is all-encompassing and respectful of Defendant's priority as to their outstanding discovery demands and deposition notices.

So that the Court may be more fully apprised of the facts surrounding Plaintiffs' February 19, 2013 letter, on January 31, 2014 Plaintiffs first noticed the depositions of Defendants Capt. Coutsodontis (February 25, 2014), his daughter, Francesca Coutsodontis (February 27, 2014), and non-party Nikolaos A. Kotakis (March 3, 2014).[1]  We reminded counsel for Plaintiffs that while Defendants Capt. Coutsodontis and Francesca Coutsodontis were willing to be deposed, Plaintiffs had failed to comply with Defendants' outstanding notices of depositions, requests for interrogatories, and requests for production of documents from both George Peters and Sea Trade Maritime Corporation ('*Sea Trade*'). (We are attaching copies of those notices for the Court's ready reference as Exhibits A–F.)  We reminded counsel for Plaintiffs that several days before Mr. Peters' deposition, a motion was made to disqualify our firm as counsel.  Further, the night before Mr. Peters' deposition, our clients were served with a motion for summary judgment and we were orally told by then-counsel for Plaintiffs that neither Mr. Peters nor Sea Trade would be attending their respective depositions. In our opinion, both of these actions were calculated to delay the otherwise inevitable discovery.

---

[1]  We will allow counsel for General Maritime Enterprises Corp. to address the purported notice to non-party Mr. Kotakis.

After notifying Plaintiffs' counsel of the foregoing, we asked that he please review the documents and revert so that we could arrange a mutually agreeable discovery schedule. The next communication from Plaintiffs' counsel was the February 19, 2014. letter.

All of the foregoing has been omitted from Plaintiffs' letter of February 19, 2014. Nonetheless, we agree with Plaintiffs' counsel that it will be difficult to complete discovery by the scheduled date of March 13, 2014 and that a schedule revision would be appropriate.

We stand ready at the Court's convenience to discuss this matter. As a footnote, we had previously advised the Court of the history of this matter in the Greek courts which will ultimately determine the ownership of Plaintiff Sea Trade. The Court of First Instance of Athens unanimously held for Capt. Coutsodontis declaring the will valid and Capt. Coutsodontis the owner of 250 bearer shares of Sea Trade. That court's decision was appealed and unanimously affirmed by the appellate court. The matter now will be heard by the Supreme Court of Greece on March 5, 2014 with a decision to follow hopefully before summer.

Very truly yours,

POLES TUBLIN STRATAKIS & GONZALES, LLP

Scott R. Johnston

Attachments

2