# Exhibit D

POLES TUBLIN STRATAKIS & GONZALEZ LLP
Scott R. Johnston (SJ 0179)
Christ Stratakis (CS 9741)
John G. Poles (JP 4812)
Nathan C. Gaudio (NG 4196)
46 Trinity Place – Fifth Floor
New York, New York 10006
(212) 943-0110

Attorney for Defendant Stelios Coutsodontis

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEA TRADE MARITIME CORPORATION and GEORGE PETERS, <br><br> Plaintiffs, <br><br> – v – <br><br> STELIOS COUTSODONTIS, FRANCESA ELENI COUTSODONTIS, GENERAL MARITIME ENTERPRISES CORP., ATTIKA INTERNATIONAL NAVIGATION SA, and IASON SHIPPING LTD., <br> Defendant. | CIVIL ACTION NO.: 09 CIV 00488 (BSJ) |

### DEFENDANT STELIOS COUTSODONTIS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SEA TRADE MARITIME CORPORATION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant STELIOS COUTSODONTIS, through his undersigned attorneys, POLES TUBLIN STRATAKIS & GONZALEZ LLP, hereby request that Plaintiffs produce the following documents and things for inspection and copying.

The requested documents are to be produced at the offices of POLES TUBLIN

STRATAKIS & GONZALEZ LLP, 46 Trinity Place – Fifth Floor, New York, New York 10006, not later than Thursday, February 17, 2011.

## DEFINITIONS AND INSTRUCTIONS

These Document Requests are subject to the following definitions of terms and instructions.

1. "You" or "Your" or "Sea Trade" refers to Sea Trade Maritime Corporation, Plaintiff herein, as well as to any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors, successors, assignees, agents, legal representatives, trustees, consultants, contractors, service entities, and all representatives and other persons acting on its behalf, and its present and former officers, directors, and employees without limitation.

2. "Peters" refers to George Peters, Plaintiff herein.

3. "Coutsodontis" refers to Stelios Coutsodontis, Defendant herein, as well as to any of his corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors, successors, assignees, agents, legal representatives, trustees, consultants, contractors, service entities, and all representatives and other persons acting on Its behalf, and its present and former officers, directors, and employees without limitation.

4. "Shipping Defendant" refers to General Maritime Corporation, Attika International Navigation SA, Iason Shipping Ltd., Pinto Shipping Ltd. and Karteria Shipping Ltd., as well as to any of their corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors, successors, assignees, agents, legal representatives, trustees, consultants, contractors, service entities, and all representatives and other persons acting on their behalf, and their present and former officers, directors, and employees without limitation.

2

5. "M/V ATHENA" refers to the vessel of that name previously owned by Sea Trade.

6. "Spanish Arrest" refers to the proceeding instituted in Tarragona, Spain against M/V ATHENA on or about July 10, 2008.

7. "Louisiana Arrest" refers to the proceeding instituted in the United States District Court for the Eastern District of Louisiana against M/V ATHENA on or about August 27, 2008.

8. "Francesca" refers to Francesca Eleni Coutsodontis, Defendant herein.

9. "Leonidas" refers to Leonidas Coutsodontis, Stelios Coutsodintis' son, who, upon information and belief was born on March 2, 1964 and resides at 1 Georgia Ave., Apt, 1C, Bronxville, NY 10708.

10. "Hellenic Arrest" refers to the proceedings instituted in the United States District Court for the Eastern District of Louisiana against M/V ATHENA and/or Sea Trade on or about August 27, 2008 by HELLENIC MUTUAL WAR RISKS ASSOCIATION (BERMUDA) LIMITED (hereinafter 'Hellenic').

11. "Interpec" refers to Interpec Ibérica, S.A., which, upon information and belief, has offices at C/ Ochandiano No. 12, Madrid, E-28023, Spain.

12. "Communication" means any writing transmitted between persons or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic, telex, electronic (including instant messenger), computer and facsimile communications or transmittals of Documents, and all Documents concerning such writings or oral conversations. "Communication"

3

as used herein specifically includes Internal writings, oral conversations or meetings among the officers, board members, managers, agents, employees or other representatives of any Plaintiff of any kind and capacity.

13. "Concern" and "concerning" mean referring to, relating to, constituting, discussing, evidencing, directly or indirectly connected or in any way potentially relevant to.

14. "Document" is used herein in the broadest sense and means, without limitation, the original and all copies, prior drafts, and translations of any Document in any written, electronic, recorded, or graphic form, including all memoranda, and notes of oral conversations, as well as compilations, catalogs, files and summaries of information or data, and shall include, but is not limited to, any photograph, photostat, microfilm, memorandum, letter, telegram, publication, telex, circular, release, article, report, book, prospectus, record, financial statement, computer disc, computer tape, microfiche, microfilm, index, list, claims file, analysis chart, money order, account book, draft, summary, power point, presentation, diary, transcript, agreement, calendar, graph, receipt, chart, business record, insurance policy, computer printout, contract, and order, whether typed, handwritten, printed, recorded, or otherwise produced or reproduced, and any other retrievable data (whether discs, tapes, cards, or coded electrostatically, electromagnetically, optically or otherwise) in the custody, possession, or control of the responding Plaintiff or its officers, employees or agents, or known to the Plaintiff to exist, "Document" also means any tape or audible recording and any motion picture or videotape. "Document" also means any non-identical copy thereof, either by virtue of other material appearing thereon, such as handwriting, typewriting or other configurations.

15. "Person" includes both the singular and plural, and means any natural person,

4

business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

16. "Representative" includes both the singular and plural and means:

(a) any past or present officer, director, partner, associate, employee, servant, agent, subsidiary, affiliate, legal counsel, or any agent of such persons; and

(b) any other persons acting or purporting to act on behalf of, or in concert with such persons, including, without limitation, insurance brokers or agents, auditors, actuaries, and consultants of any type.

17. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

18. If you object to any Document Request as privileged, that document need not be produced, but you are to provide all of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and Local Rule 26.2 of the United States District Court for the Southern District of New York.

19. If any document requested to be produced was, but is no longer, in your possession, custody or control or is no longer in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so, to whom; or (d) otherwise disposed of. In each instance, explain the circumstances surrounding and the authorization for such disposition and state the approximate date thereof.

20. If any document requested to be produced has already been produced or is

exempt pursuant to Federal Rule of Civil Procedure Rule 26(a), reference thereto in response to a Request shall be deemed sufficient.

21.	These Document Requests are deemed continuing and any information secured subsequent to the filing of the answers hereto must be furnished immediately upon receipt of such information, in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS

**Request No. 1.**

Produce the corporate books of Sea Trade, including, without limitation, the corporate minutes, stock register, bylaws, certificate of incorporation, filing certificate, certificate of authority to do business in New York, and Federal and New York State tax identification numbers.

**Request No. 2.**

Produce all charter agreements and/or contracts involving the M/V ATHENA from January 13, 2003 to date.

**Request No. 3.**

Produce all accounting and banking records of Sea Trade from January 13, 2003 to date.

**Request No. 4.**

Produce all Federal and New York State tax returns for Sea Trade from January 13, 2003 to date.

**Request No. 5.**

Produce all vessel logs for the M/V ATHENA including, without limitation, the deck

6

logs, the engine logs, and the radio logs.

**Request No. 6.**

Produce all insurance policies insuring Sea Trade, in whole or in part, at any time or fraction thereof during the period January 13, 2003 to date.

**Request No. 7.**

Produce all documents involving insurance claims made under the insurance policies identified in Request No. 6., *supra*, including, without limitation, documents supporting the claim, opposing the claim, and settlement or other disposition of the claim from January 13, 2003 to date.

**Request No. 8.**

Produce all insurance policies insuring M/V ATHENA, in whole or in part, at any time or fraction thereof during the period January 13, 2003 to date.

**Request No. 9.**

Produce all documents involving insurance claims made under the insurance policies identified in Request No. 8., *supra*, including, without limitation, documents supporting the claim, opposing the claim, and settlement or other disposition of the claim from January 13, 2003 to date.

**Request No. 10.**

Produce all employment contracts with Sea Trade in force at any time or fraction thereof during the period from January 13, 2003 to date.

**Request No. 11.**

Produce all documents evidencing Defendant Stelios Coutsodontis is not a 50% shareholder of Sea Trade from January 13, 2003 to date.

7

**Request No. 12.**

Produce all documents evidencing the alleged wrongful arrests of the M/V ATHENA were well-known in the shipping industry.

**Request No. 13.**

Produce all documents evidencing which shipping industry Plaintiffs refer to in Paragraph 133 of their Complaint.

**Request No. 14.**

Produce all documents evidencing which individuals in the shipping industry knew of the alleged wrongful arrests.

**Request No. 15.**

Produce all documents evidencing which companies in the shipping industry knew of the alleged wrongful arrests.

**Request No. 16.**

Produce all documents evidencing Sea Trade was a viable company prior to the alleged wrongful arrest.

**Request No. 17.**

Produce all documents evidencing Sea Trade was not a viable company after the alleged wrongful arrest.

**Request No. 18.**

Produce all documents evidencing the market for the M/V ATHENA diminished after the alleged wrongful arrests.

8

**Request No. 19.**

Produce all documents evidencing that charterers were unwilling to risk chartering the vessel after the alleged wrongful arrest.

**Request No. 20.**

Produce all documents evidencing why it is impossible for Plaintiffs to quantity their alleged damages in the present action.

**Request No. 21.**

Produce all documents evidencing how Defendant Stelios Coutsodontis breached his fiduciary duty to Sea Trade.

**Request No. 22.**

Produce all documents evidencing how Defendant Stelios Coutsodontis undertook the strategy of "if I can't have it, no one will."

**Request No. 23.**

Produce all documents evidencing how Defendant Stelios Coutsodontis' alleged acts have caused irreparable injury to Sea Trade and its shareholders.

**Request No. 24.**

Produce all documents evidencing Plaintiffs alleged damages totaled in excess of $15 million.

**Request No. 25.**

Produce all documents evidencing the alleged wrongful arrests of the M/V ATHENA were willful, wanton and motivated by maliciousness.

9

**Request No. 26.**

Produce all documents evidencing repairs and/or maintenance performed in whole or part to the M/V ATHENA from January 8, 2008 to its date of sale.

**Request No. 27.**

Produce all documents relating to the Hellenic Arrest.

**Request No. 28.**

Produce all communications with Interpec regarding the July 15, 2008 charter party and/or agreement for two additional voyages of the M/V ATHENA from South America to Spain.

**Request No. 29.**

Produce the fully executed July 15, 2008 charter party and/or agreement with Interpec for two additional voyages of the M/V ATHENA from South America to Spain.

Dated: New York, New York
January 18, 2011

POLES TUBLIN STRATAKIS & GONZALEZ LLP

by: _____
Scott R. Johnston (SJ 0179)
Christ Stratakis (CS 9741)
John G. Poles (JP 4812)
Nathan C. Gaudio (NG 4196)
46 Trinity Place – Fifth Floor
New York, New York 10006
(212) 943-0110

Attorney for Defendant Stelios Coutsodontis

To:    R. Mark Keenan (RK 7617)
John M. O'Connor (JOC 1298)
Peter Alexander Halprin (PAH \_\_\_\_ )
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas – 42nd Floor
New York, New York   10020
(212) 278-1000

Attorney for Plaintiffs/Respondents, Sea Trade Maritime Corporation and George Peters

Peter Skoufalos
Patrick R. O'Mea
Brown Gavalas & Fromm LLP
355 Lexington Avenue – 4th Floor
New York, New York   10017-6603
(212) 983-8500

Attorney for Defendant General Maritime Enterprises Corp.