# Exhibit E

POLES TUBLIN STRATAKIS & GONZALEZ LLP
Scott R. Johnston (SJ 0179)
Christ Stratakis (CS 9741)
John G. Poles (JP 4812)
Nathan C. Gaudio (NG 4196)
46 Trinity Place – Fifth Floor
New York, New York 10006
(212) 943-0110

Attorney for Defendant Stelios Coutsodontis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEA TRADE MARITIME CORPORATION and GEORGE PETERS,<br><br>Plaintiffs,<br><br>– v –<br><br>STELIOS COUTSODONTIS, FRANCESA ELENI COUTSODONTIS, GENERAL MARITIME ENTERPRISES CORP., ATTIKA INTERNATIONAL NAVIGATION SA, and IASON SHIPPING LTD.,<br><br>Defendant. | CIVIL ACTION NO.: 09 CIV 00488 (BSJ) |

### DEFENDANT STELIOS COUTSODONTIS' FIRST SET OF INTERROGATORIES TO PLAINTIFF SEA TRADE MARITIME CORPORATION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant STELIOS COUTSODONTIS, through his undersigned attorneys, POLES TUBLIN STRATAKIS & GONZALEZ LLP, propounds the following interrogatories to Plaintiff GEORGE PETERS. You are directed to respond not later than Thursday, February 17, 2011.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to the Interrogatories set forth below unless otherwise indicated:

1. "You" or "Your" or "Sea Trade" refers to Sea Trade Maritime Corporation, Plaintiff herein, as well as to any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors, successors, assignees, agents, legal representatives, trustees, consultants, contractors, service entities, and all representatives and other persons acting on its behalf, and its present and former officers, directors, and employees without limitation.

2. "Peters" refers to George Peters, Plaintiff herein.

3. "Coutsodontis" refers to Stelios Coutsdodontis, Defendant herein, as well as to any of his corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors, successors, assignees, agents, legal representatives, trustees, consultants, contractors, service entities, and all representatives and other persons acting on its behalf, and its present and former officers, directors, and employees without limitation.

4. "Shipping Defendant" refers to General Maritime Corporation, Attika international Navigation SA, Jason Shipping Ltd., Pinto Shipping Ltd. and Karteria Shipping Ltd., as well as to any of their corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors, successors, assignees, agents, legal representatives, trustees, consultants, contractors, service entities, and all representatives and other persons acting on their behalf, and their present and former officers, directors, and employees without limitation.

5. "M/V ATHENA" refers to the vessel of that name previously owned by Sea Trade.

6. "Spanish Arrest" refers to the arrest proceeding instituted in Tarragona, Spain against M/V ATHENA on or about July 10, 2008.

7. "Louisiana Arrest" refers to the arrest proceeding instituted in the United States District Court for the Eastern District of Louisiana against M/V ATHENA on or about August 27, 2008.

8. "Francesca" refers to Francesca Eleni Coutsodontis, Defendant herein.

9. "Leonidas" refers to Leonidas Coutsodontis, Stelios Coutsodintis' son, who, upon information and believe was born on March 2, 1964 and resides at 1 Georgia Ave., Apt. IC, Bronxville, NY 10708.

10. "Hellenic Arrest" refers to the proceedings instituted in the United States District Court for the Eastern District of Louisiana against M/V ATHENA and/or Sea Trade on or about August 27, 2008 by HELLENIC MUTUAL WAR RISKS ASSOCIATION (BERMUDA) LIMITED (hereinafter 'Hellenic').

11. "Interpec" refers to Interpec Ibérica, S.A., which, upon information and belief, has offices at C/ Ochandiano No. 12, Madrid, E-28023, Spain.

12. "Communication" means any writing transmitted between persons or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic, telex, electronic (including instant messenger), computer and facsimile communications or transmittals of Documents, and all Documents concerning such writings or oral conversations. "Communication" as used herein specifically includes internal writings, oral conversations or meetings among the officers, board members, managers, agents, employees or other representatives of any Plaintiff of

3

any kind and capacity.

   13. "Concern" and "concerning" mean referring to, relating to, constituting, discussing, evidencing, directly or indirectly connected or in any way potentially relevant to.

   14. "Document" is used herein in the broadest sense and means, without limitation, the original and all copies, prior drafts, and translations of any Document in any written, electronic, recorded, or graphic form, including all memoranda, and notes of oral conversations, as well as compilations, catalogs, files and summaries of information or data, and shall include, but is not limited to, any photograph, photostat, microfilm, memorandum, letter, telegram, publication, telex, circular, release, article, report, book, prospectus, record, financial statement, computer disc, computer tape, microfiche, microfilm, index, list, claims file, analysis chart, money order, account book, draft, summary, power point, presentation, diary, transcript, agreement, calendar, graph, receipt, chart, business record, insurance policy, computer printout, contract, and order, whether typed, handwritten, printed, recorded, or otherwise produced or reproduced, and any other retrievable data (whether discs, tapes, cards, or coded electrostatically, electromagnetically, optically or otherwise) in the custody, possession, or control of the responding Plaintiff or its officers, employees or agents, or known to the Plaintiff to exist. "Document" also means any tape or audible recording and any motion picture or videotape. "Document" also means any non-identical copy thereof, either by virtue of other material appearing thereon, such as handwriting, typewriting or other configurations.

   15. "Identify"

   (a) when used in reference to a natural person, means to state the person's full name, present or last known home address and telephone number, present or last known business

4

address and telephone number, occupation, job title, job description, age, and, if known, the person's condition of health, any present or former relationship to any of the parties to this action and the person's years of employment;

(b) when used in reference to a corporation, partnership, or any legal entity other than a natural person, means to state its full name, form of organization (e.g., partnership, corporation, etc.), and the present or last known address of its principal place of business and its state of incorporation or other organization;

(c) when used in reference to a Document, means to state the type of Document (e.g., letter, memorandum, contract, telegram, insurance policy, etc., or some other appropriate description), the title, date, serial number or other identifying numbers thereon, the Document's general subject matter, its author or authors, each author's affiliation, the addressee or addressees of the Document and their affiliations, and the identity of each person having possession, custody or control of the Document or any copy thereof, and to state whether the Document has been or will be produced to Bear Wagner or withheld from production on grounds of privilege. If any such Document is no longer in your possession or custody or subject to your control, "identify" also means to state what disposition was made of it and the date of such disposition;

(d) when used in reference to an act, occurrence, transaction, decision, statement, communication, or contract (hereinafter collectively referred to as an "act"), means to describe the substance of the event or events constituting such act(s), the place and date thereof, and to identify the persons present or involved and any Documents referring or relating thereto;

(e) when used in reference to an oral conversation, means to state, if possible, exactly what was said, or if impossible, to the best of your ability the substance of what was said,

5

when, where, by whom and to whom, whether it was by telephone or in person, the names and addresses of those present during or involved in the conversation, or, in the case of a telephone communication, the location of each party to the conversation.

16. "Person" includes both the singular and plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

17. "Representative" includes both the singular and plural and means:

(a) any past or present officer, director, partner, associate, employee, servant, agent, subsidiary, affiliate, legal counsel, or any agent of such persons; and

(b) any other persons acting or purporting to act on behalf of, or in concert with such persons, including, without limitation, insurance brokers or agents, auditors, actuaries, and consultants of any type.

18. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

19. Each interrogatory listed herein shall be continuing in nature and shall be modified or supplemented to include any additional information, knowledge, or data responsive to these Interrogatories which is later discovered.

20. Your answer to each of these Interrogatories should be as responsive to each portion thereof as is reasonably possible, whether such portion is stated in a separate sentence, or is stated in conjunction with another portion or portions in a single sentence. If You object to a portion

6

of any Interrogatory, You are instructed to answer the remainder.

21. To the extent an Interrogatory is not answered on the claim of any alleged privilege or other immunity from disclosure, state with particularity the reasons for the privilege or other immunity.

22. The past tense shall be construed to include the present tense, and vice versa, to make the response to each Interrogatory inclusive rather than exclusive.

23. The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## INTERROGATORIES

**Interrogatory No. 1:** Identify the name(s), position(s) or title(s), address(es), and telephone number(s) of the person(s) answering these interrogatories and confirm that the person(s) is (are) authorized to respond on behalf of you.

**Interrogatory No. 2:** Identify all officers, directors, shareholders, technical managing agents, commercial managing agents, charter brokers, and vessel husbandry agents for the M/V ATHENA and Sea Trade for the period January 13, 2003 to date or any lesser period therein together with the respective dates of service.

**Interrogatory No. 3:** Identify all bank and investment accounts opened, closed, maintained or otherwise in the name of Sea Trade or by Sea Trade's officers, directors, shareholders, agents, designees, and/or nominees on behalf of or for the benefit of Sea Trade or its officers, directors, shareholders, and/or claimants against Sea Trade for the period January 13, 2003 to date or any lesser period therein together with the respective dates of service.

**Interrogatory No. 4:** Identify all insurance agents, underwriters, and insurance and underwriting clubs with which Sea Trade and/or Sea Trade's officers, directors, shareholders, agents, designees, and/or nominees dealt, either on behalf of Sea Trade, Sea Trade's officers, directors, shareholders, agents, designees, and/or nominees, or M/V ATHENA, for the period January 13, 2003 to date or any lesser period therein together with the respective dates of service.

**Interrogatory No. 5:** Identify all insurance policies opened, closed, maintained, claimed, challenged, or otherwise insuring the M/V ATHENA, Sea Trade, and/or Sea Trade's officers, directors,

7

shareholders, agents, designees, and/or nominees for the period January 13, 2003 to date or any lesser period therein together with the respective dates of service.

**Interrogatory No. 6:** Identify all charter agreements and/or contracts involving the M/V ATHENA and/or Sea Trade for the period January 13, 2003 to date together with the respective dates of service.

**Interrogatory No. 7:** Identify all charter agreements and/or contracts that were lost and commitments that could not be fulfilled due to the Spanish Arrest together with the respective dates of service.

**Interrogatory No. 8:** Identify all witnesses as to your claim of damages, both monetary and loss of reputation, caused by the Spanish Arrest.

**Interrogatory No. 9:** Identify all steps taken by you to mitigate your alleged losses, both monetary and loss of reputation, due to the Spanish Arrest.

**Interrogatory No. 10:** Identify all charter agreements and/or contracts that were lost and commitments that could not be fulfilled due to the Louisiana Arrest.

**Interrogatory No. 11:** Identify all witnesses as to your claim of damages, both monetary and loss of reputation, caused by the Louisiana Arrest.

**Interrogatory No. 12:** Identify all steps taken by you to mitigate your alleged losses, both monetary and loss of reputation, due to the Louisiana Arrest.

Dated: New York, New York
       January 18, 2011

POLES TUBLIN STRATAKIS & GONZALEZ LLP

by: _____
Scott R. Johnston (SJ 0179)
Christ Stratakis (CS 9741)
John G. Poles (JP 4812)
Nathan C. Gaudio (NG 4196)
46 Trinity Place – Fifth Floor
New York, New York 10006
(212) 943-0110

Attorney for Defendant Stelios Coutsodontis

8

To:  R. Mark Keenan (RK 7617)
John M. O'Connor (JOC 1298)
Peter Alexander Halprin (PAH ____ )
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas – 42nd Floor
New York, New York   10020
(212) 278-1000

Attorney for Plaintiffs/Respondents, Sea Trade Maritime Corporation and George Peters

Peter Skoufalos
Patrick R. O'Mea
Brown Gavalas & Fromm LLP
355 Lexington Avenue – 4th Floor
New York, New York   10017-6603
(212) 983-8500

Attorney for Defendant General Maritime Enterprises Corp.