# BROWN GAVALAS & FROMM LLP

### 355 LEXINGTON AVENUE
### NEW YORK, NEW YORK 10017

TEL: (212) 983-8500

FAX: (212) 983-5946
www.browngavalas.com
bgmail@ browngavalas.com

NEW JERSEY OFFICE
——————
1118 CLIFTON
AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A.GAVALAS
(1978-1999)
ROBERT J.SEMINARA
(1987-1999)

February 24, 2014

## BY ECF

The Honorable Henry B. Pitman
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

     Re:    Sea Trade Maritime Corp., *et al.*, v. Stelios Coutsodontis, *et al.*
            Case No.: 09 Civ. 488 (BSJ) (HBP)
            Our File No.: 1591.0001

Dear Judge Pitman:

      We represent defendant General Maritime Enterprises Corp. ("General Maritime") in this action and write to respond to plaintiffs' letter to the Court dated February 19, 2014 requesting a conference in this matter to discuss an extension of the fact discovery period, which is currently scheduled to end on March 13, 2014.  As discussed below, General Maritime respectfully submits that no such extension is warranted.

      As plaintiffs note, Your Honor held a scheduling conference on September 13, 2013, following which a discovery schedule was issued setting March 13, 2014 as the close of fact discovery.  Since the September 13, 2013 conference, plaintiffs have not made any effort whatsoever to move forward with discovery or seek any documents, answers to interrogatories, admissions, or depositions from General Maritime, until they electronically filed a notice seeking the deposition of "defendants" Nicholaos A. Kotakis and/or General Maritime on March 3, 2014. This eleventh-hour attempt to start discovery, by the easiest means possible from plaintiffs' perspective, should not be condoned by the Court.

      Plaintiffs' notice was also defective for a number of reasons, including the fact that it names Mr. Kotakis, a non-party, as a "defendant" in this action and does not identify the means for recording the deposition.  The notice does not make clear whether plaintiffs are seeking to depose Mr. Kotakis individually, or if they are improperly attempting to designate him as General Maritime's corporate representative.  To the extent that plaintiffs were seeking the corporate deposition of General Maritime pursuant to Rule 30(b)(6), the notice failed to identify the matters for examination, so as to permit General Maritime to identify the correct employee.

**BROWN GAVALAS & FROMM LLP**

Hon. Henry B. Pitman
February 24, 2014
Page 2

In light of the numerous defects in plaintiffs' notice, General Maritime asked that the notice be withdrawn so that it could be corrected. Plaintiffs made no attempt to correct the notice.

Furthermore, it is clear that plaintiffs' attempt to depose General Maritime is abusive and improper. General Maritime is a foreign corporation located in Greece and has no connection to the alleged wrongful acts underlying this matter. Instead, plaintiffs' allegations against General Maritime are limited to a claim that General Maritime stood to benefit from any harm suffered by the plaintiffs, and therefore conspired with defendant Coutsodontis to cause plaintiffs' downfall. Notably, similar conspiracy claims were previously dismissed against General Maritime in a related state court action. Despite the highly fact-reliant nature of a conspiracy claim, plaintiffs have not sought a single document from General Maritime that could be used to substantiate their allegations. Likewise, plaintiffs have not expended the effort to draft interrogatories or requests for admission. Instead, plaintiffs seek to foist the costs of producing a Greek witness in New York onto General Maritime, with no time left to seek further discovery on any matters raised in the deposition. Clearly, plaintiffs are not seriously pursuing their claim against General Maritime, but instead are unnecessarily and improperly running up costs using the method of discovery that is most inconvenient to General Maritime but involves little expense to plaintiffs.

General Maritime respectfully submits that the fact discovery period of this action should close as previously scheduled on March 13, 2014, at which time General Maritime intends to seek summary judgment on plaintiffs' claims.

We thank the Court in advance for its consideration.

Respectfully submitted,

**BROWN GAVALAS & FROMM LLP**

Peter Skoufalos
Patrick R. O'Mea

cc:   Counsel of Record