# BROWN GAVALAS & FROMM LLP

**355 LEXINGTON AVENUE**

**NEW YORK, NEW YORK 10017**

TEL: (212) 983-8500

FAX: (212) 983-5946
www.browngavalas.com
bgmail@ browngavalas.com

NEW JERSEY OFFICE
_____

1118 CLIFTON AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A.GAVALAS
(1978-1999)
ROBERT J.SEMINARA
(1987-1999)

June 3, 2014

**BY ECF**

The Honorable Henry B. Pitman
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

  Re: Sea Trade Maritime Corp., *et al.*, v. Stelios Coutsodontis, *et al.*
    Case No.: 09 Civ. 488 (BSJ) (HBP)
    Our File No.: 1591.0001

Dear Judge Pitman:

  We represent defendant General Maritime Enterprises Corp. ("General Maritime") in this action. We write to respond to plaintiffs' letter to the Court dated May 30, 2014 to the extent that it seeks reconsideration of the Court's March 20, 2014 Order holding that discovery is closed as to General Maritime.

  Plaintiffs' letter is untimely under Local Civil Rule 6.3, which requires all motions for reconsideration to be filed within fourteen days of the Court's order. In this case, plaintiffs' request comes over two months after the March 20, 2014 Order, and plaintiffs offer no excuse for their delay. Plaintiffs' request for reconsideration should be denied solely on this basis.

  In any event, reconsideration is inappropriate because the Court was entirely correct to close discovery as to General Maritime. Plaintiffs failed to seek discovery from General Maritime for years after this action was commenced, and waited until days before the close of fact discovery to seek General Maritime's deposition.[1] Plaintiffs' claims against General Maritime are frivolous and their efforts to pursue discovery against General Maritime are abusive. In this regard, we note that plaintiffs' letter merely states that counsel will issue a

---

[1] Plaintiffs' eleventh-hour request for a discovery extension is clearly a habit, as their letter was sent at 4:01 p.m. on the last day of the fact discovery period established in the Court's March 20, 2014 Order. The March 20 Order itself was an *ex post* extension of the discovery period established in the Court's September 16, 2013 scheduling order, which required all fact discovery to be completed by March 13, 2014.

**BROWN GAVALAS & FROMM LLP**

Hon. Henry B. Pitman
June 3, 2014
Page 2

Notice of Deposition to General Maritime, which places all of the burden and expense on General Maritime to send an employee from Greece to New York to be deposed. Plaintiffs have not undertaken any other discovery as to General Maritime that could be used in connection with General Maritime's examination.

 Moreover, plaintiffs' assertion that additional discovery will not cause "real delay" is not credible. Last Friday, May 30, was the close of fact discovery according to the Court's March 20, 2014 Order. If the Court grants plaintiffs' request for a six-week extension, <u>all</u> fact discovery regarding General Maritime will need to occur within this six-week time period. This means that General Maritime will need to prepare interrogatories and document requests, review other parties' responses, respond to other parties' requests, and then prepare to take depositions and prepare for its own deposition in less than six weeks over the summer, when travel and scheduling are always difficult, especially in light of the fact that General Maritime is located in Greece. It is not realistic to expect that discovery as to General Maritime can be completed in six weeks, and it is unfair to press General Maritime into such a tight schedule when the other parties have had many months and years to conduct their own discovery in both this action and the related state court action to which they are both a party, but from which General Maritime has been dismissed. Instead, allowing discovery to proceed as to General Maritime will simply draw out this action beyond the many years it has already been pending.

 Plaintiffs also incorrectly state in their letter that they "have produced some 10 boxes of documents which were recently reviewed by <u>defendants'</u> counsel at Mr. Benjamin's office." (emphasis added). On the contrary, General Maritime was not even notified that these documents were available, nor has its counsel reviewed these documents. Clearly, plaintiffs consider Captain Coutsodontis to be the only real defendant in this action, as demonstrated by this slip of the pen.

 Plaintiffs' predicament is one of their own making, and the Court should not permit General Maritime to be prejudiced by plaintiffs' delay. Accordingly, General Maritime respectfully submits that plaintiffs' request for reconsideration should be denied.

 We thank the Court in advance for its consideration.

            Respectfully submitted,

            **BROWN GAVALAS & FROMM LLP**

            <u>/s/ Peter Skoufalos</u>
            Peter Skoufalos
            Patrick R. O'Mea

cc: Counsel of Record