# CARDILLO & CORBETT

29 BROADWAY

NEW YORK, NY 10006

(212) 344-0464

CHRISTOPHIL B. COSTAS
TULIO R. PRIETO
JAMES P. RAU

JOSEPH CARDILLO, JR.
(1913-1980)

ROBERT V. CORBETT
(1939-2014)

FAX: (212) 797-1212/509-0961

E-MAIL: CC@CARDILLOCORBETT.COM

**MEMO ENDORSED**

May 30, 2014

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/6/14

**BY FACSIMILE (212) 805-6111**
The Honorable Henry Pitman
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

> Re: Sea Trade Maritime Corp., et al., v. Stelios Coutsodontis, et al.
> Case No.: 09 Civ. 488 (LGS) (HBP)
> Our File : E-909

Dear Judge Pitman:

We have been retained by plaintiffs Sea Trade Maritime Corporation and George Peters in this action to replace Howard Benjamin, Esq., as their counsel. A Notice and Consent to Change of Counsel were filed with the Court yesterday.

We are writing to request an extension of the discovery schedule set forth in the Court's Order of March 20, 2014 (the "Order"), which provided that discovery by plaintiffs and defendants would be completed by May 30, 2014, with expert disclosure made by plaintiffs on that date. We are also writing to request a conference to ask the Court to reconsider the Order's closure of plaintiffs discovery from defendant General Maritime Enterprises Corporation ("General Maritime"), as briefly discussed below.

With respect to the discovery extension, we understand that Mr. Benjamin and defendants counsel, Scott R. Johnston, Esq., had agreed to a six week extension to the discovery dates in the Order to allow time for the depositions referred to therein to be completed following production and review of documents. In this regard, plaintiffs have produced some 10 boxes of documents which were recently reviewed by defendants' counsel at Mr. Benjamin's offices. We also understand from Mr. Benjamin that he has not yet received documents from defendants in response to his outstanding document request.

The Honorable Henry Pitman                -2-                        May 30, 2014

Moreover, it is also our understanding that the depositions scheduled in the present action were intended to overlap with the depositions scheduled in the New York State Supreme Court defamation action by Mr. Peters entitled *George Peters v. Coutsodontis, et al*, 600482/2007 (the "State Court Action") with respect to the common parties to the two actions. We have filed today a Notice and Consent to Change Counsel in the State Court Action, replacing Mr. Benjamin as plaintiff's counsel. We understand that Mr. Benjamin and Mr. Johnston also agreed to extend the discovery dates in the State Court Action by six weeks based upon the above.

As my firm is new to both cases and is the process of obtaining the files from Mr. Benjamin's office, we will need additional time to that agreed by plaintiffs' former counsel to allow us to complete fact and expert discovery.   Accordingly, we request a ninety (90) day extension on the discovery dates in the Order.

With respect to the Court's Order's closing discovery as to General Maritime, we must point out that it was not plaintiffs' intention to forego discovery from this defendant, whom plaintiffs consider important to their case. Indeed, plaintiffs vigorously fought General Maritime's motion to dismiss for lack of personal jurisdiction, subject matter jurisdiction and for failure to state a valid claim. Judge Jones denied General Maritime's motion to dismiss in its entirety in her Memorandum and Order of August 16, 2012 (the "Opinion"). Judge Jones specifically rejected in her Opinion General Maritime's contentions that "Plaintiffs have failed to allege that General Maritime did anything" and that "Plaintiffs have failed to establish that Coutsodontis acted as agent, alter ego or co-conspirator of General Maritime." Judge Jones held that "[f]or the reasons set out in detail with the Courts's discussion of personal jurisdiction, the Court disagrees with General Maritime and finds Plaintiffs have sufficiently alleged a conspiracy between Coutsodontis and General Maritime." (Opinion, Part III).   The Court also denied General Maritime's subsequent motion for reconsideration of the Court's decision to keep General Maritime in the case.

At this stage, we do not know all of the circumstances leading this Court to deny Mr. Benjamin's request to extend the time for discovery against General Maritime beyond the original March 13, 2014 date for completion of fact discovery, that resulted in the current closure of discovery with respect to it in the Order.  However, if the Court grants reconsideration, we as plaintiffs' new counsel will issue appropriate discovery requests to General Maritime, including a Notice of Deposition. As discovery has continued among the other parties under the Court's Order (and by agreement of counsel), we believe that this additional discovery will not cause any real delay, and by contrast plaintiffs would suffer significant harm if not allowed to proceed with discovery against General Maritime.  In this regard, we note that General Maritime has recently written to Mr. Benjamin demanding to be dismissed from the case, or allegedly face Rule 11 sanctions, due to the fact that plaintiffs cannot obtain discovery from it under the Order.

The Honorable Henry Pitman                    -3-                    May 30, 2014

We thank the Court for its consideration of our requests.

Respectfully submitted,

CARDILLO & CORBETT

James P. Rau

cc: BY FAX

Nathan Charles Gaudio, Esq.
Scott Rossback Johnston, Esq.
John G. Poles, Esq.
Poles Tublin Stratakis Gonzalez & Weichert, LLP
46 Trinity Place
New York, NY 10006
(212) 943-0110
Fax: (212) 269-9875

Peter Skoufalos, Esq.
Patrick Robert O'Mea, Esq.
Brown Gavalas & Fromm LLP
355 Lexington Avenue
New York, NY 10017
(212) 983-8500
Fax: (212) 983-5946

Edward Stein, Esq.
Anderson Kill P.C. (N.Y.)
1251 Avenue of the Americas
New York, NY 10020
212-278-1000
Fax: 212-278-1733

**ENDORSEMENT**

<u>Sea Trade Maritime Corp., et al. v. Stelios Coutsodontis, et al.</u>
09 Civ. 488 (LGS)(HBP)

           Plaintiff's application to reopen discovery is denied. Plaintiff offers no explanation why discovery has not been completed since Judge Schofield lifted the stay of discovery last July.  In addition, to the extent that plaintiff seeks reconsideration of my prior Order closing discovery with respect to General Maritime, that application is untimely and should have been made within 14 days of my March 20, 2014 Order.  Local Civil Rule 6.3.  I appreciate that Messrs. Rau and Prieto only recently entered the case, but the appearance of new counsel does not, without more, warrant revisiting the prior scheduling orders entered in a case.

Dated:  New York, New York
        June 6, 2014

                          SO ORDERED

                          HENRY PITMAN
                          United States Magistrate Judge

Copies transmitted to:

All Counsel

MEMO ENDORSED