UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SEA TRADE MARITIME CORP. and
GEORGE PETERS,

        *Plaintiffs,*

    v.

STELIOS COUTSODONTIS, et al.,

        *Defendants.*

------------------------------------------------------------x

Case No. 09-cv-488 (LGS) (HBP)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

Beys Stein Mobargha & Berland LLP

Jason H. Berland
Joshua D. Liston
The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10174
Tel: 646.755.3604
Fax: 646.755.3599
jberland@beysstein.com
jliston@beysstein.com

*Attorneys for Plaintiffs*

Plaintiffs Sea Trade Maritime Corp. ("Sea Trade") and George Peters respectfully submit this memorandum of law, pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 16(b)(4), in support of their motion for reconsideration of the Court's June 6, 2014 Order (the "June 6th Order") denying Plaintiffs' May 30, 2014 application (the "May 30th application") to extend discovery as to Defendants Stelios and Francesa Coutsodontis.

## PRELIMINARY STATEMENT

Plaintiffs move for reconsideration of the portion of the June 6th Order denying Plaintiffs' May 30th application to extend discovery as to the individual Defendants. The Court was clear that, to the extent Plaintiffs were seeking to re-open discovery as to separate Defendant General Maritime Enterprises Corp. ("General Maritime"), that application was untimely pursuant to Local Civil Rule 6.3. Accordingly, this current motion solely focuses on why good cause exists – based on prior counsel's complete abdication of his responsibilities to Plaintiffs – to modify the Court's March 20, 2014 Scheduling Order (the "March 20th Scheduling Order") and permit continued discovery as to Defendants Stelios and Francesa Coutsodontis in order to prevent manifest injustice. Additionally, as was noted in Plaintiffs' May 30th application, the individual Defendants agreed to a six-week discovery extension prior to the scheduled close of discovery; an agreement which they do not dispute.

## BACKGROUND

The facts stated herein are relevant only to Plaintiffs' motion for reconsideration of the June 6th Order and do not restate the entirety of the facts of this case, of which the Court is fully familiar.[1]

---

[1] It should be noted that the May 30th letter application was not a fully briefed motion, as counsel entered the case the same day and was not fully knowledgeable at the time, nor could it have been, as to the

1

On July 22, 2009, Plaintiffs' initial counsel, Anderson Kill P.C. ("Anderson Kill"), served Defendant Stelios Coutsodontis with a notice of deposition, request for interrogatories, and request for production of documents. (*See* Dock. Entry No. 14). These requests were made prior to the Court imposing an initial discovery schedule.

On December 1, 2010, the Court issued a Scheduling Order whereby it closed fact discovery on September 30, 2011, and required that all expert disclosures be made by October 31, 2011. (*See* Docket Entry No. 21).

On August 31, 2011, the Court stayed discovery pending the outcome of an appeal to the Second Circuit. (*See* Docket Entry No. 68). At the time of this stay, Defendant Stelios Coutsodontis had yet to comply with Plaintiffs' discovery demands, which had been made more than two years prior.

On August 1, 2012, Howard Benjamin replaced Anderson Kill as Plaintiffs' counsel. (*See* Docket Entry No. 75). Thereafter, Mr. Benjamin received the Anderson Kill files, containing the earlier discovery requests, which had also been listed on the docket. However, he never pursued these outstanding requests.

On July 23, 2013, the Court lifted the stay of discovery. (*See* Docket Entry No. 96). Subsequently, on September 16, 2013, the Court issued a Scheduling Order, whereby it ordered that fact discovery be completed by March 13, 2014 and expert discovery completed by June 16, 2014. (*See* Docket Entry No. 98).

Between the time of the September 16, 2013 Scheduling Order and the end of 2013, Plaintiff George Peters sent approximately one dozen emails to Mr. Benjamin pleading with him to aggressively push the case forward, send out document requests and

---

complete factual and procedural posture of this five-year litigation. Should the Court wish to see an affidavit from Plaintiffs, pursuant to Local Civil Rule 6.3, Plaintiffs will submit said affidavit expeditiously.

2

take depositions.  Plaintiff also sent emails inquiring into the status of securing expert witnesses, witnesses whom Plaintiff had himself identified.  Mr. Benjamin's responses were minimal, at best, and no real efforts were made to further discovery.  Unsurprisingly, Plaintiff was apoplectic that counsel had failed to follow any of his directives or gather any discovery for the litigation.

Finally, on January 31, 2014, Mr. Benjamin filed, via ECF, notices of depositions for Defendants Stelios and Francesa Coutsodontis.  (*See* Docket Entry No. 114).  These depositions were noticed for February 25, 2014 and February 27, 2014, respectively – both approximately two weeks from the close of all fact discovery.  There is no indication that the Defendants were served these notices by other means.  Moreover, at the time the depositions were noticed, Mr. Benjamin had not requested any documents from either Defendant, nor had he attempted to gather documents or information pursuant to the 2009 request made by Anderson Kill, predecessor counsel.

In his January 31, 2014 filing, Mr. Benjamin also sought the deposition of General Maritime through one of its managers, whom he named in the notice.  Plaintiff George Peters had been pleading with Mr. Benjamin, on numerous occasions and in various email exchanges, to seek documents and a deposition from General Maritime, and this was Mr. Benjamin's response.

On February 19, 2014, Mr. Benjamin sent a letter to the Court requesting a conference to discuss the possibility of extending discovery.  (*See* Docket Entry No. 115).  The impetus behind this request was an email from Plaintiff George Peters admonishing Mr. Benjamin for failing to aggressively push for discovery during the preceding five months, despite his constant demands for such.  On February 21, 2014, Defendants'

3

counsel submitted a letter stating, among other things, that they were in agreement with Mr. Benjamin that revising the discovery schedule would be appropriate as neither side had taken any depositions or produced any documents.  (*See* Docket Entry No. 116).

On February 24, 2014, General Maritime's counsel objected to any further extension of discovery as to his client because Plaintiffs had not demanded documents from it, nor had Mr. Benjamin served proper notice of a deposition on it.  (*See* Docket Entry No. 118).  Even when told by General Maritime's counsel that notice was defective, Mr. Benjamin did nothing to correct it.  (Id.).

On March 20, 2014, the Court issued the March 20th Scheduling Order, whereby it ordered that fact discovery be completed by May 30, 2014, and expert discovery completed by July 31, 2014, with Plaintiffs making expert disclosures by May 30, 2014.  The Court also set Plaintiff George Peters's deposition for April 28, 2014 through April 30, 2014, Defendant Stelios Coutsodontis's deposition for May 13, 2014 and May 20, 2014, and Defendant Francesa Coutsodontis's deposition for May 22, 2014.  (*See* Docket Entry No. 119).  The Court also closed discovery as to General Maritime and quashed the January 31, 2014 notice of deposition.  (Id.)

On April 17, 2014, Mr. Benjamin finally served a request for documents on the individual Defendants.  The return date for the documents was May 19, 2014, a mere eleven days before the deadline for depositions was to lapse, and <u>after</u> the first scheduled date for Stelios Coutsodontis's deposition.[2]

---

[2] Counsel for the individual Defendants has not disputed that they received this request for documents, which was made prior to the close of discovery.  Pursuant to this Court's Individual Practices, Rule 2A (Pre-Motion Conferences in Civil Cases) and Local Civil Rule 37.2, the undersigned will submit a letter motion early next week requesting a pre-motion conference seeking permission to file a motion to compel

4

On April 23, 2014, counsel for Defendants emailed Mr. Benjamin confirming that he agreed with him that there should be a six-week extension of all discovery in order to mirror the discovery schedule in place in a New York State Supreme Court action with similar parties. Both attorneys then called the Court's chambers and spoke with a clerk about extending discovery. The Clerk advised the parties to jointly enter a letter for the Court's review. Mr. Benjamin failed to initiate the submission of this letter.

Shortly after the above email and call to chambers, in early May 2014, Mr. Benjamin provided approximately 10 boxes of documents to the Defendants. Mr. Benjamin turned these boxes over despite the fact that there were numerous legal opinion letters and other privileged documents within the boxes. On May 21, 2014, while Defendants' counsel was finishing his review of the boxes, Mr. Benjamin sent an email to counsel confirming their agreement that new discovery dates would be chosen upon the completion of the document review, and that the parties would jointly advise the Court of these new dates. This correspondence was merely nine days prior to the close of discovery. Again, Mr. Benjamin failed to initiate the submission of a joint discovery letter to the Court.

On May 30, 2014, Cardillo & Corbett replaced Mr. Benjamin as Plaintiffs' attorney of record. (*See* Docket Entry No. 121). On that same day, new counsel submitted the May 30th application to extend discovery as to the individual Defendants.[3] The individual Defendants did not file an objection to this request.

---

[3] Cardillo & Corbett withdrew as counsel when they learned from the individual Defendants' counsel that they were going to be the subject of a disqualification motion, as members of the firm might be called as witnesses in this action. To avoid the time and expense of motion practice they voluntarily withdrew as counsel.

5

Even more egregious, and unknown to Plaintiffs, during this entire time period, Mr. Benjamin was misleading Plaintiffs as to the status of proceedings in a parallel New York State action. Specifically, Plaintiffs were under the false impression that Mr. Benjamin had filed an Order to Show Cause attempting to have the court vacate a decision to dismiss Defendant General Maritime from that action for lack of personal jurisdiction. Although Mr. Benjamin knew that the court had not signed the Order to Show Cause in September 2012, he led Plaintiffs to believe that the motion was pending when Plaintiffs routinely inquired why the motion was taking so long. Even after Mr. Benjamin had voluntarily withdrawn the unsigned order in March 2014, he did not inform Plaintiffs of this until May 2014, when Plaintiffs were again asking him to re-file the motion (before the new judge that had taken over the case). At that time, Mr. Benjamin did not advise Plaintiffs that the Order to Show Cause had never been signed in 2012, and so never in fact had been pending.

## DISCUSSION

### I. Standard Of Review

Motions for reconsideration in the Southern District of New York are governed by Local Civil Rule 6.3, which states, in part, that the motion shall "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. Reconsideration is appropriate where the moving party points to matters the court did not take into account "'that might reasonably be expected to alter the conclusion reached by the court.'" *County of Suffolk v. First Am. Real Estate Solutions*, 261 F.3d 179, 187 (2d Cir. 2001) (*quoting Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Moreover, motions for reconsideration "should be granted only when the [party]

6

identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent *manifest injustice*." (Emphasis added). *Cruz v. T.D. Bank, N.A.*, (S.D.N.Y. June 2, 2014) (quoting *Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).

Modifications to a court's scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." At least one court in this Circuit has held that an attorney's repeated failures to communicate with a client about the client's case, coupled with the attorney's misrepresentations to the client, amount to sufficient good cause to modify a court's scheduling order under Rule 16(b)(4). *See, infra*, *Multi-Juice, S.A. v. Snapple Beverage Corp.*, 2005 WL 1138470, at *2 (S.D.N.Y. May 12, 2005).

## II.     Good Cause Exists To Modify The Discovery Schedule

Plaintiffs do not dispute that they failed to comply with the deadlines established by the March 20th Scheduling Order. However, Plaintiffs do contend that Mr. Benjamin's gross failure to initiate discovery, follow up on previous counsel's discovery demands, or respond to Plaintiffs' numerous inquiries as to the progress of discovery was a complete abdication of his responsibilities to Plaintiffs and was more than attorney inadvertence or oversight. "To be sure, attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a scheduling order pursuant to Rule 16(b)." *Multi-Juice, S.A.*, 2005 WL 1138470, at *2. However, an attorney's repeated failures to communicate with a client about the client's case, coupled with the attorney's

7

misrepresentations about the status of the case, amount to sufficient good cause to modify a court's scheduling order under Rule 16(b)(4).  *See, Id.*, at *2.

In the *Multi-Juice* case, plaintiffs, who resided in Greece, made numerous attempts to contact counsel about the progress of the case, yet did not receive a response. *Id.*, at *2.  Plaintiffs then enlisted their previous attorney, who had been disqualified, to check-in on the status of the litigation. *Id.*, at *2.  Counsel expressly indicated, on more than a dozen occasions, that the case was proceeding. *Id.*, at *2.  In reality, however, counsel failed to comply with all of the deadlines in a scheduling order, and neither plaintiffs nor defendants initiated or took any discovery. *Id.*, at *1.  Counsel was relieved, and five days later new counsel appeared before the court seeking leave to conduct discovery even though the deadlines established by the scheduling order had passed. *Id.*, at *1.  The court instructed plaintiffs to file a motion to reopen discovery, which they did. *Id.*, at *1.  Plaintiffs moved for an order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure extending the dates for the close of discovery and for the exchange of expert reports set forth in the district court's scheduling order. *Id.*, at *1.  The court found that, based on the facts presented to it, plaintiffs had shown good cause as to why they should be relieved from the strictures of the scheduling order. *Id.*, at *2.  Accordingly, the motion was granted, and the court held good cause existed to extend discovery and the exchange of reports. *Id.*, at *2.

The facts of the case before this Court are remarkably similar to the facts of the *Multi-Juice* case, also before this District.  Mr. Benjamin's failure to take a single deposition or secure a shred of discovery, despite Plaintiffs' numerous pleas to garner discovery and push the case forward, was more than mere neglect, it was tantamount to a

total abandonment and abdication of his duties.  Moreover, Mr. Benjamin failed to bring a motion to compel despite the fact that the individual Defendants did not comply with predecessor counsel's 2009 discovery requests or the discovery requests he filed in the eleventh hour on April 17, 2014.  Additionally, Mr. Benjamin failed to seek discovery as to Defendant General Maritime.  The only arguable proactive move made by Mr. Benjamin was to issue document requests on April 17, 2014.  However, as previously noted, the return date for these documents (which were never ultimately received) was after the date of Defendant Stelios Coutsodontis's deposition, rendering the request virtually meaningless.

Accordingly, despite Plaintiffs' numerous outreaches to counsel to aggressively seek discovery, most of which went entirely ignored, Plaintiffs are left in the unenvious position of not having any documents or deposition testimony.  Perhaps more damaging, Plaintiffs are without expert reports and testimony, despite the reality that Plaintiff George Peters himself had located experts who were never contacted by Mr. Benjamin.

Finally, Mr. Benjamin failed to heed the advice of this Court's clerk in May 2014, when he and counsel for the individual Defendants called chambers to seek an extension of the May 30, 2014 discovery deadline.  This crucial task of writing a joint letter to the Court was clearly the responsibility of Plaintiffs' counsel to initiate, a task which Mr. Benjamin inexplicably and inexcusably failed to complete; the results of which, if not addressed, will lead to manifest injustice.

Unrelated to this action, but illustrative of Mr. Benjamin's deception, was his misrepresentations in the parallel State court proceeding concerning the unsigned and later withdrawn Order to Show Cause.  These facts speak volumes as to Mr. Benjamin's

9

total abdication of his responsibilities to Plaintiffs.

Courts in other Circuits have held that the fundamental principle that a party cannot avoid the consequences of the acts or omissions of his lawyer must also be balanced against the "general preference that a blameless party not be disadvantaged by the procedural errors or neglect of his attorney." *Sall v. Bounassissi*, 2011 WL 2791254, at *3 (D.Md., July 13, 2011) (quoting *Harris v. U.S. R.R. Ret. Bd.,* 198 F.3d 139, 141 (4th Cir.1999)). Where an attorney entirely abandons his client, a different situation than a mere mistake or a strategic misjudgment arises. In the exceptional circumstance where an attorney completely abdicates his responsibilities, good cause can be found. *See, e.g., Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha,* 218 F.R.D. 667, 674 (C.D.Cal. 2003) (explaining that good cause could be found if a party's "lawyers were guilty of gross negligence or abandonment"); *cf. Cunningham v. New Jersey,* 230 F.R.D. 391, 394 (D.N.J.2005) (holding, in the service of process context, that good cause was shown where counsel "abandoned his representation"). In this case, based on the facts presented, Mr. Benjamin clearly abandoned Plaintiffs, and they should not suffer as a result.

### III.  Defendants Will Not Be Prejudiced And Have Not Opposed The Request

Additionally, there are other factors that courts in the Second Circuit have considered in determining whether to modify a scheduling order by reopening discovery. Some of these factors include "(1) the imminence of trial; (2) whether the request is opposed; and (3) prejudice to the non-moving party …." *Jeannite v. City of N. Y. Dep't of Buildings,* 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010); *see also Kirkland v. Cablevision Sys.*, 2012 WL 4336193, at *2 (S.D.N.Y. Sept. 21, 2012).

In the case before this Court, trial is not imminent. In fact, based on the March 20th Scheduling Order, a Pretrial Order is not required until September 30, 2014, or thirty days after a final decision on any dispositive motions; motions which have not yet been made. Most importantly, however, the individual Defendants cannot claim they will be prejudiced by a brief extension of discovery as they agreed with Plaintiffs' counsel, said agreement being memorialized in writing, to extend discovery past the May 30, 2014 deadline by six weeks. Based on agreement alone, equity dictates that this Court should allow a six-week extension as to all discovery. Moreover, the individual Defendants did not oppose the May 30th application by Plaintiffs to extend discovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for reconsideration.

Dated:  New York, New York
          June 20, 2014

                                          Beys Stein Mobargha & Berland LLP

                                          By:    */s/Jason H. Berland*
                                                   Jason H. Berland (JB4136)
                                                   Joshua D. Liston (JL3865)

                                          The Chrysler Building
                                          405 Lexington Avenue – 7th Floor
                                          New York, New York 10174
                                          Telephone: (646) 755-3604
                                          jberland@beysstein.com
                                          jliston@beysstein.com

                                          *Attorneys for Plaintiffs*