———————————————————————

:

SEA TRADE MARITIME CORPORATION
and GEORGE PETERS,

                 Plaintiffs,

      – v –

STELIOS COUTSODONTIS, FRANCESA
ELENI COUTSODONTIS, GENERAL
MARITIME ENTERPRISES CORP., ATTIKA
INTERNATIONAL NAVIGATION SA, and
IASON SHIPPING LTD.,

               Defendant.

———————————————————————

:      CASE NO.: 09-CIV-00488 (LGS)(HBP)

:
:
:
:
:
:
:
:
:
:
:
:
:
:


# MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION
## FOR RECONSIDERATION

# TABLE OF CONTENTS

page

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.   STANDARD FOR RECONSIDERATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.  LOCAL CIVIL RULE 6.3.  Motions for Reconsideration or Reargument. . . . . . 3

        B.  Motions for Reconsideration Are Not Favored. . . . . . . . . . . . . . . . . . . . . . 3

        C.  LOCAL CIVIL RULE 6.3. Is to Be Narrowly Construed
            and Strictly Applied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        D.  Plaintiffs' Motion for Reconsideration May Not Advance New Facts
            Not Previously Presented to the Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        E.  Plaintiffs Motion for Reconsideration Is Confined to a Demonstration
            That the Court Overlooked Controlling Decisions or Factual Matters
            That Were Put Before the Court on the Underlying Motion. . . . . . . . . . . 5

   II.  PLAINTIFFS' MOTION FOR RECONSIDERATION,
        AS A MATTER OF LAW, MUST BE DENIED. . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.  Plaintiffs' Instant Motion Does Not Seek Reconsideration of Plaintiffs'
            Underlying Motion But, Rather, to Present a New Argument Plugging
            the Gaps of Their Lost Motion with Additional "New" Matters. . . . . . . . 6

        B.  Plaintiffs' "New" Facts Were Known to Plaintiff
            at the Time of the May 30, 2014 Motion,
            Were Not Included in that Underlying Motion, and
            Cannot Now Serve as a Basis for Plaintiffs' Motion
            Which must Be Denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            1.  Plaintiffs' "New" Facts Not Previously Pled in the Underlying
                Motion Were Known to Plaintiff at the Time of that Motion. . . . . 9

ii

2.   Plaintiffs' Failed to Point to Any Purported "New" Facts or Issues
Which Occurred Subsequent to This Court's
Scheduling Order of March 20, 2014.. . . . . . . . . . . . . . . . . . . . . 12

C.   Plaintiffs' Memorandum of Law Stands as an Affidavit Which Is
Otherwise Precluded on Motions for Reconsideration and,
Thus, Plaintiffs' Memo Must Be Disregarded
and Plaintiffs' Motion Must Be Denied. . . . . . . . . . . . . . . . . . . . . . 13

D.   By Their Own Admissions and Actions, the Discovery Now Sought
by Plaintiffs Must Be Deemed Inconsequential to Their Claims.. . . . . . . 15

E.   Plaintiffs Have Failed to Demonstrate the Need to Correct a Clear Error
or the Prevention of Manifest Injustice And, as a Matter of Law,
Plaintiffs' Motion must Be Denied.. . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

page

### CASES

*Ameritrust Co. Nat'l Ass'n. v. Dew,*
    151 F.R.D. 237 (S.D.N.Y. 1993)..........................................3, 4, 7

*AMW Materials Testing, Inc. v. Town of Babylon,*
    215 F.R.D. 67 (E.D.N.Y. 2003)...........................................13, 18

*Ashley Meadows Farm Inc. v. American Horse Shows Ass'n,*
    624 F. Supp. 856 (S.D.N.Y. 1985)...........................................5

*B.N.E., Swedbank, S.a. v. Pravin Banker,*
    791 F. Supp. 1002 (S.D.N.Y. 1992)......................................3-5, 7

*Carolco Pictures, Inc. v. Sirota,*
    700 F. Supp. 169 (S.D.N.Y. 1988)............................................5

*Cruz v. T.D. Bank,*
    2014 U.S. Dist. LEXIS 76159 (S.D.N.Y.).....................................16

*de los Santos v. Fingerson,*
    1998 U.S. Dist. LEXIS 17735 (S.D.N.Y.)...............................5, 14, 15

*East Coast Novelty Co. v. City of New York,*
    141 F.R.D. 245 (S.D.N.Y. 1992)..............................................5

*Fulani v. Brady,*
    149 F.R.D. 501 (S.D.N.Y. 1993) aff'd sub nom.
    *Fulani v. Bentsen,* 35 F.3d 49 (2nd Cir. 1994). ...........................3, 4, 7

*In re CRM Holdings, Ltd.,* 2013 U.S. Dist. LEXIS
    30116 (S.D.N.Y.)............................................................14

*Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust,*
    729 F.3d 99 (2nd Cir. 2013). ...............................................16

*Lewis v. New York Telephone,*
    1986 U.S. Dist. LEXIS 29934 (S.D.N.Y.).................................5, 6, 11

*Litton Industries, Inc., Plaintiff v. Lehman Brothers Kuhn Loeb Inc.,*
    1989 U.S. Dist. LEXIS 9145 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

*Marrero Pichardo v. Ashcroft,*
    374 F.3d 46 (2nd Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mason Tenders Dist. Council Pension Fund v. Messera,*
    1997 U.S. Dist. LEXIS 13632 (S.D.N.Y.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . )4, 7

*Morgan Guaranty Trust Co. v. Garrett Corp.,*
    625 F. Supp. 752 (S.D.N.Y. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

*Multi-Juice, S.A. v. Snapple Beverage Corp.,*
    2005 U.S. Dist. LEXIS 8973, 2005 WL 1138470 (S.D.N.Y.). . . . . . . . . . . . . . . 10, 13, 18

*Novak v. National Broadcasting Co.,*
    760 F. Supp. 47 (S.D.N.Y. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rothschild v. Cree, Inc.,*
    569 F. Supp. 2d 367 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*Ruiz v. Dept. of Transportation of the City of New York,*
    687 F. Supp. 888 (S.D.N.Y. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 11

*Schonberger v. Serchuk,*
    742 F. Supp. 108 (S.D.N.Y. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 11

*Shrader v. CSX Transp., Inc.,*
    70 F.3d 255 (2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shub v. Westchester Community College,*
    2008 U.S. Dist. LEXIS 35662 (S.D.N.Y.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*Town of Lloyd Court v. Parenteau,*
    382 Fed. Appx. 49 (2nd Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Weissman v. Fruchtman,*
    124 F.R.D. 559 (S.D.N.Y. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 11

*Word v. Croce,*
    2001 U.S. Dist. LEXIS 9071 (S.D.N.Y.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 11

## STATUTES

LOCAL CIVIL RULE 6.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-8, 13, 14

# PRELIMINARY STATEMENT

On a motion for reconsideration, Plaintiffs are required to concisely set forth the matters or controlling decisions which counsel believes the court has overlooked. Barring the Court having overlooked anything, the motion for reconsideration should be granted only when there has been identified an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. As this Honorable Court shall see, none of these criteria have been met by Plaintiffs.

- Plaintiffs have **failed to identify <u>matters</u> overlooked** by this Honorable Court in the Plaintiffs' underlying motion;

- Plaintiffs have **failed to identify <u>controlling</u> <u>decisions</u> overlooked** by this Honorable Court in the Plaintiffs' underlying motion;

- Plaintiffs have **failed to identify an <u>intervening</u> <u>change</u> <u>of</u> <u>law</u>**;

- Plaintiffs have **failed to identify the <u>availability</u> <u>of</u> <u>new</u> <u>evidence</u>**;

- Plaintiffs have failed to identify the **need to correct a <u>clear</u> <u>error</u>** by this Honorable Court;

- Plaintiffs have failed to **identify any <u>manifest</u> <u>injustice</u>**.

# RELEVANT FACTS

On or about May 30, 2014, Plaintiffs, by their new (third) counsel, Cardillo & Corbett, via facsimile motion, moved this Honorable Court for "an extension of the discovery schedule set forth in the Court's Order of March 20, 2014 (Docket Entry No. 119) (the "Order"), which provided that discovery by plaintiffs and defendants would be completed by May 30, 2014," which included not only a request to extend discovery as to Defendants Stelios Coutsodontis and

Francesca Eleni Coutsodontis, but to reopen discovery as to Defendant General Maritime. The reasons argued by Plaintiffs in support of their request were (1) that Plaintiffs and Defendants had agreed to an extension; (2) that Plaintiffs had produced 10 boxes of documents pursuant to Defendants' discovery requests; (3) that Plaintiffs had received no discovery from Defendants; and (4) that Cardillo & Corbett were new to the case and needed an additional ninety (90) days.

On or about June 6, 2014, this Court issued a Memo Endorsement Order of Cardillo & Corbett's May 30, 2014 letter (Docket Entry No. 125) as follows:

> **Plaintiff's application to reopen discovery is denied. Plaintiff offers no explanation why discovery has not been completed since Judge Schofield lifted the stay of discovery last July.** In addition, to the extent that plaintiff seeks reconsideration of my prior Order closing discovery with respect to General Maritime, that application is untimely and should have been made within 14 days of my March 20, 2014 Order. Local Civil Rule 6.3. **I appreciate that Messrs. Rau and Prieto only recently entered the case, but the appearance of new counsel does not, without more, warrant revisiting the prior scheduling orders entered in a case.** (*Emphasis added.*)

Cardillo & Corbett were thereafter replaced as counsel to Plaintiffs with Beys Stein Mobargha & Berland LLP (Plaintiffs' fourth counsel in this matter) who promptly, on or about June 20, 2014, filed the instant motion for reconsideration (Docket Entry Nos. 128–129) on behalf of Plaintiffs.

# LEGAL ARGUMENT

## I. STANDARD FOR RECONSIDERATION

### A. LOCAL CIVIL RULE 6.3. Motions for Reconsideration or Reargument

LOCAL CIVIL RULE 6.3. (derived from former Local Civil Rule 3(j)), in pertinent part, states:

> **There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.** ... No oral argument shall be heard unless the court directs that the matter shall be reargued orally. **No affidavits shall be filed by any party unless directed by the court.** (*Emphasis added*.)

As discussed, *infra,* Plaintiffs motion for reconsideration does not identify, concisely or otherwise, matters or controlling decisions in the underlying motion overlooked by this Honorable Court.

### B. Motions for Reconsideration Are Not Favored

To be entitled to reconsideration, "the **Plaintiffs must demonstrate that the Court overlooked** controlling decisions or **factual matters that were put before the Court on the underlying motion**. (*Citations omitted*.)" (*Emphasis added*.) *Ameritrust Co. Nat'l Ass'n. v. Dew,* 151 F.R.D. 237, 239 (S.D.N.Y. 1993). See also *Fulani v. Brady,* 149 F.R.D. 501, 503 (S.D.N.Y. 1993) aff'd sub nom. *Fulani v. Bentsen,* 35 F.3d 49 (2nd Cir. 1994); *B.N.E., Swedbank, S.a. v. Pravin Banker,* 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992); *Word v. Croce,* 2001 U.S. Dist. LEXIS 9071 at *6 (S.D.N.Y.). "A motion for reconsideration is **'generally not favored** and is properly granted **only upon a showing of <u>exceptional</u> circumstances**.' " *Town of Lloyd Court v. Parenteau,* 382 Fed. Appx. 49, 50 (2nd Cir. 2010) citing *Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2nd Cir. 2004) (*internal quotations omitted*) (*emphasis added*).

### C. LOCAL CIVIL RULE 6.3. Is to Be Narrowly Construed and Strictly Applied

"Local [Civil] Rule 6.3 is to be **narrowly construed and strictly applied** so as to avoid repetitive arguments on issues that have been considered fully by the court. (*Citations omitted.*)" (*Emphasis added.*) *Mason Tenders Dist. Council Pension Fund v. Messera,* 1997 U.S. Dist. LEXIS 13632 at *8 (S.D.N.Y.). See also *Ameritrust Co. Nat'l Ass'n. v. Dew,* 151 F.R.D. 237, 239 (S.D.N.Y. 1993); *Fulani v. Brady,* 149 F.R.D. 501, 503 (S.D.N.Y. 1993) aff'd sub nom. *Fulani v. Bentsen,* 35 F.3d 49 (2nd Cir. 1994); *B.N.E., Swedbank, S.a. v. Pravin Banker,* 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992); *Ruiz v. Dept. of Transportation of the City of New York,* 687 F. Supp. 888, 890 (S.D.N.Y. 1988).

### D. Plaintiffs' Motion for Reconsideration May Not Advance New Facts Not Previously Presented to the Court

"Furthermore, **a party making a motion for reargument may not**, under Civil Rule 3(j) [now Local Civil Rule 6.3], **advance new facts**, issues or arguments **not previously presented to the Court**." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990) citing *Weissman v. Fruchtman,* 124 F.R.D. 559, 560 (S.D.N.Y. 1989) citing *Morgan Guaranty Trust Co. v. Garrett Corp.,* 625 F. Supp. 752, 756 (S.D.N.Y. 1986). See also *Litton Industries, Inc., Plaintiff v. Lehman Brothers Kuhn Loeb Inc.,* 1989 U.S. Dist. LEXIS 9145 at *10 (S.D.N.Y.); *Ruiz v. Dept. of Transportation of the City of New York,* 687 F. Supp. 888, 890 (S.D.N.Y. 1988); *Word v. Croce,* 2001 U.S. Dist. LEXIS 9071 at *7 (S.D.N.Y.). Nor may motion for reconsideration be used as a vehicle for relitigating issues already decided by the Court. *Word v. Croce,* 2001 U.S. Dist. LEXIS 9071 at *7 (S.D.N.Y.) citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue

already decided."). **"The proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue** in which that party may then use such a motion **to advance new theories or adduce new evidence** in response to the court's rulings," (*emphasis added*) *de los Santos v. Fingerson,* 1998 U.S. Dist. LEXIS 17735 at *3 (S.D.N.Y.), or "bolster the weak portions of their presentation." *Weissman v. Fruchtman,* 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

> The purpose of the local rule confining reconsideration to matters "overlooked" and barring the submission of affidavits unless authorized by the court is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."

*Id.* at 3 citing *Lewis v. New York Telephone,* 1986 U.S. Dist. LEXIS 29934 at *3 (S.D.N.Y.).  See also *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (the purpose of LOCAL CIVIL RULE 6.3. is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters").  Indeed, it is improper to raise issues on a motion for reconsideration **which were not included in the original moving papers**. *Schonberger v. Serchuk,* 742 F. Supp. 108 (S.D.N.Y. 1990).

### E.  Plaintiffs Motion for Reconsideration Is Confined to a Demonstration That the Court Overlooked Controlling Decisions or Factual Matters That Were Put Before the Court on the Underlying Motion

Plaintiffs motion for reconsideration is thus confined to a demonstration that the Court overlooked controlling decisions or factual matters that were put before the Court **on the underlying motion**.  See *East Coast Novelty Co. v. City of New York,* 141 F.R.D. 245, 245 (S.D.N.Y. 1992); *B.N.E. Swedbank, S.A. v. Banker,* 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992);  *Novak v. National Broadcasting Co.,* 760 F. Supp. 47, 48 (S.D.N.Y. 1991);  *Ashley Meadows Farm Inc. v. American*

*Horse Shows Ass'n,* 624 F. Supp. 856, 857 (S.D.N.Y. 1985).  Thus,

> **Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely** offers substantially the same arguments he offered on the original motion or **attempts to advance new facts, <u>the</u> <u>motion</u> for reconsideration <u>must</u> <u>be</u> <u>denied</u>**." (*Citations omitted.*)  (*Emphasis added*.)

*Shub v. Westchester Community College,* 2008 U.S. Dist. LEXIS 35662 at *7 (S.D.N.Y.).  See also

*Rothschild v. Cree, Inc.,* 569 F. Supp. 2d 367, 368 (S.D.N.Y. 2008);  *Lewis v. New York Telephone,*

1986 U.S. Dist. LEXIS 29934 at *2 (S.D.N.Y.).


## II.  PLAINTIFFS' MOTION FOR RECONSIDERATION, AS A MATTER OF LAW, MUST BE DENIED

Plaintiffs' motion for reconsideration has not only failed to adhere to the mandates of

LOCAL CIVIL RULE 6.3. and its interpretive case law, it has not only failed to demonstrate that the

Court overlooked controlling decisions or factual matters that were put before the Court on Plaintiffs'

underlying motion, but Plaintiffs have also failed to provide this Honorable Court with a justifiable

reason for reconsideration had Plaintiffs actually followed the mandates of LOCAL CIVIL RULE 6.3.


### A.  Plaintiffs' Instant Motion Does Not Seek Reconsideration of Plaintiffs' Underlying Motion But, Rather, to Present a New Argument Plugging the Gaps of Their Lost Motion with Additional "New" Matters

In applying the facts to the law, the starting point for the analysis of Plaintiffs' instant

motion for reconsideration is the May 30, 2014 motion by Plaintiffs' new (third) counsel, Cardillo &

Corbett.  Plaintiffs' underlying motion sought extension of discovery based upon four purported

grounds:

(1)    that Plaintiffs and Defendants had agreed to an extension;

(2)     that Plaintiffs had produced 10 boxes of documents pursuant to Defendants' discovery requests;

(3)     that Plaintiffs had received no discovery from Defendants;  and

(4)     that Plaintiffs' then newest counsel, Cardillo & Corbett, were new to the case and needed an additional ninety (90) days.

**Plaintiffs' May 30, 2014 motion cited no case law or statutory authority upon which it relied in its underlying motion.  Thus, there was no controlling authority overlooked by the Court.  Further, Plaintiffs did not direct the Court to any "matters" in their underlying motion other than the foregoing (1) – (4) listed above and did not point to any of these four matters as having been overlooked by the Court**.

LOCAL CIVIL RULE 6.3. specifically provides that Plaintiffs' shall limit their motion to a "memorandum **setting forth concisely the matters** or controlling decisions **which counsel believes the court has <u>overlooked</u>**."  (*Emphasis added*.)   Even the most exhaustive review of Plaintiffs' instant motion reveals not one example brought forward by Plaintiffs of a "matter or controlling decision ... <u>overlooked</u> by the Court."  (*Emphasis added*.)   LOCAL CIVIL RULE 6.3.

The law here is clear:  "Local [Civil] Rule 6.3 is to be **narrowly construed and strictly applied** so as to avoid repetitive arguments on issues that have been considered fully by the court.  (*Citations omitted*.)"   (*Emphasis added*.)   *Mason Tenders Dist. Council Pension Fund v. Messera,* 1997 U.S. Dist. LEXIS 13632 at *8 (S.D.N.Y.).   See also *Ameritrust Co. Nat'l Ass'n. v. Dew,* 151 F.R.D. 237, 239 (S.D.N.Y. 1993);  *Fulani v. Brady,* 149 F.R.D. 501, 503 (S.D.N.Y. 1993) aff'd sub nom. *Fulani v. Bentsen,* 35 F.3d 49 (2nd Cir. 1994);   *B.N.E., Swedbank, S.a. v. Pravin Banker,* 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992); *Ruiz v. Dept. of Transportation of the City of New York,* 687 F. Supp. 888, 890 (S.D.N.Y. 1988).  Plaintiffs' motion, having failed to identify and address

7

"**matters** or controlling decisions **which counsel believes the court has <u>overlooked</u>**," (*emphasis added*), Local Civil Rule 6.3., as a matter of law, must be denied.

### B.  Plaintiffs' "New" Facts Were Known to Plaintiff at the Time of the May 30, 2014 Motion, Were Not Included in that Underlying Motion, and Cannot Now Serve as a Basis for Plaintiffs' Motion Which must Be Denied

Despite Local Civil Rule 6.3.'s prohibition against the introduction of new matters, Plaintiffs' instant motion is based almost entirely upon new matters—the purported legal representation failures, not of Cardillo & Corbett, Plaintiffs' third counsel and the author of the May 30, 2104 motion, but of Plaintiffs' second counsel, Howard Benjamin, Esq.  Plaintiff has chosen to ignore the omission of Mr. Benjamin's purported legal representation failures from its third counsel's May 30, 2014 (underlying) motion in favor of now throwing its second counsel under the proverbial bus in a hastily created contrived argument to justify its latest request of the Court.  However, there is a hole in Plaintiffs' current argument which is large enough through which to drive that proverbial bus.  **First,** even if the "new" facts were true—which Defendants most ardently dispute and which, not insignificantly, cannot be determined from the record before this Court—Plaintiffs can hardly take the position that these matters are either "new" or were unavailable to Plaintiffs at the time of their May 30, 2014 motion.  **Second,** the purported "new" facts do not address or point to issues **which occurred subsequent to this Court's Scheduling Order of March 20, 2014** (Docket Entry No. 119) which justify a finding of clear error or manifest injustice.

### 1. Plaintiffs' "New" Facts Not Previously Pled in the Underlying Motion Were Known to Plaintiff at the Time of that Motion

We respectfully point out to the Court that (1) **all of the instances of purported legal representation failures on the part of Mr. Benjamin occurred prior to the March 20, 2014 scheduling conference before this Court** (from which the March 20, 2014 Scheduling Order emanated) and (2) Plaintiffs' purported "new" facts do not address or point to issues **which occurred subsequent to this Court's Scheduling Order of March 20, 2014**.

As to the purported "new" facts, the Court need look no further than Plaintiffs' own Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration, dated June 20, 2014 (Docket Entry No. 129) (hereinafter '*Plaintiffs' Memo*') wherein Plaintiffs admit that, as early as September 16, 2013 (a full six and one-half months before the underlying May 30, 2014 motion) they were not only aware of and well-versed in regards to the scheduling order, but were pleading with Mr. Benjamin to "aggressively push the case forward, send out document requests and complete factual and procedural posture of this five-year litigation. ... Plaintiff was apoplectic that counsel had failed to follow any of his directives or gather any discovery for the litigation." Plaintiffs' Memo, pgs. 2–3. The Court should note that Plaintiffs admit to actively participating in and directing the actions of Mr. Benjamin ("Plaintiff was apoplectic that counsel had failed to follow any of **his [Plaintiffs'] directives**." (*Emphasis added*.) Plaintiffs' Memo, pg. 3.).

In yet another example, on or about January 31, 2014, Plaintiffs further admit their active participation when they state "Plaintiff George Peters had been pleading with Mr. Benjamin, on numerous occasions and in various email exchanges, to seek documents and a deposition from General Maritime." Plaintiffs' Memo, pg. 3. Two lines later on the same page, Plaintiffs'

admissions continue when they state "the impetus behind this request was an email from Plaintiff George Peters admonishing Mr. Benjamin for failing to aggressively push for discovery during the preceding five months, **despite his [Plaintiffs'] constant demands for such**." (*Emphasis added.*) *Id.*

Not only were Plaintiffs fully aware of the new matters at the time of the May 30, 2014 motion, they admit to not only being active participants in the litigation, but active directors of the litigation. **Indeed, Plaintiff George Christy Peters is an attorney licensed to practice law in the State of New York.**

Plaintiffs attempt to rely upon *Multi-Juice, S.A. v. Snapple Beverage Corp.,* 2005 U.S. Dist. LEXIS 8973, 2005 WL 1138470 (S.D.N.Y.). Such reliance is misplaced. **First,** *Multi-Juice* involved a motion to extend a discovery order and not a motion for reconsideration. **Second,** and most importantly, the movant in *Multi-Juice* included the tortured history supporting the requested extension of discovery in movant's moving affidavit. **Third,** the plaintiff in *Multi-Juice* was an unsophisticated foreign national residing in Greece whereas Plaintiffs in the instant action not only live in New York, were admittedly in constant contact with their legal representation, but **Plaintiff George Christy Peters is an attorney licensed to practice law in the State of New York and has admittedly been directing this litigation**. **Fourth,** the plaintiff in *Multi-Juice* retained a second attorney to monitor the first attorney. In other words, upon recognition of a problem, the unsophisticated plaintiff took steps to protect his own interests.

Clearly Plaintiffs herein have shown no reluctance to change counsel, yet they have failed to offer to this Court why, when they were so actively participating in directing the litigation, they failed to take corrective steps (assuming corrective steps were necessary considering the

discussion in Legal Argument II. D., *infra*) when the discovery they now claim to be necessary was not being pursued by Mr. Benjamin. More importantly, given that all of the foregoing was known and available to Plaintiffs at the time of the May 30, 2104 motion, there must have been a conscious decision not to include Mr. Benjamin's purported representation omissions from Plaintiffs' underlying motion given that Plaintiffs are clearly not seeking to similarly throw Cardillo & Corbett under the bus for its failure to include the purported legal representation failures of Mr. Benjamin in the underlying May 30, 2014 motion.

While it remains unexplained by Plaintiffs as to why these facts were not before the Court in Plaintiffs' underlying motion, the reason is of little moment. The law is clear: Plaintiffs are precluded from "**advanc[ing] new facts**, issues or arguments **not previously presented to the Court**," *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990) citing *Weissman v. Fruchtman,* 124 F.R.D. 559, 560 (S.D.N.Y. 1989) citing *Morgan Guaranty Trust Co. v. Garrett Corp.,* 625 F. Supp. 752, 756 (S.D.N.Y. 1986) in the instant motion to reargue. See also *Litton Industries, Inc., Plaintiff v. Lehman Brothers Kuhn Loeb Inc.,* 1989 U.S. Dist. LEXIS 9145 at *10 (S.D.N.Y.); *Ruiz v. Dept. of Transportation of the City of New York,* 687 F. Supp. 888, 890 (S.D.N.Y. 1988); *Word v. Croce,* 2001 U.S. Dist. LEXIS 9071 at *7 (S.D.N.Y.)." "**Where the movant** fails to show that any controlling authority or facts have actually been <u>overlooked</u>, and **merely** ... **attempts to advance new facts, <u>the</u> <u>motion</u> for reconsideration <u>must</u> <u>be</u> <u>denied</u>**." (*Citiations omitted*.) (*Emphasis added*.) *Shub v. Westchester Community College,* 2008 U.S. Dist. LEXIS 35662 at *7 (S.D.N.Y.). See also *Rothschild v. Cree, Inc.,* 569 F. Supp. 2d 367, 368 (S.D.N.Y. 2008); *Lewis v. New York Telephone,* 1986 U.S. Dist. LEXIS 29934 at *2 (S.D.N.Y.). Thus, Plaintiffs' instant motion, as a matter of law, must be denied.

**2. Plaintiffs' Failed to Point to Any Purported "New" Facts or Issues
Which Occurred Subsequent to
This Court's Scheduling Order of March 20, 2014**

All of the instances of purported legal representation failures on the part of Mr. Benjamin occurred **prior to** the March 20, 2014 scheduling conference before this Court. Indeed, none of these purported failures were raised at that conference by Plaintiffs. Of further importance, even if the purported failures did, in fact, occur, Plaintiffs were given every opportunity to correct those failures with the Court's issuance of its March 20, 2014 Scheduling Order (Docket Entry No. 119). Subsequent to that Scheduling Order, no discovery was taken by Plaintiffs of Defendants. Further, no reason for the lack of discovery being taken by Plaintiffs of Defendants was proffered in Plaintiffs' underlying motion of May 30, 2014. Plaintiffs now, for the first time, throw Mr. Benjamin under the proverbial bus claiming his purported legal representation failures will lead to manifest injustice being visited upon Plaintiffs—but **all of the purported legal representation failures, even if true, occurred prior to the March 20, 2014 Scheduling Conference and the March 20, 2014 Scheduling Order**. Plaintiffs have failed to proffer any "new" facts occurring subsequent to the March 20, 2014 Scheduling Order which justify reconsideration of this Court's prior Order.

Even if Defendants were amenable to an extension of discovery, which admittedly Defendant were back in April, 2014, such extension was always subject to Plaintiffs' submission of such a request to the Court and, concomitantly, the Court's agreement to such extension. Neither event occurred. Indeed, when the request for the extension of discovery was not pursued, Defendants assumed that Plaintiffs were content with their position that further discovery **of facts** was unnecessary to judge their claims, a position which was established on or about February 16, 2011 when Plaintiffs moved for summary judgment of their claims (Docket Entry Nos. 31–34). Regardless

of the reason, this issue was never included in the underlying motion of May 30, 2014. Thus, the only

legal representation failure on the part of Mr. Benjamin which would be relevant, assuming,

*arguendo,* that it was a legal representation failure and not merely the following of a legal strategy

commenced by Plaintiffs with their first legal counsel, would be the failure to make a submission to

the Court seeking an extension of discovery (with no guaranty of the Court granting such request).

As this Court has held with such single acts of omission, "To be sure, attorney neglect, carelessness,

or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to *Rule 16(b)*."

*Multi-Juice, S.A. v. Snapple Beverage Corp.,* 2005 U.S. Dist. LEXIS 8973 at *7, 2005 WL 1138470

at ** (S.D.N.Y.) citing *AMW Materials Testing, Inc. v. Town of Babylon,* 215 F.R.D. 67, 71

(E.D.N.Y. 2003).


### C. Plaintiffs' Memorandum of Law Stands as an Affidavit Which Is Otherwise Precluded on Motions for Reconsideration and, Thus, Plaintiffs' Memo Must Be Disregarded and Plaintiffs' Motion Must Be Denied

Notably, [LOCAL CIVIL RULE 6.3.] provides also that, "**No affidavits shall be filed by any party unless directed by the court**." Here, [Plaintiffs do] not propose to raise any case or fact that [the Court] "overlooked" when the motion was first considered. Rather, [Plaintiffs propose] to offer entirely new matter not discussed in [Plaintiffs'] earlier papers. However, as is obvious from Local Civil Rule 6.3 and its predecessor, Local Civil Rule 3(j), **the proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings. The purpose of the local rule** confining reconsideration to matters "overlooked" and barring the submission of affidavits unless authorized by the court is "to ensure the finality of decisions and **to prevent the practice of a losing party** examining a decision and then **plugging the gaps of a lost motion with additional matters**." (*Citations omitted*.) (*Emphasis added*.)

*de los Santos v. Fingerson,* 1998 U.S. Dist. LEXIS 17735 at *2 (S.D.N.Y.). See also *In re CRM Holdings, Ltd.,* 2013 U.S. Dist. LEXIS 30116 at *28 (S.D.N.Y.).

While Plaintiffs did not submit a formal "affidavit" to the Court with the instant motion, Plaintiffs' Memo nonetheless attempts to introduce numerous facts which are not part of the record before this Court. By way of example and without limitation, the paragraph being at the bottom of page 2 of Plaintiffs' Memo introduces references to emails between Plaintiffs and Mr. Benjamin.[1] On pages 2–3 of Plaintiffs' Memo specific acts of Mr. Benjamin is introduced as new facts.[2] There are further references to emails and other exchanges between Plaintiffs and Mr. Benjamin on page 3,[3] and alleged misrepresentations by Mr. Benjamin to Plaintiffs are introduced on

---

[1] "Between the time of the September 16, 2013 Scheduling Order and the end of 2013, Plaintiff George Peters sent approximately one dozen emails to Mr. Benjamin pleading with him to aggressively push the case forward, send out document requests and complete factual and procedural posture of this five-year litigation. Should the Court wish to see an affidavit from Plaintiffs, pursuant to Local Civil Rule 6.3, Plaintiffs will submit said affidavit expeditiously take depositions. Plaintiff also sent emails inquiring into the status of securing expert witnesses, witnesses whom Plaintiff had himself identified. Mr. Benjamin's responses were minimal, at best, and no real efforts were made to further discovery. Unsurprisingly, Plaintiff was apoplectic that counsel had failed to follow any of his directives or gather any discovery for the litigation." PLAINTIFFS' MEMO, pgs. 2–3.

[2] "Moreover, at the time the depositions were noticed, Mr. Benjamin had not requested any documents from either Defendant, nor had he attempted to gather documents or information pursuant to the 2009 request made by Anderson Kill, predecessor counsel." PLAINTIFFS' MEMO, pg. 3.

[3] "Plaintiff George Peters had been pleading with Mr. Benjamin, on numerous occasions and in various email exchanges, to seek documents and a deposition from General Maritime." PLAINTIFFS' MEMO, pg. 3.

"The impetus behind this request was an email from Plaintiff George Peters admonishing Mr. Benjamin for failing to aggressively push for discovery during the preceding five months, despite his constant demands for such." *Id.*

14

page 6.[4]

Walter Reuther is quoted as having said, "If it walks like a duck and quacks like a duck, then it just may be a duck." Defendants respectfully submit that, while labeled a memorandum of law, like Mr. Reuther's duck, it sure quacks like an affidavit. One of the purposes of the local rule in not allowing affidavits without leave of Court is "**to prevent the practice of a losing party** examining a decision and then **plugging the gaps of a lost motion with additional matters** (*citations omitted*)." (*Emphasis added.*) *de los Santos v. Fingerson,* 1998 U.S. Dist. LEXIS 17735 at \*2 (S.D.N.Y.). Given that Plaintiffs' Memo violated this rule, it must be disregarded and Plaintiffs' motion, as a matter of law, must be denied.

### D. By Their Own Admissions and Actions, the Discovery Now Sought by Plaintiffs Must Be Deemed Inconsequential to Their Claims.

Plaintiffs' arguments that Mr. Benjamin was remiss in his legal duties to Plaintiffs notwithstanding, it can be argued with equal, if not greater, ferocity that Mr. Benjamin was merely following the legal strategy established and followed by Plaintiffs when they were represented by their initial (first) counsel, Anderson Kill & Olick, P.C. that discovery of Defendants by Plaintiffs was

---

[4] "Even more egregious, and unknown to Plaintiffs, during this entire time period, Mr. Benjamin was misleading Plaintiffs as to the status of proceedings in a parallel New York State action. Specifically, Plaintiffs were under the false impression that Mr. Benjamin had filed an Order to Show Cause attempting to have the court vacate a decision to dismiss Defendant General Maritime from that action for lack of personal jurisdiction. Although Mr. Benjamin knew that the court had not signed the Order to Show Cause in September 2012, he led Plaintiffs to believe that the motion was pending when Plaintiffs routinely inquired why the motion was taking so long. Even after Mr. Benjamin had voluntarily withdrawn the unsigned order in March 2014, he did not inform Plaintiffs of this until May 2014, when Plaintiffs were again asking him to re-file the motion (before the new judge that had taken over the case). At that time, Mr. Benjamin did not advise Plaintiffs that the Order to Show Cause had never been signed in 2012, and so never in fact had been pending." PLAINTIFFS' MEMO, pg. 6.

unnecessary. Indeed, in furtherance thereof, on or about February 16, 2011, Plaintiffs moved for summary judgment of their claims (Docket Entry Nos. 31–34) thereby announcing to all concerned that there were no relevant facts in dispute and that further discovery **of facts** was inconsequential and unnecessary to judge their claims. The Court denied Plaintiffs' motion by Memorandum and Order on or about December 4, 2012 (Docket Entry No. 85). Plaintiffs thereafter, on our about December 12, 2012, moved for reconsideration of the Court's denial of its motion (Docket Entry Nos. 88–90) thereby doubling up their position that there were no relevant facts in dispute and that further discovery **of facts** was inconsequential and unnecessary to judge their claims. Thereafter the record is void of any efforts by Plaintiffs to pursue discovery **of facts** until Plaintiffs were directed by this Honorable Court to provide Defendants with their requested discovery at which time a discovery request was hastily cobbled together by Mr. Benjamin at the insistence of Plaintiffs. **Clearly, by logical extension, any discovery now sought by Plaintiff must be deemed inconsequential to their claim given that they have already moved for summary judgment.**

### E. Plaintiffs Have Failed to Demonstrate the Need to Correct a Clear Error or the Prevention of Manifest Injustice And, as a Matter of Law, Plaintiffs' Motion must Be Denied

> Motions for reconsideration "should be granted only when the defendant identifies an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (*Citation and quotations omitted*). As an initial matter, plaintiffs have not identified any intervening change of controlling law. Nor have plaintiffs relied on any new evidence. Thus, in order to prevail on their motion, plaintiffs must show the need to correct clear error or prevent manifest injustice. (*Citation omitted*.)

*Cruz v. T.D. Bank,* 2014 U.S. Dist. LEXIS 76159 at *3 (S.D.N.Y.) citing *Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2nd Cir. 2013).

As in *Cruz,* Plaintiffs have not identified any intervening change of controlling law or any new evidence. Thus, in order to prevail, Plaintiffs must show the need to correct clear error or prevent manifest injustice. Plaintiffs have not shown such error or manifest injustice.

As discussed in Legal Argument II. B., *supra,* Plaintiff George Christy Peters is an attorney licensed to practice law in the State of New York who has admittedly been directing the instant litigation on behalf of Plaintiffs. He has acknowledged that he knew of Mr. Benjamin's purported failings long before the discovery deadlines ran their course. He acknowledged that he was in constant contact with Mr. Benjamin, identifying what had and had not been done. Mr. Peters was still directing the litigation on behalf of Plaintiffs when Cardillo & Corbett filed the underlying May 30, 2014 motion on behalf of Plaintiffs. It is unseemly that Plaintiffs now seek to crucify Mr. Benjamin for not pursuing discovery of facts which Plaintiffs deliberately abandoned when they made their motion for summary judgment, particularly when Plaintiffs are clearly not seeking to similarly crucify Cardillo & Corbett for its failure to include the purported legal representation failures of Mr. Benjamin in the underlying May 30, 2014 motion.

As discussed in Legal Argument II. D., *supra,* had also demonstrated their position that discovery was unnecessary when they filed their motion for summary judgment, a motion they reargued when their motion was denied. Plaintiffs have offered no proof to contradict Plaintiffs' abandoment of discovery. Given Plaintiffs lack of pursuit of discovery, it is more than plausible that Mr. Benjamin was following the legal strategy of Plaintiffs and, only when Plaintiffs were ordered by this Honorable Court to produce the discovery sought by Defendants did Plaintiffs change their strategy, now throwing Mr. Benjamin under the proverbial bus in a hastily created contrived argument to justify its latest request of the Court. Respectfully, Plaintiffs have failed. "To be sure, attorney

neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to *Rule 16(b)*." *Multi-Juice, S.A. v. Snapple Beverage Corp.,* 2005 U.S. Dist. LEXIS 8973 at *7, 2005 WL 1138470 at ** (S.D.N.Y.) citing *AMW Materials Testing, Inc. v. Town of Babylon,* 215 F.R.D. 67, 71 (E.D.N.Y. 2003).

## CONCLUSION

Wherefore, upon the foregoing, Defendants prays for an order dismissing Plaintiffs' motion for reconsideration, the awarding of Defendants legal fees and costs in this instant matter, together with such other and further relief as this Honorable Court deems just and proper.

Dated: July 11, 2014
     New York, New York

                    Yours, etc.,
                    POLES TUBLIN STRATAKIS & GONZALEZ, LLP
                    *Attorneys for Defendants Stelios Coutsodontis and*
                        *Francesa Eleni Coutsodontis*

                by: /s/ John G. Poles
                    John G. Poles, Esq.
                    46 Trinity Place – Fifth Floor
                    New York, New York   10006-2288
                    Tel:  (212) 943-0110
                    Fax:  (212) 268-9875