UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

SEA TRADE MARITIME
CORPORATION, et al.,

                                                 09 Civ. 488 (LGS)(HBP)

           Plaintiffs,

                                               OPINION
   -against-                       AND ORDER

STELIOS COUTSODONTIS, et al.,

           Defendants.
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       By notice of motion dated June 20, 2014 (Docket Item 128), plaintiff's move for reconsideration of my endorsed order dated June 6, 2014 (Docket Item 125) which denied plaintiff's motion to extend discovery. For the reasons set forth below plaintiff's motion for reconsideration is granted, and discovery is reopened to the limited extent of permitting plaintiff to move to enforce its request for the production of documents and extending the date for the production of expert disclosures.

       The limitations applicable to a motion for reconsideration are set forth in my decision in Advanced Analytics, Inc. v. Citigroup Global Markets, Inc., 04 Civ. 3531 (LTS)(HBP), 2014 WL 1855259 (S.D.N.Y. May 7, 2014), and it is not necessary to repeat those limitations here. As I noted in Advanced Analytics and

during oral argument on the instant motion, a party cannot offer new facts in support of a motion for reconsideration; the parties are usually limited to the record created on the underlying motion.  Although plaintiffs have not submitted an affidavit in support of their motion for reconsideration, they have submitted a memorandum of law which attempts to offer numerous new facts.  The limitations on what can be considered on a motion for reconsideration cannot be circumvented by the simple expedient of offering new facts in a memorandum of law instead of an affidavit or declaration.

The central reason offered by plaintiffs in support of their application to extend discovery is the inactivity of their prior counsel.

If this were all the record disclosed, I would be inclined to deny plaintiffs' motion.  However, it was also disclosed at oral argument that plaintiffs timely served document requests that were ignored by defendants because defendants were owed documents by plaintiffs.  There is nothing in the Federal Rules of Civil Procedure that permits a party who believes it is owed discovery to withhold production of its own discovery as a self-help remedy.  Hammond v. Beth Israel Medical Center, 10 Civ. 93 (NRB), 2011 WL 5980952 at *4 n.2 (S.D.N.Y. Nov. 30, 2011) (Buchwald, D.J.); see generally R.F.M.A.S., Inc. v. So, 271

2

F.R.D. 13, 33 (S.D.N.Y. 2010) (Dolinger, M.J.). Defendants' decision to simply ignore plaintiffs' document requests was clearly improper.

Considering both plaintiffs' lethargy in pursuing discovery and defendants' improper use of a self-help remedy, I conclude that the most appropriate resolution is to permit discovery to be reopened to the limited extent of (1) permitting plaintiff to move to compel its timely-served request for the production of documents and (2) extending the deadline for plaintiff's expert disclosures.

Accordingly, the schedule in this matter is modified as follows:

1. Plaintiffs shall make their motion to compel within 14 days of the date of this Order.

2. Plaintiffs shall make all disclosures required by Rule 26(a)(2) no later than August 29, 2014.

3. Defendants shall make all disclosures required by Rule 26(a)(2) no later than September 30, 2014.

4. Additional dispositive motions, if any, shall be made no later than October 15, 2014.

5. The Pretrial Order, in the form required by Judge Schofield's rules, along with all other pretrial submissions required by Judge Schofield, shall be filed

3

on November 17, 2014 or thirty days after the final decision on any dispositive motion (if the pretrial order is still necessary after such decision), whichever date is later. Plaintiffs shall serve a draft of their portion of the Pretrial Order on counsel for defendant no later than fifteen days prior to the Pretrial Order's due date. For the convenience of all parties, a copy of Judge Schofield's rules is available on the Court's website: www.nysd.uscourts.gov.

Dated: New York, New York
July 30, 2014

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Jason H. Berland, Esq.
Beys, Stein & Mobargha LLP
405 Lexington Avenue
New York, New York 10174

Scott R. Johnston, Esq.
John G. Poles, Esq.
Poles Tublin Stratakis
 Gonzalez & Weichert, LLP
46 Trinity Place
New York, New York 10006

Peter Skoufalos, Esq.
Brown Gavalas & Fromm LLP
355 Lexington Avenue
New York, New York 10017