UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                    :
SEA TRADE MARITIME CORPORATION and  :
GEORGE PETERS,                                    :
                                Plaintiffs,       :         09 Civ. 00488 (LGS)
                                                     :                 (HBP)
               -against-                               :
                                                    :         MEMORANDUM
STELIOS COUTSODONTIS, et al.,                :    OPINION AND ORDER
                                      Defendants. :
                                                    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Before the Court is the Report and Recommendation of Magistrate Judge Pitman (Dkt. No. 141) ("Report"), recommending that the law firm Anderson Kill P.C.'s ("AK") "Petition to Enforce Attorney's Lien and Judgment . . . be denied for lack of subject matter jurisdiction." For the reasons stated below, the Report is adopted in its entirety, and the motion is denied.

      AK represented Plaintiffs in this case since its inception on January 16, 2009, until August 1, 2012, when AK withdrew on consent. On November 27, 2013, AK filed a motion for attorneys' fees arising from its representation of Plaintiffs in the present and other actions in both state and federal court. AK seeks to enforce a Collection Action judgment it obtained against Plaintiffs in New York State Supreme Court on November 23, 2013. On July 16, 2014, the motion was referred to Magistrate Judge Pitman. Judge Pitman issued the Report on July 30, 2014. No objection to the Report was filed.

      The Report observed that federal courts have subject matter jurisdiction over fee disputes involving "other actions"—i.e., actions in other courts—if these actions "can be fairly characterized as part of the same case or controversy and as arising out of a common nucleus of operative facts." The Report concluded that the "other actions" here were not sufficiently related for purposes of subject matter jurisdiction. Further, the Report explained that once "a valid and

final personal judgment is rendered in favor of the plaintiff . . . the plaintiff cannot thereafter maintain an action on the original claim or any part thereof"; instead, the "original claim is extinguished and rights upon the judgment are substituted for" the claim.  *See Orix Credit Alliance, Inc. v. Horten*, 965 F. Supp. 481, 485 (S.D.N.Y. 1997).  The Report concluded that AK is not entitled to partial relief for attorneys' fees solely related to the present action because AK's claim under the present action had "merged" in the Collection Action judgment.  The Report also noted that AK remains free to enforce the Collection Action judgment in its favor in New York's courts.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The district court  "may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (internal quotation marks omitted) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

      The factual and legal bases underlying the Report are not clearly erroneous or contrary to law.  Accordingly, the Report is ADOPTED in its entirety as the decision of the Court.  AK's

Petition to Enforce Attorney's Lien and Judgment is DENIED for lack of subject matter jurisdiction.

The Clerk is directed to terminate the motion at Docket No. 101.


SO ORDERED.

Dated: August 22, 2014
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3