UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                  :       Case No. 09-cv-488 (LGS) (HBP)

SEA TRADE MARITIME CORP. and    :

GEORGE PETERS,                  :

                  *Plaintiffs,*      :

        v.                       :

                                    :

STELIOS COUTSODONTIS, et al.,     :

                                    :

                *Defendants.*     x
------------------------------------------------------- x

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37

Beys Stein Mobargha & Berland LLP

Jason H. Berland
The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10174
Tel: 646.755.3604
Fax: 646.755.3599
jberland@beysstein.com

*Attorneys for Plaintiffs*

Plaintiffs Sea Trade Maritime Corp. ("Sea Trade") and George Peters (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion to compel Defendants Stelios and Francesa Coutsodontis (the "Defendants") to produce documents under Federal Civil Procedure Rule ("FRCP") 37.

## PRELIMINARY STATEMENT

Defendants have willfully failed to produce documents in response to Plaintiffs' First Request for the Production of Documents (the "Document Request") and in violation of the Court's March 20, 2014 Scheduling Order (the "Scheduling Order").  Specifically, on April 17, 2014, over four months ago, Plaintiffs served Defendants with the Document Request, demanding the production of documents by May 19, 2014.  Both service of the Document Request and the return date for the document production were before the deadline for fact discovery.  To date, Defendants have not objected to a single request in Plaintiffs' Document Request, and have even agreed to extend the deadline for discovery.  On multiple occasions, Plaintiffs' counsel conferred with Defendants' counsel about these outstanding requests, requesting that they comply with their obligations under the Document Request.  The documents that Plaintiffs are requesting are relevant to the central issue in the litigation, namely, whether Defendant Stelios Coutsodontis has an ownership interest in Sea Trade, as well as other issues. Yet Defendants' counsel still refuses to produce a single responsive document.  They provide no justification for their refusal except to mechanically repeat that the discovery deadline has lapsed, ignoring that Plaintiffs timely served their Document Request prior to the expiration of discovery.

On July 16, 2014, after hearing about Defendants' refusal to comply with the FRCP and their questionable excuse for their refusal, this Court granted Plaintiffs' permission to bring a

motion to compel the production of documents.  Due to their bad faith refusal to comply with their obligations, the Court should award Plaintiffs their attorney's fees and expenses for bringing this motion.

**FACTUAL BACKGROUND**

The following facts are relevant only to Plaintiffs' motion to compel the production of documents and do not restate the entirety of the facts of this case, with which the Court is fully familiar.

***Plaintiffs first served their Discovery Request in 2009***

On July 22, 2009, more than five years ago, Plaintiffs' initial counsel, Anderson Kill P.C. ("Anderson Kill"), served Defendant Stelios Coutsodontis ("Coutsodontis") with a notice of deposition, request for interrogatories, and request for production of documents.  (*See* Docket Entry No. 14).  These requests were made prior to the Court's imposition of an initial discovery schedule.  Defendants never complied with these discovery demands.

On December 1, 2010, the Court issued a Scheduling Order, which closed fact discovery on September 30, 2011.  (*See* Docket Entry No. 21).

On August 31, 2011, the Court stayed discovery pending the outcome of an appeal to the Second Circuit Court of Appeals.  (*See* Docket Entry No. 68).  At the time of the stay, Defendant Stelios Coutsodontis had yet to comply with Plaintiffs' discovery demands, which Plaintiffs had served on him a full two years prior.  On July 23, 2013, the Court lifted the stay of discovery. (*See* Docket Entry No. 96).

2

***The Court sets a new Schedule***

Subsequently, on September 16, 2013, the Court issued a Scheduling Order, whereby it ordered that fact discovery be completed by March 13, 2014 and expert discovery completed by June 16, 2014. (*See* Docket Entry No. 98).

On January 31, 2014, predecessor counsel Howard Benjamin, whom Plaintiffs had hired to represent them after Anderson Kill, electronically filed notices of depositions for Defendants Stelios and Francesa Coutsodontis for February 25, 2014 and February 27, 2014, respectively – approximately two weeks from the close of all fact discovery. (*See* Docket Entry No. 114).

On February 19, 2014, Mr. Benjamin sent a letter to the Court requesting a conference to discuss the possibility of extending discovery. (*See* Docket Entry No. 115).

On February 21, 2014, Defendants' counsel submitted a letter stating, among other things, that they agreed with Mr. Benjamin that revising the discovery schedule would be appropriate as neither side had taken any depositions or produced any documents. (*See* Docket Entry No. 116).

On March 20, 2014, the Court issued the Scheduling Order, which ordered that fact discovery be completed by May 30, 2014 and expert discovery completed by July 31, 2014. The Court also set the timetable for depositions of the parties. (*See* Docket Entry No. 119).

***Plaintiffs serve their Document Request on Defendants, but Defendants refuse to produce documents***

On April 17, 2014, Mr. Benjamin served Plaintiffs' Document Request on Defendants. (*See* Jason Berland Affirmation/Certification ("Berland Affirmation"), Exhibit ("Ex.") A). The return date for the documents was May 19, 2014, eleven days before the deadline for fact discovery was to lapse. Counsel for Defendants does not dispute receiving the Document Request. It also undisputed that Defendants did not produce a single document in response to

3

this Document Request.  Their failure to produce documents and comply with this Request – and the Scheduling Order – is the subject matter of this instant motion.

***Plaintiffs and Defendants agree to extend discovery***

Subsequent to the service of the Document Request, counsel for both parties agreed to a six-week extension of all discovery in order to mirror the discovery schedule in a parallel New York State Supreme Court action involving similar parties.  On April 23, 2014 – 6 days after Plaintiffs served their Document Request – counsel for Defendants emailed Mr. Benjamin confirming their agreement for a six-week extension of all discovery.  (*See* Berland Affirmation, Ex. B).  Unfortunately, the parties failed to submit a letter to the Court advising it of their agreement.

***Plaintiffs produce boxes of documents***

Subsequently, in early May 2014, Plaintiffs produced approximately 10 boxes of documents to Defendants.  On May 21, 2014, nine days prior to the close of discovery, Mr. Benjamin sent an email to counsel confirming their agreement that the parties would choose new discovery dates and advise the Court of these new dates.  Defendants' counsel did not object to Plaintiffs' counsel's email since both parties had already agreed to extend discovery.

***The Court denies the parties' request to extend discovery***

On May 30, 2014, Cardillo & Corbett replaced Mr. Benjamin as Plaintiffs' attorney of record.  (*See* Docket Entry No. 121).  On that same day, Plaintiffs' new counsel submitted an application to extend discovery, citing the parties' agreement to do so.  Defendants did not file an objection to this request.

On June 6, 2014, this Court denied Plaintiffs' May 30, 2014 application to extend discovery (the "June 6th Order").  (*See* Docket Entry No. 125).

***After conferring with Defendants on the production of outstanding documents, Plaintiffs submit a motion for reconsideration***

On June 20, 2014, Plaintiffs filed a motion with the Court, requesting that it reconsider its June 6, 2014 Order. (*See* Docket Entry No. 129). The day before filing the motion, Plaintiffs' counsel called Defendants' counsel and asked whether Defendants would simply comply with the Document Request – which Plaintiffs had served on Defendant over two months prior – and produce the documents as they were obligated to do. Defendants refused. Consequently, Plaintiffs had no choice but to file their motion.

***The parties have met and conferred about discovery and document production on multiple occasions***

Plaintiffs' and Defendants' counsel have met and conferred on multiple occasions about the outstanding discovery demands. Specifically, on June 26, 2014, June 27, 2014 and July 7, 2014, counsel for Plaintiffs and Defendants discussed by phone many matters concerning this case and the parallel State cases, including discovery and document production. All these efforts proved fruitless as Defendants persisted in their refusal to produce any documents. At this point, Plaintiffs' only recourse was the Court. On July 16, 2014, when the parties appeared before the Court for oral argument on Plaintiffs' motion, Plaintiffs argued that a brief extension of discovery would prevent a manifest injustice and would not prejudice Defendants, especially given that both parties had agreed to a brief extension. Just prior to the oral argument, Plaintiffs' counsel again asked Defendants' counsel whether they would simply produce the documents that Plaintiffs had requested. Again, Defendants' counsel's refused, citing the expiration of discovery, but ignoring that they had received the Document Request prior to this expiration.

*The Court grants Plaintiffs' request to extend discovery in limited part*

On July 30, 2014, the Court ruled that "plaintiffs' timely served document requests [ ] were ignored by defendants because defendants were owed documents by plaintiffs" and that "[t]here is nothing in the Federal Rules of Civil Procedure that permits a party who believes it is owed discovery to withhold production of its own discovery as a self-help remedy." (*See* Docket Entry No. 140).

Accordingly, on July 30, 2014, the Court ruled that the "most appropriate resolution is to permit discovery to be reopened to the limited extent of … permitting plaintiff[s] to move to compel its timely-served request for the production of documents."

## DISCUSSION

### I-    THE STANDARD

Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action …." *See, e.g., Daval  Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *see also* FRCP 34 ("Any party may serve on any other party a request to produce and permit the party making the request…to inspect and copy, any designated documents …." ).  Information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance under rule 26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue that is or may be in the case*") (emphasis added).

Should a party fail to comply with a discovery request, the party who served the request can make a motion for an order compelling compliance under FRCP 37 of the Federal Rules.

Specifically, FCRP 37(a)(1) states,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Finally, S.D.N.Y. Local Rule 37.1 states, "Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request and response."

## II-  DEFENDANTS SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFFS' DOCUMENT REQUEST

Here, Plaintiffs are entitled to an order compelling Defendants to produce documents requested from Plaintiffs because (i) Plaintiffs timely served the Document Request requesting the production of document prior to the discovery deadline, and Defendants filed no objection; (ii) Plaintiffs met and conferred with Defendants on five different occasions to no avail; and (iii) all of Plaintiffs' document requests – attached "verbatim" as Exhibit A to the Berland Affirmation – are relevant to the dispute in this action.

### A.  Plaintiffs timely served their Document Request and Defendants failed to object to it

Here, Plaintiffs not only timely served the Document Requests on Defendants, but Defendants also failed to object to any of the requests. Defendants even agreed to extend the deadline for discovery, presumably to give the parties a chance to produce the documents that they were obligated to produce under both the Document Request and the Scheduling Order. In its July 30, 2014 ruling, the Court flatly rejected all of Defendants' makeshift excuses for failing to comply with their obligations and produce responsive documents. Specifically, the Court

noted that Plaintiffs served their Document Request prior to the expiration of discovery. Timely receiving a document request and waiting for the discovery deadline to pass without producing documents, then claiming that their own negligence during discovery excuses them from complying with their obligations, would turn discovery under FRCP on its head.

### B.    Plaintiffs satisfied the meet-and-confer requirement in the FRCP

Second, Plaintiffs satisfied their meet-and-confer obligations under the FRCP. "The meet-and-confer requirement mandates that parties actually meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining ... what the requesting party is actually seeking: what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention ...." *Dorchester Financial Holdings Corp. v. Banco BRJ*, S.A., 2014 WL 3747160, at *5 (S.D.N.Y. July 3, 2014)(citing *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1998 WL 67672, at *2-3 (S.D.N.Y. Feb. 18, 1998).

Here, immediately after Plaintiffs retained current counsel on June 19, 2014, Plaintiffs' counsel attempted to determine what discovery requests were outstanding and began preparing a motion for the Court reconsider its June 6, 2014 Order closing discovery. On that very same day, June 19, 2014, Plaintiffs' counsel called Defendants' counsel and asked whether Defendants would simply produce the outstanding documents in response to the April 17, 2014 Document Request, as they were obligated to do. Defendants refused.

In addition, on four additional occasions, Plaintiffs discussed the outstanding discovery requests with Defendants. Specifically, on June 26, 2014, June 27, 2014, July 7, 2014, and July 16, 2014, Plaintiffs' and Defendants' counsel discussed by phone, and in person on one occasion, many issues concerning this action and the parallel State cases, including discovery and

document production.  Plaintiff again requested that Defendants comply with their obligations and produce documents.  Again, each of these efforts proved fruitless.  *See, e.g., Alexander Interactive, Inc. v. Adorama,* 2013 WL 6283511, *3 (S.D.N.Y. Dec. 4, 2013)("[C]ourts have recognized that the merits of a discovery motion may be addressed where the meet-and-confer would have been futile.").  Each time, Defendants would mechanically repeat that discovery had lapsed.  Consequently, the parties had met and conferred on many occasions about the Document Request, with each time the result being that Defendants simply refuse to comply with the discovery obligations.

C. **The documents Plaintiffs are requesting are central to the claims they are making in this action**

The documents Plaintiffs are requesting are integral in determining the ultimate issue in this action, namely, whether Defendants have an ownership interest in Sea Trade.  The documents are also relevant as to whether Defendants owned companies and a vessel which received profits and interest in General Maritime Enterprises Corp. ("General Maritime"), a separately named defendant; documents which could support Plaintiffs' allegations of a conspiracy among Defendants and General Maritime.

Plaintiffs have attached the Document Request verbatim as Exhibit A to the Berland Affirmation.  Accordingly, Plaintiffs have satisfied the requirements of S.D.N.Y. Local Rule 37.1.

III- **PLAINTIFFS ARE ENTITLED TO THEIR ATTORNEY'S FEES FOR DEFENDANTS' WILLFUL AND UNJUSTIFIED FAILURE TO COMPLY WITH THEIR DISCOVERY OBLIGATIONS**

Plaintiffs are entitled to their attorney's fees under FRCP 37(a)(5)(A) due to Defendants' failure to justify their willful disobedience of the Court's Scheduling Order and Plaintiffs' Document Request.  Their only justification was to first claim they were waiting for discovery

9

that they were "owed."  When they finally received this discovery, they claimed that discovery had lapsed.  This is the epitome of bad faith.  *See, e.g., Monaghan v. SZS Assocs, L.P.,* 148 F.R.D. 500, 508 (S.D.N.Y. 1993)("[T]he failure to comply with any court-issued discovery order can trigger Rule 37 sanctions."); *Sentry In. A Mut. Co. v. Brand Mgmt, Inc.,* 291 F.R.D. 5 (S.D.N.Y. 2013)("[C]ourts enjoy broad discretion to sanction parties that file to obey discovery orders").  The Court flatly rejected Defendants' meritless – and bad faith – arguments.  Indeed, their latest justification for failing to produce documents – namely, that discovery has lapsed – borders on the absurd.  To accept it would mean to reward a party, who receives a timely discovery demand during discovery, to intentionally sit on their obligations until discovery lapses, then claim that their obligations are excused due to the lapse.  These kinds of games have no place in a federal litigation.  Consequently, Defendants should be ordered to pay Plaintiffs' attorney's fees for having to bring this motion.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court compel the Defendants to produce the documents responsive to the April 17, 2014 Document Request, and to award Plaintiffs their attorney's fees and expenses for bringing this motion.

Dated:  August 29, 2014
      New York, New York

                    Beys Stein Mobargha & Berland LLP

                    By:      */s/ Jason H. Berland*
                               Jason H. Berland (JB4136)

                      The Chrysler Building
                      405 Lexington Avenue – 7th Floor
                      New York, New York 10174
                      Telephone: (646) 755-3604
                      jberland@beysstein.com
                      *Attorneys for Plaintiffs*