UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
SEA TRADE MARITIME CORP. and      :     Case No. 09-cv-488 (LGS) (HBP)
GEORGE PETERS,                    :
                                  :
           *Plaintiffs,*           :
          v.                       :
                                  :
STELIOS COUTSODONTIS, et al.,     :
                                  :
           *Defendants.*           :
------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37

Beys Stein Mobargha & Berland LLP

Jason H. Berland
The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10174
Tel: 646.755.3604
Fax: 646.755.3599
jberland@beysstein.com

*Attorneys for Plaintiffs*

Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters (collectively, "Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion to compel Defendants Stelios and Francesca Coutsodontis (the "Defendants") to produce documents under Federal Civil Procedure ("FRCP") 37 (the "Motion").

## PRELIMINARY STATEMENT

Rather than provide any excuse – let alone a justifiable one – for their persistent failure and refusal to produce documents as they are obligated to do under the FRCP, Defendants instead attempt to convert this simple motion to compel into a motion on the merits. Defendants want victory before discovery. In addition to being premature, Defendants' arguments on the merits have nothing to do with their obligations under the FRCP to produce responsive documents in this action. As part of their opposition to Plaintiffs' motion, Defendants also include untimely objections to Plaintiffs' Document Request (as defined in the Motion). Defendants' objections should be disregarded. Not once in the numerous meet and confers between Plaintiffs' and Defendants' counsel did Defendants' counsel raise any objections to the Document Request and only do so now as a last resort to avoid their discovery obligations. Furthermore, their objections call for an overly restrictive view of the standard for discovery under FRCP 26(b)(1).

## ARGUMENT

**I-   PLAINTIFFS HAVE ESTABLISHED THAT THEY ARE ENTITLED TO DISCOVERY**

In their Motion, Plaintiffs established key facts showing that they are entitled to the relief they are seeking under FRCP 37. They remain undisputed. Plaintiffs served Defendants with the Document Request almost 6 weeks before the deadline for discovery. The return date for the document production was before the deadline for discovery. Defendants failed to object to the

1

Document Request before the deadline for discovery.  Defendants even agreed to extend the deadline for discovery so that they could comply with Plaintiffs' Document Request.  Plaintiffs' and Defendants' counsel also met and conferred with each other about the outstanding discovery requests, each time with the result being Defendants' refusal to produce any documents on the sole basis that discovery had ended.   Defendants do not dispute any of these facts and, in fact, admit most of them.  (*See* Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Production of Documents under FRCP 37 (the "Opposition").

## II- INSTEAD OF JUSTIFYING THEIR REFUSAL TO PROVIDE DISCOVERY, DEFENDANTS ATTEMPT TO DISTRACT THE COURT WITH ISSUES APPROPRIATE FOR SUMMARY JUDGMENT OR TRIAL

Rather than explain why they steadfastly refused produce documents – which they never objected to – during discovery and following it, Defendants attempt to distract the Court with an exposition on their version of the merits.  Defendants seek to have the Court excuse their discovery obligations and convert a simple motion to compel into one for summary judgment.  However, this is not a motion for summary judgment, nor is it a post-trial memorandum.  It is a motion to obtain the documents Plaintiffs are entitled to under the FRCP.  Consequently, Plaintiffs will not engage with Defendants in their irrelevant debate.  The time for that is at trial.[1]

---

[1] Even if Plaintiffs were to address Defendants' arguments, none of them have any merit.  For instance, Defendants claim that some financing documents show that "Athena Eliades owned all 500 shares of Sea Trade."  (Opposition, at 5-6).  First, the "Record of Certificates Issued and Transferred," which Defendants attached as part of Exhibit 9 to the John G. Poles' Affirmation, unambiguously shows that Plaintiff George Peters owns 50 shares of Sea Trade.  Furthermore, a handwritten document, dated September 14, 2000, that Stelios Coutsodontis himself submitted to the Greek courts as the allegedly authentic will of Athena Eliades, shows that she only had 300 – not 500 shares – to bequeath.  Regarding the arrests, Defendants failed to disclose that the Spanish Court awarded approximately $1 million of damages due to the unlawful nature of M/V Athena's arrest.  Defendants ignored the Court's finding and admonition and committed the same bad faith acts in Louisiana, causing a second unlawful arrest of the vessel.  Nonetheless, the issue of share ownership and Stelios Coutsodontis's bad faith actions – which destroyed the reputation and value of Sea Trade's sole asset in the process – is not appropriate for this motion.

**III- DEFENDANTS BLANKET STATEMENT THAT PLAINTIFFS' DOCUMENT REQUESTS ARE NOT RELEVANT SHOULD BE REJECTED**

When Defendants do finally address Plaintiffs' Document Request, they allege generally that Plaintiffs' requests are not "germane and relevant to the Amended Complaint." (Opposition, at 10). Defendants also provide the same banal response in their four-month late objections to Plaintiffs' Document Request, repeatedly alleging that the request is "neither relevant to any claim or defense of the issues and claims set forth in the Amended Complaint, nor is it reasonably calculated to lead to relevant evidence." (The Affirmation of John G. Poles ("Poles Aff."), Exhibit 1, Defendants Responses to Requests (repeating this objection in response to almost all of the Document Requests)). Defendants also believe that if the content of a document request "does not appear anywhere in the narrative of the Amended Complaint," they are excused from producing documents responsive to it. (*Id.*). Defendants are misguided.

First, the time for objecting to Plaintiffs' Document Request has long since passed. *See, e.g., Callaway Golf Co. v. Corporate Trade Inc.,* 2011 WL 1642377, *2 (S.D.N.Y. April 25, 2011 ("A party's right to object to discovery [i]s waived where the party fails to make a timely response."); *Techsearch Services, Inc. v. Gorman,* 1999 WL 33024, *2 (S.D.N.Y. Jan. 21, 1999)(finding that defendant's objection to plaintiff's document requests were deemed waived due to his failure to assert the objections in a timely manner and directing defendant to produce documents); *Carr v. Queens-Long Island Medical Group, P.C.,* 2003 WL 169793, *5 (S.D.N.Y. Jan. 24, 2003)("The failure to provide discovery responses in a timely fashion is a basis for deeming objections waiver."). Here, Defendants have waited 3 months after the discovery deadline lapsed to provide any objections to Plaintiffs' Document Request, and only did so once Plaintiffs were forced to file a motion to compel. Furthermore, Defendants provided no

justification for their failure to timely object except to untimely argue the alleged merits of the case. Consequently, the Court should disregard Defendants' objections.

Second, Defendants misconstrue the standard under Rule 26(b)(1) for a plaintiff to obtain documents in litigation. "The Rule 26(b)(1) standard presents a relatively low threshold for a party to show that the material sought is relevant to any claim or defense in the litigation." *John Wiley & Sons, Inc. v. Book Dog Books, LLC,* 298 F.R.D. 184, 186 (S.D.N.Y. 2014)*; see also In re Zyprexa Injunction,* 474 F.Supp.2d 385, 421 (E.D.N.Y. 2007)(same). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne,* 225 F.R.D. 100, 105 (S.D.N.Y. 2004)(citations omitted).

All of Plaintiffs' Document Requests are relevant to the claims in this action, especially those concerning Defendant Stelios Coutsodontis's role and bad faith in both unlawful arrests in Spain and Louisiana. Plaintiffs need all documents and correspondence concerning those arrests – including all representations to the courts and third parties about the arrest – and the ensuing proceeding in Greece, which resulted in the prohibition of the sale of the M/V Athena, causing Sea Trade to lose millions of dollars. (*See* Poles Aff. Ex. 1, Request Nos. 18-20). Stelios Coutsodontis had no lawful purpose for those arrests except to damage Sea Trade, its shareholders, and Sea Trade's sole asset, the MV Athena.

Furthermore, Defendants refusal to produce documents concerning General Maritime Enterprises Corporation ("General Maritime"), Attika International Navigation S.A. ("Attika"), as well as Stelios Coutsodontis's myriad of other interlocking entities, is without justification. General Maritime and Attika are still defendants in the case. Indeed, in an affidavit submitted by Plaintiff George Peters to the Court in opposition to General Maritime's Motion to Dismiss the Complaint, George Peters thoroughly explained the connection between Stelios Coutsodontis

4

and General Maritime, and between Stelios Coutsodontis and other entities.  (*See* Docket Entry No. 46, Affidavit of George C. Peters).  Specifically, George Peters attests that "[]on numerous prior occasions, Defendant Coutsodontis and General Maritime interfered with the operations of Sea Trade and defamed Plaintiff before the other shareholders of Sea Trade in an effort to wrest control of Sea Trade."  (*Id.* at ¶ 8).  George Peters then provides examples of this conduct.  (*Id.*).  George Peters also attests to Stelios's Coutsodontis and General Maritime's shared ownership and partnership in a number of vessels and their collective effort "to bring yet another profit making deal to General Maritime – the M/V Athena."  (*Id.* at ¶ 15).  Stelios Coutsodontis and General Maritime "have…acted in concert to have Sea Trade's principal asset, the Athena, transferred to General Maritime and otherwise interfere with the operations of Athena."  (*Id.*).

Further establishing a connection between Stelios Coutsodontis and General Maritime is a $3,000,000.00 transfer from a trust for Stelios Coutsodontis's benefit to General Maritime.  This Court ultimately held that "Plaintiffs have sufficiently alleged a conspiracy between Stelios Coutsodontis and General Maritime."  (Docket Entry No. 76, Memorandum and Order, at 24).

And while Plaintiffs may not serve document requests on General Maritime itself, that does not excuse Defendant Stelios Coutsodontis from complying with his obligations under the FRCP and producing documents concerning General Maritime.  Regarding Stelios Coutsodontis's constellation of other companies – including Defendant Attika, and Beekman, Arrowroot, and Pinewood – Stelios Coutsodontis uses these entities to funnel his profits from General Maritime and transfer assets without consideration.  (*Id.*).  These companies, an integral part of Stelios Coutsodontis's shipping network, could likely have documentation concerning this conspiracy and Stelios's motives for destroying the M/V Athena's value.  In fact, given the intimate nature of how Stelios Coutsodontis operates his shipping business, these entities could

5

be part of the conspiracy.  When considering whether Plaintiffs have made a prima facie showing of conspiracy, "great leeway should be allowed the pleader, since by the nature of the conspiracy, the details may not be readily known at the time of the pleading.  *Maersk, Inc. v. Neewra, Inc.,* 554 F. Supp.2d 424, 458 (S.D.N.Y. 2008).  Finally, Plaintiffs need all documents concerning any communications between Stelios Coutsodontis and Colonial and Byzantine as Plaintiffs are alleging that Stelios Coutsodontis made disparaging statements about Plaintiffs to these two entities, who acted as the New York agent and Greek manager of the vessel.  Accordingly, Defendant Stelios Coutsodontis should be ordered to comply with all of Plaintiffs' document requests.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel the Defendants to produce the documents responsive to the April 17, 2014 Document Request, and to award Plaintiffs their attorney's fees and expenses for bringing this motion.

Dated:  New York, New York
          September 8, 2014

Beys Stein Mobargha & Berland LLP

By:     */s/ Jason H. Berland*
          Jason H. Berland (JB4136)

The Chrysler Building
405 Lexington Avenue – 7th Floor
New York, New York 10174
Telephone: (646) 755-3604
jberland@beysstein.com
*Attorneys for Plaintiffs*