

## POLES TUBLIN
POLES, TUBLIN, STRATAKIS & GONZALEZ, LLP

Writer's New York Telephone Ext.: 232
Writer's Email: jpoles@polestublin.com

**Respond to New York, New York Address**

46 Trinity Place, 5th Fl.
New York, NY 10006
Tel: (212) 943-0110
Fax: (212) 269-9875

October 8, 2014

127 E. Mt. Pleasant Ave.
Livingston, NJ 07039
Tel: (973) 992-3555
Fax: (973) 992-9397

**BY EMAIL** - Schofield_NYSDChambers@nysd.uscourts.gov
- Jason H. Berland, Esq., BEYS STEIN MOBARGHA & BERLAND LLP
  jberland@beysstein.com

info@polestublin.com
www.polestublin.com

Hon. Lorna G. Schofield
U.S. District Court, Southern District of New York
40 Centre Street – Courtroom 1106
New York, New York 10007

Re: *Sea Trade Maritime Corporation et al. -v- Stelios Coutsodontis et al.*
1:09-cv-00488 (LGS)(HBP)
Our File No. 26,090

Dear Judge Schofield:

We represent CAPTAIN STELIOS COUTSODONTIS ('*Capt. Coutsodontis*') and FRANCESCA ELENI COUTSODONTIS ('*Francesca Coutsodontis*'), defendants in the above-reference action. Magistrate Judge Pitman, in his Opinion and Order of July 30, 2014 (Doc. 140) scheduled dispositive motions, if any, to be made not later than October 15, 2014 and a pre-trial order, together with all other pre-trial submissions, to be filed by November 17, 2014 (or within 30 days after a decision on any dispositive motions).

Due to dispositive discovery which has been produced by Plaintiffs, together with the unanimous decision of the Supreme Court of Greece[1] affirming the Court of Appeals' Decision No. 4184/2011, that Capt. Coutsodontis is the legal owner of 250 shares (or 83.3%) of Plaintiff Sea Trade Maritime Corporation, a Liberian corporation ('*Sea Trade*'), Defendants, Capt. Coutsodontis and Francesca Coutsodontis, seek permission to make a motion for summary judgment. We are writing pursuant to your Individual Rules and Procedures (III.A.1.) requesting a pre-motion conference.

As the Court is aware, Plaintiffs' complaint sounds in three causes of action grounded upon Plaintiffs' allegations that Capt. Coutsodontis is not and was not a shareholder of Sea Trade, to wit: (1) based upon Capt. Coutsodontis' wrongful claim of stock ownership, he arrested the vessel; (2) based upon Capt. Coutsodontis' wrongful claim of stock ownership, he prevented Sea Trade from

---

[1] Decision 1421/2014 dated September 12, 2014, of the Supreme Court of Greece, unanimously rejecting the appeal from Decision 4184-2011 of the unanimous three-judge panel of the Court of Appeals of Athens [Greece] on all grounds and declaring Capt. Coutsodontis the owner of 250 shares of Sea Trade. We expect a certified copy of the decision, with English translation, from Capt. Coutsodontis' Greek counsel shortly.

operating; and (3) even if Capt. Coutsodontis is a stockholder, he breached his fiduciary duty to Sea Trade. The grounds for Defendants' request for permission to make a motion for Summary Judgement are as follows:

1.  Based on recently discovered evidence, Plaintiff, George Peters, had no standing or authority to appear and prosecute claims on behalf of Sea Trade in this or in any other court, both in this country and abroad. Since the death of Athena Eliades in January 2003, who was Sea Trade's sole stockholder, officer and director, Defendant, Stelios Coutsodontis, owned 250 out of 500 authorized shares and Anna Peters, the mother of George Peters and sister of both Coutsodontis and the Testatrix, owned 50 shares. Since January 2003, Sea Trade had no directors or officers.

More specifically, formal certificates submitted to banks making loans to Sea Trade in 1998 and 2002, confirm that Athena Eliades ("Athena") was the sole stockholder, officer and director of Sea Trade. In a Negative Pledge Agreement signed in 2002, she also agreed not to change the above stock structure so long as the loan to the bank was outstanding. Anna Peters signed as a witness to this Pledge. Plaintiff, George Peters, was appointed by Athena, special attorney in fact, to implement the above financings. In doing so, George Peters confirmed the accuracy of the above representations. A few months later, in January 2003, while the loan was still outstanding, Athena passed away.

With respect to the disposition of her shares, the facts are as follows:

On August 2, 2000, Athena, a Greek citizen who lived and died in Greece, made a holographic will stating she was the owner of all 500 shares of Sea Trade and giving 250 shares to each of her siblings, Defendant, Stelios Coutsodontis, and Anna Peters. A month later, on September 14, 2000, she changed her mind and made a new holographic will giving 250 shares to Defendant, Coutsodontis, and 50 shares to Anna Peters. This will was contested in the Greek Courts by Anna Peters on various grounds. After nearly 9 years of litigation, the seven-member Supreme Court of Greece recently affirmed the decision of the five-member Court of Appeals, upholding the validity and enforceability of Athena's last will of September 14, 2000. Hence, based on the subject will, Coutsodontis owns 83.3% of Sea Trade and Anna Peters 16.7%

2.  A certain General Power of Attorney allegedly given to George Peters by Sea Trade's President, Athena, in 1992, was illegal and unenforceable. In this regard, it appears that on August 18, 1992, Athena purportedly gave George Peters a General Power of Attorney containing sweeping, limitless powers to run the affairs of the company, thereby emasculating the powers of the Board of Directors. The alleged issuance of this document was never authorized by the Board of Directors, stockholders or anyone else and is, therefore, void.

There is no evidence that the purported Power of Attorney, essentially ceding all Board of Directors' functions to a single individual, was ever renewed, acknowledged, ratified or mentioned in the 1998 and 2002 financings where Athena gave a Special Power of Attorney to the same individual.

Based on Liberian case law, such general powers, given to third parties are in derogation of statutory mandates whereby the Board of Directors has exclusive powers and authority to run the affairs of the company. *Title 5, Associations Law of the 1976 Liberian Codes of Laws, Revised §6.1.*

Therefore, since the death of Athena in 2003, neither George Peters or Anna Peters had any power, standing or semblance of authority to represent and prosecute claims against the majority stockholder of Sea Trade or to act on behalf of Sea Trade in derogation of the power of the Board of Directors. The claims asserted in Spain were unauthorized and made under false pretenses. The duo of mother and son in this case have abused their possession of the company's assets to harass the majority stockholder and waste the corporate assets.

3.  **Plaintiffs' First and Second Causes of Action**, claiming wrongful arrest of Sea Trade's M/V ATHENA, are not actionable since Coutsodontis acted on advice of counsel, as per discovery produced by Defendants. The cases are legion that damages for the arrest of a vessel are not actionable unless there is evidence of malice comparable to a case for malicious prosecution. *The Adolph*, 5 F. 114, 115 (S.D.N.Y. 1880); see also *Stevens v. F/V Bonnie Doon*, 655 F.2d 206 (9th Cir. 1981); *Frontera Fruit Co. v. Dowling*, 91 F.2d 293, 297 (5th Cir. 1937). In this case, as set forth in Defendants' production of documents, the Defendant authorized, with prior consultation and approval of counsel, the arrest of the vessel and neither court held that the arrests were made in bad faith.

4.  **The Third Cause of Action** claiming breach of stockholder's "fiduciary duty" is founded on the wrong premise, namely that a stockholder is a "fiduciary." *Blaustein v. Pan American Petroleum & Transport Company*, 263 A.D. 97, 31 N.Y.S.2d 934 (1st Dept. 1941). A stockholder is not a fiduciary because he is not managing or controlling the company's business. In this case, Anna and George Peters have been wasting the company's assets without accounting for their actions to anyone; and, in the case of Anna Peters, she is in breach of her fiduciary duty to Stelios Coutsodontis. There is no fiduciary duty to George Peters.

Further, Coutsodontis, in seeking the arrest of Sea Trade's sole instrument of commerce, was acting for the benefit of the company by seeking to prevent further waste of assets by an unauthorized agent.

Accordingly, the premise upon which the third cause of action is based has no legal merit or precedent.

**Estoppel**: Anna and George Peters, using Sea Trade as a facade, claimed damages, both in this Honorable Court, as well as in the Courts of Spain. After extended litigation, the Spanish courts ruled on these claims and Plaintiffs are now seeking to enforce the Spanish decisions in the State courts which are being contested. Since these claims were adjudicated in another forum where the decisions were unauthorized *ab initio*, Plaintiffs should be estopped from claiming the same damages in this jurisdiction. They should not be allowed to take bites of an apple which was produced by a poison tree. They made their choice and should be denied further remedies in this court.

We thank the Court in advance for its consideration and await its advices.

Very truly yours,
POLES TUBLIN STRATAKIS & GONZALEZ, LLP

John G. Poles