# BROWN GAVALAS & FROMM LLP

### 355 LEXINGTON AVENUE
### NEW YORK, NEW YORK 10017

TEL: (212) 983-8500

FAX: (212) 983-5946
www.browngavalas.com
bgmail@ browngavalas.com

NEW JERSEY OFFICE
————
1118 CLIFTON
AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A.GAVALAS
(1978-1999)
ROBERT J.SEMINARA
(1987-1999)

October 10, 2014

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    Sea Trade Maritime Corp., *et al.* v. Coutsodontis, *et al*.
>        Docket No.: 09 Civ. 488 (LGS) (HBP)
>        Our File No.: 1591.0001

Dear Judge Schofield:

We represent defendant General Maritime Enterprises Corporation ("General Maritime") in this action.  We write to respectfully request a pre-motion conference in anticipation of filing a motion for summary judgment.

This action arises from a personal dispute between plaintiff George Peters and defendant Stelios Coutsodontis regarding the ownership of the vessel ATHENA.  This dispute has nothing to do with General Maritime.  Plaintiffs' initial complaint did not, in fact, even name General Maritime as a party to this action.  Plaintiffs subsequently amended the complaint to add General Maritime as a defendant, with the sole allegations against General Maritime being that Coutsodontis  had an unofficial interest in General Maritime and that General Maritime stood to benefit from any harm sustained by plaintiffs.  Plaintiffs did not explain the nature of Coutsodontis's alleged ownership interest or how General Maritime would benefit from any harm to plaintiffs, nor did they allege any cognizable cause of action against General Maritime that could establish liability.

In 2011, General Maritime moved to dismiss the complaint for failure to state a claim, for lack of personal jurisdiction, and for lack of subject matter jurisdiction.  Specifically, General Maritime argued that plaintiffs failed to allege any facts that could establish liability on the part of General Maritime, that General Maritime was a foreign corporation not doing business in New York, and that the tortious acts underlying plaintiffs' claims did not occur on navigable waters so as to establish admiralty jurisdiction.  In order to oppose the first two grounds of the motion, plaintiffs argued that General Maritime and Coutsodontis were engaged in a broad and vaguely defined conspiracy to harm Peters, so all of the allegations against Coutsodontis could be

**BROWN GAVALAS & FROMM LLP**

The Honorable Lorna G. Schofield
October 10, 2014
Page 2

imputed to General Maritime and General Maritime was subject to personal jurisdiction through the presence of its alleged conspirator, Coutsodontis, who is a U.S. citizen.

While General Maritime's motion was pending in this Court, Justice Barbara Kapnick decided a similar motion in a parallel action pending in state court involving plaintiff Peters, defendant Coutsodontis, and General Maritime, titled *Peters v. Coutsodontis, et al.*, Index No. 600482/2007 (Supreme Court, N.Y. County). The factual affidavit submitted by Peters in opposition to General Maritime's motion to dismiss in the state court action was substantively identical to the affidavit he submitted in this action. Judge Kapnick found that plaintiffs' vague allegations of a conspiracy to harm Peters, without any allegation that General Maritime was involved in the specific acts at issue in the action, was insufficient to establish personal jurisdiction over General Maritime. Judge Kapnick found that Peters's allegations failed to establish a basis for personal jurisdiction and dismissed the complaint accordingly, declining to rule on the remaining grounds of General Maritime's motion. On October 26, 2011, General Maritime provided a copy of Judge Kapnick's decision to Judge Jones, to whom the instant action was then assigned, and General Maritime sought and was granted leave to supplement its motion to address the relevance of Judge Kapnick's decision to the motion pending in this Court.

On August 15, 2011, Judge Jones issued an Order denying General Maritime's motion to dismiss, finding that plaintiffs' bare allegations of a conspiracy were sufficient to overcome a pre-discovery motion to dismiss. Judge Jones credited plaintiffs' unsubstantiated allegations - not found in the complaint and raised for the first time in plaintiffs' affidavit in opposition - that Coutsodontis had an indirect ownership interest the "Greek way" in General Maritime and that various individuals purportedly acting on behalf of General Maritime took part in disparaging plaintiffs in Greece. Judge Jones did not address the parties' supplemental briefing regarding the effect of Judge Kapnick's decision on General Maritime's motion, and accordingly General Maritime moved for reconsideration on grounds that the Court overlooked arguments that were properly raised. Judge Jones granted General Maritime's motion for reconsideration, but upon reconsideration affirmed her prior order, finding that the present action involved claims that were not at issue in the state court action. Judge Jones did not consider Judge Kapnick's holding that plaintiffs' allegations, even if credited as true, did not establish any acts on behalf of General Maritime in New York that could subject General Maritime to personal jurisdiction.

Following the disposition of General Maritime's motion to dismiss, Magistrate Judge Henry B. Pitman set a discovery schedule for the parties. Plaintiffs failed to conduct any discovery whatsoever with respect to General Maritime and obtained neither documents nor deposition testimony that could be used to substantiate their allegations.

Now, General Maritime intends to seek summary judgment on plaintiffs' claim for conspiracy. Although Judge Jones was entitled to credit plaintiffs' unsupported allegations in order to establish their prima facie conspiracy claim at the motion to dismiss stage, plaintiffs will be unable to adduce any proof to support these claims as necessary to survive a motion for summary judgment. Specifically, plaintiffs will be unable to produce evidence to establish elements of its claim including Coutsodontis's ownership interest in General Maritime or vessels

**BROWN GAVALAS & FROMM LLP**

The Honorable Lorna G. Schofield
October 10, 2014
Page 3

managed by General Maritime; a common plan to harm plaintiffs between Coutsodontis and any person acting on behalf of General Maritime; participation in any tortious acts by any person acting on behalf of General Maritime; or a connection between General Maritime and the specific torts underlying plaintiffs' substantive causes of action in this case

Because plaintiffs have not taken any discovery as to General Maritime to uncover evidence that could be used to support their claim, plaintiffs will be unable to show any disputed issue of material fact as necessary to overcome a motion for summary judgment.

We thank the Court in advance for its consideration of this matter.

Respectfully submitted,

BROWN GAVALAS & FROMM LLP

/s/ Peter Skoufalos
Peter Skoufalos

cc:     Counsel of Record