BEYS STEIN MOBARGHA & BERLAND LLP<br>
Jason H. Berland<br>
646.755.3604 (Direct)<br>
jberland@beysstein.com

October 11, 2014

**VIA ECF**

Hon. Lorna G. Schofield
U.S. District Court, S.D.N.Y.
40 Foley Square – Courtroom 1106
New York, New York 10007

Re:   *Sea Trade Maritime Corp., et al. v. Stelios Coutsodontis, et al.*
      *09-cv-488 (LGS)(HBP)*

Dear Judge Schofield:

  We represent Sea Trade Maritime Corporation ("Sea Trade") and George Peters in the above-referenced action. Magistrate Judge Pitman, in his Opinion and Order of July 30, 2014 (the "Order")(Doc. 140), scheduled dispositive motions, if any, to be made no later than October 15, 2014.

  On October 8, 2014 defendant Stelios Coutsodontis ("Coutsodontis") submitted a letter, via email, requesting a pre-motion conference to seek the Court's permission to move for summary judgment. On October 10, 2014 Coutsodontis filed this same letter via ECF. Defendant General Maritime Enterprises Corporation ("General Maritime") also filed a similar letter, via ECF, on October 10, 2014.

  Your Honor's Individual Rules and Procedures (the "Rules") are crystal clear as to the required procedures (and time requirements) that must be followed before a pre-motion conference will be scheduled. Specifically, Section III.A.1 states, "Before bringing any motion, a party shall file a letter-motion on *ECF* requesting a pre-motion conference. This letter shall be filed *at least ten business days before the proposed conference date* and shall identify all of the issues in dispute and explain the legal and other grounds for the motion …." (Emphasis added.)

  Coutsodontis filed his letter requesting a pre-motion conference, via ECF, just **three** business days before the final date-certain for filing dispositive motions, i.e., motions for summary judgment. Even assuming his earlier email filing was sufficient, this filing only occurred **five** business days before such a

_____

The Chrysler Building, 405 Lexington Avenue, 7th Floor, New York, NY 10174
Main: 646.755.3600 • Fax: 646.755.3599
www.beysstein.com

October 11, 2014
Page 2

letter was required.  If the Court's Rules and Magistrate Judge Pitman's Order are to be adhered to, letters requesting a conference to discuss summary judgment should have been filed, via ECF, no later than October 1, 2014, which was ten business days prior to October 15, 2014 – the deadline for the parties to bring a summary judgment motion.  Accordingly, both Coutsodontis's and General Maritime's requests for a pre-motion conference are untimely and should be denied, and any subsequent motions for summary judgment would violate Magistrate Judge Pitman's Order.

Moreover, it is not as though the parties were not fully aware of the impending October 15, 2014 deadline.  On September 24, 2014 – a full week before letter requests were due – attorneys for Coutsodontis were before Magistrate Judge Pitman orally arguing against a motion compelling them to provide documents in this action (a motion which they lost).  During this proceeding, the Court reminded the parties and made it abundantly clear that any motion for summary judgment was due by October 15, 2014; a date that has been firmly in place for over three months and well known to all parties in this action.

Finally, this failure by the parties and their counsel to comply with the Court's Rules and Magistrate Judge Pitman's Order, with respect to this deadline, is not insignificant, and to allow it would be unfair to plaintiffs against whom such deadlines have been strictly enforced.  For example, on May 30, 2014 – one day after entering the action – plaintiffs' then new counsel wrote a letter to Magistrate Judge Pitman requesting a conference, pursuant to Local Civil Rule 6.3, asking Magistrate Judge Pitman to reconsider his March 20, 2014 Order closing discovery as to defendant General Maritime.  On June 6, 2014, Magistrate Judge Pitman, in his Endorsed Memo (Doc. 125), stated, "[T]o the extent that plaintiff seeks reconsideration of my prior Order closing discovery with respect to General Maritime, that application is *untimely* and *should have ben made within 14 days* of my March 20, 2014 Order.  Local Civil Rule 6.3."  (Emphasis added.)

As a result, no discovery was obtained from General Maritime, a critical defendant in the action.  Moreover, counsel who made the motion for reconsideration on behalf of plaintiffs had just entered the case one day prior to submitting his letter attempting to re-open discovery, which was never conducted due to an oversight on the part of a prior attorney.  Here, neither Coutsodontis's lawyers nor General Maritime's lawyers are new to the action – in fact they have been on this case since its inception over five years ago, and have absolutely no excuse for their non-compliance.

October 11, 2014
Page 3

      In sum, allowing either Coutsodontis or General Maritime to bring a summary judgment motion at this late date would violate the Court's Rules and Magistrate Judge Pitman's Order. Allowing such a late filing would be patently unfair in light of the procedural history of this case and past devastating consequences to plaintiffs for missed deadlines by former counsel. Accordingly, defendants' requests for a pre-motion conference should be denied. Should the Court determine that it will consider defendants' requests for a pre-motion conference, plaintiffs will submit their response within the required time period as outlined in Your Honor's Rules.

      Respectfully,

      */s/Jason H. Berland*
      Jason H. Berland