UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SEA TRADE MARITIME CORPORATION, *et al.*,

                                                                                                                          No. 09 Civ. 488 (LGS) (HBP)

                      *Plaintiffs*,

   -against-

STELIOS COUTSODONTIS, *et al.*,

                     *Defendants*.
----------------------------------------------------------------X

 

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

 

                                                    BROWN GAVALAS & FROMM LLP
                                                    Attorneys for Defendant
                                                    GENERAL MARITIME ENTERPRISES CORP.
                                                    355 Lexington Avenue
                                                    New York, New York 10017
                                                    Tel: (212) 983-8500
                                                    Fax: (212) 983-5946

*Of Counsel:*
PETER SKOUFALOS
PATRICK R. O'MEA

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................3

    A. General Maritime ..........................................................................................................3

    B. The Amended Complaint..............................................................................................3

    C. General Maritime's Motion to Dismiss and the Peters Affidavit .................................6

ARGUMENT.................................................................................................................................7

POINT I:   PLAINTIFFS HAVE NO EVIDENCE TO SUBSTANTIATE
              THEIR ALLEGATIONS THAT GENERAL MARITIME
              ENGAGED IN A CONSPIRACY WITH COUTSODONTIS....................................7

    A. Standard for Summary Judgment..................................................................................8

    B. Summary Judgment on Conspiracy Claims..................................................................9

    C. Plaintiffs have No Evidence to Support their Conspiracy Claims, So
       Summary Judgment Should be Granted in Favor of General Maritime .....................11

        i. Plaintiffs Cannot Establish a Conspiracy Between
           General Maritime and Coutsodontis .................................................................12

        ii. Plaintiffs Allege No Other Tortious Conduct by General Maritime............................14

POINT II:  GENERAL MARITIME IS NOT SUBJECT TO
              PERSONAL JURISDICTION IN NEW YORK .......................................................15

CONCLUSION............................................................................................................................16

# **TABLE OF AUTHORITIES**

**Cases**

*Adler v. Pataki*,
  204 F. Supp. 2d 384 (N.D.N.Y. 2002) ............................................................................. 10, 14

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................................ 8

*Blount v. Swiderski*,
  2006 U.S. Dist. LEXIS 82889 (E.D.N.Y. Nov. 14, 2006) ..................................................... 10

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................ 8, 9

*Cine SK8, Inc. v. Town of Henrietta*,
  507 F.3d 778 (2d Cir. 2007) .................................................................................................. 10

*Dunlop v. City of New York*,
  2008 U.S. Dist. LEXIS 38250 (S.D.N.Y. May 6, 2008) ....................................................... 12

*D'Amico v. City of New York*,
  132 F.3d 145 (2d Cir. 1998) .................................................................................................... 8

*Emigra Grp., LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*,
  612 F. Supp. 2d 330 (S.D.N.Y. 2009) ..................................................................................... 8

*Farag v. United States*,
  587 F. Supp. 2d 436 (E.D.N.Y. 2008) ................................................................................... 10

*Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*,
  374 F.3d 56 (2d Cir. 2004) ...................................................................................................... 8

*In re Terrorist Attacks on September 11, 2001*,
  392 F. Supp. 2d 539 (S.D.N.Y. 2005) ................................................................................ 9, 14

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .............................................................................................................. 12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................................................................ 8

*Meisel v. Grunberg*,
  651 F. Supp. 2d 98 (S.D.N.Y. 2009) ....................................................................................... 9

*Orange v. County of Suffolk*,
    830 F. Supp. 701 (S.D.N.Y. 1993) ...............................................................................10

*Rexnord Holdings, Inc. v. Bidermann*,
    21 F.3d 522 (2d Cir. 1994).............................................................................................9

*Robinson v. Allstate*,
    584 F. Supp. 2d 617 (W.D.N.Y. 2008) .......................................................................10

*San Filippo v. U.S. Trust Co.*,
    737 F.2d 246 (2d Cir. 1984)........................................................................................11

*Schwartz v. Society of the N.Y. Hosp.*,
    199 A.D.2d 129 (1st Dep't 1993) .................................................................................9

*Scotto v. Almenas*,
    143 F.3d 105 (2d Cir. 1998)..............................................................................9, 11, 14

*Weinstock v. Columbia Univ.*,
    224 F.3d 33 (2d Cir. 2000)............................................................................................8

## **Statutes**

CPLR § 213..................................................................................................................13

CPLR § 214..................................................................................................................13

CPLR § 215..................................................................................................................12

CPLR § 301..................................................................................................................15

CPLR § 302..................................................................................................................15

Fed. R. Civ. P. 56...........................................................................................................8

Defendant General Maritime Enterprises Corporation ("General Maritime") respectfully submits this memorandum of law in support of its motion for summary judgment against plaintiffs George Peters and Sea Trade Maritime Corporation (together, "Plaintiffs") pursuant to Rule 56 of the Federal Rules of Civil Procedure. General Maritime also respectfully submits the Declaration of Nikolaos A. Kotakis, dated November 17, 2014, along with the exhibits annexed thereto, and the Rule 56.1 Statement of Undisputed Material Facts, dated November 17, 2014, in support of its motion.

## PRELIMINARY STATEMENT

The Court should grant summary judgment because Plaintiffs have no evidence to establish material facts that support their claim that General Maritime conspired with co-defendant Captain Stelios Coutsodontis ("Coutsodontis") to commit the acts alleged in the Amended Complaint. Although Plaintiffs were able to rely on mere conclusory allegations of a conspiracy to survive a motion to dismiss, Plaintiffs have taken no discovery from General Maritime that could be used to support those allegations. Now, Plaintiffs' burden is higher at the summary judgment stage, where they are required to produce hard evidence that a factfinder could credit to support their allegations. Because Plaintiffs have no evidence to support their claim that General Maritime and Coutsodontis conspired to harm Plaintiffs, summary judgment is appropriate.

This action is part of a personal dispute between Peters and Coutsodontis, and it does not involve General Maritime. Plaintiffs do not identify a single specific act by General Maritime related to the subject matter of the Amended Complaint, nor do they identify any contact between General Maritime and New York that can support personal jurisdiction by this Court. Instead, Plaintiffs attempt to argue that General Maritime conspired with Coutsodontis to harm

plaintiffs, so all of Coutsodontis's acts can be attributed to General Maritime.

In support of their conspiracy claim, Plaintiffs rely upon the conclusory affidavit of George Peters. An identical affidavit was found insufficient to establish a conspiracy in an action brought in New York state court involving virtually the same parties and some of the same claims. However, this Court previously found that the allegations, unsupported though they were, must be given credit at the pleading stage. Thus, the Court found that Plaintiffs adequately alleged a conspiracy. Since that time, Plaintiffs have failed to take any discovery that could be used to support their conspiracy theory. Thus, Plaintiffs will be unable to proffer credible evidence to support their allegations that can overcome General Maritime's assertion that there is no agreement between General Maritime and Coutsodontis to harm Plaintiffs.

For the same reason, summary judgment should be granted because this Court lacks personal jurisdiction over General Maritime. General Maritime is a foreign corporation, with no offices in New York, which does no business in New York, and is thus not subject to general personal jurisdiction here. Under New York law, personal jurisdiction only exists if the defendant has such substantial and continuous connections to New York that it is virtually present here or if the claim at issue arose from the defendant's activities in New York. As shown by the Declaration of Nikolaos A. Kotakis, this is simply not the case with General Maritime. Plaintiffs' sole jurisdictional allegation – that General Maritime "transacts business throughout the world, including within this state" – is conclusory and entitled to no weight. Likewise, for the reasons discussed above, General Maritime did not conspire with Coutsodontis to harm Plaintiffs, so agency based upon conspiracy cannot be used to establish personal jurisdiction over General Maritime.

Based upon the foregoing, the Court should grant General Maritime's motion for

summary judgment.

**STATEMENT OF FACTS**

  A. **General Maritime**

General Maritime is a Liberian corporation with a representative office and place of business in Piraeus, Greece. (Kotakis Decl.[1] ¶ 3). General Maritime's business is management and operation of bulk cargo vessels on behalf of vessel owners. (*Id.*).

General Maritime does not own or lease property in New York. (*Id.* ¶ 19). General Maritime is not authorized by the New York Secretary of State to do business in New York. (*Id.* ¶ 22). General Maritime has never maintained a telephone listing, answering service, or mailing address in New York. (*Id.* ¶ 20). General Maritime has no officers, directors, or employees in the State of New York, and has no authorized agent for service of process in New York. (*Id.* ¶¶ 21-22). General Maritime does not advertise, solicit, transact, or conduct business in New York. (*Id.* ¶ 24).

Coutsodontis is not now and never has been a director, officer, or shareholder of General Maritime. (*Id.* ¶ 16). Coutsodontis has never transacted or conducted any business on behalf of General Maritime within New York. (*Id.* ¶ 35). Coutsodontis's alleged tortious conduct was not undertaken on behalf of General Maritime, and Coutsodontis did not act with the knowledge, consent, or under the control of General Maritime. (*Id.* ¶ 36).

  B. **The Amended Complaint**

Plaintiffs commenced this action on January 16, 2009. (Dkt. # 1). Plaintiffs' original Complaint named only Coutsodontis as a defendant, and the Complaint did not refer to General Maritime in any way. (*See, generally,* Compl.).

---

[1] Citations to "Kotakis Decl." refer to the Declaration of Nikolaos A. Kotakis, dated November 17, 2014.

On April 3, 2009, Plaintiffs amended the Complaint to add four additional defendants, including General Maritime. (Dkt. # 4).[2] Like the original Complaint, the Amended Complaint contains three causes of action. The second and third causes of action are addressed to Coutsodontis personally and seek only equitable relief, and therefore do not concern General Maritime. (Am. Compl. ¶¶ 144-156). The first cause of action seeks damages from all defendants for injury to Plaintiffs' reputation arising from the allegedly wrongful arrests of the vessel ATHENA in Spain and Louisiana. (*Id.* ¶¶ 132-137).

Specifically, Plaintiffs allege that "Coutsodontis, on behalf of all the Defendants, brought an ex parte petition for the arrest of the ATHENA in the commercial court of Tarragona, Spain." (*Id.* ¶ 63). According to the Amended Complaint, the Spanish court subsequently lifted the arrest after finding that Coutsodontis's half-ownership of Sea Trade was insufficient to support the arrest. (*Id.* ¶ 66).

Plaintiffs also seek damages for the arrest of the vessel in Louisiana. Plaintiffs allege that "Coutsodontis, for the benefit of all the Defendants, filed a complaint in the United States District Court for the Eastern District of Louisiana seeking to place the ATHENA under arrest." (*Id.* ¶ 69). According to the Amended Complaint, the Louisiana court subsequently lifted the arrest for the same reason as the Spanish Court. (*Id.* ¶ 72).

Although the Amended Complaint included scores of additional allegations not found in the initial Complaint, the only allegations involving General Maritime are introductory

---

[2] The Amended Complaint also includes approximately sixty additional paragraphs discussing other alleged acts by Coutsodontis in furtherance of his alleged vendetta against Peters, including a suit brought by Coutsodontis to prevent the sale of the ATHENA, alleged interference by Coutsodontis in the Plaintiffs' contractual relationships, an alleged defamation of Peters, and alleged vexations and harassing litigation brought by Coutsodontis against Sea Trade. The allegations in these paragraphs bear no relationship to the First Cause of Action and thus do not concern General Maritime.

4

paragraphs identifying General Maritime and numerous conclusory assertions that Coutsodontis acted "on behalf of" and "for the benefit of" all the defendants, including General Maritime. Specifically, the Amended Complaint alleges that:

> 6. Upon information and belief, General Maritime Enterprises Corporation ("General Maritime") is a corporation registered in Liberia with a principal place of business in Piraeus, Greece, but which transacts business throughout the world, including within this state. Upon information and belief, all of Coutsodontis and Francesca [Coutsodontis's] vessels are managed by General Maritime. Upon information and belief, Coutsodontis and Francesca have material ownership interests in General Maritime (although they have no official ownership interest in General Maritime) and the ships that General Maritime owns and manages, including but not limited to the THEOFYLAKTOS.
>
> * * *
>
> 9. General Maritime, Attika and Iason (the "Shipping Defendants") own and manage cargo vessels that operate throughout the world. Upon information and belief, the Shipping Defendants, and the ships they own, are ultimately owned and controlled by Coutsodontis, along with Francesca.

(*Id.* ¶¶ 6, 9).[3]

The balance of the Amended Complaint contains no allegations against General Maritime specifically, but states that Coutsodontis acted "on behalf of all the Defendants" (*Id.* ¶¶ 16, 17, 18, 22, 63, 105, 113, 120, 122, 139, 142) and "to benefit" the other Defendants (*Id.* ¶¶ 19, 69, 89, 103, 110, 119) in perpetrating various allegedly tortious acts. The Amended Complaint also seeks punitive damages against "Coutsodontis and all the other Defendants because all of Coutsodontis's actions were willful, wanton, and motivated by ill-will and malice" (*Id.* ¶ 23 (emphasis added)) and asserts that Coutsodontis breached his fiduciary duty to Sea Trade by "operating the Defendants' Shipping Interests in competition with Sea Trade." (*Id.* ¶ 152). The

---

[3] General Maritime has denied these allegations in its Answer to the Amended Complaint. (Dkt. # 84)

5

foregoing are the only references to General Maritime, either express or implied, contained in the Amended Complaint.

### C.    General Maritime's Motion to Dismiss and the Peters Affidavit

In March 2011, General Maritime moved to dismiss the Amended Complaint. (Dkt. # 42) General Maritime's motion mirrored a similar motion brought in a New York state court action, *Peters v. Coutsodontis, et al.*, No. 600482/2007, where Peters alleged that General Maritime was liable for defamatory statements made by Coutsodontis by virtue of an alleged conspiracy between General Maritime and Coutsodontis. (Dkt. # 70, 71)

In opposition to General Maritime's motions in both this Court and in the state court action, Plaintiffs submitted an affidavit of plaintiff Peters that made a number of allegations - found nowhere in the Amended Complaint - that purported to establish certain connections between Coutsodontis and persons allegedly related to General Maritime. (Dkt. # 46)  The Peters Affidavit is not supported by any exhibits that substantiate its allegations. *Id.*  Furthermore, Peters's affidavit relies upon vague and non-specific claims that Coutsodontis and General Maritime made disparaging claims about Peters and requested Sea Trade's corporate documents. *Id.*

While General Maritime's motion was pending in this Court, the judge in the state court action entered an order dismissing the complaint in that case for lack of personal jurisdiction, finding that the allegations in Peters's affidavit failed to allege a conspiracy related to the acts at issue in that complaint.  The parties requested leave to file supplemental briefing on the impact of the state court decision on this action, which was granted. (Dkt. # 70, 71, 73).

On August 16, 2012, Judge Barbara Jones denied General Maritime's motion to dismiss. (Dkt. # 76)  The Court found that Plaintiffs' conspiracy allegations must be credited at the

6

motion to dismiss stage, and were "sufficient to warrant an inference" of conspiracy between General Maritime and Coutsodontis. *Id.* The Court did not, however, address the contrary finding by the state court and General Maritime moved for reconsideration on this basis. (Dkt. # 77) The Court acknowledged that it overlooked the state court decision and granted reconsideration on this basis, but upon reconsideration affirmed its prior holding. (Dkt. # 83) The Court found that the claims at issue in this action differed from those in the state court action, and therefore held that collateral estoppel did not apply. *Id.*

Following the resolution of General Maritime's motion, Plaintiffs failed to conduct any discovery as to General Maritime. On March 20, 2014, Magistrate Judge Henry B. Pitman declared discovery closed as to General Maritime. (Dkt. # 119)

## ARGUMENT

## POINT I

### PLAINTIFFS HAVE NO EVIDENCE TO SUBSTANTIATE THEIR ALLEGATIONS THAT GENERAL MARITIME ENGAGED IN A CONSPIRACY WITH COUTSODONTIS

Plaintiffs have taken absolutely no discovery in this action or proffered any other evidence that could be used to substantiate their uncorroborated and conclusory allegations that General Maritime and Coutsodontis entered into an agreement to harm Plaintiffs. This is despite the fact that Plaintiffs barely overcame a previous motion to dismiss in this Court based upon the featherweight standard of proof at the pleading stage, which requires the Court to credit all of the plaintiff's allegations as true. Without evidence showing that General Maritime and Coutsodontis had an actual agreement to harm Plaintiffs, the conspiracy allegations must fail and summary judgment should be granted in favor of General Maritime.

### A. Standard for Summary Judgment

A motion for summary judgment should be granted where the movant shows that there is no genuine issue of material fact and, based on those facts, the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A); *see also D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998). A fact is deemed material if it could "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact exists where the non-moving party produces evidence that a reasonable fact finder could credit to support a verdict for the non-moving party. *Id.* It is not enough for the nonmoving party to simply claim that "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

While the moving party generally bears the burden on a motion for summary judgment, the burden shifts to the non-moving party where that party would have the burden of proof at trial with respect to a given issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Under these circumstances, the moving party is entitled to summary judgment if the non-moving party does not establish that its evidence could justify a finding in its favor. *Id.* (summary judgment may be entered against non-moving party where it "fails to make a showing sufficient to establish the existence of an element essential to that party's case"); *Emigra Grp., LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 345 (S.D.N.Y. 2009).

In order to meet its burden to establish a material fact, the non-moving party cannot rest "merely on allegations or denials" of the factual assertions of the movant, FED. R. CIV. P. 56(E); *see also, e.g.*, *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 59-60 (2d Cir. 2004), nor may it rely on its pleadings or on merely conclusory factual allegations. *See, e.g.*, *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). Rather, it must present

specific evidence in support of its contention that there is a genuine dispute as to the material facts. *See, e.g., Celotex*, 477 U.S. at 324; *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 526 (2d Cir. 1994).

In short, the summary judgment movant's burden is only to "inform . . . the district court of the basis for its motion" so that "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Celotex Corp.*, 477 U.S. at 323.

### B. <u>Summary Judgment on Conspiracy Claims</u>

Where, as here, a defendant moves for summary judgment based upon a conspiracy claim, the plaintiff must produce evidence that could establish all elements of a conspiracy, namely: a "primary tort and four elements: '(a) a corrupt agreement between two or more persons, (b) an overt act in furtherance of the agreement, (c) the parties' intentional participation in the furtherance of a plan or purpose, and (d) the resulting damage or injury.'" *In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 557 (S.D.N.Y. 2005).

To establish a conspiracy, "more than a conclusory allegation of conspiracy or common purpose is required to state a cause of action against [a] nonactor." *Meisel v. Grunberg*, 651 F. Supp. 2d 98, 119 (S.D.N.Y. 2009). Indeed, a claim for conspiracy will not lie absent evidence of "independent culpable behavior" by the nonacting party. *Schwartz v. Society of the N.Y. Hosp.*, 199 A.D.2d 129, 130 (1st Dep't 1993) (dismissing agency and conspiracy claims against co-conspirators based on unsupported statement that the principal was acting on "their behalf") (*cited by Meisel*, 651 F. Supp. 2d at 119).

While circumstantial evidence may be introduced to support allegations of an agreement

9

to conspire, a plaintiff cannot overcome a summary judgment motion simply by making general and conclusory allegations. *Blount v. Swiderski*, 2006 U.S. Dist. LEXIS 82889, at *56 (E.D.N.Y. Nov. 14, 2006); *Adler v. Pataki*, 204 F. Supp. 2d 384, 396 (N.D.N.Y. 2002) ("innuendo, unrelated incidents and conclusory allegations, without any factual basis" insufficient to support conspiracy claim).  Thus, the plaintiff must provide evidence of specific facts that could support a finding of conspiracy, such as "times, facts or circumstances of the alleged conspiracy." *Orange v. County of Suffolk*, 830 F. Supp. 701, 707 (S.D.N.Y. 1993).  The plaintiff must "provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve" the end of the alleged conspiracy. *Farag v. United States*, 587 F. Supp. 2d 436, 470 (E.D.N.Y. 2008); *see also Robinson v. Allstate*, 584 F. Supp. 2d 617, 620 (W.D.N.Y. 2008) ("Where . . . a plaintiff asserts that defendants have conspired to violate his constitutional rights, the '[p]laintiff must provide some factual basis supporting meeting of minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" (quoting *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation marks omitted))).

Merely showing a relationship or communications between the alleged conspirators has been found insufficient to establish a conspiracy, and the plaintiff cannot rely on evidence of other activities unrelated to the alleged conspiracy to overcome a summary judgment motion. *See Farag*, 587 F. Supp. 2d at 470-71 ("Plaintiffs . . . have adduced no evidence whatsoever of a 'meeting of the minds' whose conscious objective was to deprive plaintiffs of their constitutional rights; that Smith and Plunkett presumably had a 'meeting of the minds' when they agreed to detain plaintiffs is insufficient" (emphasis in original)); *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 792 (2d Cir. 2007) (letter written between Board members did not "support a fact-

finder's conclusion that the three members of the Board (whose comments would permit a jury to find that they individually acted with racial animus) had an understanding among themselves to do so." (emphasis in original)); *Scotto*, 143 F.3d at 114-15 ("several telephone calls and other communications" only amounted to show that alleged conspirators cooperated on legitimate business); *San Filippo v. U.S. Trust Co.*, 737 F.2d 246, 256 (2d Cir. 1984) ("at no point in the proceedings has plaintiff alleged one shred of evidence in support of his conclusory assertion of conspiracy, beyond the fact that A.D.A. Crosson and Detective Woike met with defendants prior to their grand jury testimony. We see nothing suspicious or improper in such meetings, which are routine and necessary in the preparation of evidence.").

Thus, in order to overcome General Maritime's motion for summary judgment, Plaintiffs must produce actual evidence that General Maritime and Coutsodontis entered into an agreement to harm Plaintiffs, including the specific facts of this agreement. Plaintiffs cannot simply rely on vague connections between General Maritime and Coutsodontis that are unrelated to the subject matter of this case.

      **C.**    **Plaintiffs Have No Evidence to Support Their Conspiracy Claim, So Summary Judgment Should be Granted in Favor of General Maritime**

Plaintiffs have no evidence to establish the existence of a corrupt agreement between General Maritime and Coutsodontis with the purpose of harming Peters. On the contrary, Plaintiffs' reliance on the self-serving and unsupported allegations of Peters's affidavit is unavailing, and indeed that affidavit does not even allege facts that could support a finding that General Maritime and Coutsodontis had an agreement to harm Plaintiffs. Thus, Plaintiffs' failure of proof requires entry of summary judgment in favor of General Maritime.

> i. *Plaintiffs Cannot Establish a Conspiracy Between <u>General Maritime and Coutsodontis</u>*

While Plaintiffs were able to overcome General Maritime's motion to dismiss by relying on the bare allegations of Peters's vague affidavit, it has conducted no discovery that could be used to support those allegations. Thus, Plaintiffs cannot meet their burden because "[a]t summary judgment, unlike the motion to dismiss stage, Plaintiffs cannot rely on mere allegations, but are required by Rule 56(e) to set forth the specific facts underlying their claims." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 606 (1992).

In support of this motion, General Maritime submits the declaration of its director and Secretary/Treasurer, Nikolaos A. Kotakis, which makes clear that General Maritime had no agreement with Coutsodontis to harm Plaintiffs. Besides flatly denying the existence of a conspiracy between General Maritime and Coutsodontis, Mr. Kotakis's declaration specifically refutes a number of the allegations found in Peters's affidavit and reveals that those allegations were materially misleading in significant respects. In light of General Maritime's denial of a conspiracy, including its specific refutation of an agreement to harm Plaintiffs, Plaintiffs must produce evidence of an agreement beyond mere conclusory, vague, or general allegations in order to avoid summary judgment. *Dunlop v. City of New York*, 2008 U.S. Dist. LEXIS 38250, at *16-18 (S.D.N.Y. May 6, 2008).

Mr. Kotakis makes clear that the main protagonist in Plaintiffs' conspiracy theory, Theodore Papangelopoulos, passed away eight years before the commencement of this action, in March of 2001. (Kotakis Decl. ¶ 9) Peters's affidavit did not acknowledge Mr. Papangelopoulos's passing but instead implied that he is still alive. Thus, any alleged wrongdoing by Mr. Papangelopoulos, which is denied in any event, clearly would have ended long ago, and the relevant statutes of limitation for defamation (one year, CPLR § 215); injury to

12

person or property (three years, CPLR § 214); and miscellaneous torts (six years, CPLR § 213) would have expired before this action was brought.

More importantly, however, Peters not allege any specific facts that could be considered evidence an agreement between Mr. Papangelopoulos and Coutsodontis to harm Plaintiffs. Instead, he relies on conclusory statements that Mr. Papangelopoulos and Coutsodontis made various accusations and interfered with Plaintiffs' affairs. (Peters Aff. ¶¶ 8-10, 15)  Notably absent are specific examples of these activities, such as dates and the content of these alleged derogatory statements.

The only conduct alleged to be done by anyone other than Mr. Papangelopoulos was Mr. Kotakis's alleged improper boarding of the ATHENA for the purpose of disparaging Sea Trade's management. (Peters Aff. ¶ 8)  However, Mr. Kotakis makes clear that he was invited aboard the vessel by Sea Trade's primary shareholder and Mr. Peters's aunt, Athena Eliades, for the purpose of having lunch. (Kotakis Decl. ¶ 10)  Mr. Kotakis specifically denies that he made any disparaging comments about Sea Trade's management during this visit. *Id.*

Mr. Peters also makes a number of allegations regarding Mr. Kotakis's involvement with a company named Attika International Navigation S.A. ("Attika") and a $3,000,000 payment to Coutsodontis from a UBS Trust. (Peters Aff. ¶¶ 12, 14, 15)  As explained in Mr. Kotakis's declaration, this payment was actually made to General Maritime on behalf of Coutsodontis for the purpose of financing the ATHENOULA. (Kotakis Decl. ¶ 14)  The reason this payment was made to General Maritime is that General Maritime was the commercial manager for the ATHENOULA, and thus the financing payments needed to be routed through General Maritime. All of General Maritime's activities in connection with the ATHENOULA and Attika were done solely in its capacity as manager. (*Id.*)

13

Plaintiffs' reference to Coutsodontis's payment for the ATHENOULA is nothing more than a red herring designed to create the impression of an issue where none exists. Peters does not allege that General Maritime's involvement with the ATHENOULA or Attika is related to any alleged conspiracy between Coutsodontis and General Maritime, nor does he claim that it contributed to any alleged harm or injury to Plaintiffs. On the contrary, General Maritime's activities are proper and appropriate arms' length business dealings that do not constitute evidence of a conspiracy. Case law is clear that allegations of unrelated activities cannot be used to establish a conspiracy. *See Adler*, 204 F. Supp. 2d at 396; *Scotto*, 143 F.3d at 114-15.

Inasmuch as General Maritime was not involved in the arrest of the ATHENA in Spain or Louisiana or any of the other acts alleged in the Amended Complaint, General Maritime has no special knowledge as to whether the arrests were legally "wrongful." However, General Maritime notes that Plaintiffs bear the burden of proof on all elements of the conspiracy, including proving that existence of the underlying primary tort. *See In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d at 557. Thus, unless Plaintiffs are able to establish the elements of the underlying torts, summary judgment should be granted on this basis as well.

    ii.    *Plaintiffs Allege No Other Tortious Conduct by General Maritime*

In opposing General Maritime's motion to dismiss, Plaintiffs did not assert that General Maritime had a direct role in any of the underlying torts at issue in the Amended Complaint. Instead, Plaintiffs relied solely on allegations of conspiracy to support their claims. (Dkt. # 45 pp. 9-14) Indeed, General Maritime specifically denies that it was involved in any of the underlying torts at issue in the Amended Complaint, including the arrests of the ATHENA in Spain and Louisiana. (Kotakis Decl. ¶¶ 25-33) Thus, in addition to failing to support their claim based upon conspiracy, summary judgment is appropriate here because Plaintiffs cannot proffer

any evidence showing that General Maritime directly took part in any of the activities underlying Plaintiffs' claims.

Accordingly, for the foregoing reasons, the Court should grant General Maritime's motion for summary judgment.

## POINT II

### GENERAL MARITIME IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK

Because General Maritime and Coutsodontis are not co-conspirators, plaintiffs cannot establish personal jurisdiction over General Maritime by imputing Coutsodontis's presence in New York to General Maritime.

Plaintiffs do not assert that General Maritime is subject to personal jurisdiction in New York by virtue of its own activities here; instead, Plaintiffs' sole basis for asserting personal jurisdiction over General Maritime is by its alleged vicarious presence through the alleged conspiracy with Coutsodontis. (Order dtd. 8/16/12 at 16; Pls. Mem. of Law at 14-19)  In this regard, Mr. Kotakis's declaration makes clear that General Maritime has no offices, agents, employees, officers, or directors located in New York, has never been authorized to do business in New York, and does not transact any business in New York so as to subject it to personal jurisdiction under CPLR §§ 301 or 302. (Kotakis Decl. ¶¶ 19-24)

Because General Maritime is not part of any conspiracy with Coutsodontis as discussed at length above, and General Maritime does not transact any other business in New York, General Maritime is not subject to personal jurisdiction in New York.

15

## **CONCLUSION**

For the foregoing reasons, the Court should enter an Order granting summary judgment dismissing the Amended Complaint in its entirety as to General Maritime along with such further and different relief as the Court deems just and proper.

Dated:  New York, New York
        November 17, 2014

                                             BROWN GAVALAS & FROMM LLP
                                             Attorneys for Defendant
                                             GENERAL MARITIME
                                             ENTERPRISES CORPORATION

                                             /s/ Peter Skoufalos
                                             Peter Skoufalos (PS-0105)
                                             Patrick R. O'Mea (PO-0424)
                                             355 Lexington Avenue
                                             New York, New York 10017
                                             Tel: (212) 983-8500
                                             Fax: (212) 983-5946