BEYS STEIN MOBARGHA & BERLAND LLP
JASON H. BERLAND
646.755.3604 (Direct)
jberland@beysstein.com

December 2, 2014

**VIA ECF**

The Honorable Justice Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square – Room 1106
New York, NY 10007

Re: *Reconsideration of Order denying Motion for Extension of Time to File Response/Reply in Sea Trade Maritime Corp. v. Coutsodontis, et al. (Index No. 09 Civ. 488 (LGS) (HBP))*

Dear Judge Schofield:

      We represent Plaintiffs in the above-referenced matter and respectfully request that the Court reconsider its Order, dated December 2, 2014, denying Plaintiffs' Motion for Extension of Time to File Response/Reply (the "Motion") and extend the time for Plaintiffs to file its opposition to Defendants' summary judgment motions from December 8, 2014 to at least January 19, 2015. The basis of the Court's denial of the Motion was that "there are no currently pending discovery applications and that the parties have not informed Judge Pitman of any discovery issues." Plaintiffs have just electronically filed (Docket Entry No. 178) and faxed a letter to Judge Pitman's Chambers concerning the numerous discovery issues outstanding, and requesting a pre-motion conference.

      We had decided to first seek an extension of the summary judgment motions from Your Honor before writing to Judge Pitman because the December 8, 2014 deadline for Plaintiffs' oppositions to Defendants' motions for summary judgment was rapidly approaching. Plaintiffs wanted to ensure that they would not be prejudiced in filing oppositions for summary judgment where Defendant Coutsodontis has willfully failed to produce responsive documents, leaving an incomplete record for the summary judgments. Defendants Coutsodontis's plan all along has been to willfully fail to produce documents until the deadline for summary judgment has passed.

      Defendants do not consent to our Motion on the following bases. In sum, they claim that (i) Plaintiffs forfeited their opportunity to seek discovery; (ii) Plaintiffs have known about the matters for quite some time; (iii) Plaintiffs' Motion references a deposition taken in another case; (iv) the adjournment is not brief; (v) the issues in the deposition are not germane to the claims since, according to them, there is nothing in the deposition showing that General Maritime competed with Sea Trade or was in collusion with Coutsodontis; and (vi) these issues were previously raised before Your Honor.

   However, none of Defendants' objections address two inescapable facts: Defendant Stelios Coutsodontis (i) still has not produced responsive documents almost 8 months after receiving Plaintiffs' discovery requests; and (ii) has twice misrepresented that no such documents exist, when in fact, they do.  Although discovery is closed as to General Maritime, the documents Plaintiffs are seeking are from Defendant Coutsodontis.  These documents – <u>which Coutsodontis has promised to produce in his deposition but still has not</u> – are integral to Plaintiffs' claims against General Maritime.  Just because General Maritime is not the party producing documents does not make the documents any less relevant to Plaintiffs' claims against General Maritime.  Defendants' belief about their relevance to Plaintiffs' claims is not material.  Any issues concerning relevance should be assessed on the motions for summary judgment, not before.

   What is material is that Plaintiffs served their document requests before the discovery deadline; Coutsodontis never objected to Plaintiffs' document requests, waiving any objection, including on the basis of relevance; and Coutsodontis has <u>willfully</u> failed to produce these documents, in violation of Judge Pitman's order at a September 24, 2014 compliance conference directing that he do so.  These facts are undisputed.  The fact that Coutsodontis confirmed his bad faith conduct in a deposition in a parallel case does not change these indisputable facts or make them any less egregious.  Regarding the length of the adjournment, Plaintiffs need enough time to resolve these discovery issues.  If Coutsodontis's past conduct is any indication, Plaintiffs will likely have to bring a motion to compel before Judge Pitman to obtain the responsive documents they are entitled to under the Federal Rules of Civil Procedure.  Finally, while it is true that we briefly raised this issue before Your Honor, at the time, we still had an obligation to work in good faith with Coutsodontis to ensure that he produced responsive documents.  However, even after the latest promise by Coutsodontis's counsel on the record almost two weeks ago that he would produce this highly relevant information, Coutsodontis <u>still</u> has failed to do so.  Of course, this is not surprising, given his past conduct.  Defendants should not be rewarded for their continuous failure to produce responsive documents, which were requested almost 8 months ago on April 17, 2014.

   For all the foregoing reasons, Plaintiffs respectfully request the Court reconsider its denial of Plaintiffs' Motion and extend Plaintiffs' time to file their oppositions to Defendants' motions for summary judgment from December 8, 2014 until at least January 19, 2015 to give Plaintiffs enough time to obtain responsive documents.

   This is not the first application by Plaintiffs for such relief.  On December 1, 2014, Plaintiffs made one previous application for the same relief, which was denied on December 2, 2014.

                Respectfully submitted,

                <u>/s/ Jason H. Berland</u>
                Jason H. Berland
                *Counsel for Plaintiffs*

Cc:  Scott Johnson & Peter Skoufalos