# BROWN GAVALAS & FROMM LLP

355 LEXINGTON AVENUE

NEW YORK, NEW YORK 10017

TEL: (212) 983-8500

FAX: (212) 983-5946
www.browngavalas.com
bgmail@ browngavalas.com

NEW JERSEY OFFICE

1118 CLIFTON AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A. GAVALAS
(1978-1999)
ROBERT J. SEMINARA
(1987-1999)

December 3, 2014

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Sea Trade Maritime Corp., *et al.* v. Coutsodontis, *et al*.
            Docket No.: 09 Civ. 488 (LGS) (HBP)
            Our File No.: 1591.0001

Dear Judge Schofield:

      We represent defendant General Maritime Enterprises Corporation ("General Maritime") in this action. We write to object to plaintiffs' request for a six-week adjournment of its time to oppose General Maritime's already-filed summary judgment motion in order to conduct additional discovery on issues that were long known to plaintiffs.

      Plaintiffs' request for an adjournment in order to conduct additional discovery - *after* General Maritime filed its summary judgment motion - is patently improper and unfair. Indeed, Fed. R. Civ. P. 56(b) makes clear that summary judgment is intended to resolve issues after the close of all discovery. To permit a party to adjourn further briefing in order to seek discovery on an issue that was raised by the moving party and was previously known by the opposing party is unreasonable and should be denied on that basis alone.

      Moreover, plaintiffs should be estopped from raising allegedly outstanding discovery as grounds for an adjournment. Plaintiffs have been aware of the bank transfer in question for at least three years, but waited until after the October 30 pre-motion conference and after General Maritime filed its motion before seeking to halt the briefing process and pursue this discovery. Indeed, plaintiff Peters cited the same transaction in December 2012 in the state court action from which General Maritime was dismissed in 2011. Moreover, plaintiffs' discovery requests to Coutsodontis refer to this transfer. Thus, plaintiffs' claim that they could not pursue the issue until now is extremely disingenuous.

      Additionally, plaintiffs' request should be denied because the discovery sought does not raise an issue of material fact that could overcome General Maritime's motion. Plaintiffs seek

discovery regarding the transaction in question only in order to establish ties between General Maritime and Coutsodontis. Plaintiffs do not suggest that this transfer relates in any way to the vessel arrests at issue in this action, which took place years later. Nor do plaintiffs suggest that the transfer was made with any intent to harm plaintiffs. Thus, the discovery sought would not raise an issue of material fact that could affect summary judgment, and thus is nothing more than a red herring.

Finally, plaintiffs' request is procedurally improper. Under Fed. R. Civ. P. 56(f), a party wishing to "postpone consideration of a motion for summary judgment and to obtain additional discovery" must submit an affidavit or declaration "describing: (i) the information sought and how it will be obtained; (ii) how it is reasonably expected to raise a genuine issue of material fact; (iii) prior efforts to obtain the information; and (iv) why those efforts were unsuccessful." *Oneida Indian Nation of New York v. City of Sherrill,* 337 F.3d 139, 167 (2d Cir. 2003). The Court then has discretion as to whether to grant the Rule 56(f) motion, based primarily on whether the party has had "a sufficient opportunity to develop and contest the issues on which it now claims to need additional discovery." *Id.* at 167-68. In this case, plaintiffs have not submitted any affidavit or declaration. Nor do they show how they intend to obtain the information sought, inasmuch as they do not show that it is in possession of any party. Nor do plaintiffs explain how any discovery is expected to raise an issue of material fact for the reasons discussed above. Plaintiffs have had years to pursue discovery in this action but have constantly slept on their rights, most recently by failing to raise the present discovery issue for almost two weeks after it allegedly came to light at Coutsodontis's November 20, 2014 deposition in the state court action. Thus, relief is not warranted under Rule 56(f).

Accordingly, General Maritime respectfully submits that the Court should deny plaintiffs' request for an adjournment. We thank the Court for its consideration of this matter.

Respectfully submitted,

BROWN GAVALAS & FROMM LLP

/s/ Peter Skoufalos
Peter Skoufalos

cc: Counsel of Record