# Poles Tublin Stratakis & Gonzalez, LLP
## 46 Trinity Place – Fifth Floor
## New York, New York 10006-2288

Writer's New York Telephone Ext.: 232  Telephone (212) 943-0110
Writer's Email: jpoles@polestublin.com  Facsimile (212) 269-9875

**Respond to New York, New York Address**

December 3, 2014

**BY ECF**

Hon. Lorna G. Schofield
U.S. District Court, Southern District of New York
40 Centre Street – Courtroom 1106
New York, New York 10007

Re: *Sea Trade Maritime Corporation et al. -v- Stelios Coutsodontis et al.*
1:09-cv-00488 (LGS)(HBP)
Our File No. 26,090

Dear Judge Schofield:

We represent STELIOS COUTSODONTIS and FRANCESCA ELENI COUTSODONTIS ('*Francesca Coutsodontis*'), defendants in the above-reference action. Defendants object to any further delay in the briefing schedule order issued by the Court.

Defendant General Maritime Enterprises Corporation ('*General Maritime*') is correct in drawing the Court's attention to Fed. R. Civ. P. 56(f) which, in pertinent part, provides that

> a party wishing to "postpone consideration of a motion for summary judgment and to obtain additional discovery" must submit an affidavit or declaration "describing: (i) the information sought and how it will be obtained; (ii) how it is reasonably expected to raise a genuine issue of material fact; (iii) prior efforts to obtain the information; and (iv) why those efforts were unsuccessful." (*Citation omitted*.) The Court then has discretion as to whether to grant the Rule 56(f) motion, based primarily on whether the party has had "a sufficient opportunity to develop and contest the issues on which it now claims to need additional discovery." (*Citation omitted*.)

No such affidavit or declaration has been presented with Plaintiff's request. More importantly, Plaintiffs do not explain how this alleged discovery is expected to raise an issue of material fact. Plaintiffs do even suggest that Defendant Coutsodontis' 2003 USD 3,000,000.00 loan to General Maritime in any way relates to the vessel arrests at issue in this action, which took place years later.

Nor is it suggested that loan was made to harm Plaintiffs.

Defendant Stelios Coutsodontis has already acknowledged making a loan of USD 3,000,000.00 to General Maritime in 2003—many years before the alleged wrongful arrests. General Maritime has also acknowledged the loan in its moving papers for summary judgment. What is being sought is a copy of a 2003 wire transfer confirmation from UBS in Switzerland confirming the wiring of the USD 3,000,000.00 to General Maritime already admitted. This is in no way relevant to Defendant Coutsodontis's motion for summary judgment nor, for that matter, for General Maritime's motion for summary judgment.

Defendant Coutsodontis has agreed in the state court action to attempt to have UBS produce a copy of this eleven-years-old wire transfer confirmation, but anticipates it will take some time (assuming the document is even still available to be produced). Nonetheless, he has disclosed to Plaintiffs not only the USD 3,000,000.00 loan, but the repayment of the loan, the amount of interest earned, and his disclosure and reporting of the interest earned to the IRS—none of which is germane to arrests of the vessel. Equally important, this alleged discovery issue was known to Plaintiffs at the time of the pre-summary judgment conference in which the Court set the briefing schedule for the summary judgment motions. Why have Plaintiffs waited until now to raise this issue other than for purposes of delay and to attempt to gain an unfair advantage. There certainly is no surprise present, nor any withholding of discovery by Defendant Coutsodontis. This is nothing more than a disingenuous attempt to delay Plaintiffs' obligation to support an otherwise unsupportable complaint by circumventing Judge Pitman's discovery order foreclosing further discovery as to Plaintiff's claims against General Maritime and the summary judgment scheduling order of this Court.

General Maritime is also correct when it stated that

> Plaintiffs' request for an adjournment in order to conduct additional discovery ... is patently improper and unfair. Indeed, Fed. R. Civ. P. 56(b) makes clear that summary judgment is intended to resolve issues after the close of all discovery. To permit a party to adjourn further briefing in order to seek discovery on an issue that was raised by the moving party and was previously known by the opposing party is unreasonable and should be denied on that basis alone.

We thank the Court in advance for its consideration.

Very truly yours,
POLES TUBLIN STRATAKIS & GONZALEZ, LLP

/s/ John G. Poles

John G. Poles