BEYS STEIN MOBARGHA & BERLAND LLP
JASON H. BERLAND
646.755.3604 (Direct)
jberland@beysstein.com

December 3, 2014

**VIA ECF**
The Honorable Justice Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square – Room 1106
New York, NY 10007

Re:   <u>Sea Trade Maritime Corp. v. Coutsodontis, et al. (Index No. 09 Civ. 488 (LGS) (HBP))</u>

Dear Judge Schofield:

  We are counsel to Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters in the above referenced action and write in reply to Defendants' December 3, 2014 letters in opposition to our Motion for Reconsideration.

  Defendants' arguments miss the point.  Plaintiffs are not seeking "additional" discovery, and consequently, Defendants' procedural objections hold no weight.[1]  Plaintiffs are seeking discovery that they are entitled to and that has been outstanding for over 8 months.  At a September 24, 2014 conference (the "September 24th Conference"), Judge Pitman specifically ordered Defendants to produce documents responsive to Plaintiffs' request.  *See e.g., Robinson v. Transworld Airlines, Inc.,* 947 F.2d 40, 43 (2d. Cir. 1991)("[P]laintiff should have had the opportunity to pursue the discovery afforded by the Magistrate's order of July 2, 1990 and to obtain the relevant evidence which it may have disclosed, before being required to respond to [the] motion for summary judgment.").  Since Coutsodontis has failed to produce documents as ordered, discovery is not closed.

  When we raised Coutsodontis's failure to comply with discovery before Your Honor, we still believed that Coutsodontis would not continue to flout Judge Pitman's order by sitting on responsive documents he is obligated to produce.  Rather than comply with Judge Pitman's order, Coutsodontis continues to violate it, knowing that all he has to do is bide his time until the deadline for summary judgment has passed.

  Worse yet, two weeks ago, Coutsodontis's counsel led Plaintiffs on by falsely promising that his client would produce documents concerning this $3 Million transfer – made <u>without consideration</u> – among other documents.  The tactic was to lull Plaintiffs into a sense of complacency by making them believe they would receive documents well in advance of the

---

[1] The case and law they cite in support of their claim that an affidavit is required concern opposing a summary judgment motion, not requesting an adjournment on the basis that a party failed to comply with prior discovery requests.

The Chrysler Building, 405 Lexington Avenue, 7th Floor, New York, NY 10174
Main: 646.755.3600 • Fax: 646.755.3599
www.beysstein.com

summary judgment deadline. Not surprisingly, Plaintiffs have not received one document from Coutsodontis. Today, Coutsodontis's counsel <u>again</u> promised to produce responsive documents. Consequently, contrary to Defendants' claim, Plaintiffs know quite well "how they intend to obtain the information sought": From Coutsodontis himself, who has access to the information. Plaintiffs simply have been unsuccessful in obtaining it. *See Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d. Cir. 1980)("[A]t least when the party opposing the motion has not been dilatory in seeking discovery, summary judgment should not be granted when he is denied reasonable access to potentially favorable information."). To allow summary judgment to proceed in the wake of Coutsodontis's deceit and stalling tactics is to reward a party for willfully flouting the Federal Rules of Civil Procedure. Defendants tried to make a similar argument at the September 24th Conference, arguing that they did not have to comply with Plaintiffs' discovery requests because the deadline for discovery had lapsed. Judge Pitman summarily rejected this nonsensical argument, recognizing that a party could just sit on a request, wait for discovery to lapse, then claim discovery is over.

Defendants next argue that Plaintiffs have known about this issue for quite some time. However, Defendants know, in summary judgment, there is a crucial difference between "knowing about an issue" and actually receiving evidence about the issue.

Furthermore, Defendants argue that the $3 Million transfer is not relevant to Plaintiffs' claims. That is their spin on the issue. A $3 Million transfer <u>without</u> <u>consideration</u> to Coutsodontis's alter ego entity, General Maritime, is quite relevant. Bolstering Plaintiffs' alter ego claim is that, according to Coutsodontis, there are no documents memorializing the nature of this transfer (an incredible claim we plan to raise with Judge Pitman at the pre-motion conference). This illustrates that there is no distinction between General Maritime and Coutsodontis. Furthermore, General Maritime used those funds to purchase, on behalf of Coutsodontis, the M/V Athenoula, a vessel that directly competes with Sea Trade. This shows yet another motive that Coutsodontis/General Maritime had in attempting to destroy Sea Trade and its ship, the M/V Athena. In any case, assessing the weight of this evidence should be reserved for summary judgment, not for a battle about Plaintiffs' right to receive documents to which they are legally entitled.

Finally, the documents concerning the $3 Million transfer are not the only documents that Coutsodontis has failed to produce. Coutsodontis has failed to produce documents in response to Plaintiffs' 19 remaining document requests.

In sum, Defendants should not be allowed to game discovery until the deadline for summary judgment has passed. Plaintiffs are only requesting what is fair: Documents responsive to their document requests so that they can opposed summary judgment on a complete record.

Respectfully submitted,

*/s/ Jason H. Berland*
Jason H. Berland
*Counsel for Plaintiffs*