# Poles Tublin Stratakis & Gonzalez, LLP
## 46 Trinity Place – Fifth Floor
## New York, New York 10006-2288

Writer's New York Telephone Ext.: 232　　　　　　　　　　　　　　　　　　　Telephone **(212) 943-0110**
Writer's Email: jpoles@polestublin.com　　　　　　　　　　　　　　　　　　Facsimile (212) 269-9875

**Respond to New York, New York Address**

December 4, 2014

**BY ECF**

Hon. Lorna G. Schofield
U.S. District Court, Southern District of New York
40 Centre Street – Courtroom 1106
New York, New York 10007

Re:　*Sea Trade Maritime Corporation et al. -v- Stelios Coutsodontis et al.*
　　　1:09-cv-00488 (LGS)(HBP)
　　　Our File No. 26,090

Dear Judge Schofield:

　　　We represent STELIOS COUTSODONTIS and FRANCESCA ELENI COUTSODONTIS ('*Francesca Coutsodontis*'), defendants in the above-reference action. Defendants apologize to the Court for being placed in the position of having to yet again respond to Plaintiffs' misrepresentations.

　　　First, the document production of which Plaintiffs speak is in New York State court action, not the action before this Court. In essence, Plaintiffs are complaining that their attempts to circumvent Judge Pitman's order closing discovery as to General Maritime by seeking that discovery in the New York State court action is impacting their ability to answer Defendants' summary judgment motions. As we noted in our prior letter to the Court, what Plaintiffs are seeking is an eleven-years-old confirmation of wire transfer from UBS in Switzerland confirming what **Defendant Coutsodontis has already admitted to**—a loan of USD 3,000,000.00 through General Maritime.

　　　Second, in an attempt to add mystery and intrigue to their request, Plaintiffs allege that General Maritime Enterprises Corporation ('*General Maritime*') is the "alter ego entity" of Defendant Coutsodontis. Not only is there not a scintilla of evidence to support this allegation—which is why Plaintiff has failed to offer any support—but Plaintiff knows this allegation to be false. Indeed, it was **Christy George Peters, father of Plaintiff George Peters,** who formed General Maritime Corporation. See Doc. Nos. 169-4 and 169-5. Defendant Coutsodontis' name appears nowhere in these documents nor do Plaintiffs offer any documents or arguments contesting these documents.

　　　Third, Plaintiffs admit that the vessel in question, the M/V ATHENOULA, was purchased and

owned by Attika International Navigation SA, and not General Maritime. In point of fact, Mr. Nikolaos A. Kotakis, treasurer and a director of General Maritime, confirms that General Maritime managed the M/V ATHENOULA for Attika and that the USD 3,000,000.00 was used to purchase the M/V ATHENOULA. See Doc. No. 169, ¶¶13–14. Ultimately, Plaintiffs speciously allege that the M/V ATHENOULA was purchased to compete directly with Sea Trade Maritime Corporation's vessel. Here, some perspective is in order. There are more than 6,000 "bulkers" trading for cargos in the world's markets. With these market statistics, how can one seriously conclude that any specific single vessel is generally competing with another specific vessel. When asked about the alleged issue of direct competition by Defendants hypothetical vessel against Sea Trade, Plaintiff George Peters responded as follows:

> Q. Well, how many times did the M/V ATHENA directly compete for – for charter parties or cargo with any of these aforementioned vessels?
>
> A. Well, when you say "directly," I'm not sure exactly what you mean. There is a limited pool of cargo in the world, and there is so many Panamax ships. So, every ship in a similar class is always competing with the others.
>
> Q. All right. Do you know of any specific time or any specific event where the M/V ATHENA lost a cargo or a charter party to any of Captain Coutsodontis' vessels?
>
> A. I can't say directly. But for every -- for every cargo taken off the market by a competitor there is one less cargo available for the other ships.

Defendant's motion for summary judgment addresses the issues of the alleged wrongful arrests and the alleged fiduciary duty. Arguendo, even if Plaintiffs had been somehow denied discovery, which Defendant Coutsdontis denies, Defendants fail to see its relevance to the summary judgment motions before the Court.

We thank the Court in advance for its consideration.

Very truly yours,
POLES TUBLIN STRATAKIS & GONZALEZ, LLP

/s/ John G. Poles

John G. Poles