BEYS STEIN MOBARGHA & BERLAND LLP
JASON H. BERLAND
646.755.3604 (Direct)
jberland@beysstein.com

December 4, 2014

**VIA ECF**

The Honorable Justice Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square – Room 1106
New York, NY 10007

Re: *Sea Trade Maritime Corp. v. Coutsodontis, et al. (Index No. 09 Civ. 488 (LGS) (HBP)), Response to Blatant Misrepresentation in Defendant Coutsodontis's December 4, 2014 Letter*

Dear Judge Schofield:

    We are counsel to Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters ("Peters") in the above referenced action. We apologize for submitting yet another letter in connection with our request for an extension of time to oppose summary judgment. However, we are compelled to correct a blatant misrepresentation made by Coutsodontis's counsel.

    Coutsodontis's counsel falsely states that the discovery we are seeking "is in the New York State court action." However, as shown below, Plaintiffs have requested information concerning the $3 Million transfer in a document request in **this** action. Specifically, Document Request No. 3 specifically requests the following:

> All documents reflecting wire transfers sent to General Maritime by Coutsodontis and/or Francesca Eleni Coutsodontis or by any entity in which Stelios Coutsodontis and/or Francesca Eleni have an interest and all wire transfers sent by General Maritime or any corporation or individual owing vessels manage by General Maritime to Coutsodontis and/or Francesca Eleni Coutsodontis, or any entity in which they have an interest.

    Defendants never objected to this request or any other of Plaintiffs' document requests. Most notably, in a September 24, 2014 compliance conference, Judge Pitman unambiguously ordered that Defendants produce documents responsive to this request and the 24 other requests. Defendant Coutsodontis still has refused to comply. The only conclusion is that Defendants have something to hide.

      And herein lies the problem – Coutsodontis does not even acknowledge that there is an outstanding documents request in <u>this</u> action. With such willful blindness to his obligations under the Federal Rules of Civil Procedure, it is no wonder that Plaintiffs are forced to seek an adjournment of the summary judgment motion.

                                              Respectfully submitted,

                                              */s/ Jason H. Berland*
                                              Jason H. Berland
                                              *Counsel for Plaintiffs*