# Poles Tublin Stratakis & Gonzalez, LLP
## 46 Trinity Place – Fifth Floor
## New York, New York 10006-2288

Writer's New York Telephone Ext.: 232  
Writer's Email: jpoles@polestublin.com

Telephone (212) 943-0110  
Facsimile (212) 269-9875

**Respond to New York, New York Address**

January 7, 2015

**BY ECF**

Honorable Henry B. Pitman  
United States District Court – Southern District of New York  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl Street  
New York, New York   10007-1312

Re:   *Sea Trade Maritime Corporation et al. -v- Stelios Coutsodontis et al.*  
      1:09-cv-00488 (LGS)(HBP)  
      Our File No. 26,090

Dear Judge Pitman:

We represent STELIOS COUTSODONTIS and FRANCESCA ELENI COUTSODONTIS ('*Francesca Coutsodontis*'), defendants in the above-reference action.  We are writing in response to Plaintiffs' December 30, 2014 letter to the Court (Doc. No. 190 – '*Plaintiffs' Letter*').

Defendants take strong exception to Plaintiffs' hyperbolic contrivances which not only ignore Defendant's compliance with this Honorable Court's Orders of September 24, 2014 and December 10, 2014 to produce all documents sought in Plaintiffs' April 2014 document request, but vainly attempts to create issues where none exist.  Indeed, Plaintiffs even contradict their own arguments to the Court within their letter.

More specifically, Plaintiff's First Request for Production of Documents contained 25 requests. Pursuant to this Court's Orders of September 24, 2014 and December 10, 2014, Defendants submitted on December 22, 2014, a Supplemental Production of Documents, containing a multitude of documents and addressing each and every Request.  Out of those Responses, Plaintiffs, through speculation, innuendos and unfounded accusations in a brazen attempt to create "non compliance" and thus assert a false claim for sanctions, now allege that there was deficient production in nine (9) of them.  We shall deal with each of them *seriatim*.

**I.     Coutsodontis complied with Requests Nos. 2 & 3.**

Request No. 2 sought "all bank accounts in the name of Coutsodontis or in the name of an entity in which Coutsodontis has an interest reflecting the receipt of funds from General Maritime" and Request No. 3 sought all documents reflecting wire transfers sent to General Maritime by Coutsodontis and all wire transfers sent by General Maritime or any corporation or individual owning vessels manage by General Maritime to Coutsodontis. Plaintiffs allege that

> Quite simply, and directly to the point of Defendants' once again deficient production, if a wire does in fact exist demonstrating that General Maritime returned $3 million dollars, plus interest, to Coutsodontis, **Defendants have failed to produce this evidence.** (*Emphasis added*.)

Indeed, Defendants produced:

> A.     Letter from Coutsodontis, dated May 14, 2011, to UBS AG, Private Banking (a copy attached hereto as EXHIBIT A).
>
> B.     Confirmation of U.S.D. 3,000,000 wire transfer, dated April 2, 2003, from UBS (Lausanne, Switzerland) to General Maritime Enterprises Corp. ('*General Maritime*') (a copy attached hereto as EXHIBIT B).
>
> C.     June 12, 2012 wire transfer confirmation from Beekman Shipping Corporation ('*Beekman Shipping*') to Meltzer, Lippe & Goldstein, LLP (Coutsodontis' tax attorney) in the amount of U.S.D. 3,614,000.00 (a copy attached hereto as EXHIBIT C).
>
> D.     June 13, 2012 wire transfer confirmation from Meltzer, Lippe & Goldstein, LLP to Coutsodontis in the amount of U.S.D. 3,614,000.00 (a copy attached hereto as EXHIBIT D).
>
> E.     June 5, 2012 - July 3, 2012 HSBC bank statement for the account of Coutsodontis showing deposit in the amount of U.S.D. 3,614,000.00 (a copy attached hereto as EXHIBIT E).

Plaintiffs' acknowledge that Coutsodontis was loaning U.S.D. 3,000,000.00 to General Maritime to be used to purchase a vessel for Attika International Navigation S.A. ('*Attika*'). Plaintiffs' also acknowledge that Attika sold its assets and liabilities to Beekman Shipping in 2007 (see Plaintiffs' Letter, pg. 6, last ¶). Defendants' produced the confirmation of the wire transfer from Beekman Shipping Corp. to Meltzer, Lippe & Goldstein, LLP (Coutsodontis' tax attorney) on or about June 12, 2013 repaying Coutsodontis' loan in the amount of U.S.D. 3,614,000.00 (U.S.D. 3,000,000.00 principal plus U.S.D. 614,000.00 interest) together with a copy of Coutsodontis' HSBC bank

statement showing the deposit of the same U.S.D. 3,614,000.00. In other words, Defendants produced all of the documents requested.

Furthermore, we must point out that Plaintiffs knew Attika's assets and liabilities had been sold to Beekman Shipping and, therefore, Coutsodontis had complied with this Court's Orders (see Plaintiffs' Letter, pg. 6). Nonetheless, Plaintiffs spend the next four (4) pages of their letter engaging in hyperbole and contrivance raising unfounded arguments and attempting to create facts through speculations which have nothing to do with document production but, rather, over documents they never sought.[1]

**II.     Coutsodontis complied with Requests Nos. 11 & 12.**

Request No. 11 sought all documents reflecting an ownership interest of Coutsodontis in Attika and Request No. 12 sought all documents reflecting the Board of Directors and Officers of Attika. Coutsodontis produced:

>   A.    December 18, 2014 letter of Nikolaos A. Kotakis, former Director/Secretary of Attika International Navigation, S.A. (a copy attached hereto as EXHIBIT F).
>
>   B.    Registration [Report] for Attika dated May 25, 2009 (a copy attached hereto as EXHIBIT G).
>
>   C.    Notarial Act dated September 23, 2003 (a copy attached hereto as EXHIBIT H).
>
>   D.    Notarial Act dated August 28, 2007 (a copy attached hereto as EXHIBIT I).
>
>   E.    December 18, 2014 email of Frank de la Guardia summarizing his search of the Panamanian Public Registry of Corporations (a copy attached hereto as EXHIBIT

---

[1] By way of example, Plaintiffs argue, at page 2 of their letter, that

>   Defendants quite simply did not produce any documentation indicating that $3 million was transferred from General Maritime to Coutsodontis or his tax lawyers, which would have supported their story that Ekaterini and Nikolaos Kotakis ("Kotakis") at General Maritime were paying back a 2003 loan made from Coutsodontis for the purchase of a vessel for a company they managed called Attika International Navigation S.A. ("Attika").

Plaintiffs' document production request never sought documents supporting the fact that Coutsodontis' U.S.D. 3,000,000.00 was a loan to General Maritime for the purchase of a vessel by Attika.

3

J).

During a deposition in a parallel matter, Coutsodontis testified

> Q: What was the purpose of putting you on the board [of Attika]?
> A: Out of respect and gratitude for me advancing them the loan [of U.S.D. 3,000,000.00.
> Q: Okay. So, it was just in name only?
> A: Name only.

Despite Coutsodontis' status as a "name only" officer and director of now defunct Attika (as the document production and Plaintiffs' own letter confirm),[2] Coutsodontis and Defendants' counsel nonetheless reached out to both Nikolaos Kotakis and a Panamanian lawyer in an attempt to provide the requested documents. Other than what was produced, Coutsodontis has neither possession nor control over any other documents relating to Attika even though Coutsodontis was named as a nominal officer and director, without access to the books and records of the company.[3]

### III.  Coutsodontis complied with Requests Nos. 13 & 14.

Request No. 13 sought all documents reflecting the ownership of Beekman Corp. and Request No. 14 sought all documents reflecting the Board of Directors and Officers of Beekman Corp. In response, Defendants stated that they, "or either of them, have no interest in a company named Beekman Corp. and have no documents to produce."

In their letter, Plaintiffs intentionally attempt to mislead this Honorable Court by short-forming "Beekman Shipping Corp." as "Beekman" and then, claim that "Beekman Shipping Corp." and "Beekman Corp." are one and the same corporation (for which Plaintiffs provide no evidentiary support). Plaintiffs' document production request never sought documents from "Beekman Shipping Corp." and Defendants should not be expected to speculate that Plaintiffs, by referring to documents for Beekman Corp., were actually seeking documents for Beekman Shipping Corp., particularly since Plaintiffs already possessed the documents included in Exhibit N to their letter to this Court (the Beekman Shipping Corp. documents).

Defendants respectfully point out that in New York State, alone, the Department of State, Division of Corporations, through January 6, 2015, listed 244 business entities containing the name "Beekman." (See EXHIBIT K attached hereto.) The State of Delaware, Department of State: Division

---

[2] Plaintiffs acknowledge that the Kotakis family represented both Attika (the seller) and Beekman Shipping Corp. (the buyer) in the sale and purchase of the assets and liabilities of Attika. (See Plaintiffs' letter, pg. 6, last ¶.) Coutsodontis' name does not appear in that transaction.

[3] The cases cited by Plaintiffs relating to the officers' authority to access the corporate books and records are inapplicable since Attika was a Panamanian company.

of Corporations, as of the same date, listed <u>77</u> business entities containing the name "Beekman." (See EXHIBIT L attached hereto.) In Panama there are 5 business entities containing the name "Beekman," including one named "Beekman Corporation." (See EXHIBIT M attached hereto.) Coutsodontis' name does not appear anywhere on this report from the official Panamanian website. Defendants note that all of the aforesaid documents were readily available to Plaintiffs on the internet when they made their misleading charge and plea for the imposition of sanctions to this Court.

### IV.   Coutsodontis complied with Requests Nos. 15 & 16.

Request No. 15 sought all documents reflecting the ownership of Beekman Wilton Corp. and Request No. 16 sought all documents reflecting the Board of Directors and Officers of Beekman Wilton Corp. Defendants responded that they, "or either of them, had no interest in a company named Beekman Wilton Corp. and have no documents to produce."

Here, as with Plaintiff's other complaints of purported non-compliance, Plaintiffs engage in sheer speculation, hyperbole, and unfounded assumptions. The fact that one of the Defendants leased a property owned by Beekman Wilton Corp. does not entitle that Defendant to access to the books and records of Beekman Wilton Corp. or to documents reflecting the owners, officers, and/or directors of Beekman Wilton Corp. Further, acting as a trustee of a trust does not give the trustee access to documents of the seller in the transaction leading to the establishment of the trust or that those documents would include the names of the owners, officers, and/or directors of the seller, Beekman Wilton Corp.

### V.   Coutsodontis was not obligated to produce IRS documents

Point V seeks production of documents from the IRS blessing Coutsodontis's loan to General Maritime. These documents were not requested in the April, 2014 document request or this Court's Orders of September 24, 2014 and December 10, 2014. The reference to the statements made by Defendants' counsel at the December 10th hearing dealt with production of IRS documents in another proceeding pending in the State courts. Similarly, the reference to a George Peters' subpoena in 2009 involved an intra family legal dispute between *Peters v. Peters*, where Captain Coutsodontis had no part whatsoever. The rest of Plaintiffs' arguments constitute unfounded speculation requiring no response.

### VI.   Coutsodontis complied with Request No. 24.

Request No. 24 sought production of correspondence from Coutsodontis to Colonial Navigation Corp., Byzantine Corp., or its principals or employees during the period of Athena Eliades' management of Sea Trade Maritime Corp. to the present. Here, Plaintiffs argue that a single letter directed to Plaintiff George Peters **c/o** Colonial Navigation Corp. is the equivalent of a letter written to Colonial Navigation Corp. and that Defendants' failure to produce a copy of this single missive is grounds for the imposition of sanctions. Defendant will not waste the Court's time arguing this

point.

As to the footnoted speculation regarding Defendants' social security numbers (page 7 of Plaintiffs' letter), while Defendants cannot explain the mistaken/inaccurate reporting by Lexis/Nexis, the only social security numbers possessed by Defendants are the ones supplied by Defendants in their document production.

The purpose of the Court's Orders were not to create contrived conspiratorial speculations. Rather, the September 24, 2014 and December 10, 2014 Orders specifically set forth the requirement that Defendants comply with the production of the documents requested in the April, 2014 document request. Despite Plaintiffs' unfounded assumptions and scandalous accusations, Defendants have complied with this Honorable Court's orders of and have produced all documents in their possession and/or control sought in the April, 2014 document request. As stated in *Monaghan v. SZS 33 Associates, L.P.,* 148 F.R.D. 500, 509 (S.D.N.Y. 1993), "Rule 37 sanctions ... are generally appropriate **only when** there is some element of culpability present in the actions of a party failing to comply with a discovery order, that is, **the party's failure must be willful, in bad faith, or through fault**." (*Emphasis added.*) *Id.* at 509. Here, Plaintiff's have failed to point to a single example of documents sought in that April, 2014 document request that were willfully withheld or any evidence of willfulness, bad faith, or fault on the part of Defendants. Instead, Plaintiffs have engaged in hyperbole and contrived speculative arguments. Such unfounded arguments are not grounds for the imposition of sanctions (although such behavior may form the basis for the imposition of sanctions upon Plaintiffs). Accordingly, Defendants request that the Court reject Plaintiffs' demands for sanctions and relegate the parties to the litigation of this case on the merits.

We thank the Court in advance for its consideration.

Respectfully,
POLES TUBLIN STRATAKIS & GONZALEZ, LLP

/s/ John G. Poles

John G. Poles