UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SEA TRADE MARITIME CORPORATION
and GEORGE PETERS,

       Plaintiffs,

    -against-

           Index No. 09 Civ. 488 (LGS) (HBP)

STELIOS COUTSODONTIS, *et al.*,

       Defendants.
------------------------------------------------------------x

### PLAINTIFFS' LOCAL RULE 56.1(b) RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS REQUIRING THE DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

   Plaintiffs, by and through their attorney, Beys Stein Mobargha & Berland LLP,

hereby submit their Local Rule 56.1(b) Response to Defendants' Statement of

Undisputed Material Facts and their Statement of Additional Undisputed Material Facts

Requiring the Denial of Defendants' Motion for Summary Judgment as follows.

**Response to Defendants' Statement of Undisputed Material Facts**

1.  Sea Trade was organized under the laws of the Republic of Liberia in July, 1992.

**Response:**

   Defendants fail to comply with the requirements of Local Rule 56.1(d), in that

they fail to add a citation of evidence that would support their proposed undisputed

material fact.  *See*, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) (failing to

deem defendant's factual assertions as admitted where they were unsupported by the

record).

2.      The Certificate of Incorporation of Sea Trade provided that the authorized number of shares shall be 500.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

3.      At the first meeting of the Board of Directors of Sea Trade held on July 30, 1992, the Directors approved and established a set of By-Laws ("By-Laws") for Sea Trade.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

4.      According to the By-Laws, Article II, Section 2, Sea Trade is required to hold meetings of Stockholders every year on July 8th.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

5.      Based on the minutes of Sea Trade's Stockholders' meetings, Athena Eliades ("Athena") and Elias Eliades ("Elias") were the only individuals that appeared at such meetings, either in person or duly represented.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

6.      Elias Eliades died in September 1996.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

7.      Following the death of Elias Eliades, his wife, Athena Eliades, became the owner of his shares in Sea Trade.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

8.      According to the By-Laws, Article III, Section 1, the Board of Directors retain exclusive power to manage and control Sea Trade.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

9.      *Title 5 Associations Law of the 1976 Liberian Codes of Laws Revised*, known as the Liberian Corporation Law, provides, in § 6.1, as follows:

Subject to limitations of the articles of incorporation and of this Act as to actions which shall be authorized or approved by the shareholders, **all corporate powers shall be exercised by or under authority of, and the business and affairs of every corporation shall be managed by, a board of directors**.  (Emphasis added.)

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

Additionally, Defendants improperly cite legal authority to argue that the power to run Sea Trade purportedly lies exclusively with the Board of Directors.  *See*, *Rodriguez v. Schneider*, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999) (Rule 56.1 Statements are not argument).

10.     Section 701 of New York Business Corporation Law states:

Subject to any provisions in the certificate of incorporation … **the business of a corporation shall be managed under the direction of its board of directors**, each of whom shall be at least eighteen years of age. (Emphasis added.)

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

Additionally, Defendants improperly cite legal authority to argue that the power to run Sea Trade purportedly lies exclusively with the Board of Directors.  *See*, *Rodriguez*, 1999 WL 459813, at *1 n.3 (Rule 56.1 Statements are not argument).

11.     Similarly, Title 8, Chapter 1, 141(a) of the Delaware General Corporation Law

reads:

> **The business and affairs of every corporation** organized under this
> chapter **shall be managed by or under the direction of a board of
> directors**.  (Emphasis added.)

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that

they fail to add a citation of evidence that would support their proposed undisputed

material fact.  *See*, *Holtz,* 258 F.3d at 74.

Additionally, Defendants improperly cite legal authority to argue that the power

to run Sea Trade purportedly lies exclusively with the Board of Directors.  *See*,

*Rodriguez*, 1999 WL 459813, at *1 n.3 (Rule 56.1 Statements are not argument).

12.     The corporate minute book of Sea Trade shows that the last annual meetings of

Stockholders and Board of Directors were held on July 8, 1994.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that

they fail to add a citation of evidence that would support their proposed undisputed

material fact.  *See*, *Holtz,* 258 F.3d at 74.

13.     The Sea Trade minute book contains no record of any discussion or motions

either by the Stockholders or by the Board of Directors, approving or authorizing anyone

to issue a broad, general Power of Attorney to George Peters ("Peters").

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that

they fail to add a citation of evidence that would support their proposed undisputed

material fact.  *See*, *Holtz,* 258 F.3d at 74.

Additionally, Defendants improperly argue that there is no record approving or authorizing the issuance of Peters's Power of Attorney to run Sea Trade.  *See*, *Rodriguez*, 1999 WL 459813, at *1 n.3 (Rule 56.1 Statements are not argument).

Irrespective of Defendants' failure to comply with the Local Rules, Plaintiffs have the following response, which demonstrates facts in dispute:

Defendant Stelios Coutsodontis ("Coutsodontis") and his counsel have repeatedly made the factual assertion that Peters was in fact running Sea Trade under a valid Power of Attorney.  *See,* September 30, 2008 Affidavit of Stelios Coutsodontis, ¶ 6, Exhibit 4 to the Affirmation of Jason H. Berland ("Berland Affirmation") ("Based on a power of attorney signed by Athena on August 18, 1992, as President of Sea Trade, [Peters] was authorized to manage [Sea Trade's] assets."); *see also* on-the-record statement at a October 2, 2008 Hearing before Hon. Naomi R. Buchwald, at 19, 20, 36, Exhibit 5 to the Berland Affirmation ("[W]hen the owner of the ship was alive, she had given her nephew powers to operate the ship" and …. "George Peters has proceeded under a power of attorney."); *see also* Coutsodontis's statement in his Lawsuit Before the Multimember Court of First Instance of Piraeus, dated October 9, 2008, ¶ 10, Exhibit 6 to the Berland Affirmation (George Peters "administers de facto [Sea Trade] by virtue of a general power of attorney which seems to have been given to him by my late sister Athena [Eliades]."); *see also* November 20, 2014 Deposition of Stelios Coutsodontis, at 141, 144, 154, Exhibit 7 to the Berland Affirmation (Peters has a power of attorney and Peters was "attorney-in-fact" of Sea Trade and Coutsodontis "had no reason to raise any concerns" about Peters's power of attorney.).

14.     There is no record in Sea Trade's books of Peters submitting written reports to the

Stockholders or Board of Directors, regarding his activities, decisions, the company's

financial condition or any other matter, as the purported attorney in fact for the

corporation.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that

they fail to add a citation of evidence that would support their proposed undisputed

material fact.  *See*, *Holtz,* 258 F.3d at 74.

Additionally, Defendants improperly argue that there is no record of Peters's

Power of Attorney to run Sea Trade in the company's books.  *See*, *Rodriguez*, 1999 WL

459813, at *1 n.3 (Rule 56.1 Statements are not argument).

15.     The names and addresses of Sea Trade's stockholders are not listed in the minutes

of any Stockholders' or Board of Directors' meetings.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that

they fail to add a citation of evidence that would support their proposed undisputed

material fact.  *See*, *Holtz,* 258 F.3d at 74.

Irrespective of Defendants' failure to comply with the Local Rules, Plaintiffs have

the following response, which demonstrates facts in dispute:

The names of Sea Trade's stockholders are listed in official Sea Trade documents.

*See*, Sea Trade Record of Certificates, Exhibit 2 to the Berland Affirmation.

16.     Written representations made by or on behalf of Sea Trade to the First National

Bank of Maryland in February 1998, showed that Athena was the sole Stockholder,

Officer and Director of Sea Trade.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact. *See*, *Holtz,* 258 F.3d at 74.

Additionally, Defendants improperly argue that written, submitted bank documents conclusively establish that Athena was the sole shareholder of Sea Trade in 1998. *See*, *Rodriguez,* 1999 WL 459813, at *1 n.3 (Rule 56.1 Statements are not argument).

Irrespective of Defendants' failure to comply with the Local Rules, Plaintiffs have the following response, which demonstrates facts in dispute:

After a 1997 bombing, the M/V Athena needed emergency repairs. *See*, July 1, 2014 Hearing before Hon. Eileen Rakower, at 12, Exhibit 10 to the Berland Affirmation. In an effort to get a 1998 loan by the Bank of Maryland approved quickly, Peters and his mother, Anna Peters ("Anna"), physically tendered their shares to Athena so that Athena could correctly represent to the bank she was the sole owner of Sea Trade. *Id.* At a later time, the shares were physically returned to Peters and Anna and the status quo was restored. *Id.* Prior to obtaining the loan, Athena owned 300 shares of Sea Trade, Anna owned 150 shares and Peters owned 50 shares. *See*, November 13, 2014 Deposition of George Peters, at 22, Exhibit 11 to the Berland Affirmation. Because "time was of the essence" after the ship was bombed, the three shareholders "agreed that [Athena] would hold them temporarily." *Id.*, at 23, 128. Moreover, the three "felt that it would be much more expeditious and a much simpler transaction if there was just one owner rather than

multiple owners" during the financing.  *Id.*, at 23.

17.     Written documents prepared and submitted to All First Bank N.A. ("Bank") on or about May 28, 2002, in connection with a loan given by the Bank to Sea Trade, contained representations that Athena was the sole Stockholder, Officer and Director of Sea Trade.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

Irrespective of Defendants' failure to comply with the Local Rules, Plaintiffs have the following response, which demonstrates facts in dispute:

In 2002, when the M/V Athena was refinanced, there was a second transfer of shares "back and forth" between Peters, Anna and Athena.  *See*, November 13, 2014 Deposition of George Peters, at 139, Exhibit 11 to the Berland Affirmation.  This transfer was done because the parties to the refinancing "wanted to be technical very correct."  *Id.*

18.     A negative Pledge Agreement signed by Athena and witnessed by Anna Peters on May 21, 2002, pledged to the Bank, among other things, not to "dispose of any of her stockholdings in the Borrower" (Sea Trade).

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

19.     George Peters was appointed attorney in fact to sign any and all documents, on behalf of the borrower, Sea Trade, as may be required in order to close this loan.

9

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

20.    George Peters signed and delivered to the bank several documents required in order to conclude the loan to Sea Trade.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

21.    Athena died on January 13, 2003.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

22.    At the time of Athena's death, the loan by Sea Trade to All First Bank N.A. was outstanding.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

23.    Since the death of Athena, Sea Trade had no elected Officers and Directors.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

24.     In a holographic Will made by Athena on August 2, 1999, she bequeathed 250 shares of Sea Trade to Stylianos Coutsodontis ("Coutsodontis") and the remaining 250 shares to Anna Peters ("Anna").

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

Irrespective of Defendants' failure to comply with the Local Rules, Plaintiffs have the following response, which demonstrates facts in dispute:

Upon Athena's death in Greece in 2003, her brother, Coutsodontis, was left 250 shares of Sea Trade, and her sister, Anna, was left the remaining 50 shares, bringing Anna's total shares to 200.  *See*, Decision in *Coutsodontis v. Peters, et al.*, 600511/05, Hon, J. Herman Cahn, at 3, Exhibit 12 to the Berland Affirmation.   Coutsodontis and Anna received their respective interests in these shares pursuant to a September 14, 2000 writing purportedly signed by Athena.  *Id.*

25.     In a holographic Will made by Athena on September 14, 2000, she bequeathed 250 shares to Coutsodontis and 50 shares to Anna.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

26.    Except for the Wills described in paragraph numbers 23 and 24 above, no other wills by Athena have been found.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

27.    The Supreme Court of the Republic of Greece, in its decision No. 1421/2014 dated June 26, 2014, held that Athena's Will of September 14, 2000, was legally valid and, pursuant to its terms, Coutsodontis was the lawful owner of 250 shares of Sea Trade and Anna the lawful owner of 50 shares.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed material fact.  *See*, *Holtz,* 258 F.3d at 74.

28.    Anna was an adversary party to the litigation that led to the decision of the Greek Supreme Court mentioned in paragraph 26 above.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that they fail to add a citation of evidence that would support their proposed undisputed

material fact.  *See*, *Holtz,* 258 F.3d at 74.

Irrespective of Defendants' failure to comply with the Local Rules, Plaintiffs have

the following response, which demonstrates facts in dispute:

Sea Trade and George Peters were not parties to the litigation in Greece.  The

only parties were Coutsodontis and his sister, Anna.  *See*, Complaint of *Anna Christy*

*Peters v. Steve Coutsodontis* Before the Multi-Judge Court of First Instance of Athens,

dated January 11, 2005, Exhibit 13 of the Berland Affirmation.

29.     Based on the decision [ ] the Supreme Court of Greece made on June 26, 2014,

Coutsodontis is the lawful owner of 250 shares of Sea Trade, which represents 50% of

the authorized shares of the company.

**Response:**

Defendants fail to comply with the requirements of Local Rule 56.1(d), in that

they fail to add a citation of evidence that would support their proposed undisputed

material fact.  *See*, *Holtz,* 258 F.3d at 74.

Additionally, Defendants improperly argue that Coutsodontis is the lawful owner

of 50% of the authorized shares of Sea Trade based on a Greek court decision. *See*

*Rodriguez*, 1999 WL 459813, at *1 n.3 (Rule 56.1 Statements are not argument).

Irrespective of Defendants' failure to comply with the Local Rules, Plaintiffs have

the following response, which demonstrates facts in dispute:

The Greek Court decision has not been recognized by this Court or any court in

the District.  *See*, September 24, 2014 Hearing before Hon. Henry B. Pitman, at 14,

Exhibit 14 to the Berland Affirmation (the Greek decision "hasn't been recognized in this

court … and there's no collateral estoppel motion pending.").

**Plaintiffs' Statement of Additional Undisputed Material Facts**

1.      Upon the formation of Sea Trade, Peters received 25 shares under Certificate Number 2.  *See*, July 14, 2005 Affidavit of George Peters ("Peters 7/14/05 Aff."), ¶ 6, Exhibit 1 to the Berland Affirmation; *see also*, Sea Trade Record of Certificates, Exhibit 2 to the Berland Affirmation.

2.      In order to keep Coutsodontis from participating in Sea Trade's business, Elias and Peters agreed to restrict the admission of new shareholders into the corporation to those upon whom they both agreed.  *See*, Peters 7/14/05 Aff., ¶ 7.

3.      Sea Trade's Articles of Incorporation (the "Articles") provided:

>       No shareholder of the Corporation shall have the right or power to sell, assign, transfer or otherwise dispose of all or any part of the shares of stock of the Corporation to a person who is not already a shareholder without first obtaining the unanimous written consent of all the other shareholders of the Corporation.

*See*, Peters 7/14/05 Aff., ¶ 8; *see also*, Sea Trade Articles of Incorporation, Exhibit 3 to the Berland Affirmation.

4.      As Elias did not want to participate in the day-to-day operations of Sea Trade, Peters was entrusted with a broad power of attorney, which was signed by Athena, as President, and executed on August 18, 1992.  *See*, Peters 7/14/05 Aff., ¶ 9.

5.      In July 1994, Elias decided to give Peters an additional 25 shares of Sea Trade (Peters's original share certificate for 25 shares was thus surrendered and cancelled and 50 new shares, under Certificate Number 5, were issued to him), while at the same time giving his sister, Anna, who was also Peters's mother, 150 shares under Certificate Numbers 3, 4, 6 and 7.  *See*, Peters 7/14/05 Aff., ¶ 10.

6.      Coutsodontis asked the Greek courts to recognize him as heir of Athena and owner of Athena's shares in Sea Trade.  He did not ask the courts to recognize him as a Sea Trade shareholder, nor was he recognized as such.  *See*, February 4, 2015 Affidavit of Greek attorney Bettina Ulrike Richter, ¶¶ 9.1.1, 9.2, 9.2.1, 9.3, Exhibit 18 to the Berland Affirmation.

7.      On July 31, 2008, Coutsodontis arrested the M/V Athena in Tarragona, Spain. *See*, September 25, 2008 Affidavit of George Peters ("Peters 9/25/08 Aff.), ¶ 9, Exhibit 15 to the Berland Affirmation.

8.      On August 4, 2008, a Spanish court lifted the arrest and permitted the Athena to once again engage in trade.  *See*, Peters 9/25/08 Aff., ¶ 11.

9.      After the Spanish arrest was lifted, Sea Trade was not immediately able to secure an alterative charter agreement.  *See*, Peters 9/25/08 Aff., ¶ 13.

10.     Sea Trade was awarded compensatory damages as a result of the wrongful arrest. *See*, May 29, 2013 Translated Decision of the Tarragona Provincial Court, at 8, Exhibit 16 to the Berland Affirmation.

11.     The Spanish court did not rule on the merits of the case when it deemed the arrest of the M/V Athena unlawful.  *See*, September 30, 2008 Affirmation of Scott. R. Johnston, ¶ 12, Exhibit 23 to the Berland Affirmation ("It must be emphasized that the Spanish court did not rule on the merits of the case at all.").

12.     On August 27, 2008, Coutsodontis once again arrested the vessel, this time in New Orleans, Louisiana.  *See*, Peters 9/25/08 Aff., ¶ 16.

13.     Coutsodontis did not advise the court in New Orleans that he had arrested the M/V Athena at its last port of call in Spain and that the Spanish court had determined the

arrest wrongful and lifted the arrest.  *See*, Peters 9/25/08 Aff., ¶ 19.

14.     On September 12, 2008, the United States District Court for the Eastern District of Louisiana vacated the arrest.  *See*, Peters 9/25/08 Aff., ¶ 20.

15.     As a result of the arrest in Louisiana, Sea Trade suffered extensive monetary damages.  *See*, Peters 9/25/08 Aff., ¶ 22.

16.     Coutsodontis arrested the M/V Athena "to protect his interest" even if the arrests "would cause Sea Trade to lose additional money" or "the company was going to be destroyed at the time."  *See*, November 21, 2014 Deposition of Stelios Coutsodontis, at 358-360, Exhibit 8 to the Berland Affirmation.


Dated:   New York, New York
             February 18, 2015

Beys Stein Mobargha & Berland LLP

By: */s/Jason H. Berland*
     Jason H. Berland, Esq. (JB4136)
     Nader Mobargha (NB8359)
     The Chrysler Building
     405 Lexington Avenue – 7th Floor
     New York, NY  10174
     Tel: 646-755-3604

     *Attorneys for Plaintiffs*


cc:     Christ Stratakis, Esq. (via ECF)
         John Poles, Esq. (via ECF)