BEYS STEIN MOBARGHA & BERLAND LLP
JASON H. BERLAND
646.755.3604 (Direct)
jberland@beysstein.com

February 23, 2015

**VIA ECF**

The Honorable Henry Pitman U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: <u>*Sea Trade Maritime Corp. v. Coutsodontis*, *et al*.; Index No. 09 Civ. 488 (LGS) (HBP), Response to Defendants' February 12, 2015 Production</u>

Dear Magistrate Judge Pitman:

  We are counsel to Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters ("Peters") in the above referenced action. We write in response to Defendants' February 12, 2015 production of limited IRS documents.

  As we stated in our February 13, 2015 letter to the Court, Defendants' counsel previously represented to this Court that the $3 million transfer from Coutsodontis to General Maritime " … was a loan and <u>declared a loan to the IRS</u>. <u>IRS accepted that</u>." Counsel further represented that they would produce documents from the IRS and Coutsodontis's tax attorneys establishing the truth of this assertion. Defendants failed to produce these documents by December 22, 2014, which was the initial date Your Honor ordered all documents produced.

  Based on Defendants' representations, at the discovery conference on February 11, 2015, Your Honor ordered that Defendants had to produce the IRS documents concerning the "loan" to General Maritime and the repayment of that "loan." The following exchange between the Court and counsel leaves no doubt about what the Defendants promised to produce and what the Court ordered them to produce:

<u>The Court</u>: All right, Mr. Poles, **are there any records from the IRS concerning the loan or the repayment of the loan**?

….

<u>The Court</u>: …. I did think you did say in December you were going to produce them.

….

<u>The Court</u>: All right.  **So you're going to produce the IRS documents concerning the repayment of the loan and the loan**.

<u>Mr. Poles</u>: To the – and attach it to the deposition, **yes**.

….

<u>The Court</u>: Is there any reason why you can't produce the IRS documents by a week from today?

<u>Mr. Poles</u>: Well, we'll try.  I would prefer to have two weeks.

<u>The Court</u>: Well, I'll split the baby, a week from Monday….

….

<u>The Court</u>: Well, is there a reason you can't produce them by Monday?

<u>Mr. Poles</u>: Your Honor, first of all, these documents were not sought –

<u>The Court</u>: No, but we've already, you've already crossed the bridge that you're going to produce them.  A few moments ago you said –

<u>Mr. Poles</u>: **Yes, I will** –

….

<u>Mr. Poles</u>: **We will produce them**.

….

<u>The Court</u>: You've got them in your possession, custody, or control?

<u>Mr. Poles</u>: **They're in the possession, custody, and control of the tax attorneys**.
….

<u>The Court</u>: …. Well, I'm directing that the IRS documents be produced by the 13th.

<u>Mr. Poles</u>: Yes.

     Consistent with their past violations of this Court's orders, Defendants failed to produce these documents by February 13, 2015, the deadline set by this Court for production of these documents.  All Defendants produced was (i) a 3520 form for foreign distributions, which only

indicates that $11 million was distributed from a foreign trust to Coutsodontis[1], and (ii) a Notice of Case Resolution that no taxes were due on this distribution.  Absent from the production was correspondence with the IRS, tax opinions about the transfer, or any documentation indicating that the IRS "accepted" the $3 million transfer to General Maritime as a "loan."  In fact, the mention of a "loan" was nowhere to be found.  This leaves only two possibilities:  Either Defendants misrepresented to the Court the nature of the documents that exist, or Defendants willfully failed to produce the documents they represented existed.

Accordingly, Plaintiffs submit that Defendants' production is incomplete and respectfully request that the Court order (i) Defendants to submit an affidavit that they misrepresented the existence of these documents, and that in fact, they are not aware of any documents from either the IRS or Coutsodontis's tax attorneys demonstrating that the $3 million transfer to General Maritime was "accepted" as a "loan" or (ii) Defendants produce the documents they represented existed within a week.  In either case, we request that the Court impose sanctions and other remedies that the Court deems just and proper for Defendants' willful failure to produce documents and misrepresentations to the Court.

Respectfully submitted,

*/s/Jason H. Berland*
Jason H. Berland

*Counsel for Plaintiffs*

cc: John Poles, Esq. (Via ECF)

---

[1] Ironically, Defendants had previously claimed in a July 28, 2009 letter (previously submitted to the Court) that this document did not exist, as Coutsodontis was not required to file the document.