UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

:

SEA TRADE MARITIME CORPORATION          :          CASE NO.: 09-CIV-00488 (LGS)(HBP)
and GEORGE PETERS,                                          :

:

Plaintiffs,          :

:

– v –          :

:

STELIOS COUTSODONTIS, FRANCESA          :
ELENI COUTSODONTIS, GENERAL          :
MARITIME ENTERPRISES CORP., ATTIKA          :
INTERNATIONAL NAVIGATION SA, and          :
IASON SHIPPING LTD.,                                          :
Defendant.          :

———————————————————————          :


# REPLY MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS'
# MOTION FOR SUMMARY JUDGMENT


POLES TUBLIN STRATAKIS & GONZALEZ, LLP
46 Trinity Place – Fifth Floor
New York, New York 10006-2288
Tel:  (212) 943-0110

*Attorneys for Defendants Stelios Coutsodontis and*
*Francesa Eleni Coutsodontis*

*Of counsel*
CHRIST STRATAKIS
JOHN G. POLES

**TABLE OF CONTENTS**

page

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.  GEORGE PETERS HAD NO AUTHORITY TO MANAGE OR BIND
        SEA TRADE VIA A PURPORTED 1992 POWER-OF-ATTORNEY. . . . . . . . 2

    II.  COUTSODONTIS IS NOT LIABLE FOR ARREST DAMAGES. . . . . . . . . . . . . 3

        A.  Neither of the Arresting Courts Found Bad Faith, Malice, or
            Gross Negligence on the Part of Coutsodontis. . . . . . . . . . . . . . . . . . . . . . 4

        B.  It Is Undisputed That Coutsodontis Acted upon
            the Advice of Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.  Coustodontis' Testimony That He Acted on
                Advice of Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            2.  Coutsodontis Consulted with Counsel And Thereafter
                Acted on Counsel's Advice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    III.  COUTSODONTIS DID NOT OWE A FIDUCIARY DUTY TO PETERS. . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

i

# TABLE OF AUTHORITIES

page

C<small>ASES</small>

*Bin Sand v. Bank of New York*,
    734 F.Supp. 628 (S.D.N.Y., 1990).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Blaustein v. Pan American Petroleum & Transp. Co.,*
    263 A.D. 97, 31 N.Y.S.2d 934 (1ˢᵗ Dept., 1941), aff'd 293 N.Y. 281,
    56 N.E.2d 705 (1944), reargument denied 293 N.Y. 281,
    56 N.E.2d 705 (1944).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*Burka v. New York City Transit Authority,*
    32 F.3d 654 (2ⁿᵈ Cir., 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Carlin v. Gold Hawk Joint Venture,*
    778 F.Supp. 686 (S.D.N.Y., 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cleary v. Higley,*
    154 Misc. 158, 277 N.Y.S. 63 (Sup.Ct., 1934), aff'd per curiam,
    246 App.Div. 698, 284 N.Y.S. 989 (1ˢᵗ Dept., 1935), application for leave
    to appeal denied, 270 N.Y. 673, 284 N.Y.S. 989 (1936). . . . . . . . . . . . . . . . . . . . 10

*Cragin v. De Pape,*
    159 F. 691 (5ᵗʰ Cir., 1908). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Frontera Fruit Co. v. Dowling,*
    91 F.2d 293 (5ᵗʰ Cir. 1937). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

*Gamble v. Queens County Water Co.,*
    123 N.Y. 91, 25 N.E. 201 (1890). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gottesman v. General Motors Corp.,*
    279 F.Supp. 361 (S.D.N.Y. 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kavanaugh v. Kavanaugh Knitting Co.,*
    226 N.Y. 185, 123 N.E. 148 (1919). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Levy v. American Beverage Corp.,*
    265 App.Div. 208, 38 N.Y.S.2d 517 (1ˢᵗ Dept., 1942).. . . . . . . . . . . . . . . . . . . . . 9

*New Hampshire v. Maine,*
     532 U.S. 742, 121 S.Ct. 1808 (2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Palatkevich v. Choupak,*
     2014 U.S. Dist. LEXIS 10570 (S.D.N.Y., January 24, 2014). . . . . . . . . . . . . . . . . . . . . 9

*Portland Shipping Co. v. The Alex Gibson,*
     44 F. 371 (1890).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rand v. Birbrower, Montalbano, Condon & Frank, P.C.,*
     149 F.Supp.2d 96 (S.D.N.Y., 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Santamaria v. 1125 Park Ave. Corp.,*
     238 A.D.2d 259, 657 N.Y.S.2d 20 (1st Dept.,1997).. . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Staunton v. Goshorn,*
     94 F. 52 (4th Cir., 1899). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stevens v. F/V Bonnie Doon,*
     655 F.2d 206 (9th Cir. 1981).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*The Adolph,*
     5 F. 114 (S.D.N.Y. 1880).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tribune Co. v. Purcigliotti,*
     869 F.Supp. 1076 (S.D.N.Y., 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Widmeyer v. Felton,*
     95 F. 926 (Circuit Court, S.D. Ohio, Western Div., 1899). . . . . . . . . . . . . . . . . . . . . . 5

iii

## PRELIMINARY STATEMENT

Plaintiffs' complaint forms the foundation upon which Defendants are moving for summary judgment.  Distilled to its essentials, the complaint sounds in three causes of action:

1.    Stelios Coutsodontis (hereinafter '*Coutsodontis*'), by claiming 50% ownership of Sea Trade Maritime Corporation (hereinafter '*Sea Trade*'), allegedly made fraudulent statements and arrested the M/V ATHENA (hereinafter the '*Vessel*', in Spain and New Orleans), thereby harming the Sea Trade's reputation which caused damages impossible to quantify. Additionally, because the acts were allegedly wanton and motivated by malice, Plaintiffs feel that they are entitled to punitive damages in excess of $15 million.

2.    Coutsodontis, by claiming 50% ownership of Sea Trade and attaching the Vessel, "precluded" Sea Trade from engaging in its corporate purpose and should forfeit his shares in Sea Trade;  and

3.    As an alleged 50% owner, Coutsodontis breached his "fiduciary duty" by reason of these "illegal actions," wherefore, any ownership interest he claims to possess in Sea Trade should be forfeited.

In addition to the three causes of action, Coutsodontis and Francesa Eleni Coutsodontis (collectively hereinafter "*Defendants*') also challenge the legal authority of George Peters to cause Sea Trade to file the action before this Honorable Court.

Simply stated, the issues presented in Defendants' motion for summary judgment, based upon Plaintiffs' complaint, are as follows:

1.    Did George Peters (hereinafter '*Peters*') have legal authority to commence this action on behalf of Sea Trade?

Assuming *arguendo* Peters was possessed of such legal authority, which Defendants

strongly deny,

2. Can Coutsodontis be held liable to Plaintiffs for acting upon the advice of counsel and arresting the Vessel?  and

3. Can Coutsodontis be found to have breached a fiduciary duty to the shareholders of Sea Trade when Coutsodontis has been denied any and all participation in the operations of Sea Trade?

**Based upon documentary evidence and the law heretofore quoted by Defendants, all of which remains uncontested, the unequivocal answer to all three issues is NO.** Plaintiffs deliberately "walk away" from, and fail to legally defend, the allegations of their own complaint.  consequently, as a matter of law, **summary judgment should be granted.**

## LEGAL ARGUMENT

### I.  GEORGE PETERS HAD NO AUTHORITY TO MANAGE OR BIND SEA TRADE VIA A PURPORTED 1992 POWER-OF-ATTORNEY

The threshold issue in this motion is whether Peters had legal authority to commence this action on behalf of Sea Trade.  Defendants, in their moving papers, presented a detailed analysis of the Liberian, New York and Delaware statutory provisions supporting Defendants' contention that **the purported power-of-attorney was invalid and void *ab initio* as a matter of law**.  See DEFENDANTS' MEMORANDUM (Doc. No. 173, hereinafter '*Def. Memo*'), pgs. 3–6.  Further, aside from the relevant statutory mandates, and upon Plaintiffs' own corporate records, there is no evidence that Sea Trade's Board of Directors authorized the instant action.  Defendants also pointed out that Peters is a licensed New York attorney and knew, or should have known, that the power-of-attorney was legally defective and unenforceable *ab initio*.  *Id.* at pg. 4.  Not a single point raised by Defendants

2

relating to the invalidity of the power-of-attorney has been discussed or contradicted by Plaintiffs.

Instead, Plaintiffs attempt to create an issue of fact by relying on *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808 (2001) through the legal concept of judicial estoppel. Plaintiffs' argue that because Coutsodontis had stated Peters was operating Sea Trade pursuant to a power-of-attorney (merely describing the document—not admitting to its validity), then Peters had allegedly (without proffer of support) relied upon Coutsodontis' statement (retrospectively) and thereafter assumed to his detriment that the power-of-attorney was valid!

Coutsodontis and his counsel never stated the power-of-attorney was legally valid. The application of judicial estoppel requires a court adjudication holding that the power-or-attorney was legal—there has been no judicial ruling in this case or any other case.  *Id.* at 749, 121 S.Ct. at 1814.  Put simply, the power-of-attorney is invalid as a matter of law and Coutsodontis descriptive statements identifying the document, no matter how contortedly configured and manipulated by Plaintiffs, will not remove its foundational invalidity.

## II.  COUTSODONTIS IS NOT LIABLE FOR ARREST DAMAGES

The first and second causes of action in their complaint overlap—the core issue in both being damages allegedly resulting from the arrests of the Vessel—therefore, will be addressed together.

Plaintiffs do not contest or challenge the long-standing tenet of admiralty law that

The arrest of a vessel ... is an inconvenience to which the owners must submit as one caused by the exercise of a legal right on the part of the [arresting party] and unless the attachment is ***mala fide***, or by such **gross negligence** as to amount to **bad faith, no damages can be recovered for her detention caused by such arrest.** (*Citations omitted*).  (*Emphasis added*).

3

*The Adolph,* 5 F. 114, 115 (S.D.N.Y. 1880);  see also *Stevens v. F/V Bonnie Doon,* 655 F.2d 206 (9th Cir. 1981);  *Portland Shipping Co. v. The Alex Gibson,* 44 F. 371 (1890).  There must be proved bad faith, malice, or gross negligence on the part of the offending party before liability attaches. *Frontera Fruit Co. v. Dowling,* 91 F.2d 293, 297 (5th Cir. 1937).  Further, nowhere in Plaintiffs' arguments do they contest or challenge another long-standing tenet of admiralty law, to wit, that "the advice of competent counsel, honestly sought and acted upon in good faith is alone a complete defense to an action for malicious prosecution." (*Citations omitted*).  *Id.*

### A.   Neither of the Arresting Courts Found Bad Faith, Malice, or Gross Negligence on the Part of Coutsodontis

Plaintiffs have offered nothing to rebut the fact that neither of the arresting courts found bad faith, malice, or gross negligence on the part of Coutsodontis nor have Plaintiffs pointed to anything contained in either decision which points to such behavior.  Instead, Plaintiffs speculate, without support, that there might be triable issues of facts by suggesting that the facts surrounding the arrests beg the question of Coutsodontis' motive.[1]  Not only do Plaintiffs' speculation lack support, it is flatly contradicted by the fact that neither arresting court found a motive suggesting bad faith, malice, or gross negligence on the part of Coutsodontis.  This question was or should have been addressed by the arresting courts.  Unsatisfied with the decisions of the arresting courts, Plaintiffs now seek to have this Honorable Court act as an appellate court.  Plaintiffs should not be allowed a second bite of the apple in the instant matter.  As stated in *Bin Sand v. Bank of New York*, 734 F.Supp. 628, 632 (S.D.N.Y., 1990), a final judgment on the merits precludes the prevailing party from "relitigating" issues that were or **could have been raised** in that action.  (*Emphasis added*.)

---

[1]  PLAINTIFFS' MEMORANDUM (Doc. No. 210, hereinafter '*Plt. Memo*'), pg. 17.

See also *Carlin v. Gold Hawk Joint Venture,* 778 F.Supp. 686, 693 (S.D.N.Y., 1991) (*Res judicata* "prohibits ... relitigating any claim which could have been or should have been litigated ... [O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."); *Burka v. New York City Transit Authority,* 32 F.3d 654, 657 (2ⁿᵈ Cir., 1994) ("[B]arring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." (*Citations omitted*).); *Tribune Co. v. Purcigliotti,* 869 F.Supp. 1076, 1102 (S.D.N.Y., 1994) ("The doctrine ... prevents parties ... and those in privity with them, from subsequently relitigating any matters that actually were litigated or could have been litigated in the earlier action ... even if the later claim is based on different legal theories or seeks dissimilar or additional relief.")

### B.  It Is Undisputed That Coutsodontis Acted upon the Advice of Counsel

Another long-standing tenet of admiralty law is that "**the advice of competent counsel, honestly sought and acted upon in good faith is alone a complete defense to an action for malicious prosecution**. (*Citations omitted*)." *Frontera Fruit Co. v. Dowling*, 91 F.2d 293, 297 (5ᵗʰ Cir. 1937); citing *Cragin v. De Pape,* 159 F. 691 (5ᵗʰ Cir., 1908);  *Staunton v. Goshorn,* 94 F. 52 (4ᵗʰ Cir., 1899); *Widmeyer v. Felton,* 95 F. 926 (Circuit Court, S.D. Ohio, Western Div., 1899). Plaintiffs do not dispute this tenet of admiralty law.  Instead, Plaintiffs suggest, without support, that this point should not be decided on summary judgment.

### 1.  Coustodontis' Testimony That He Acted on Advice of Counsel

Plaintiffs attempt to mislead this Honorable Court by selectively plucking statements

out of context from Coutsodontis' deposition testimony in another litigation.[2]  Plaintiffs ignored the

following five (5) directly on point exchanges between Coutsodontis and Plaintiffs' counsel in that

same deposition:[3]

> Q.   Can you elaborate on that?
> A.   My sister and/or her son did not wish to acknowledge me as the owner of 250 shares.  So, **upon legal advice, the right thing to do was to arrest her**, to protect my interests.  (*Emphasis added.*)[4]
>
>         *   *   *   *   *
>
> Q.   So, why the need for arresting the M/V ATHENA then?
> A.   We did not consider that efficient enough.  So, **upon advice, we arrested** her to protect my interests.  (*Emphasis added.*)[5]
>
>         *   *   *   *   *
>
> A.   I needed additional steps.  And, as I told you, **I was advised by my attorneys that was the right thing to do.**
> Q.   So, you are relying on the advice of counsel as a defense;  is that correct?
> A.   **Of course I rely on counsel.**
> Q.   No.  But is your defense for the arrest of the ship the advice of counsel?  Is that your defense?
> A.   It was my decision.
> Q.   **You just said that you did it on the advice of counsel.**
>       A.   **Yes, advice**.  But the decision is mine.
> Q.   Okay.  That's fair enough.(*Emphasis added.*)[6]
>
>         *   *   *   *   *
>
> Q.   Okay.  Let me ask you something.  After you lost the Spanish Court Decision, did you have the ship arrested again?
> A.   Yes.
> Q.   Why?

---

[2]  PLT. MEMO, pg. 17.

[3]  When reviewing the deposition testimony, Defendants respectfully advise the Court that Coutsodontis is an 89 year old, retired captain.  English is not his mother tongue.  Additionally, he has a bad heart, back problems and poor hearing.  For several years, he has been preoccupied taking care of his wife who has the dreaded Alzheimer's.

[4]  2-25-15 Declaration of Christ Stratakis, Esq., ¶¶4–5, and Exhibit A thereto, pg. 325.

[5]  *Id.* at pg. 326.

[6]  *Id.* pg. 329.

A.      **On advice of counsel both here and in Louisiana.**  (*Emphasis added*.)[7]

          \*   \*   \*   \*   \*

Q.      **You told me that you were – that you relied on advice of counsel for the arrest --**

A.      **Yes..**  (*Emphasis added*.)[8]

### 2.  Coutsodontis Consulted with Counsel And Thereafter Acted on Counsel's Advice

In addition to the deposition transcript submitted by Plaintiffs, Defendants have submitted to this Honorable Court the affidavits of Christ Stratakis, Esq., sworn to November 17, 2014 (Doc. No. 171), and Daniel A. Tadros, Esq., sworn to November 13, 2014 (Doc. No. 172), wherein both counsel for Coutsodontis document their activities leading to the arrests of the Vessel. The Stratakis affidavit states unequivocally and on personal knowledge that Coutsodontis consulted with him regarding Coutsodontis' options and, based upon counsel's advice, proceeded with the arrests of the Vessel.  Doc. No. 171, pgs. 7–8.

Plaintiffs do not dispute either affidavit or statements regarding advice of counsel given to Coutsodontis.  Rather, Plaintiffs counter with an ad hominem slight[9] and disingenuously argue that (1) these affidavits must be disregarded as having no probative value, citing *Santamaria v. 1125 Park Ave. Corp.,* 238 A.D.2d 259, 657 N.Y.S.2d 20 (1st Dept.,1997) and *Rand v. Birbrower, Montalbano, Condon & Frank, P.C.,* 149 F.Supp.2d 96 (S.D.N.Y., 2001) and (2)  that there are other attorneys who were never deposed by Plaintiffs who might be called to testify.

Also, both *Santamaria* and *Rand* involved attorney affidavits in which the attorneys lacked first-hand knowledge of the facts.  Here, counsel for Coutsodontis proffer nothing but first-

---

[7]  *Id.* pg. 357.

[8]  *Id.* pg. 380.

[9]  "Clearly he and his 'experienced' lawyers knew this to be false."  PLT. MEMO, pg. 19.

hand knowledge of counsel to Coutsodontis in connection with the arrests, consequently, these affidavits have probative effect.

It is undisputed that Coutsodontis inherited 250 shares of Sea Trade in a bequest from his sister, Athena Eliades.  It is also undisputed that Coutsodontis attempted to reach an accord with Peters only to be told by Plaintiffs' then counsel that Peters would never operate Sea Trade with Coutsodontis as a shareholder.  Left with no alternative, Coutsodontis commenced an action in New York and filed a counterclaim in the Greek action.  Upon hearing that the Vessel was to be sold, and after consulting with, and upon the advice of, counsel, Coutsodontis arrested the Vessel.  Defendants respectfully submit that this behavior is within the protection of *Frontera* and Plaintiffs' assumption that other attorneys within the same firm may be called upon to testify on the issue of advice of counsel is speculative and irrelevant.

### III.   COUTSODONTIS DID NOT OWE A FIDUCIARY DUTY TO PETERS

Stock ownership in large, publicly traded companies is treated differently than stock ownership in closed corporations.  In closed corporations there is a presumption of participation in the day-to-day affairs of the corporations by their shareholders.  This presumption notwithstanding, it is still the obligation and burden of the party claiming a breach of fiduciary duty to prove such breach—in the case before this Court, it is the Plaintiffs' burden to prove the alleged breach. *Blaustein v. Pan American Petroleum & Transp. Co.,* 263 A.D. 97, 119, 31 N.Y.S.2d 934, 956 (1st Dept., 1941), aff'd 293 N.Y. 281, 56 N.E.2d 705 (1944), reargument denied 293 N.Y. 281, 56 N.E.2d 705 (1944) ("**Before Indiana could be held as a fiduciary, plaintiffs had the burden of proving that Indiana dominated and controlled Pan Am.**").

Here, Plaintiffs' claim for breach of fiduciary duty is predicated solely on

Coutsodontis' stock ownership.  There is no allegation of domination or control by Coutsodontis; only Coutsodontis' arrest of the Vessel.  See PLT. MEMO, pgs. 23–24.  Significantly, Plaintiffs do not deny or otherwise contest the fact that Coutsodontis was neither recognized as a stockholder by Plaintiffs, nor being completely frozen out of the operations of Sea Trade, let alone dominate or control the company.  Instead, Plaintiffs attempt to rely on *Blaustein* and *Palatkevich v. Choupak,* 2014 U.S. Dist. LEXIS 10570 (S.D.N.Y., January 24, 2014).  In *Palatkevich*, the court forewent a detailed analysis of the requisites and triggers of fiduciary duty obligations due to its determination that the purported oppressed parties were not shareholders and, thus, not owed a fiduciary duty.  The court in *Blaustein*, however, not only performed a detailed analysis of when the duty attaches, but actually held that Defendants, as a matter of law, owed no such duty to Plaintiffs.  More specifically, the court in *Blaustein* held that "Mere ownership of a majority or all the stock of a corporation does not in and of itself spell domination.  Stockholders are not *ipso facto* trustees for each other." *Blaustein* at 119, 31 N.Y.S.2d at 956;  citing *Kavanaugh v. Kavanaugh Knitting Co.*, 226 N.Y. 185, 123 N.E. 148 (1919);  *Gamble v. Queens County Water Co.*, 123 N.Y. 91, 25 N.E. 201 (1890).

Additionally, Judge Metzner, in *Gottesman v. General Motors Corp.,* 279 F.Supp. 361 (S.D.N.Y. 1967), elaborated on this well-established principle holding that

> The New York courts have frequently held that a dominant or majority stockholder does not become a fiduciary for other stockholders merely by reason of his voting power.  It is only when he steps out of his role as a stockholder and begins to usurp the functions of director in the management of corporate affairs that such a duty is imposed.

Id. at 383–384;  citing *Kavanaugh*;  *Levy v. American Beverage Corp.,* 265 App.Div. 208, 38 N.Y.S.2d 517 (1st Dept., 1942); *Blaustein, Cleary v. Higley,* 154 Misc. 158, 277 N.Y.S. 63 (Sup.Ct.,

1934), aff'd per curiam, 246 App.Div. 698, 284 N.Y.S. 989 (1st Dept., 1935), application for leave to appeal denied, 270 N.Y. 673, 284 N.Y.S. 989 (1936).

Here, it is uncontested that Peters had, at all relevant times, exercised complete control of Sea Trade's business operations, records and assets based upon a purported power-of-attorney.  It is also uncontested that Plaintiffs denied recognition of Coutsodontis as a stockholder and **prevented his participation in any of the operations of Sea Trade**.  Finally, neither of the Vessel arresting courts found bad faith, malice, or gross negligence on the part of Coutsodontis in arresting the Vessel.  Thus, the law imposes no fiduciary duty upon Coutsodontis by his mere stock ownership.

## CONCLUSION

For the foregoing reasons, this Honorable Court should enter an Order granting summary judgment, dismissing the Amended Complaint in its entirety as to Defendants Stelios Coutsodontis and Francesa Eleni Coutsodontis, together with such further and different relief as the Court deems just and proper.

Dated:  New York, New York
        February 25, 2015

Yours, etc.
POLES TUBLIN STRATAKIS & GONZALEZ, LLP
*Attorneys for Defendants Stelios Coutsodontis and
        Francesca Eleni Coutsodontis*

By:  /s/ Christ Stratakis
        Christ Stratakis (CS 9741)
        John G. Poles (JP 4812)
        46 Trinity Place – Fifth Floor
        New York, New York 10006-2288
        Tel:   (212) 943-0110
        Fax:  (212) 269-9875