BEYS STEIN MOBARGHA & BERLAND LLP
JASON H. BERLAND
646.755.3604 (Direct)
jberland@beysstein.com

February 27, 2015

**VIA ECF**

The Honorable Henry Pitman U.S.M.J.
United States District Court – S.D.N.Y
500 Pearl Street
New York, NY 10007-1312

      Re:    *Sea Trade Maritime Corp. v. Coutsodontis, et al.*; **Index No. 09 Civ. 488 (LGS) (HBP), Response to Defendants' February 26, 2015 Letter and Production**

Dear Magistrate Judge Pitman:

    We are counsel to Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters ("Peters") in the above referenced action. We write in response to Defendants' February 26, 2015 letter and production of a single non-responsive IRS document.

**I-**    **Defendants violated the Court's Order by failing to produce – or even search – for documents until after the deadline for production had lapsed**

    Defendants letter blatantly violates Your Honor's Order to produce all responsive IRS documents concerning the repayment of Stelios Coutsodontis's ("Coutsodontis") alleged $3 million "loan" to General Maritime by February 13, 2015. Their violation is shown by their latest production, which is almost two weeks past the deadline in the Court's Order. More amazingly, counsel for Defendants did not even ask Coutsodontis to ask his tax attorneys for responsive documents until February 17, 2015 – <u>four</u> <u>days</u> after the deadline had lapsed.

    Additionally, nothing in Defendants' latest production is remotely conclusive evidence that there was a "loan," let alone a "loan" "accepted" by the IRS. All Defendants produced was (i) an IRS 3520 form, which only concerns distributions from a foreign trust[1]; (ii) a Notice of Case Resolution from the IRS concerning a "collection" matter; and (iii) a Schedule B concerning Interest and Ordinary Dividends, in which Coutsodontis merely claims that he earned $624,000 in interest. None of these documents in any way demonstrates that the $3 million transfer was "accepted" or "blessed" as a "loan" by the IRS, despite the fact that Defendants represented to the Court that such documents existed and promised to produce them. What we are left with is the same as before: Defendants' self-serving statements to Plaintiffs and the

---

[1] Strangely, this IRS form was completed a <u>full</u> <u>nine</u> <u>years</u> after the distributions were actually made.

Court that the $3 million transfer was a "loan" and that the "loan" was "accepted" by the IRS.

## II- **Defendants' affidavits do not demonstrate any efforts to actually locate documents that are in their custody or control except what is allegedly located in Coutsodontis's den**

The affidavits filed by Defendants, as ordered by this Court, show that Defendants did not bother to contact any bank or search for bank records and/or financial statements (either on the phone, at the branch or on-line) to determine, as required by our document requests, whether there were any additional wires sent to or received from General Maritime or Beekman Shipping Corporation. The only reason Defendants produced the wire showing the $3 million transfer was because Plaintiffs discovered its existence in a parallel proceeding. Had Plaintiffs not discovered this on their own, this wire would never have been produced.

Regarding the substance of the affidavits, Defendants only generally claim that they went through "every document" in Coutsodontis's den and spoke to their attorneys and accountants. Remarkably, they claim to have spent **seventy hours** complying with Plaintiffs' requests, yet they produced only a handful of documents and only searched one den. This claim, like many other claims made by Defendants, stretches the limits of credibility.

Moreover, it is amazing that Defendants believe their responsibility to look for responsive documents is limited to searching one room. This is clearly not the law. As the Court has stated, if responsive documents can practically be obtained by officers and directors in a corporation, such as Defendants, then said documents are within Defendants' custody or control. As illustrated by the bare affidavits, Defendants did not go to any bank, nor did they attempt to call or write to any potential third party holders (such as banks, insurers, ship brokers, etc.) of potentially responsive documents.

Contrary to Defendants' characterizations, Plaintiffs are not "obsessed" with having sanctions imposed on Defendants. Plaintiffs have only asked that Defendants follow the Federal Rules of Civil Procedure and unambiguous orders of a United States District Court. Rather, Defendants violated this Court's order for the third consecutive time by failing to produce documents by the Court's drop-dead deadline.[2] Apparently, for Defendants, bringing such matters to the Court's attention is tantamount to being "obsessed." Accordingly, Plaintiffs respectfully request that the Court impose any remedies that the Court deems just and proper under the circumstances.

---

[2] Remarkably, Defendants also assert that the documents they have been ordered to produce relate to a parallel state court proceeding and not the federal action. However, as Plaintiffs made clear during the February 11, 2015 conference, the IRS documents in question are in fact responsive to one of Plaintiffs' document requests. Nonetheless, this Court has made it crystal-clear that Defendants have put these documents in issue and has directed their production.

Page 3 of 3

                                                Respectfully submitted,

                                                */s/Jason H. Berland*
                                                Jason H. Berland

                                                *Counsel for Plaintiffs*

cc: John Poles, Esq. (Via ECF)