UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                   :

SEA TRADE MARITIME CORPORATION, et al.,    :
                                   :

                     Plaintiffs,    :        09 Civ. 488 (LGS) (HBP)
                                   :

            -against-         :         OPINION & ORDER
                                   :

STELIOS COUTSODONTIS, et al.,         :
                    Defendants.  :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___8/20/2015__

LORNA G. SCHOFIELD, District Judge:

      This case arises from an intra-family dispute over the ownership of one of the Plaintiffs, a company called Sea Trade Maritime Corporation ("Sea Trade"), which until 2009 owned the ship M/V ATHENA ("the Athena"). Plaintiffs are Sea Trade and George Peters. Defendants are Stelios Coutsodontis and Francesca Eleni Coutsodontis (collectively, the "Coutsodontis Defendants"), General Maritime Enterprises ("General Maritime"), and two defendants who have not appeared in the action. The Coutsodontis Defendants move for summary judgment, which is denied as to Stelios Coutsodontis and granted as to Francesca Coutsodontis. General Maritime moves for summary judgment, which is granted.

## I.    BACKGROUND

      The facts in this Opinion are taken from the parties' submissions on the motions and various published judicial decisions, and are undisputed except as otherwise noted. This lawsuit is one of many that have been filed in this country and abroad. *See generally Sea Trade Mar. Corp. v. Coutsodontis*, No. 09 Civ.488, 2011 WL 3251500 (S.D.N.Y. July 25, 2011) (Pitman, J.) (describing various lawsuits).

      Elias Eliades ("Elias") was a Greek national who lived in Greece with his wife Athena Eliades ("Athena"). The ship at the center of this dispute is named after Elias' wife. Elias died

in 1996, and Athena died in 2003.  Athena was survived by two siblings -- (1) a brother,

Defendant Stelios Coutsodontis ("Coutsodontis"), whose daughter is Defendant Francesca

Coutsodontis, and (2) a sister, Anna Peters ("Anna"), whose son is Plaintiff George Peters

("Peters").  This action arises from a long-standing family feud between Coutsodontis and Peters

over the ownership and control of Plaintiff Sea Trade, which owned the Athena.  To exercise his

claim of ownership over Sea Trade, Coutsodontis allegedly had the Athena wrongfully arrested

on two occasions -- once while it was at port in Spain and again at port in Louisiana.  Both

arrests were lifted because the respective courts concluded that Coutsodontis did not have a valid

maritime claim against the Athena.

The operative Amended Complaint lists three causes of action:

- The first claim alleges that Coutsodontis, "on behalf of all Defendants," wrongfully arrested
  the Athena and thereby damaged Sea Trade's reputation and profits. This is the sole claim for
  money damages -- both compensatory and punitive damages -- and the sole claim against
  Defendants General Maritime and Francesca Coutsodontis.

- The second claim alleges that Coutsodontis precluded Sea Trade from engaging in its
  corporate purpose, namely maritime shipping, and seeks to oust him from Sea Trade to the
  extent he has any interest in it.

- The third claim alleges that, to the extent Coutsodontis has any ownership interest in Sea
  Trade, he has breached his fiduciary duty and therefore should be ousted from Sea Trade.

## III.    LEGAL STANDARD

The standard for summary judgment is well established.  Summary judgment is

appropriate where the record before the court establishes that there is no "genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  A genuine dispute as to a material fact exists "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). Courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *See Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1347 (2015); *ln re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.   GENERAL MARITIME'S MOTION

Only the first cause of action purports to state a claim against General Maritime. It alleges that Coutsodontis, "on behalf of all Defendants," wrongfully arrested the Athena and thereby damaged Sea Trade's reputation and profits. Plaintiffs do not argue that General Maritime had any direct responsibility for the arrests of the Athena. Instead, they argue General Maritime is responsible for the wrongful actions of Coutsodontis, either as a co-conspirator or alter ego of Coutsodontis. General Maritime's motion for summary judgment is granted because Plaintiffs may not rely on the alter ego theory for the first time at this late stage, and they have failed to adduce evidence from which a reasonable jury could find that General Maritime conspired with Coutsodontis for the arrests of the Athena.

On March 17, 2011, General Maritime moved to dismiss the Amended Complaint for lack of personal jurisdiction and failure to state a claim. It argued that Plaintiffs had failed to

allege sufficiently any theory of liability as to General Maritime, whether agency, alter ego or conspiracy. In response, Plaintiffs argued that they had sufficiently pleaded General Maritime's liability under theories of civil conspiracy and agency. They did not argue that Coutsodontis and General Maritime were alter egos. After a prolonged stay for an interlocutory appeal unrelated to these motions for summary judgment, Judge Barbara Jones, who has since retired, denied General Maritime's motion on August 16, 2012. Judge Jones did not make any finding on the alter ego or agency theory, but held that "Plaintiffs have sufficiently alleged a conspiracy between Coutsodontis and General Maritime . . . in order to survive a motion to dismiss." *Sea Trade Mar. Corp. v. Coutsodontis*, No. 09 Civ. 488, 2012 WL 3594288, at *9 (S.D.N.Y. Aug. 16, 2012).

On the present motion, first, the alter ego theory of General Maritime's liability is not properly before the Court. Plaintiffs did not plead facts showing an alter ego relationship in the Amended Complaint and declined to raise it as a theory of liability at the motion to dismiss stage. Because Plaintiffs did not give notice to General Maritime of an alter ego claim either in their pleadings or in their opposition to General Maritime's motion to dismiss, "they may not raise it for the first time in opposing [General Maritime's] motion for summary judgment. Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings," and the time to amend the pleadings, which were filed in 2009, is well past. *Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of New York*, 735 F. Supp. 2d 42, 82 (S.D.N.Y. 2010).

Second, as to the conspiracy argument, Plaintiffs have failed to adduce evidence from which a reasonable jury could find that General Maritime is liable for the arrests of the Athena as a co-conspirator. By order dated March 20, 2014, Judge Pitman declared discovery "closed as to General Maritime" and quashed "the notice of deposition previously served on it." According to

General Maritime, Plaintiffs have taken no discovery in relation to it.  The totality of the

evidence Plaintiffs offer against General Maritime on this motion to support their conspiracy

theory of liability are two affidavits -- an affidavit from Peters dated August 19, 2010, that he

submitted in a separate New York state court action, in opposition to General Maritime's motion

to dismiss a libel claim, and an affidavit from Peters' mother Anna, dated February 18, 2015.

The Peters' affidavit states that on "numerous prior occasions" Coutsodontis and General

Maritime interfered with Sea Trade's operations and defamed Peters before Sea Trade's "other

shareholders," who, from the undisputed facts, were only his aunt Athena and his mother Anna.

According to Peters, Coutsodontis and General Maritime's manager "regularly and falsely"

reported to Peter's aunt Athena, the majority shareholder at all relevant times, that Peters' was

mismanaging Sea Trade.  Peters also stated that General Maritime manages a ship owned by

Coutsodontis called the Athenoula, which competes with the Athena.  At the close of the

affidavit, Peters states, "Lastly, in light of the fact that direct evidence of a conspiracy to defame

[Peters] would be solely and peculiarly within General Maritime's and Coutsodontis' unilateral

control, it is my belief that further facts in opposing the motion exist but cannot be stated without

conducting further discovery."  Anna's affidavit details her recollection of Coutsodontis' efforts

to interfere with Sea Trade, and states that General Maritime provided Coutsodontis with

lawyers, managed his ships and made him very rich.

No reasonable jury could find, based on Plaintiff's evidence on this motion, that General

Maritime is responsible for the arrests of the Athena as a co-conspirator with Coutsodontis.

Under New York law, "[t]o establish a claim of civil conspiracy, plaintiff must demonstrate the

underlying tort, plus the following four elements: (1) an agreement between two or more parties;

(2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the

furtherance of a plan or purpose; and, (4) resulting damage or injury."  *Meisel v. Grunberg*, 651

F. Supp. 2d 98, 119 (S.D.N.Y. 2009). [1]  Here, the underlying tort that survived the motion to dismiss is the maritime claim of wrongful arrest. *See Sea Trade Mar. Corp.*, 2012 WL 3594288, at *5.  Nothing in the Peters' affidavits suggests that General Maritime knew about or had anything to do with the arrest of the Athena, much less that General Maritime reached an agreement to do so illegally.

The only evidence in the record about General Maritime's involvement in the arrests is the sworn declaration of General Maritime's Secretary/Treasurer/director who affirms that General Maritime was in no way involved with the two arrests of the Athena "and had no prior knowledge of any of the legal proceedings culminating in the detentions of the vessel Athena." In response, Plaintiffs offer the following inadequate surmise: "It simply does not make any sense why Coutsodontis and General Maritime would participate together in such a lengthy interference and disparagement campaign against George Peters and Sea Trade, but not do so when it came time to unlawfully arrest the ship and finally eliminate their competition once and for all."

As Peters himself stated in his affidavit in state court, "further facts in opposing the motion [may] exist but cannot be stated without conducting further discovery."  Plaintiffs did not conduct that discovery.  General Maritime's motion for summary judgment is granted.

### III.    THE COUTSODONTIS' DEFENDANTS MOTION

All parties submitted statements of material fact as required by Local Civil Rule 56.1. However, the Coutsodontis Defendants failed to comply with Local Civil Rule 56.1(d), which requires that "[e]ach statement by the movant . . .  pursuant to [Local Civil] Rule 56.1[] . . . *must* be followed by citation to evidence which would be admissible."  (emphasis added).  Although

---

[1]     "The parties' briefs assume that New York substantive law governs the issues . . . presented here, and such implied consent is, of course, sufficient to establish the applicable choice of law."  *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009).

Plaintiffs flagged this deficiency, the Coutsodontis Defendants made no attempt to correct their Rule 56.1 statement in reply.  In addition, with their motion papers, the Coutsodontis Defendants submitted 20 exhibits and Plaintiffs submitted 24 exhibits, many in excess of 15 pages, all in violation of the Court's Individual Rules that limit the number of exhibits to 15 and the number of each exhibit's pages to 15, without leave of court.

"A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."  *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001). The Second Circuit has held that "while a court 'is not required to consider what the parties fail to point out' in their Local Rule 56.1 statements, it may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement" or otherwise comply with the rules.  *Id.* (quoting *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 292 (2d Cir. 2000)).  The Court declines to scour the numerous submissions and in effect become advocates for the Coutsodontis Defendants and their motion. "[J]udges 'are not like pigs, hunting for truffles buried in briefs' or the record."  *Potter v. D.C.*, 558 F.3d 542, 553 (D.C. Cir. 2009) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).  Coutsodontis' motion for summary judgment is therefore denied.

That said, Defendant Francesca Coutsodontis is dismissed from this action.  As in the case of General Maritime, only the first cause of action is alleged against her.  Nothing in the briefing submitted by any party (nor in the Rule 56.1 statements -- whether the Coutsodontis Defendants' without citations or Plaintiff's responses with citation) provides any link between Francesca Coutsodontis and the decisions regarding the Athena's arrests.  Her only connection appears to be her relationship to Coutsodontis.[2]  Even though Francesca has not raised this

---

[2]    The Amended Complaint's only allegations regarding Francesca are that Coutsodontis and Francesca co-own three vessels, which "upon information and belief," General Maritime

argument herself, a sua sponte grant of summary judgment in her favor is appropriate because Plaintiffs cannot "plausibly claim that, had [they] been given notice of the . . . [C]ourt's consideration of summary judgment against [them], [they] would have brought forth additional evidence." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140 (2d Cir. 2000). There is no additional evidence, and discovery has closed.

## IV.   CONCLUSION

For the foregoing reasons, General Maritime's motion for summary judgment is GRANTED. Stelios Coutsodontis' motion for summary judgment is DENIED. Francesca Coutsodontis' motion for summary judgment is GRANTED.

The Clerk of Court is directed to close the motions at Dkt. Nos. 166 and 170, and terminate General Maritime and Francesca Coutsodontis as defendants.

SO ORDERED.

Dated: August 20, 2015
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

manages. Even if the allegations are taken as true, neither the Amended Complaint nor the motion papers provides an explanation for how Francesca is connected to the underlying events at issue here. Her mere co-ownership with her father of three unrelated ships is insufficient to make her a proper party to this litigation.