UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

SEA TRADE MARITIME CORP. and
GEORGE PETERS,

                        *Plaintiffs,*

             -v-

STELIOS COUTSODONTIS, et al.,

                        *Defendants.*

------------------------------------------------x

Case No. 09-cv-488 (LGS) (HBP)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT STELIOS COUTSODONTIS'S FALSE ACCUSATIONS OF FORGERY AND FRAUD AGAINST PETERS

Dated: December 3, 2015
       New York, New York

                     Beys Liston Mobargha & Berland LLP

                     Nader Mobargha
                     825 Third Avenue, 2nd floor
                     New York, New York 10022
                     Telephone: (646) 755-3603
                     Facsimile: (646) 755-5229
                     Email: nmobargha@blmblaw.com

                     *Attorneys for Plaintiffs*

Plaintiffs Sea Trade Maritime Corporation ("Sea Trade") and George Peters ("Peters")(collectively, "Plaintiffs") submit this motion in limine to admit evidence of Defendant Stelios Coutsodontis's ("Coutsodontis") false accusations of forgery and fraud against Peters.

## STATEMENT OF FACTS

Generally, this case concerns the unlawful arrests and illegal actions Coutsodontis employed against Sea Trade and Peters, which included falsely arresting Sea Trade's ship, the Motor Vessel ("M/V") Athena, in two different ports, and filing an anti-sale injunction against Sea Trade to prevent it from selling the ship. (*See* Complaint, at ¶¶ 63-106). All actions were unlawful and were the product of omissions to the courts. (*See id.* at ¶¶ 64, 65, 70 & 71 ). Ultimately, as a result of Coutsodontis's actions, Sea Trade lost millions of dollars from lost charters and the lost opportunity to sell the M/V Athena at fair market value.

Coutsodontis's motive and intent behind his actions – namely, his "bitterness," "antipathy" and "hostility" towards Peters – was alleged throughout the complaint. (*Id.* at ¶¶ 12-14, 25; *see also* ¶ 19)(Coutsodontis's "actions are motivated solely by a desire to destroy Peters and take over sole ownership of Sea Trade...").

In his deposition, Coutsodontis testified that the only thing that mattered was "to protect his interest, even if the arrests "would cause Sea Trade to lose additional money" or "the company was going to be destroyed at the time." (*See* Ex. 1 to Affidavit of Nader Mobargha ("Mobargha Aff."), at 358-360).[1] However, two actions had already been filed concerning his alleged "interests" in Sea Trade.   Consequently, Coutsodontis's illegal arrests had no other purpose other than to harm Sea Trade and Peters.

---

[1] All exhibits referenced in this Memorandum of Law are attached to the Mobargha Affidavit.

***Coutsodontis accuses Peters of Fraud and admits that his accusation of Fraud was false***

Coutsodontis filed an action accusing Peters of Fraud without any basis, later admitting in discovery that what Peters did was "not Fraud" (the "False Fraud Allegation"). On February 9, 2005 Coutsodontis publicly filed an action in New York, in which he accused Peters of Fraud. (*See* Ex. 2, *Coutsodontis v. Peters et al.,* Index No. 600511/2005 (the "New York Action"), at ¶¶ 30-33). Coutsodontis later admitted that what Peters did "was <u>not</u> fraud." (Ex. 1, at 146:20-147:1)(emphasis added). Consequently, Coutsodontis's only motive for alleging the False Fraud Allegation was to harm Peters.

***Coutsodontis accuses Peters of Forgery and admits that he had no basis for his accusation***

In addition to falsely accusing Peters of Fraud, Coutsodontis also accused Peters of Forgery without any basis. In the same New York Action, Coutsodontis filed an affidavit, in which he accused Peters of the felony crime of Forgery. Specifically, he swore that:

> I am informed that in 1992, there is an allegation that Sea Trade executed a Power of Attorney which appointed defendant George Peters an Attorney-in-Fact for Sea Trade. I have reviewed two different purported Powers of Attorney, each of which contains what I believe is an erroneous and forged signature of my sister.

(Ex. 3, June 13, 2005 Affidavit of Coutsodontis, at ¶ 20; *see also* ¶ 21(confirming that it was Peters who forged the signature by claiming that "appointed himself to manage the affairs of Sea Trade")("False Forgery Allegation")).

Coutsodontis, however, admitted that he had <u>not even seen</u> Athena's signature on the Power of Attorney when he accused Peters of forging Athena's signature. Specifically, he testified that, in September 2008 – three years <u>after</u> he accused Peters of Forgery – he still had not carefully examined Athena's signature on the Power of Attorney. (Ex. 1, at 202:13 – 204:11). This means that when Coutsodontis accused Peters of Forgery before he actually reviewed Athena's signature.

2

In addition, when Coutsodontis finally did "carefully review" the alleged forged signature on the Power of Attorney, he did nothing to confirm whether the signature was actually forged. Coutsodontis did not hire a handwriting expert. (Ex. 1, at 160:6-8). He did not conduct an investigation. (*See id.* at 160:9-11). He did not bother to contact the Consul General of Liberia, Nick Soutos, who notarized Athena's signature on the Power of Attorney, to confirm whether Mr. Soutos was present and witnessed Athena's signature. (*See id.* at 161:25 – 163:23). And even though he had known for years that Peters was the attorney-in-fact of Sea Trade, he never even told Athena, his sister, that her signature on the Power of Attorney granting Peters responsibility for the day-to-day management of Sea Trade, was allegedly forged. (*See id.* at 168:22 – 169:5)(admitting that a forgery is something Athena should be informed about). Remarkably, Coutsodontis did not tell <u>anybody</u> at <u>any</u> <u>time</u> about this alleged forgery, not even his own lawyers. (*See id.* at 221:8-222:21). These failures by Coutsodontis are further evidence that his False Forgery Accusation was nothing more than an attempt to harm both Peters and Sea Trade.

Finally in two court proceedings, two affidavits and two depositions, Coutsodontis admitted that Peters did have a power of attorney to operate Sea Trade – contrary to his False Allegations of Forgery.

## **ARGUMENT**

**I-     PLAINTIFFS' INTRODUCTION OF COUTSODONTIS'S FALSE FORGERY AND FRAUD ACCUSATIONS DOES NOT VIOLATE FEDERAL RULE OF EVIDENCE 404(B)**

Although Federal Rule of Evidence ("FRE") 404(b) forbids the introduction of Coutsodontis's other acts to show that he acted in conformity with those actions, they may be admitted "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

3

absence of mistake or accident." Here, there is no factual issue about what Coutsodontis did. Both unlawful arrests are undisputed. Coutsodontis's role in those unlawful arrests are undisputed.

Rather, Plaintiffs seek to admit proof of the False Fraud and Forgery Accusations to show that (i) Coutsodontis intended to harm George Peters and Sea Trade when he unjustifiably and unlawfully arrested the ship in two different ports; (ii) Coutsdontis's motive was to destroy Sea Trade and Peters since he was not a part of the company as he had hoped to be for years; (iii) Coutsodontis did not possess an innocent state of mind when he unlawfully arrested Sea Trade's ship, the M/V Athena, multiple times. *See, e.g., E.E.O.C. v. Nat'l Cleaning Contractors, Inc.,* 1996 WL 278078, at *2 (S.D.N.Y. May 23, 1996)(evidence of prior sexual harassment was allowed under 404(b) "because the attitude of an employer to other female employees is relevant to the question of motivation for terminating the plaintiff"); *Redd v. N.Y. State Div. of Parole,* 923 F. Supp.2d 393, 401 (E.D.N.Y. 2013)(information admissible not as propensity evidence, but as evidence of "motive to retaliate.").

Admittedly, proof of intent is not an element of a claim for Breach of Fiduciary Duty. *See, e.g., In re Hyman,* 502 F.3d 61, 69 (2d. Cir. 2007)("[B]reach of fiduciary duties apparently do not, under New York law, consistently require proof of a culpable state of mind."). However, "intent" or "motive" does not have to be an element of plaintiff's claim for a Court to permit introduction of evidence of acts to prove a defendant's state of mind. *See supra* ("motive" is not an element of cases cited). Furthermore, the evidence of the False Accusations serves to rebut Coutsodontis's claim that he was merely "protecting his interests" when he unlawfully arrested Sea Trade's sole ship.

4

## II-   THE PROBATIVE VALUE OF COUTSODONTIS'S FALSE ACCUSATIONS OF FRAUD AND FORGERY OUTWEIGH THE PREJUDICE

The probative value of the False Accusations outweigh any prejudice they may have. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FRE 403 Advisory Committee's Note. "In the balancing of probative value against unfair prejudice required by Rule 403, the trial judge has wide discretion." *United States v. Dwyer*, 539 F.2d 924, 927 (2d Cir. 1976).

Here, evidence of Coutsodontis's False Fraud and Forgery Accusations are highly probative of his filing knowingly false statements to both the Spanish and Louisiana Courts to unlawfully arrest the M/V Athena and harm Sea Trade and Peters. *See Tucillo v. Geisha NYC, LLC,* 635 F. Supp.2d 227, 236, n. 4 (E.D.N.Y. 2009)(finding evidence of prior attempts to register an identical or virtually identical mark "highly probative" on issue of intent and knowledge under 404(b)). Here, there is no danger that these two instances will confuse or mislead the Court or prejudice it in any way. Rather, the False Forgery and False Accusations will be instructive as to Coutsodontis's motives and his pattern of conduct towards Sea Trade and the Court. *See, e.g., Carofina v. Forrester,* 450 F. Supp.2d 257, 271-72 (S.D.N.Y. 2006)(evidence admitted under 404(b) to demonstrate existence of a pattern).

## CONCLUSION

For all the foregoing reasons, Plaintiffs request that the Court allow them to admit evidence of the False Forgery and Fraud Accusations.

Dated:  New York, New York
          December 3, 2015

                        **BEYS LISTON MOBARGHA & BERLAND LLP**

                        By:          _____
                                     Nader Mobargha, Esq. (7162)
                                     Jason Berland, Esq.
                                     825 Third Avenue, 2nd Floor
                                     New York, New York 10022
                                     Telephone: (646) 755-3605
                                     nmobargha@blmblaw.com
                                     jberland@blmblaw.com
                                     *Attorneys for Plaintiff*