| | |
|---|---|
| SEA TRADE MARITIME CORPORATION, et al.,<br><br>      Plaintiffs,<br><br>  -against-<br><br>STELIOS COUTSODONTIS, et al.,<br><br>      Defendants. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br><br>Civil No. 09-488 (LGS)(HBP) |

**DEFENDANT STELIOS COUTSODONTIS'**
**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFFS' MOTION *IN LIMINE* TO INTRODUCE DEFAMATION EVIDENCE**

                                  Mark A. Berman, Esq. (MB4456)
                                  Kelly A. Zampino, Esq. (KZ0721)
                                  **HARTMANN DOHERTY ROSA**
                                  **BERMAN & BULBULIA, LLC**
                                  666 Fifth Avenue, 28th Floor
                                  New York, NY 10103
                                  (212) 344-4619
                                  mberman@hdrbb.com
                                  kzampino@hdrbb.com

                                  *Attorneys for Defendant*
                                  *Stelios Coutsodontis*

**ARGUMENT**

**THE COURT SHOULD DENY PLAINTIFFS' MOTION *IN LIMINE* TO INTRODUCE EVIDENCE OF ALLEGED DEFAMATION OF GEORGE PETERS BY DEFENDANT COUTSODONTIS .**

Plaintiffs have moved *in limine* to introduce evidence that Defendant Stelios Coustodontis defamed Plaintiff George Peters, under Federal Rule of Evidence 404(b). Plaintiffs' claim that Coutsodontis' attempts to arrest the M/V Athena was motivated by "his 'bitterness,' 'antipathy' and 'hostility' towards Peters," Pl. Mem. at 1, and that proof of the alleged defamation would "show that (i) Coutsodontis intended to harm George Peters and Sea Trade when he unjustifiably and unlawfully arrested the ship in two different ports; (ii) Coutsodontis' motive was to destroy Sea Trade and Peters since he was not a part of the company as he had hoped to be for years; (iii) Coutsodontis did not possess an innocent state of mind when he unlawfully arrested Sea Trade's ship, the M/V Athena, multiple times," *id.* at 4. As Plaintiffs' concede, *id.*, proof of intent is not an element of a claim for Breach of Fiduciary Duty, *In re Hyman*, 502 F.3d 61, 69 (2d. Cir. 2007) (citing cases), or of any other claim. Therefore, the proffered evidence is irrelevant, that is, it has no probative value at all. *See United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994) (holding that trial court erred in admitting evidence "to show motive" where ""[m]otive was not in issue in this case," or "an element of the crime charged"). Therefore, it is inadmissible.

Even if the evidence were somehow relevant, it still would be inadmissible under Federal Rule of Evidence 403, which is incorporated into Rule 404(b), because its probative value is outweighed by the danger of unfair prejudice.  As explained in Defendant's own motion *in limine* relating to this evidence, Plaintiff George Peters has filed a separate lawsuit in New York state court charging Defendant Coutsodontis with defamation.  That case has been litigated for 8 years, given rise to hundreds of pages of discovery, and will be tried in the near future if not

- 1 -

resolved on motions for summary judgment, which are pending.  Therefore, it is apparent that introduction of the same evidence in this case will require the court to conduct a mini-trial within the trial.  *See United States v. Daugerdas*, No. S3 09 CR. 581 WHP, 2011 WL 573587, at *1 (S.D.N.Y. Feb. 16, 2011) (prohibiting government from introducing Rule 404(b) evidence where it would "spawn a mini-trial"); *Fitzpatrick v. Am. Int'l Grp., Inc.*, No. 10 CIV. 0142 MHD, 2013 WL 5912236, at *3 (S.D.N.Y. Nov. 2, 2013) (holding that motive "evidence is insufficiently probative and has the potential to unduly expand the trial record on a variety of collateral issues," requiring court to "face a series of mini-trials"); *United States v. Hatfield*, 685 F. Supp. 2d 320, 324 (E.D.N.Y. 2010) (excluding Rule 404(b) evidence because "conducting a 'mini-trial' as to whether the Defendants lied to the NASDAQ will necessarily result in 'undue delay,' while adducing no evidence concerning whether the Defendants committed the charged crimes"); *Waul v. Coughlin*, 177 F.R.D. 173, 178-79 (S.D.N.Y. 1997) ("Moreover, admission of this similar act evidence would have substantially complicated the issues at trial, requiring three mini-trials .... Given the limited probative value and the danger of confusion and waste of time, pursuant to Rules 404(b) and 403, ... the Court finds that the evidence regarding the transfers of the three inmates is not admissible as evidence of similar acts.").

Finally, it bears noting that Plaintiffs' theory that Defendant Coutsodontis sought to arrest the M/V Athena because of personal animus towards George Peters is silly.  It may well be that George Peters is a despicable person, as evidenced by his decade-long denial of his uncle's lawful interest in Sea Trade. But there is no evidence that the objective of attaching the M/V Athena was to cause harm to George Peters personally but, rather, to use attachment to create forum for the prompt resolution of the ownership dispute.  Indeed, even now that the Supreme Court of Greece has definitively held that Defendant Coutsodontis owns at least half of Sea

Trade, and even though Sea Trade no longer owns the M/V Athena or any other ship, Plaintiff Peters is still denying that Defendant Coutsodontis is entitled to any rights of ownership; hence, an expedited maritime resolution would have been far preferable to interminable civil litigation.

Therefore, the Court should reject Plaintiffs' attempt to create a sideshow regarding alleged personal enmity between Plaintiff Peters and Defendant Coutsodontis. *See Duran v. Town of Cicero*, 653 F.3d 632, 645 (7th Cir. 2011) (affirming judge's exclusion of 404(b) evidence because of the threat of "creating a sideshow and sending the trial off track"). Plaintiffs' motion *in limine* to admit evidence of defamation should be denied.

Respectfully submitted,

_____
Mark A. Berman, Esq. (MB4456)
Kelly A. Zampino, Esq. (KZ0721)
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
666 Fifth Avenue, 28th Floor
New York, NY 10103
(212) 344-4619

*Attorneys for Defendant Stelios Coutsodontis*

Dated: December 11, 2015