| | |
|---|---|
| SEA TRADE MARITIME CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>STELIOS COUTSODONTIS, et al.,<br><br>    Defendants. | **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br><br><br>Civil No. 09-488 (LGS)(HBP) |

### DEFENDANT STELIOS COUTSODONTIS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE GREEK JUDGMENT

> Mark A. Berman, Esq. (MB4456)
> Kelly A. Zampino, Esq. (KZ0721)
> **HARTMANN DOHERTY ROSA**
> **BERMAN & BULBULIA, LLC**
> 666 Fifth Avenue, 28th Floor
> New York, NY 10103
> (212) 344-4619
> mberman@hdrbb.com
> kzampino@hdrbb.com
>
> *Attorneys for Defendant*
> *Stelios Coutsodontis*

- i -

**ARGUMENT**

**THE COURT SHOULD DENY PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE GREEK JUDGMENT.**

Plaintiffs have moved *in limine* to exclude the introduction of evidence relating to the Greek Supreme Court's decision establishing that Defendant Stelios Coutsodontis inherited 250 shares of Sea Trade Maritime Corporation ("Sea Trade") from his sister, Athena Eliades. The only bases for Plaintiffs' motion is that: (a) the Greek decision was not "domesticated"; and (b) Plaintiffs did not participate in the Greek litigation so it cannot be interposed against them. Both objections lack merit.[1]

The doctrine of international comity has been fully briefed in Defendant's own motion *in limine* asking the Court to give conclusive effect to the Greek judgment. *See* Def. Mem. at 2-8 (*citing Hilton v. Guyot*, 159 U.S. 113, 164 (1895) (holding that international comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws."). Plaintiffs' do not cite any authority for the erroneous notion that some sort of formal "domestication" proceeding is required for this Court to apply the doctrine of international comity. None exists. Rather, "[c]omity will be granted to the decision or judgment of a foreign court if it is shown that the foreign court is a court of competent jurisdiction, and that the laws

---

[1] Plaintiffs' also state "that the Greek court never ruled that Coutsodontis was a shareholder in the company," Pl. Mem. at 4, which is a mind-boggling characterization of the Greek courts' decision and the claim raised by his own mother who, in her own words, "brought suit [in Greece] against my brother, Steve Coutsodontis, ... to determine whether he owns any shares of stock in the defendant Sea Trade Maritime Corporation ... under the Greek laws of inheritance." 7/13/05 Reply Aff. of A Peters (attached as Ex. A to the Supp. Decl. of M.A. Berman). As confirmed by plain language of the Supreme Court of Greece's decision, excerpted at length in Defendant's own motion *in limine*, the Greek courts held that Coutsodontis inherited 250 Sea Trade shares, which of course makes him a "holder" of at least 250 Sea Trade shares, *i.e.*, a "shareholder in the company."

- 1 -

and public policy of the forum state and the rights of its residents will not be violated." *Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 457 (2d Cir. 1985).

Plaintiffs argue that "it would be procedurally unfair to Plaintiffs to adopt the Greek court's findings, as that court was tasked to determine an inheritance dispute between Coutsodontis and his sister Anna Peters, who is Peters' mother. Neither Peters nor Sea Trade were parties to the Greek action, nor were they given an opportunity to be heard on the matter." Pl. Mem. at 5. Plaintiffs' argument is wrong in at least two respects.

*First*, as set forth in Defendant's motion papers, Plaintiff George Peters and Plaintiff Sea Trade joined with Anna Peters in moving to dismiss the action Coutsodontis had filed in New York state court in 2005 ("the Cahn Action") on the basis that the New York courts should defer to the Greek courts' adjudication of rights in Athena Eliades' estate. That is, it is indisputable that George Peters and Sea Trade argued that Greece was the proper venue for determining rights in Athena's estate. Plaintiffs should be estopped from objecting to this court's giving conclusive effect to the Greek determination for which they previously had advocated for no reason other than that Greek courts ruled against their position.

*Second*, Plaintiffs' claim that they were not "given an opportunity to be heard on the matter" in Greece is bogus. Plaintiffs opted not to participate in the Greek proceeding after successfully moving the New York Supreme Court to defer to the Greek courts. Regardless, neither has an interest in and, hence, no standing to object to any determination regarding Athena's estate. Plaintiffs do not explain why the unanimous Greek Supreme Court decision should not be determinative of Coutsodontis' ownership rights in Sea Trade even though Plaintiffs previously had argued that the Greek courts alone should be allowed to make that exact determination. The reason is simple: Plaintiffs thought their position regarding ownership of Sea Trade shares (asserted in Greece by George Peters' mother, Anna Peters) would prevail in

Greece. It did not. Now that they lost, they are seeking to avoid that judgment, which they affirmatively sought in the first instance. Neither the doctrine of international comity, *see Marcus v. Dufour*, 796 F. Supp. 2d 386, 394 (E.D.N.Y. 2011) (rejecting claimants' objections and giving conclusive effect to Austrian reparations board's interpretation of decedents' will even though the board was unaware of the existence of claimants, who did not participate in the Austrian proceedings), *aff'd sub nom. Marcus v. Haaker*, 481 F. App'x 19 (2d Cir. 2012), nor the doctrine of "privity," *see Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 320 (1970) ("[Privity] includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action and [those who are] co-parties to a prior action."); *In Matter of Shea*, 309 N.Y. 605, 132 N.E.2d 864 (1956) ("A clearer case for application of the doctrine [of privity] could hardly be imagined than one involving successive attempts to litigate the same question by a corporation and by its owner or owners...."); *Buechel v. Bain*, 97 N.Y.2d 295, 766 N.E.2d 914 (2001) (holding that two partners were collaterally estopped by a decision in an earlier action against the third partner in which they were not named, finding they were linked in privity with that third partner, had a full and fair opportunity to come to his aid and participate, and were therefore bound by the results), affords Plaintiffs standing or any other legal basis to re-litigate in this federal court proceeding probate matters definitively determined by the courts of Greece (at their instigation).

The decision in *Marcus v. Dufour*, *supra*, disposes of the arguments Plaintiffs assert here. That interpleader action involved a dispute over funds awarded by an Austrian war reparations panel ("GSF") to Olga Dufour through the will of her mother, Amy Furmansky (decedent). Decedent's second daughter (Ilsa Haaker), had died, but the Haaker children challenged the Austrian award in the interpleader action, arguing among other things that they were unaware of and not given an opportunity to participate in the Austrian proceedings. Nevertheless, the district

court held that the Austrian panel determination and, in particular, its interpretation of Amy Furmansky's will, was entitled to deference under the doctrine of international comity:

> [T]he Court finds that the phrase [in the GSF decision] "leaving her entire estate to her daughter Olga Dufour" indicates that the GSF granted Olga Dufour the award based on the provisions of Amy Furmansky's will. Therefore, the GSF's knowledge of the Haaker Claimants' existence would be immaterial to its distribution of the award, as the Haaker Claimants are not mentioned in Amy Furmansky's will. Thus, any failure to inform the GSF of the Haaker Claimants' existence similarly does not invalidate the GSF's decision.

*Dufour*, 796 F. Supp. 2d at 394. That decision was affirmed by the Second Circuit Court of Appeals.

Like the Haaker children, Plaintiff George Peters – who is Anna Peters' child – is not mentioned in Athena Eliades' will and his existence was irrelevant to, and does not invalidate, the Greek courts' decision. Therefore, regardless of whether he voluntarily or involuntarily failed to participate in the Greek proceedings, that fact does not impact the propriety of giving conclusive effect to the Greek court's determination as a matter of international comity. For these reasons, Plaintiffs' motion *in limine* to exclude the Greek Supreme Court judgment should be denied.

Respectfully submitted,

_____
Mark A. Berman, Esq. (MB4456)
Kelly A. Zampino, Esq. (KZ0721)
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
666 Fifth Avenue, 28th Floor
New York, NY 10103
(212) 344-4619
*Attorneys for Defendant Stelios Coutsodontis*

Dated: December 11, 2015