| | |
|---|---|
| SEA TRADE MARITIME CORPORATION, et al.,<br><br>      Plaintiffs,<br><br>      -against-<br><br>STELIOS COUTSODONTIS, et al.,<br><br>      Defendants. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>Civil No. 09-488 (LGS)(HBP)<br><br>**JOINT PRETRIAL ORDER** |

**I. Counsel of Record**

| | |
|---|---|
| Jason Berland, Esq. (JB4136)<br>Nader Mobargha, Esq. (NM7162)<br>**Beys Liston Mobargha & Berland LLP**<br>825 Third Avenue, 2nd Floor<br>New York, New York 10022<br>646-755-3600<br>jberland@blmblaw.com<br>nmobargha@blmblaw.com<br>*Attorneys for Plaintiffs* | Mark A. Berman, Esq. (MB4456)<br>Kelly A. Zampino, Esq. (KZ0721)<br>**HARTMANN DOHERTY ROSA**<br>**BERMAN & BULBULIA, LLC**<br>666 Fifth Avenue, 28th Floor<br>New York, NY 10103<br>(212) 344-4619<br>mberman@hdrbb.com<br>kzampino@hdrbb.com<br>-and-<br>**POLES TUBLIN STRATAKIS &**<br>**GONZALEZ, LLP**<br>46 Trinity Place - Fifth Floor<br>New York, New York 10006-2288<br>(212) 943-0110<br>*Attorneys for Defendant*<br> *Stelios Coutsodontis* |

**II. Factual and Legal Basis for Subject Matter Jurisdiction**

**Plaintiffs:**

     This action involves, in part, claims involving two unlawful arrests of Plaintiffs' ship. Claims based on maritime arrests invoke the Court's admiralty jurisdiction. 28 § U.S.C. 1333. In order to establish admiralty jurisdiction over a tort, a plaintiff must simply demonstrate that (1) the alleged tort occurred on navigable waters (situs requirement) and (2) the tort bears a significant relationship to the navigable waters (nexus requirement). *Executive Jet Aviation, Inc.*

*v. City of Cleveland, Ohio*, 409 U.S. 249, 253 (1972).  The arrest of Plaintiffs' vessel is "injury at sea," thus establishing the situs requirement.  *Exter Shipping Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1310 (N.D. Ga. 2004).  Moreover, since "actions carried out to or against a vessel … have substantial relationship to maritime activity ….", the nexus requirement is also met.  *Malaysia Int'l Shipping Corp. Berhad v. Sinochem Int'l Co. Ltd.*, 2004 WL 503541, at *4 (E.D. Pa. Feb 27, 200).

**Defendant Coutsodontis:**

Defendant has filed a motion *in limine* to dismiss this case for lack of subject matter jurisdiction and to bar Plaintiff George Peters from proceeding on behalf of Sea Trade Corp. *See* Coutsodontis Brief ISO Motions *in Limine* at 8-13.

**III. Summary of Claims and Defenses that Remain to be Tried**

**Plaintiffs' Claims**

1. Coutsodontis wrongfully arrested the M/V Athena multiple times and thereby damaged Sea Trade's reputation and profits.

2. Coutsodontis precluded Sea Trade from engaging in its corporate purpose, namely maritime shipping, and Plaintiffs seek to have Coutsodontis forfeit his shares in Sea Trade to the extent he has any interest in it.

3. To the extent Coutsodontis has any ownership interest in Sea Trade, he has breached his fiduciary duty and therefore should forfeit his shares in Sea Trade.

**Defenses:**

1. The Court lacks subject matter jurisdiction.

2. Plaintiff George Peters lacks standing to bring this action.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Defendant relied in good faith upon the advice of counsel.

5. Defendant at all times acted in good faith.

      6.      Defendant did not breach a fiduciary duty owed to Plaintiffs.

## IV. Trial

The parties estimate that they need five (5) days for a bench trial. The parties do not consent to trial by a magistrate judge.

## V. List of Trial Witnesses

**Plaintiffs:**

1. George Peters

   - Peters is a Plaintiff in this action. Peters will testify about a range of events alleged in the Complaint, including, but not limited to: the formation of Sea Trade; the day-to-day operations of Sea Trade; his role in managing the affairs of Sea Trade; Coutsodontis's arrests of the M/V Athena and efforts to stop the sale of the vessel; Coutsodontis's efforts to destroy his business reputation; and the damage caused to him and Sea Trade by Coutsodontis's actions. Estimate time of testimony: 1 day.

2. Kevin J. McNelis

   - McNelis is an expert witness hired by Plaintiffs in this action. McNelis will testify to the fair market value of the M/V Athena in July 2008, when Coutsodontis first had the vessel unlawfully arrested. Estimate time of testimony: 2 hours.

May Call

1. Scott Johnston, Esq.

   - Johnston is a lawyer from the firm Poles Tublin Stratakis & Gonzalez LLP. The Honorable Henry B. Pitman, the magistrate judge in this action, previously disqualified Johnson from representing Coutsodontis in this matter after Johnson was designated as a witness who could testify to Coutsodontis's claimed advice of counsel defense. Estimate time of testimony: 3 hours.

2. John C. Stratakis, Esq.

   - Stratakis is a lawyer from the firm Poles Tublin Stratakis & Gonzalez LLP. The Honorable Henry B. Pitman previously disqualified Johnson from representing Coutsodontis in this matter after Johnson was designated as a witness who could testify to Coutsodontis's claimed advice of counsel defense. Estimate time of testimony: 3 hours.

3. Stelios Coutsodontis

    - Coutsodontis is the Defendant in this action.  Should the defense not call Coutsodontis, Plaintiffs respectfully request the right to call him in their direct case as an adverse witness.  <u>Estimate time of testimony: 1 day</u>.

4. Jeffrey Hill

    - Hill worked for Ekko Chartering LLP, a vessel chartering brokerage organization, and can testify that at the time of its arrest in Spain, the M/V Athena was completing a charter and was negotiating an additional charter and Sea Trade lost income as a result of the vessel's arrest.  <u>Estimate time of testimony: 2 hours</u>.

5. Representative from Colonial Navigation Corporation

    - A representative from Colonial, Sea Trade's management company, can testify concerning the consequences and ramifications to Sea Trade as a result of Coutsodontis's unlawful arrests of the M/V Athena.  <u>Estimate time of testimony: 2 hours</u>.

6. Representative from Interpec Iberica, S.A.

    - A representative from Interpec can testify that at the time of the M/V Athena's arrest in Spain, the vessel was completing a charter for Interpec and Interpec was negotiating an additional charter, which Sea Trade ultimately lost as a result of the vessel's arrest.  <u>Estimate time of testimony: 2 hours</u>.

**Defendant Coutsodontis:**

| Witness | Description of Testimony |
| --- | --- |
| Stelios Coutsodontis | Case in chief generally; Estimate: 1 day |
| Francesa Coutsodontis | Case in chief generally; Estimate: 3 hours |
| John G. Poles, Esq. | Advice of Counsel relating to the Spanish and Louisiana Arrests; Estimate: 3 hours |
| Daniel A. Tadros, Esq. | Advice of Counsel relating to the Louisiana Arrest; Estimate: 2 hours |
| F.R. Christiaan Pierot | Valuation of the M/V Athena; Estimate: 2 hours |

Defendant Coutsodontis may call:

| Christ Stratakis, Esq. | Advice of Counsel relating to the Spanish and Louisiana Arrests; Estimate: 3 hours |
| Anna Peters | Ownership and management of Sea Trade; 2002 loan to Sea Trade; Estimate: 4 hours |

**VI. Designation of Deposition Testimony for Case in Chief**

None.

**VII. List of Proposed Exhibits**

**Plaintiffs:**

| Exhibit | "No Authenticity" Objection | "No Objection At All" | Objection with FRE basis |
|---|---|---|---|
| Sea Trade Articles of Incorporation | | X | |
| Sea Trade Record of Certificates | X | | Lack of Foundation; Hearsay (FRE 801 and 802) |
| George Peters's Sea Trade Share Certificates | X | | Lack of Foundation; Hearsay (FRE 801 and 802) |
| George Peters's Employment Contract With Sea Trade | X | | Lack of Foundation; Hearsay (FRE 801 and 802) |
| Two Powers of Attorney to Manage Sea Trade | X | | Lack of Foundation; Hearsay (FRE 801 and 802) |
| February 9, 2005 Complaint, *Coutsodontis v. Peters, et al.*, 600511/05, Hon. Herman Cahn | | | Relevance (FRE 401 and 403) |
| June 13, 2005 Affidavit of Stelios Coutsodontis in 600511/2005 (Hon. Herman Cahn) | | | Relevance (FRE 401 and 403) |
| August 4, 2008 Translated Decision of the Commercial Court of Tarragona, Spain | | X | |
| September 26, 2008 Complaint, *Sea Trade Maritime Corp. v. Coutsodontis*, 08-cv-8299 (NRB) | | | Relevance (FRE 401 and 403) |

| Description | | | Objection |
|---|---|---|---|
| September 30, 2008 Affidavit of Stelios Coutsodontis in 08-cv-8299 (NRB) | | | Relevance (FRE 401 and 403) |
| October 2, 2008 Hearing before Hon. Naomi R. Buchwald | | | Relevance (FRE 401 and 403) |
| January 2009 Sale Receipt of the M/V Athena | | X | |
| April 3, 2009 Amended Complaint, 09-cv-488, *Sea Trade, et al. v. Coutsodontis, et. al*. | | | Relevance (FRE 401 and 403) and Hearsay (FRE 801 and 802) |
| October 10, 2012 Decision From the Multimember Court of First Instance of Piraeus | | | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) and Fed. R. Civ. Pro. 44.1 |
| May 29, 2013 Translated Decision of the Provincial Court of Tarragona, Spain | | X | |
| Expert Report of Kevin McNelis | | | Lack of Foundation, Relevance (FRE 401 and 403), Hearsay (FRE 801 and 802), Qualification (FRE 702) |
| Summary Damages Chart (Demonstrative) | | | Lack of Foundation, Relevance (FRE 401 and 403), Hearsay (FRE 801 and 802) |
| September 16, 2008 Decision of the Eastern District of Louisiana, 08-cv-4285 | | X | |
| June 18, 2009 Decision of the 5th Circuit Court of Appeals | | X | |

**Defendant Coutsodontis:**

| Description | Objection |
|---|---|
| Greek Supreme Court decision (with English translation) | Relevance (FRE 401 and 403) |

| | |
|---|---|
| Sea Trade's By-Laws | Relevance (FRE 401 and 403) |
| Sea Trade's Articles of Incorporation | ** |
| Minutes of the First Meeting of the Board of Directors of Sea Trade dated July 20, 1992 | Relevance (FRE 401 and 403) |
| Minutes of Annual Meeting of Stockholders of Sea Trade dated July 8, 1993 | Relevance (FRE 401 and 403) |
| Minutes of Annual Meeting of the Board of Directors of Sea Trade dated July 8, 1993 | Relevance (FRE 401 and 403) |
| Minutes of Annual Meeting of Stockholders of Sea Trade dated July 8, 1994 | Relevance (FRE 401 and 403) |
| Minutes of Annual Meeting of the Board of Directors of Sea Trade dated July 8, 1994 | Relevance (FRE 401 and 403) |
| Sea Trade Maritime Corp. Shareholders' Written Consent Pursuant to Article 7.4 of the Liberian Business Corporation Act dated May 15, 2002 | Relevance (FRE 401 and 403) |
| Sea Trade Maritime Corp. Secretary's Certificate dated May 15, 2002 | Relevance (FRE 401 and 403) |
| Negative Pledge Agreement dated May 21, 2002 | Relevance (FRE 401 and 403) |
| Assignment of Insurances M/V Athena in favor of Allfirst Bank dated May 28, 2002 | Relevance (FRE 401 and 403) |
| Letter from Poles Tublin to M Gonzalez Rodriguez dated June 27, 2008 | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |
| Correspondence from Poles Tublin to S Coutsodontis dated June 30, 2008 | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |
| Email string dated June 30, 2008 Re: S.S. ATHENA | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |
| Email string dated July 2, 2008 Re: S.S. ATHENA | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |

| | |
|---|---|
| Affidavit of John G. Poles and Christ Stratakis dated July 3, 2008 | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |
| Email string dated July 9, 2008 Re: S.S. ATHENA (with attachment) | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |
| Correspondence from J Poles to C Stratakis dated August 25, 2008 | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |
| Correspondence from D Tadros to J Poles dated August 26, 2008 | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |
| Email string dated August 27, 2008 Re: M/V ATHENA | Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802) |
| Order Allowing Vessel to Shift Within the Jurisdiction dated August 27, 2008 | Relevance (FRE 401 and 403) |
| Reasons for Vacating Order dated September 16, 2008 | Relevance (FRE 401 and 403) |
| Ship Release Bond dated September 12, 2008 | Relevance (FRE 401 and 403) |
| Report of F.R. Christiaan Pierot | Lack of Foundation; Relevance (FRE 401 and 403); Hearsay (FRE 801 and 802), Qualification (FRE 702) |
| Will of Athena Eliades dated September 14, 2000 | Relevance (FRE 401 and 403) |
| Deposition Transcript of George Peters (identification only) | ** |

## VIII. List of *in limine* Motions

### A. Plaintiffs:

1. Motion *in limine* to Exclude Evidence of an Undomesticated Foreign Judgment.

2. Motion *in limine* to Admit Evidence of Defendant Coutsodontis' accusations of forgery and fraud against Plaintiff George Peters.

### B. Defendant Coutsodontis:

1. Motion *in limine* to Admit and Give Conclusive Effect to the Greek Courts' Decisions Confirming Defendant Coutsodontis' 50% Interest in Sea Trade.

2. Motion *in limine* to Dismiss Case for Lack of Subject Matter Jurisdiction and bar Plaintiff George Peters from Proceeding on Behalf of Sea Trade.

3. Motion *in limine* to Bar Plaintiffs from Seeking the Claimed "Equitable" Remedy of Forfeiture of Shares and from Seeking to Prove a Breach of Fiduciary Duty.

4. Motion *in limine* to Bar Plaintiffs from Introducing Evidence Regarding Plaintiff Peters' Allegation That He Was Defamed by Defendant Coutsodontis.

5. Motion *in limine* to Bar Plaintiffs from Seeking or Introducing Evidence Regarding Damages Related to the Spanish Arrest.

6. Motion *in limine* to Bar Plaintiffs from Seeking Monetary Relief Arising from the Louisiana Arrest Because the Vessel was Under Arrest by a Third Party.

7. Motion *in limine* to Bar Plaintiffs' Expert Witness from Testifying.

8. Motion *in limine* to Bar under the Dead Man's Statute Introduction of Evidence regarding Communications with, or Transactions relating to, Elias Eliades or Athena Eliades.

9. Motion *in limine* to Dismiss the Wrongful Attachment Claim because Plaintiffs Cannot Demonstrate that Defendant Coutsodontis Did Not Rely in Good Faith Upon the Advice of Counsel.

## IX. Stipulation of Uncontested Facts

1. Sea Trade Maritime Corporation ("Sea Trade") was organized under the laws of the Republic of Liberia in July of 1992.

2. The Certificate of Incorporation of Sea Trade provides that the authorized number of shares will be 500.

3. Sea Trade's Articles of Incorporation (the "Articles") provide: "No shareholder of the Corporation shall have the right or power to sell, assign, transfer or otherwise dispose of all or any part of the shares of stock of the Corporation to a person who is not already a shareholder without first obtaining the unanimous written consent of all the other shareholders of the Corporation."

4. Elias died in September 1996.

5. In 1997, the M/V Athena was bombed and needed emergency repairs.

6. Athena died on January 13, 2003.

7. On July 16, 2008, Coutsodontis arrested the M/V Athena in Tarragona, Spain.

8. Coutsodontis's attorney in Spain was aware at this time that the M/V Athena was to be sold.

9. On August 4, 2008, a Spanish court lifted the arrest and permitted the M/V Athena to once again engage in trade.

10. On February 19, 2009 an appellate court in Spain affirmed the August 4, 2008 decision to lift the arrest of the M/V Athena.

11. On August 27, 2008, Coutsodontis arrested the vessel in New Orleans, Louisiana.

12. On September 12, 2008, the United States District Court for the Eastern District of Louisiana vacated the arrest.

13. Coutsodontis appealed the decision of the United States District Court for the Eastern District of Louisiana, and on June 18, 2009, the United States District Court for the Fifth Circuit affirmed the decision.

14. On September 26, 2008, Sea Trade sought an injunction in the United States District Court for the Southern District of New York prohibiting Coutsodontis from continuing to arrest the M/V Athena.

15. On September 30, 2008, Coutsodontis submitted a sworn affidavit stating that his attorneys in Spain were informed by the M/V Athena's captain that the vessel was up for sale in July 2008.

16. On or about January 6, 2009, Sea Trade entered into a Memorandum of Agreement for the sale of the M/V Athena for $2,625,000.00.

17. On January 15, 2009, Coutsodontis applied to the Greek Courts for an injunction to prevent the sale of the Athena.

18. The Greek Court granted Coutsodontis's request for an injunction.

19. On January 27, 2009, the parties entered into an agreement to allow the sale of the M/V Athena.

20. The M/V Athena was sold for $2,263,437.50.

- 12 -

**X. Statement of Each Element of Damages**

**Plaintiffs:**

(1) The monetary difference between the sale value of the M/V Athena before Coutsodontis had it wrongfully arrested in Spain in July 2008 and what the M/V Athena ultimately sold for in January 2009, said difference being approximately $17.7 million; (2) Approximately $3.5 million in loss of income based on lost charters while the M/V Athena was wrongfully arrested; (3) Approximately $555,000 in fuel and port costs during the arrests of the vessel; and (4) Approximately $250,000 for the cost of the M/V Athena to wait at anchorage between the time the vessel's sale was first negotiated prior to Coutsodontis's anti-sale injunction and when it was actually sold.  The total approximate damages are **$22,00,000**.  If the Court determines that the diminution in sale price of the vessel is the mark of damages, the Court can alternatively find damages of approximately $360,000.00, which is the monetary difference in value between the negotiated sale price of the vessel prior to Coutsodontis's anti-sale injunction and the actual sale price of the vessel.  Plaintiffs are also seeking punitive damages.

**Defendant Coutsodontis:**

N/A

**XI. Other Requested Relief**

**Plaintiffs:**

To the extent Coutsodontis has any ownership interest in Sea Trade, he has breached his fiduciary duty and therefore should forfeit his shares in Sea Trade.

**Defendant Coutsodontis:**

Defendant Coutsodontis has filed a motion *in limine* to bar Plaintiffs from seeking the claimed "equitable" remedy of forfeiture of shares. *See* Coutsodontis Brief ISO Motions in Limine at 14-17.

          /s
Jason H. Berland, Esq. (JB4136)
Nader Mobargha (NB7162)
**BEYS LISTON MOBARGHA
& BERLAND LLP**
825 3rd Avenue – 2nd Floor
New York, NY  10022
Tel: 646-755-3600
*Attorneys for Plaintiffs*


          /s
Mark A. Berman, Esq. (MB4456)
Kelly A. Zampino, Esq. (KZ0721)
**HARTMANN DOHERTY ROSA
BERMAN & BULBULIA, LLC**
666 Fifth Avenue, 28th Floor
New York, NY 10103
(212) 344-4619
mberman@hdrbb.com
kzampino@hdrbb.com
*Attorneys for Defendant
Stelios Coutsodontis*

Dated: December 14, 2015