USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SEA TRADE MARITIME CORPORATION, et al.,
                      Plaintiffs,

-against-

STELIOS COUTSODONTIS,
                      Defendant.
------------------------------------------------------------X

09 Civ. 488 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on December 3, 2015, Plaintiffs and Defendant submitted motions in limine and other motions in advance of trial;

    WHEREAS, these motions were addressed at the final pretrial conference on January 6, 2016, for the reasons discussed on the record; it is hereby

    **ORDERED** that:

    (i) Defendant's motion to admit and give conclusive effect to the Greek courts' decisions confirming Defendant's 50% interest and Plaintiffs' related motion to exclude the Greek judgment is **RESERVED** because it is an issue of law which will be addressed, if necessary, in the Findings of Fact and Conclusions of Law.  The parties shall submit translations of the lower court and any appellate court opinions for both Greek actions, as well as a copy of the New York Supreme Court decision by January 11, 2016.  Should Plaintiffs want to submit a case or statute arguing that certain recognition procedures apply, they shall do so by **5 p.m. on January 8, 2016** as discussed at the conference.

(ii) Defendant's motion to dismiss the case for lack of subject matter jurisdiction or barring Plaintiff Peters from proceeding on behalf of Sea Trade is **RESERVED** as there are disputed facts which must first be resolved.

(iii) Defendant's motion to bar Plaintiffs from seeking the equitable remedy of forfeiture of shares and from seeking to prove a breach of fiduciary duty is **DENIED**.

(iv) Pursuant to Rule 404(b)(2), Fed. R. Evid., Defendant's motion to bar Plaintiffs from introducing evidence regarding Plaintiff Peters' allegation that he was defamed by Defendant is **DENIED**, and Plaintiff's related motion to admit evidence of Defendant's false allegations of forgery and fraud is **GRANTED**.

(v) Defendant's motion to bar Plaintiffs from introducing evidence regarding damages related to the Spanish Arrest is **GRANTED IN PART**.  This part of the trial is **SEVERED** and the parties shall brief the following issues with their post-trial briefs and submit a translation of the decision of the Spanish lower court and court of appeals:  (1) whether to recognize the foreign judgment of the Spanish court lifting the arrest, awarding certain damages and declining to award other damages, and what law governs this issue (federal law, New York law or Spanish law); (2) if so, the scope of res judicata and/or collateral estoppel -- specifically, whether the Spanish decision precludes any further action for damages or other relief arising out of the wrongful arrest of the Athena in Spain, or whether it precludes only contrary findings or relief on matters addressed.  Regardless of what law the parties believe should govern, these issues shall be addressed under (1) federal law, (2) New York law, and (3) any Spanish law (if available).

(vi) Defendant's motion to bar Plaintiffs from seeking monetary relief arising from the Louisiana arrest because the vessel was under arrest by a third party is **DENIED**.

(vii) Defendant's motion to bar Plaintiff's expert witness from testifying is **DENIED**.

(viii) Defendant's motion to bar Plaintiffs under New York Dead Man's Statute from introducing testimony regarding communications with, or transactions relating to, Elias or Athena Eliades, as to his power to act on behalf of Sea Trade is **DENIED**.  One of the causes of action in this case is wrongful arrest, which is governed by federal and not state law, to which the New York Dead Man's Statute does not apply under Fed. R. Evid. 601.  Nevertheless hearsay evidence will be excluded except as provided in Rules 801 et seq., Fed. R. Evid.

(ix) Defendant's motion to dismiss Plaintiffs' wrongful attachment claim because Plaintiffs cannot demonstrate that Defendant did not rely on advice of counsel is **DENIED**.  It is further

**ORDERED** that by 5 p.m. on January 8, 2016, the parties shall submit the equivalent of a jury charge on their respective claims and defenses.

The Clerk is directed to close the Motions at Docket Nos. 245 and 248.

Dated: January 8, 2016
    New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**
