**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SEA TRADE MARITIME CORPORATION and
GEORGE PETERS,                                          **No. 09 Civ. 488 (LGS)(HBP)**

                         *Plaintiffs,*

                         -against-

STELIOS COUTSODONTIS, *et al.,*

                         *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## PLAINTIFFS' REQUEST FOR CHARGE

### I-   BREACH OF FIDUCIARY DUTY

The elements of a Breach of Fiduciary Duty Claim are clear:  (1) the existence of a fiduciary duty; (2) conduct breaching that duty; and (3) resulting damages.  *See Berman v. Sugo, LLC,* 580 F. Supp.2d 191, 204 (S.D.N.Y. 2008).  There is no requirement that malice or bad faith be shown to establish a breach of fiduciary duty.  *See, e.g., S & K Sales Co. v. Mike, Inc.,* 816 F.2d 843, 849 (2d Cir. 1987) ("the tort of participation in a fiduciary's breach of duty does not require proof of intent of harm").

### A.   The existence of a fiduciary duty

A fiduciary duty exists between a 50% shareholder in a company and the shareholders and company.  Where a group of plaintiffs and the sole defendant each owned 50% of a close corporation, "defendant and the individual plaintiffs, as shareholders in a close corporation, owe fiduciary duties to one another." *Unitel Telecard Distribution Corp. v. Nunez*, 90 A.D.3d 568, 569 (1st Dep't 2011) (citing *Brunetti v. Musallam*, 11 A.D.3d 280, 783 N.Y.S.2d 347 (1st Dep't

2004)).  This is especially so where the shareholders in a close corporation are family members.  *See, e.g., Braddock v. Braddock*, 60 A.D.3d 84, 88 (1st Dep't 2009) ("Family members [*e.g.* two cousins] stand in a fiduciary relationship toward one another in a co-owned business venture.") (citing *Venizelos v. Oceania Mar. Agency*, 268 A.D.2d 291 (1st Dep't 2000); *Birnbaum v. Birnbaum*, 73 N.Y.2d 461 (1989) (holding that uncle, owner of 50% of close corporation, owes fiduciary duties to two nephews each owning 25% of corporation)). In *Fender v. Prescott*, 476 N.Y.S.2d 128 (1st Dep't 1984), *aff'd* 64 N.Y.2d 1077 (1985), which was affirmed by the New York Court of Appeals, the court held that "the relationship between shareholders in a close corporation, viz-a-viz each other, is akin to that between partners and imposes a high degree of fidelity and good faith."  *Id.*; *Cassata v. Brewster–Allen–Wichert, Inc.*, 248 A.D.2d 710, 711 (2d Dep't 1998) ("The shareholders of a close corporation owe each other a duty to act in good faith.").

This fiduciary duty between shareholders in a close corporation is in "addition" to a fiduciary duty "arising out of [a] status as a corporate officer or director."  *Global Minerals and Metals Corp. v. Holme*, 35 A.D.3d 93, 98 (1st Dep't 2006)*; see also Benson v. RMJ Securities Corp.*, 683 F. Supp. 359, 374 (S.D.N.Y. 1988) (holding that five shareholders, each owning less than 25% of closely held corporation, owe each other the fiduciary duty "to deal fairly, in good faith, and with loyalty.").  Those duties are "not extinguished by [defendant's] acrimonious relationship" with the company.  *Global Minerals,* 35 A.D.3d at 98.

Even if a court were to find that the mere status as a shareholder does not confer a fiduciary duty to a corporation or other shareholder, a court may still find that a fiduciary duty exists.  "Whether a fiduciary duty exists is necessarily fact-specific to the particular case." *Childers IV v. N.Y. and Presbyterian Hospital,* 36 F.Supp.3d 292, 308 (S.D.N.Y. 2014).

Fiduciary relationship can also arise if a shareholder "usurps the functions of the directors in the management and conduct of the business of the corporation to the detriment of the corporation and minority."  *Blaustein v. Pan American Petroleum & Transport Co.,* 263 A.D. 97, 119 (1st Dept. 1941)(citing *Clearly v. Higley*, 154 Misc. 158, 168-69); *see also Stein v. McDowell*, 74 A.D.3d 1323, 1326 (2d Dep't 2010)(finding that 50% shareholder owed a fiduciary duty to his co-shareholder which was "breached by usurping their ownership interest").[1]

    **B.**    **Conduct breaching that duty**

A breach of fiduciary duty occurs if the fiduciary:

- cripples or injures the corporation (*See, e.g., Innovative Networks, Inc. v. Young,* 978 F. Supp. 167, 183 (S.D.N.Y. 1997); *In re Albion Disposal, Inc.,* 152 B.R. 794, 823-24 (W.D.N.Y.1993));

- exposes the company to an unjustified risk of financial harm.  (*See, e.g., Wilf v. Halpern,* 599 N.Y.S.2d 579 (1st Dept. 1993);

- puts his interests ahead of the corporation's.  (*See, e.g., Stone ex. rel.,* 911 A.2d 362, 369 (Del. Sup. Ct. 2006); *Leiser v. System D Restaurant Holdings, Inc.*, 32 Misc.3d 374, 377 (Sup. Ct., N.Y. Cnty. 2010); *Global Minerals,* 35 A.D.3d at 98); or

- intentionally acts with the purpose other than that of advancing the best interests of the corporation  *Stone ex.rel.,* 911 A.2d at 369.

    **C.**    **Resulting Damages**

A fiduciary is liable if his breach causes damages to Plaintiff.  *See Berman,* 580 F. Supp.2d at 204 (S.D.N.Y. 2008).

---

[1] In his summary judgment papers, Defendant relies on *Blaustein*.

**II-**      **UNLAWFUL ARREST**

**A.      The standard for liability for an unlawful arrest**

"The gravamen of the right to recover damages for wrongful seizure or detention of vessels is the bad faith, malice, <u>or</u> gross negligence of the offending party." *Frontera Fruit Co. v. Dowling*, 91 F.2d 293, 297 (5th Cir. 1937); *see also Marastro Compania Naviera v. Canadian Maritime Carriers Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992).  Negligence will not suffice to maintain an action for wrongful arrest; rather, the detainee must show that the arrest arose from malice, bad faith, or reckless disregard of the other party's legal rights. *Coastal Barge Corp. v. M/V Mar. Prosperity,* 901 F.Supp. 325, 328 (M.D.Fla.1994).

**B.      The advice of counsel defense**

Advice of counsel is a factor that the court may consider in determining whether Defendant acted in bad faith.  To establish a viable advice of counsel defense, a defendant must establish that he "(1) made a complete disclosure, (2) sought the advice as to the appropriateness of the challenged conduct, (3) received advice that the conduct was appropriate, and (4) relied on that advice in <u>good faith</u>." *See, e.g., S.E.C v. Caserta,* 75 F.Supp.2d 79, 95 (E.D.N.Y. 1999)(emphasis added).  "Even then, such reliance is not a complete defense, but only one factor for consideration."  *S.E.C. v. Wyly,* 950 F. Supp.2d 547, 566 (S.D.N.Y. 2013); *see also Markowitz v. S.E.C.*, 34 F.3d 99, 104-05 (2d. Cir. 1994).

"However, the requirement that a [party] act on counsel's advice 'in good faith,' merely begs the question. Did [the party], indeed, act on the advice in good faith?"  *Coastal Barge Corp.*, 901 F.Supp. at 329 (finding bad faith where the arresting party "knew full well of the ship's right not to be rearrested by it" and where it failed to tell the court of such a right).

Reckless disregard for another party's rights may be established when one arrests a ship

for a second time, even to enforce a valid maritime lien. *Coastal Barge Corp.*, 901 F.Supp. at 328-29.  "To be fully convinced of the correctness of one's selected course of action does not mean [] that reckless disregard is absent. Indeed, such righteous purposes may well be a prime ingredient for reckless disregard." *Id.*  This is particularly true where a party "knew full well of the ship's right not to be rearrested by it" and yet "that awareness did not deter [it] from rearresting the ship." *Id.* at 329.

Bad faith may also be established where the party arresting a ship "could have followed certain procedures to ensure both [the other party's] rights and the legitimacy of any [arrest]… [but] elected not to pursue such a course." *Id.* at 329.  Where the party claims to have acted on the advice of counsel in such circumstances, its conduct raises a question as to whether it "honestly sought and acted upon [such advice] in good faith." *Id.*

The omission of a known, pertinent fact may constitute reckless disregard of the truth. *Del Mar Seafoods, Inc. v. Cohen,* 2008 WL 2491703, at *6 (N.D. Cal June 19, 2008)(finding bad faith where false and misleading statements were made to the court to seize the vessel).

## III-    COURT'S DISCRETION TO GRANT EQUITABLE RELIEF

A federal court sitting in admiralty has broad discretion to grant equitable relief.  *See, e.g., O' Dean Tropicana Cruises Intern, Inc.,* 1999 WL 335381 (S.D.N.Y. 1999); *see also Farrell Lines Inc. v Columbus Cello-Poly Corp.,* 32 F. Supp. 2d 118 (S.D.N.Y. 1997)("It can be hardly denied that a case properly before it a federal court plainly has the power to issue injunctions or to grant other equitable relief.").  Monetary damages, alone, may not be sufficient. "The court has sufficient power to impose such equitable remedy as may be appropriate.  Were the court to conclude that the facts alleged are proven and that equitable relief was called for, it could, for example require defendant…to divest the…stock it has now acquired." *Blommer*

5

*Chocolate Co. v. Blommer* 1992 WL 245969, at *7, n. 2 (Del. Ch. Sept. 28, 1992); *see also Sly v. Abbott,* 264 P. 507 (Cal. Ct. App. 1928) (finding a partner was forced to forfeit his shares in the partnership based upon damages caused to partnership).

Dated: January 8, 2016
       New York, New York

**BEYS LISTON MOBARGHA & BERLAND LLP**

By: _____/s/_____
           Nader Mobargha, Esq.

825 Third Avenue, 2nd Floor
New York, New York 10022
Telephone: (646) 755-3603
Facsimile: (646) 755-5229
Email: nmobargha@blmblaw.com

*Attorneys for Plaintiffs*