BEYS LISTON MOBARGHA & BERLAND LLP
NADER MOBARGHA

January 8, 2016

<u>VIA ECF</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re: <u>*Sea Trade Maritime Corp. et al. v. Coutsodontis et al.*, 09 Civ. 0488(LGS)</u>;
       <u>Recognition Of Foreign Country Non-Monetary Judgment</u>s

Dear Judge Schofield:

   Trial of the above-captioned case is scheduled to begin on Monday, January 11, 2016. Pursuant to the Court's instructions at the final pre-trial conference on January 6, 2015, and in its order of this date, Plaintiffs respectfully submit the following legal authorities applicable to the recognition of a foreign country's non-monetary judgments.

   The law regarding enforcement of foreign monetary judgments is well-settled in New York, although the opposite is true for non-monetary judgments. Under Article 53 of New York's Civil Practice Law And Rules ("CPLR"), a foreign monetary judgment that is final, conclusive and enforceable in the country where rendered is enforceable in New York. CPLR §§ 5302-03. Enforcement may be sought in one of three ways: (1) by filing an action on the judgment, (2) by filing a motion for summary judgment in lieu of a complaint, or (3) if an action is pending in New York between the same parties, the foreign judgment can be enforced by filing a counterclaim, cross-claim or asserting an affirmative defense. CPLR § 5303.

   The statute provides for mandatory and discretionary non-recognition of foreign monetary judgments, in certain circumstances. A foreign monetary judgment must not be recognized or enforced in New York if: (a) the judgment was rendered under a system which does not provide impartial tribunals; (b) the system or court procedures are not compatible with the requirements of due process of law; or (c) the foreign court did not have jurisdiction over the defendant. CPLR § 5304(a).

   New York courts have the discretion to refuse to recognize a foreign monetary judgment where, among other things, the judgment was obtained by fraud, or where it conflicts with another final and conclusive judgment. CPLR § 5304(b).

Page 2 of 2

New York's C.P.L.R. only provides for the enforcement and recognition of money judgments. Foreign judgments granting injunctive or declaratory relief, judgments related to title disputes of property, specific performance decrees, and fines or judgments that arise out of a criminal proceeding, are not covered by the statute. They may nevertheless be enforceable under New York common law or any other New York statute, as a matter of comity.

Nevertheless, the bases for non-recognition of foreign judgments seem equally to apply to non-monetary judgments, if not more so. They are particularly applicable in those circumstances described in the statute, such as where the judgment is procured by fraud or is inconsistent with other conclusive foreign judgments. There is no legal authority to preclude a court from considering the section 5304(a) and (b) factors as bases not to recognize foreign non-monetary judgments.

        Respectfully Submitted,

        /s/ Nader Mobargha

        _____

        Nader Mobargha, Esq.
        *Counsel for Plaintiffs*

cc.    All Counsel (via ECF)