```
UNITED STATES DISTRICT COURT                              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                             DOCUMENT
------------------------------------------------------ X  ELECTRONICALLY FILED
                                                       :  DOC #:_____
SEA TRADE MARITIME CORP., et al.,                      :  DATE FILED:__4/14/2017__
                                  Plaintiffs,          :
                                                       :    09 Civ. 488 (LGS)
              -against-                                :
                                                       :    OPINION AND ORDER
STELIOS COUTSODONTIS,                                  :
                                  Defendant.           :
------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

This case arises from an intra-family dispute over the ownership and control of Plaintiff Sea Trade Maritime Corporation ("Sea Trade"), which until 2009 owned the ship the M/V ATHENA. Plaintiffs Sea Trade and George Peters ("Peters") brought this action against Defendant Stelios Coutsodontis ("Coutsodontis"), asserting claims for wrongful arrest of the M/V ATHENA, breach of fiduciary duty and frustration of corporate purpose. On August 23, 2016, following a three-day bench trial, the Court issued its findings of fact and conclusions of law (the "Opinion"), familiarity with which is presumed. As explained in the Opinion, the Court found for Plaintiffs on the breach of fiduciary duty claim and dismissed the wrongful arrest and frustration of corporate purpose claims. The Court ordered Coutsodontis to forfeit his Sea Trade shares as of the date of the Opinion and referred the matter to Magistrate Judge Henry B. Pitman for an inquest on the amount, if any, Coutsodontis is due based on the 50% interest he held in Sea Trade from January 13, 2003, until the date of the Opinion. Judgment to this effect was entered on August 24, 2016. Plaintiffs move to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59. For the following reasons, Plaintiffs' motion is denied.

## I. STANDARD

The standard governing a motion pursuant to Rule 59(e), in effect a motion for

reconsideration, "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012). Relief is available only if the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks and citation omitted). The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or Rule 60(b), rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## II. DISCUSSION

Plaintiffs seek to amend the judgment in two regards. First, Plaintiffs request removal of the time constraint on Coutsodontis' forfeiture of Sea Trade shares -- which otherwise is effective as of the date of the Opinion. Second, Plaintiffs ask to eliminate the referral to Judge Pitman for an inquest on the amount Coutsodontis is due based on his previous ownership interest in Sea Trade. As explained below, Plaintiff's motion is denied in both regards.

### A. Time Constraint on Coutsodontis' Forfeiture of Sea Trade Shares

Plaintiffs' motion to amend the judgment to eliminate the time constraint on Coutsodontis' forfeiture of Sea Trade shares is denied because Plaintiffs do not identify any clear error, new evidence or manifest injustice that warrants relief under Rule 59.

The time constraint on Coutsodontis' forfeiture of Sea Trade shares is based on the

2

Court's finding, explained in the Opinion, that Peters has unclean hands. The doctrine of unclean hands is based on the maxim that "he who comes into equity must come with clean hands." *CBF Indústria De Gusa S/A v. Amci Holdings, Inc.*, 850 F.3d 58, 78 (2d Cir. 2017) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 241 (1933)). Under New York law, "[t]he doctrine of unclean hands applies when the offending party is guilty of immoral, unconscionable conduct directly related to the subject matter in litigation and which conduct injured the party seeking to invoke the doctrine." *Lucia v. Goldman*, 44 N.Y.S.3d 89, 91 (2d Dep't 2016) (internal quotation marks omitted); *accord Nat'l Distillers & Chem. Corp. v. Seyopp Corp.*, 214 N.E.2d 361, 362 (N.Y. 1966). The doctrine is an affirmative defense, and therefore the defendant who invokes the doctrine has the burden of proof. *See Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 126, 130 (S.D.N.Y. 1999); *see also ING Real Estate Fin. (USA) LLC v. Park Ave. Hotel Acquisition, LLC*, 933 N.Y.S.2d 217, 217 (1st Dep't 2011) (affirming summary judgment for plaintiff where defendant failed to raise issue of fact as to its unclean hands affirmative defense). "Application of the 'unclean hands' doctrine rests with the discretion of the court, which is 'not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion.'" *Aris-Isotoner Gloves, Inc. v. Berkshire Fashions, Inc.*, 792 F. Supp. 969, 969–70 (S.D.N.Y. 1992) (quoting *Keystone Driller*, 290 U.S. at 245), *aff'd*, 983 F.2d 1048 (2d Cir. 1992).

Coutsodontis satisfied his burden of proof regarding the unclean hands defense. He pleaded the defense in his Answer and raised it in his proposed findings of fact and conclusions of law, at trial and in post-trial briefing. At trial, Peters testified that he never recognized Coutsodontis as a Sea Trade shareholder, never invited Coutsodontis to any Sea Trade shareholder meetings and never would accept Coutsodontis as a Sea Trade shareholder. Peters

took those positions even though Coutsodontis was adjudged the owner of 50% of Sea Trade shares as early as January 2009, in the Athens Shareholder Action, which Peters' mother and fellow Sea Trade shareholder had commenced. *See* Multi-Member Court of First Instance of Athens [Pol. Pr.] [district court] 1391/2009, p. 3 (Greece). This evidence supports the Opinion's finding that Peters has unclean hands because he breached a fiduciary duty he owed to Coutsodontis as a fellow shareholder in a closely held corporation. *See Palatkevich v. Choupak*, No. 12 Civ. 1681, 2014 WL 1509236, at *25 (S.D.N.Y. Jan. 24, 2014) ("Under New York law, 'Shareholders in a close corporation owe each other a duty to act in good faith.' The failure to do so constitutes a breach of fiduciary duty." (internal citation omitted)); *Ross v. Moyer*, 730 N.Y.S.2d 318, 320 (1st Dep't 2001) ("Where a plaintiff has committed breaches of fiduciary duties owed to a defendant, the doctrine of unclean hands applies to bar such plaintiff from seeking relief on his or her equitable claims."). Also, as required for application of the unclean hands doctrine, Peters' refusal to treat Coutsodontis as a shareholder was directly related to the subject matter of this action -- the ownership and control of Sea Trade -- and injured Coutsodontis by requiring him to continue litigating the issue of whether he inherited Sea Trade shares.

In light of Peters' unclean hands, the time constraint imposed on Coutsodontis' forfeiture of Sea Trade shares was reasonable and within the Court's authority to grant equitable relief. "[I]n determining whether the doctrine of unclean hands bars an equitable remedy, courts are permitted to weigh the wrongdoing of the plaintiff against the wrongdoing of the defendant." *Dunlop-McCullen v. Local 1-S, AFL-CIO-CLC*, 149 F.3d 85, 92–93 (2d Cir. 1998); *accord Wells Fargo Bank v. Hodge*, 939 N.Y.S.2d 98, 100 (2d Dep't 2012). A court sitting in equity has power "as broad as equity and justice require," *U.S. Bank Nat. Ass'n v. Losner*, 44 N.Y.S.3d 467,

470 (2d Dep't 2016), and "may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just," *State v. Barone*, 546 N.E.2d 398, 400 (N.Y. 1989) (quoting N.Y. C.P.L.R. § 3017(a)). Here, the relief Peters requests is an order that Coutsodontis forfeit his shares. Coutsodontis' breach of his fiduciary duty to Sea Trade warrants forfeiture, but to order forfeiture without a time constraint would give Peters and his mother, Anna Peters, a windfall -- the full proceeds from the sale of the M/V ATHENA, which was completed shortly after the Court of First Instance in the Athens Shareholder Action held that Coutsodontis owned 50% of Sea Trade beginning January 13, 2003, when he inherited them from his sister. Such a windfall to Peters would be unjust, as Peters breached his fiduciary duty to Coutsodontis by refusing to recognize him as a Sea Trade shareholder. The time constraint on Coutsodontis' forfeiture avoids this windfall and provides an equitable outcome by effectively splitting Sea Trade's net profits during the time Peters and Coutsodontis were both owners.

None of Plaintiffs' arguments for a different result is persuasive. Most of the factual points that Plaintiffs raise were presented at trial and considered in the Opinion, and therefore are not proper for a reconsideration motion. *See Kolel Beth*, 729 F.3d at 104 (reconsideration may be granted based on "the availability of *new* evidence" (emphasis added)); *Analytical Surveys*, 684 F.3d at 52 (motion for reconsideration is "not a vehicle for relitigating old issues"). Additionally, Plaintiffs' factual points do not alter the conclusion that Peters has unclean hands.

First, Plaintiffs note that they were not parties to the Athens Shareholder Action and that Coutsodontis never sought recognition of the decision in the Athens Shareholder Action in any U.S. court. Neither of these facts excuses Peters' failure to recognize Coutsodontis as a Sea Trade shareholder. Peters was no stranger to the Athens Shareholder Action. His mother

5

commenced the Athens Shareholder Action, and Peters testified that he had a shared interest in the outcome and communicated with his mother's lawyers on her behalf. Peters also cited the Athens Shareholder Action as a reason to dismiss a competing action brought by Coutsodontis in New York, arguing that the New York court should defer to the pending litigation in the Greek courts. Once it was determined in the Athens Shareholder Action that Coutsodontis owned 50% of Sea Trade's shares, there was no reason why Coutsodontis needed to seek recognition of that judgment in a U.S. court in order to be recognized as a shareholder. Coutsodontis' ownership is a matter of Greek inheritance law that was adjudicated in a Greek court at the behest of Peters' mother. Sea Trade is a Liberian corporation. The only connection to the United States is that Peters and Coutsodontis are U.S. citizens. Although Coutsodontis would have needed to seek recognition of the judgment in a U.S. court in order to enforce the judgment against Peters' assets in the United States, *see, e.g.*, N.Y. C.P.L.R. § 5303 (a foreign country judgment is enforceable by "an action on the judgment, a motion for summary judgment in lieu of complaint, or in a pending action by counterclaim, cross-claim or affirmative defense"), Plaintiffs cite no authority supporting their argument that recognition of the judgment in a U.S. court is a prerequisite to Coutsodontis being recognized as a shareholder.

Second, Plaintiffs argue that Peters would have breached his fiduciary duty to his mother, Anna Peters, if he had recognized Coutsodontis as a shareholder. This argument is incorrect, as Anna Peters was the Plaintiff seeking declaratory relief in the Athens Shareholder Action and is therefore bound by the Greek court's judgment that Coutsodontis inherited 50% of the shares of Sea Trade.

Third, Plaintiffs point to three long-running legal actions between the parties -- this one, the Libel Per Se Action and the State Action, which was not disclosed to the Court previously --

and argue that Peters' failure to hold Sea Trade shareholder meetings or director elections should be excused because the parties were communicating only through counsel. However, Plaintiffs cite no authority that says a legal dispute between shareholders in a closely held corporation excuses their fiduciary duties. Just as the parties' disputes did not excuse Coutsodontis' breach based on his arrests of the M/V ATHENA, the disputes also do not excuse Peters' breach based on his disregard of the Athens judgment, non-recognition of Coutsodontis and failure to follow corporate formalities.

Fourth, Plaintiffs argue that the Court "failed to consider that Sea Trade was dormant after 2009." Not so. The Opinion states that "[s]ince the sale of the ship, Sea Trade has been dormant as it has not purchased another ship, and its business has ceased." Neither this fact nor Plaintiffs' related argument that the formalities and operations of closely held corporations often are more relaxed undermines the Court's finding of unclean hands. Peters admitted at trial that he never invited Coutsodontis to participate in Sea Trade's affairs and never would accept Coutsodontis as a Sea Trade shareholder. This shows that Peters was not merely operating Sea Trade informally; he was refusing to recognize Coutsodontis' ownership -- even after it was confirmed by the Greek courts -- and take appropriate action. As explained above and in the Opinion, this constituted a breach of Peters' fiduciary duty to Coutsodontis.

Fifth, Plaintiffs contend that the Court failed to consider that Peters once held a settlement conference with Coutsodontis, which Plaintiffs argue shows Peters' good faith. The Court was aware of this settlement conference, as Peters testified about it at trial, but did not discuss it in the Opinion because it is not relevant. That Peters briefly discussed settlement with Coutsodontis does not negate Peters' breach of fiduciary duty to Coutsodontis. Also, the settlement conference was in 2004 -- five years before Peters breached his fiduciary duty by

7

failing to recognize Coutsodontis as a shareholder following the decision in the Athens Shareholder Action.

Sixth, Plaintiffs argue that one of the bases for its finding of unclean hands -- that Peters never made the corporate books and records available for inspection -- is not supported by the record because Peters produced these documents in this action. Producing documents under compulsion in the course of litigation does not show good faith or compliance with fiduciary duties.

Seventh, Plaintiffs argue that it would have been futile for Peters to observe corporate formalities with Coutsodontis because Coutsodontis was arguing in this action that Peters was not a shareholder and did not have power to act on behalf of Sea Trade. Again, this does not relieve Peters of his fiduciary duties to Coutsodontis as a co-shareholder.

Finally, Plaintiffs argue that the time constraint on Coutsodontis' forfeiture of his shares results in manifest injustice because it allows him to receive proceeds from Sea Trade despite his breach of fiduciary duty to Sea Trade. Both Peters and Coutsodontis breached their fiduciary duties, as the Opinion found. The Court has broad equitable powers to achieve a just result. *See U.S. Bank*, 44 N.Y.S.3d at 470. Rather than picking one side or the other to reward or punish, the Opinion simply recognizes that each side owned half of Sea Trade beginning in 2003, as the Athens court held. That Coutsodontis is receiving some benefit from his ownership interest only now -- after the M/V ATHENA was sold for scrap, Sea Trade went dormant and the parties litigated multiple actions around the world -- is a product of Peters and his mother not recognizing Coutsodontis as a shareholder earlier.

Because Plaintiffs have not identified any clear error, new evidence or manifest injustice, Plaintiffs' motion to amend the judgment to eliminate the time constraint on Coutsodontis'

8

forfeiture of Sea Trade shares is denied.

**B.      Inquest on the Amount Owed to Coutsodontis**

Plaintiffs' motion to amend the judgment to eliminate the referral to Judge Pitman for an inquest on the amount due to Coutsodontis is denied.

Plaintiffs argue that the inquest is unnecessary because Coutsodontis seeks the same relief in the pending State Action, of which the Court was unaware when it issued the Opinion. This argument is unpersuasive. Federal courts sometimes abstain from exercising jurisdiction when there is a parallel state court proceeding for the sake of efficiency and "wise judicial administration." *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). Abstention would not serve those interests here, as the parties have already submitted briefing to Judge Pitman, and collateral estoppel would preclude the parties from re-litigating in the State Action any issues that were raised and decided in the Opinion. *See Buechel v. Bain*, 766 N.E.2d 914, 919 (N.Y. 2001).

Also unpersuasive are Plaintiffs' arguments that an inquest is improper because Coutsodontis did not request affirmative relief in this action and because Plaintiffs did not have an opportunity to assert "various defenses, including failure to state a claim and the statute of limitations." Although Coutsodontis did not request affirmative relief, the Court has broad authority to craft a remedy where, as here, the claim sounds in equity. *See Barone*, 546 N.E.2d at 400 ("[T]he court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just.") (quoting N.Y. C.P.L.R. § 3017(a)); *In re Galewitz*, 160 N.Y.S.2d 564, 572 (1st Dep't 1957) (noting that where a plaintiff invokes an equitable remedy, "he subjects himself to all of the powers of the court, and its obligation, to assure that equity is done to all parties"). As to Plaintiffs' defenses, Plaintiffs have

9

had notice of the unclean hands argument since 2010, when Coutsodontis raised it in his Answer, and had many opportunities over the course of six years of litigation to respond to the argument. In any event, the inquest is a means to implement the remedy ordered in the Opinion, not a separate claim to which defenses such as failure to state a claim and the statute of limitations would apply. Plaintiffs' motion to eliminate the referral to Judge Pitman for an inquest is denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs Sea Trade Maritime Corporation and George Peters' motion to amend the judgment entered on August 24, 2016, pursuant to Federal Rule of Civil Procedure 59 is DENIED.

Dated: April 14, 2017
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**