MANDATE

16-3291(L)
Sea Trade Maritime Corp., Peters v. Coutsodontis, et al.

N.Y.S.D. Case #
09-cv-0488(LGS)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand eighteen.

PRESENT: DENNIS JACOBS,
 REENA RAGGI,
 PETER W. HALL,
  Circuit Judges.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 28 2018

- - - - - - - - - - - - - - - - - - - -X
SEA TRADE MARITIME CORPORATION, GEORGE
PETERS,
  Plaintiffs-Appellants-Cross-Appellees,

  -v.-                                   16-3291(L),
                                         17-1573(CON),
STELIOS COUTSODONTIS,                    17-1572(XAP)
  Defendant-Cross-Defendant-
  Cross-Claimant-Appellee-
  Cross-Appellant,

FRANCESA ELENI COUTSODONTIS, GENERAL
MARITIME ENTERPRISES CORPORATION,
  Defendants-Cross-
  Defendants-Cross-Claimants,

1

MANDATE ISSUED ON 08/28/2018

**and**

**IASON SHIPPING LTD., ATTIKA INTERNATIONAL NAVIGATION S.A.,**
    <u>**Defendants-Cross-Defendants.**</u>

- - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS-CROSS-APPELLEES:** | NADER MOBARGHA (Joshua Liston, <u>on the brief</u>), Beys Liston & Mobargha LLP; New York, NY. |
| **FOR DEFENDANT-CROSS-DEFENDANT-CROSS-CLAIMANT-APPELLEE-CROSS-APPELLANT:** | MARK A. BERMAN (Kelly A. Zampino, <u>on the brief</u>), Hartmann Doherty Rosa Berman & Bulbulia, LLC; New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED in part** and **REVERSED in part**.

This appeal arises from a judgment of the United States District Court for the Southern District of New York (Schofield, <u>J.</u>) following a three-day bench trial in a dispute over the ownership and control of Sea Trade Maritime Corporation ("Sea Trade"), whose sole asset until 2009 was the ocean-going ship "M/V Athena." We assume the parties' familiarity with the underlying facts, the

2

procedural history, and the issues presented for review.

Elias Eliades and his wife, Athena Eliades, formed Sea Trade in July 1992, purchasing the M/V Athena for $9.1 million later that year.  Athena had two siblings: Defendant Stelios Coutsodontis and Anna Peters, the mother of Plaintiff George Peters.  During their lifetimes, Elias and Athena were the Directors of Sea Trade and George Peters managed day-to-day operations.

Sea Trade's Certificate of Incorporation provides for 500 authorized shares.  Upon Sea Trade's formation, Elias had 475 shares and George Peters received 25 shares.  In July 1994, Elias transferred a further 25 of his shares to George Peters and 150 shares to Anna Peters.  When Elias died in September 1996, Athena inherited his 300 remaining shares.  When Athena died in January 2003, she left 250 shares to Coutsodontis and 50 shares to Anna Peters (bringing her total shares to 200), while George Peters continued to own 50 shares.  Thus, Coutsodontis and the Peters family each held a 50 percent ownership interest in Sea Trade.

Since 2005, multiple litigations have been conducted between Coutsodontis on the one hand and Sea Trade and

3

George Peters ("Peters") on the other.  Peters argued that Athena's bequest of shares to Coutsodontis violated a no-alienation clause of Sea Trade's Articles of Incorporation and was therefore null and void.  In 2009, the Court of First Instance of Athens held that Coutsodontis was the owner of the 250 shares of Sea Trade he inherited from Athena; the ruling was upheld by the Greek appellate court in 2011 and by the Supreme Court of Greece in 2014 (the "Greek shareholder litigation").  Peters does not contest the giving of preclusive effect to the Greek courts' decision.  See J. App'x 243-46.

In July 2008, while the Greek shareholder litigation was pending, Coutsodontis caused the M/V Athena to be arrested in Spain in order to obtain security against his ownership interest.  In August 2008, after the arrest was vacated, Coutsodontis again caused the M/V Athena to be arrested, in New Orleans.  That arrest was also vacated.  Peters brought the present case, asserting (inter alia) claims for wrongful arrest and breach of fiduciary duty: on the wrongful arrest claim, Peters seeks money damages for the asserted lost opportunity to sell the M/V Athena on favorable terms in the summer of 2008; on the breach of

4

fiduciary duty claim, Peters seeks the equitable remedy of forfeiture of Coutsodontis' shares in Sea Trade.

**1.** Peters challenges the denial of relief on his wrongful arrest claim, arguing that the district court erred in concluding that any consequential damages for lost profits from the sale of the M/V Athena are too speculative.

"After a bench trial, . . . we review the district court's findings of fact for clear error and conclusions of law and mixed questions de novo." Connors v. Conn. Gen. Life Ins. Co., 272 F.3d 127, 135 (2d Cir. 2001).

First, Peters argues that the district court applied the wrong legal standard by requiring proof of "damages for the inability to sell to a specific buyer." Br. of Appellants 34. But the district court cited the correct legal standard: that Appellants bore the burden of proving consequential damages (including lost profits) "with reasonable certainty." J. App'x 240 (quoting Int'l Minerals & Res., S.A. v. Pappas, 96 F.3d 586, 597 (2d Cir. 1996)). The district court also relied on precedent that a plaintiff cannot recover damages if "it is uncertain whether such damages resulted necessarily and immediately

5

from the breach complained of," that is, if the damages are not the "certain result of the wrong." Id. (quoting Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 562-63 (1931)).  Although Peters asserted that arrests of the vessel frustrated sale of the vessel on favorable terms that are no longer available, the district court observed that Peters "had not hired a broker," "had not begun to market the ship," and "did not have a contract for the purchase of the ship," and concluded therefore that Peters' intention to sell the M/V Athena was too speculative to support an award for consequential damages. Id. at 241.  The district court did not (as Peters contends) require proof of a sale to a specific buyer; it cited that fact (among others) as evidence in reaching its determination.

Second, Peters challenges the district court's factual finding that Peters had no certain intention to sell the M/V Athena in July 2008.  Peters emphasizes his own assertions on direct testimony that he began to collect information on recent sales and ship brokers, and that he contacted Sea Trade's lawyers about a possible sale. Peters further cites the frenetic market for ships in the

6

summer of 2008 and the fact that the M/V Athena was nearing the end of its operating life.  Finally, Peters points to Coutsodontis' asserted motivation for arresting the ship: he heard rumors that it was up for sale.

But even if the Court were to agree with Peters' characterization of the facts, "[t]he fact that there may have been evidence to support an inference contrary to that drawn by the trial court does not mean that the findings made are clearly erroneous."  Diesel Props S.R.L. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011).  Moreover, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."  Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985).  The district court heard Peters' trial testimony, assessed his demeanor, and considered his various admissions "that he did not have any documentary evidence to corroborate his oral testimony," "that he had no contract of sale, no contract with a broker to sell the vessel, no letter of intent to sell, and no survey of the ship by any prospective buyer," and "that the ship was not yet on the market" in the summer of 2008.  J. App'x 236-37.  The district court therefore concluded that

7

Peters failed to sustain his burden to prove that the M/V Athena would have been sold but for Coutsodontis' arrest campaign. We will not "second-guess [a] bench-trial court's credibility assessments." Krist v. Kolombos Rest. Inc., 688 F.3d 89, 95 (2d Cir. 2012). We identify no error, clear or otherwise, in the district court's analysis or in its conclusion to deny relief on the wrongful arrest claim.

**2.** Peters argues that the district court erred in finding that his refusal to recognize Coutsodontis' ownership in Sea Trade breached his fiduciary duty to Coutsodontis and impaired any entitlement to equitable relief for Coutsodontis' own breach of fiduciary duty.

We do not reach the district court's unclean hands determination as to Peters because we conclude that Peters failed in the first instance to prove his breach of fiduciary duty claim against Coutsodontis, without which there is no basis for equitable relief.

The elements of a breach of fiduciary duty claim under New York law are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) "damages directly caused by [the defendant's] misconduct."

8

Pokoik v. Pokoik, 115 A.D.3d 428, 429, 982 N.Y.S.2d 67, 70 (1st Dep't 2014); see R.M. Newell Co. v. Rice, 236 A.D.2d 843, 844, 653 N.Y.S.2d 1004, 1005 (4th Dep't 1997) (identifying damages as "essential element" of breach of fiduciary duty claim).  Breach of fiduciary duty is a tort, see Sergeants Benev. Ass'n Annuity Fund v. Renck, 19 A.D.3d 107, 110, 796 N.Y.S.2d 77, 80 (1st Dep't 2005), and "[a]s with other torts in which damage is an essential element, the claim is not enforceable until damages are sustained," IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 140, 879 N.Y.S.2d 355, 360 (2009) (internal quotation marks omitted).  Accordingly, to succeed on his breach of fiduciary duty claim, Peters had to prove damages regardless of the relief ultimately sought.

Peters acknowledges that the wrongful arrests in July and August 2008 "are the bases for Coutsodontis's breach of fiduciary duty."  Br. of Appellants 43.  In holding Coutsodontis liable for breach, the district court determined that the arrests damaged Sea Trade by causing it "to lose business, incur expenses[,] and harm its reputation in garnering future business."  J. App'x 248. That damages assessment, however, cannot be reconciled with

9

Peters' own theory of relief or with other portions of the district court's decision. After the bench trial but before the district court issued its findings of fact and conclusions of law, Peters clarified that he did not seek damages for lost charters due to the res judicata effect of prior litigation and, instead, sought only "damages from the lost opportunity to sell the M/V Athena in the summer of 2008, as well as any and all injunctive relief, including . . . Coutsodontis's forfeiture of shares in Sea Trade." Dist. Ct. Dkt. No. 272 at 1. As discussed in the preceding point, the district court specifically found that Peters failed to prove with reasonable certainty any damages from the alleged lost sale opportunity attributed to Coutsodontis' 2008 arrests. Thus, assuming arguendo that Peters satisfied the first two elements of his breach of fiduciary duty claim against Coutsodontis, that claim necessarily fails at the third step for the same reason as the wrongful arrest claim: the failure to prove non-speculative damages.

Accordingly, because the district court could not, consistent with its rejection of the wrongful arrest claim, hold Coutsodontis liable for breach of fiduciary duty, we

reverse the award of relief on that claim, including the order requiring forfeiture of Coutsodontis' shares in Sea Trade.[1]  Insofar as Peters challenges the unclean hands finding delaying the date of that forfeiture, we reject that argument as moot.

**3.** Peters argues that the district court exceeded its equitable powers in awarding damages to Coutsodontis because Coutsodontis failed to assert a claim for affirmative relief and because he is seeking the same relief in state court.

"The district court's . . . fashioning of equitable relief [is] reviewed for abuse of discretion." United States v. Apple, Inc., 791 F.3d 290, 313 (2d Cir. 2015). "District courts have broad authority in crafting equitable remedies . . . . [and] appellate review is correspondingly narrow." Conn. Office of Protection & Advocacy for Persons with Disabilities v. Hartford Bd. of Educ., 464 F.3d 229, 245 (2d Cir. 2006) (internal citation and quotation marks omitted).

---

[1] The reversal may have no practical effect in that it affords Coutsodontis no larger share of the sale assets in escrow, and Sea Trade has no other assets or ongoing business operations.

11

The district court did not exceed its equitable powers in ordering an inquest, despite the fact that Coutsodontis did not assert an affirmative claim for relief. Once parties invoke a court's equity jurisdiction, the court "has the power to decide all relevant matters in dispute and to award complete relief," F.T.C. v. Bronson Partners, LLC, 654 F.3d 359, 366 (2d Cir. 2011) (quoting Porter v. Warner Holding Co., 328 U.S. 395, 399 (1946)), and "to assure that equity is done to all parties," In re Galewitz, 3 A.D.2d 280, 286, 160 N.Y.S.2d 564, 572 (1st Dep't 1957). Indeed, a court sitting in equity "may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just." State of New York v. Barone, 74 N.Y.2d 332, 336, 547 N.Y.S.2d 269, 271 (1989) (quoting NY CPLR § 3017(a)); see Soviero v. United States, 967 F.2d 791, 793 (2d Cir. 1992) ("When a court possessing equitable powers has jurisdiction over a complaint that seeks equitable relief, it has authority to award whatever damages are incident to the complaint."). In resolving the breach of fiduciary duty claim here, the district court first recognized Coutsodontis' 50 percent ownership interest in Sea Trade by

12

giving preclusive effect to the 2014 ruling of the Supreme Court of Greece in the related Greek shareholder litigation. Even if the district court ultimately erred in finding Coutsodontis liable for breach of his attendant fiduciary duties and, thus, in ordering forfeiture of his shares, the district court nonetheless possessed authority to recognize the parties' relative ownership interests in the course of its analysis and to order an inquest into amounts owed retroactively to them based on those interests.

Peters further argues that the inquest is improper because Coutsodontis has filed an action in state court seeking the same relief: $26 million in compensatory damages for Sea Trade's lost profits. While "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, exceptional circumstances may on occasion permit the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." Zemsky v. City of New York, 821 F.2d 148, 152 (2d Cir. 1987) (internal quotation marks and alterations omitted). The district court explained that

13

abstention was unwarranted because the parties had already submitted briefing in magistrate court and collateral estoppel would preclude the parties from relitigating in state court any issues resolved in federal court. Appellants offer no reason why the district court's decision was an abuse of discretion.

We have considered Appellants' remaining arguments and conclude that they are without any merit.  The judgment of the district court is **REVERSED** as to the breach of fiduciary duty claim and **AFFIRMED** in all other respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

14