**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEA TRADE MARITIME CORPORATION, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> STELIOS COUTSODONTIS, et al., <br><br> Defendants. | Civil No. 09-0488 (LGS)(HBP) |

**DEFENDANT STELIOS COUTSODONTIS' RESPONSE TO PLAINTIFFS'
<u>OBJECTIONS TO REPORT AND RECOMMENDATION</u>**

Mark A. Berman, Esq. (MB4456)
Kelly A. Zampino, Esq. (KZ0721)
**HARTMANN DOHERTY ROSA
BERMAN & BULBULIA, LLC**
800 Third Avenue, 28th Floor
New York, NY 10022
(212) 344-4619
mberman@hdrbb.com

*Attorneys for Defendant
Stelios Coutsodontis*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT .................................................................................................................................... 1

    I.    GEORGE PETERS IS NOT ENTITLED TO THE BOND PROCEEDS IN ESCROW. ........................................................................................................................ 1

    II.    THE MAGISTRATE JUDGE PROPERLY CONSIDERED COUTSODONTIS' REPLY SUBMISSION ................................................................................................. 3

    III.    THE MAGISTRATE JUDGE PROPERLY CONCLUDED THAT SEA TRADE HAD RETAINED PROFITS, BUT ERRED BY CONCLUDING THAT COUTSODONTIS WAS NOT ENTITLED TO ANY PORTION OF THOSE PROFITS ........................................................................................................ 4

CONCLUSION ................................................................................................................................. 4

**PRELIMINARY STATEMENT**

Plaintiffs' objections to the Magistrate Judge's Report and Recommendation ("R&R") are without merit, unsupported by case law, and contrary to the Court's Findings of Fact and Conclusions of Law.[1] Peters' objections are yet another attempt to deny Coutsodontis any financial benefit from his 50% interest in Sea Trade, which Peters has usurped for the past 16 years. Plaintiffs' objections should be rejected by the Court.

**ARGUMENT**

**I.   GEORGE PETERS IS NOT ENTITLED TO THE BOND PROCEEDS IN ESCROW.**

Peters' argument that he should be awarded the balance of a 2014 appeal bond currently held in escrow (the "Bond Proceeds") because he is a "creditor" of Sea Trade is unfounded and contrary to the Court's Findings of Fact and Conclusions of Law. Peters is not entitled to priority over Defendant Coutsodontis, who has been waiting over 16 years to realize some benefit from his 50% interest in Sea Trade, because of Peters' obstruction, unclean hands, and breaches of fiduciary duty. Although the R&R did not address the distribution of the remaining Bond Proceeds (*see* Doc. 369 at 24), there is no basis to award Peters the entire balance of those funds. Regardless of where the funds came from, they are now an asset of Sea Trade and, under this Court's decision, Coutsodontis is entitled to his share of it, especially in light of the fact that Peters has pocketed all of Sea Trade's earnings since Athena Eliades' death, without sharing any of the profits with Coutsodontis. Accordingly, Peters' objection should be rejected by the Court.

First, this Court already found that Coutsodontis is entitled to the benefits of his ownership of a 50% interest in Sea Trade and, therefore, an award to Peters, alone, would be contrary to the law of the case. *See* Dist. Ct. Op. at 29 (holding the Coutsodontis "is entitled to any and all of the

---

[1] Peters' fourth and fifth objections have no bearing on the conclusions of the R&R and, therefore, are not addressed herein.

benefits of ownership from having held a 50% interest in Sea Trade from January 13, 2003."). Today, the Bond Proceeds are an asset of Sea Trade. It does not matter where the asset came from or why the asset belongs to Sea Trade. Accordingly, Coutsodontis is entitled to at least 50% of the balance of the Bond Proceeds.

Second, but for Peters' conduct over the last 15 years, there would not even be a bond to be arguing over. None of the litigation in Greece or the United States, neither of the maritime arrests, no trial, no inquest, and no appeal would have been necessary – and Sea Trade would not have incurred any of the expenses associated with all of that litigation directed against Coutsodontis – had Peters simply recognized Coutsodontis as a shareholder in 2003. Indeed, Peters has pursued the scorched earth approach his attorneys promised in their August 26, 2004 letter (Doc. No. 171-5), which was part of the evidence in this case:

> "In all events, my client [George Peters] will not accept your client [Coutsodontis] as a shareholder. If, in fact, after litigation of the matter, a court were to recognize [Coutsodontis] as a shareholder, after all appeals have been exhausted, the other stockholders would then petition for a judicial dissolution of the corporation as they will not operate the corporation with [Coutsodontis] as a 50% shareholder."

The reason Coutsodontis may never obtain his full share of the value of his ownership of Sea Trade is that (a) Peters diverted all those profits for his own personal benefit and/or (b) Peters dissipated all of Sea Trade's assets in a scorched-earth, frivolous, and ultimately unsuccessful litigation campaign against Coutsodontis. It is undisputed that Sea Trade generated *at least* $36 million in net revenue between 2003 and the sale of the vessel in 2009. *See* Doc. 338 ¶ 29 (Peters admitting that the total actual revenue earned by the Vessel from 2003-2008 was $36,687,740.) Half of those profits could and should have been disbursed to Coutsodontis. Instead, Peters caused Sea Trade to waste $12 millions on legal fees alone fighting Coutsodontis. (Doc. 338 ¶¶ 110-128.) That

Peters now asks the Court to give him a preference, and to award him the entire balance of the Bond Proceeds to the detriment of Coutsodontis, is unjust.[2]

As a shareholder of Sea Trade, Coutsodontis is entitled to 50% of all of Sea Trade's assets, including the balance of the Bond Proceeds.  Indeed, to right the historical wrong of Peters' having pocketed all of Sea Trade's profits for the past 16 years, and for the reasons set forth in Coutsodontis' Objections to R&R, the Court would be justified to, and should, award Coutsodontis the entire balance of the Bond Proceeds.

## II. THE MAGISTRATE JUDGE PROPERLY CONSIDERED COUTSODONTIS' REPLY SUBMISSION

Plaintiffs object that Coutsodontis violated the Magistrate Judge's Order by filing a reply brief.  Coutsodontis asked to file a reply to address new matters raised for the first time by Plaintiffs' submission, including an expert report and additional financial records that were never produced in discovery. *See* Doc. 350-4 (itemizing new documents).  Surely, if the Magistrate Judge thought his Order had been violated, he would have addressed it in the R&R.  The Magistrate Judge did not address whether Coutsodontis' reply was proper in the R&R because Coutsodontis did not violate the Order. Accordingly, the Court should reject Plaintiffs' objection.

---

[2] Peters assertion that the R&R "found" that he was a creditor of Sea Trade misinterprets the Magistrate Judge's conclusions. (Pl. Br. at 6.)  The R&R did *not* conclude, despite Peters' urging, that Peters is a current creditor of Sea Trade or that Peters was entitled to any additional payment from Sea Trade's assets as a result of being a creditor. *See e.g.,* Pl. Br. in Support of Proposed Findings of Fact and Conclusions of Law for the Inquest (Doc. 344) at 1 ("It is black letter law that [the remaining] funds should be released to Sea Trade so Sea Trade can satisfy a portion of its debts to Peters, its sole creditor.").  Rather, the Magistrate Judge reduced Sea Trade's profits during the relevant time period by certain disputed expenses, including certain loans from Peters and Peters' salary.

**III. THE MAGISTRATE JUDGE PROPERLY CONCLUDED THAT SEA TRADE HAD RETAINED PROFITS, BUT ERRED BY CONCLUDING THAT COUTSODONTIS WAS NOT ENTITLED TO ANY PORTION OF THOSE PROFITS**

Plaintiffs object that the Magistrate Judge erred by finding that Sea Trade had retained profits as of January 2003. The R&R correctly concluded that Sea Trade had retained earnings, as of 2003, because it is undisputed -- based on Sea Trade's records -- that it did.  And, even after Plaintiffs' present explanation of why Sea Trade's financial statements reflected retained earnings amounting to over $11 million (Pl. Br. at 10), Plaintiffs still have not accounted for $2,578,000.00 of retained earnings (*i.e.*, the retained earnings less the book value of the vessel).

Those retained earnings, which indisputably existed as of the date Coutsodontis became a shareholder of Sea Trade, should have been included in the Magistrate Judge's calculation and conclusion.  Indeed, as set forth in Coutsodontis' Objections (*see* Doc. 369 at 7-8), the Magistrate Judge error was not in concluding that there were retained earnings but, rather, failing to include those retained profits in the equitable award to Coutsodontis.  Therefore, the Court should reject Plaintiffs' objection.

## CONCLUSION

For the foregoing reasons, the Court should disregard each and every objection set forth by Plaintiffs.  Moreover, for the reasons set forth in Defendant's Objections to Report and Recommendation, the Magistrate Judge erred in recommending that a fair and equitable award to Defendant Coutsodontis is limited to 50% of the escrowed proceeds from the sale of the M/V ATHENA. Therefore, the Court should award Defendant Coutsodontis $15,512,900.82, plus pre-judgment and post-judgment interest, and direct that **_all_** of Sea Trade's escrowed funds, including the Bond Proceeds, shall be released to Defendant Coutsodontis to satisfy a portion of that judgment since it is doubtful that Coutsodontis will otherwise be able to ever collect on this award after so many years.

-5-

        Respectfully submitted,

        _____
        Mark A. Berman, Esq.
        Kelly A. Zampino, Esq.
        **HARTMANN DOHERTY ROSA**
        **BERMAN & BULBULIA, LLC**
        800 Third Avenue, 28th Fl.
        New York, NY 10022
        (212) 344-4619
        mberman@hdrbb.com

        *Attorneys for Defendant*
        *Stelios Coutsodontis*

Dated: February 25, 2019