UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEA TRADE MARITIME CORPORATION, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> STELIOS COUTSODONTIS, et al., <br><br> Defendants. | Civil No. 09-0488 (LGS)(HBP) |

**DEFENDANT STELIOS COUTSODONTIS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDERATION**

                                      Mark A. Berman, Esq. (MB4456)
                                      Kelly A. Zampino, Esq. (KZ0721)
                                      **HARTMANN DOHERTY ROSA
                                      BERMAN & BULBULIA, LLC**
                                      800 Third Avenue, 28th Floor
                                      New York, NY 10022
                                      (212) 344-4619
                                      mberman@hdrbb.com

                                      *Attorneys for Defendant
                                      Stelios Coutsodontis*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

RELEVANT BACKGROUND ......................................................................................................... 1

ARGUMENT ..................................................................................................................................... 3

    I.    COUTSODONTIS OBJECTIONS TO THE REPORT AND RECOMMENDATION WERE TIMELY FILED ON JANUARY 22, 2019, BECAUSE JANUARY 21, 2019 WAS A LEGAL HOLIDAY. .................................. 3

    II.   IN THE ALTERNATIVE, THE COURT SHOULD CONSIDER COUTSODONTIS' OBJECTIONS AS TIMELY DUE TO MISTAKE OR EXCUSABLE NEGLECT .......................................................................................... 4

CONCLUSION ................................................................................................................................. 5

# **TABLE OF AUTHORITIES**

## **CASES**

*Allstate Ins. Co. v. Administratia Asigurarilor De Stat*,
  163 F.R.D. 196 (S.D.N.Y. 1995) ...................................................................................................4

*In re Crayfish Co. Sec. Litig.*,
  Civil No. 00-6766 (DAB), 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 4, 2002) ..................3

*Johnson v. Fordham Univ.*,
  Civil No. 11- 4670 (ALC), 2016 U.S. Dist. LEXIS 13652 (S.D.N.Y. Feb. 4, 2016) ..................4

*Nelson v. Smith*,
  618 F. Supp. 1186 (S.D.N.Y. 1985) ...........................................................................................3

## **STATUTES**

28 U.S.C. § 636 ................................................................................................................................3

## **RULES**

Fed. R. Civ. Proc. 59 ..................................................................................................................1, 3

Fed. R. Civ. Proc. 6 ................................................................................................................1, 3, 4

Fed. R. Civ. Proc. 60 ..............................................................................................................1, 3, 4

L. Civ. R. 6.3 ....................................................................................................................................1

L. Civ. R. 6.4 .................................................................................................................................3, 4

*SDNY Electronic Case Filing Rules & Instructions*,
  "Section 3. Consequences of Electronic Filing" (Feb 1, 2019) ...................................................2

## PRELIMINARY STATEMENT

Defendant Stelios Coutsodontis respectfully moves the Court, under Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59 and 60, to reconsider its February 27, 2019 Order holding that the parties did not file timely Objections to the Report and Recommendation of the Magistrate Judge, overruling their Objections under a "no clear error on the face of the record" standard of review, and adopting the Magistrate Judge's Report.  All parties, in fact, filed timely Objections on January 22, 2019, under Federal Rule of Civil Procedure Rule 6(a)(1), because January 21, 2019 was a legal holiday. The Court's finding in its February 27, 2019 Order that the parties filed objections "on February 23, 2019" is a factual mistake, and counsel justifiably relied on the applicable rules of procedure and other factors in concluding that Objections would be timely if filed the day following the federal holiday on January 21, 2019. Therefore, the Court should reconsider its February 27, 2019 Order, vacate the February 28, 2019 judgment entered by the Clerk, and make the required *de novo* review of Defendant's Objections.

## RELEVANT BACKGROUND

On December 7, 2018, the Magistrate Judge filed a Report and Recommendation (the "R&R"). (Doc. 366.)  By letter dated December 18, 2019, the parties jointly requested an extension of time to file objections to January 21, 2019, and any responses to the objections to February 20, 2019. (Doc. 367.)  By Order dated December 19, 2018, the Court granted the parties' request. (Doc. 368.)

At the time the request for extension was made, the parties did not consider that January 21, 2019 was Martin Luther King, Jr's Birthday, a federal holiday on which the courts are closed. Accordingly, before January 21, 2019, counsel for the parties conferred and agreed that – because January 21, 2019 was a federal holiday – their Objections would be due and filed the day following the holiday, on January 22, 2019.

Both parties in fact filed their Objections to the R&R on January 22, 2019. (Doc. 369 filed by Defendant at 8:02 PM and Doc. 370 filed by Plaintiffs at 8:59 PM).

On January 23, 2019, at 11:02 AM, Defendant received an ECF notice to re-file the Objections due to an event type error; Defendant inadvertently filed his Objections under the event type "Appeal of Magistrate Judge Decision to District Court" rather than "Objection (non-motion)." Pursuant to the Clerk's direction, Defendant refiled his Objections under the correct filing event on January 23, 2019, at 11:51 AM. (Doc. 371.) Nevertheless, the filing was effective as of the original date filed. *See SDNY Electronic Case Filing Rules & Instructions*, "Section 3. Consequences of Electronic Filing" (Feb 1, 2019) ("[A] document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing (NEF) from the Court"). The Court's finding in its February 27, 2019 Order that the parties filed their Objections "on February 23, 2019," seems to be a typographical mis-reference to the January 23, 2019 ECF event type error. Defendant's original filing on January 22, 2019 remains available for the Court's review on the docket. *See* Doc. 369.

On February 14, 2019, Plaintiffs requested an extension to file responses to Objections to February 25, 2019. (Doc. 373). The Court granted Plaintiffs' request by Order dated February 15, 2019. (Doc. 374.) The parties timely filed their respective responses on February 25, 2019. (Doc. 375 filed at 5:08 PM and 376 filed at 10:40 PM.)

On February 27, 2019, the Court entered an Order finding that no Objections were timely filed, overruled the Objections and adopted the R&R. (Doc. 377.) As previously stated, the Order incorrectly finds that the parties filed their Objections on February 23, 2019.

On February 28, 2019, the Clerk entered a Judgment adopting the R&R and entering judgment for Coutsodontis the amount of $1,170,645.87. *See* Doc. 378. As discussed below, that judgment should be vacated.

## ARGUMENT

**I. COUTSODONTIS OBJECTIONS TO THE REPORT AND RECOMMENDATION WERE TIMELY FILED ON JANUARY 22, 2019, BECAUSE JANUARY 21, 2019 WAS A LEGAL HOLIDAY.**

Coutsodontis' Objections to the R&R, filed on January 22, 2019, were timely filed because the court-ordered January 21, 2019 deadline fell on a legal holiday. Therefore, the Court should reconsider its February 27, 2019 Order under Rules 59(a) and 60(a), vacate the Court's February 28, 2019 Judgment, and address Defendant's Objections using a *de novo* standard of review.

Under Federal Rule of Civil Procedure 6(a)(1) and Local Rule 6.4, if the last day of a time period falls on a legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Martin Luther King Jr.'s Birthday is a legal holiday. *See* Rule 6(a)(2). The deadline for parties to file objections was set (albeit inadvertently) for January 21, 2019 (*see* Doc. 368), which was Martin Luther King Jr.'s Birthday. Accordingly, under Rule 6(a)(1), the deadline for Defendant to file Objections was "the next day that is not a Saturday, Sunday or legal holiday," that is, January 22, 2019. Therefore, Coutsodontis timely filed his Objections on January 22, 2019. *See* Doc. 369 (filed by Defendant at 8:02 PM).

Because Coutsodontis' Objections were timely, a *de novo* determination by the Court is required. *See* 28 U.S.C. § 636(c); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("[W]hen timely objection has been made to a portion or portions of the magistrate's report, the district court must make a *de novo* determination of any portion of the magistrate's disposition to which specific written objection has been made") (internal quotations omitted). Therefore, the Court should reconsider its February 27, 2019 Order, vacate the Court's February 28, 2019 Judgment, and address the merits of Defendant's Objections to the R&R under a *de novo* standard of review. *See In re Crayfish Co. Sec. Litig.*, Civil No. 00-6766 (DAB), 2002 U.S. Dist. LEXIS 10134, at *8-9 (S.D.N.Y. June 4, 2002) (granting reconsideration and deciding motion on the merits where court failed to consider that motion due date was legal holiday).

- 3 -

**II.     IN THE ALTERNATIVE, THE COURT SHOULD CONSIDER COUTSODONTIS' OBJECTIONS AS TIMELY DUE TO MISTAKE OR EXCUSABLE NEGLECT**

In the event that the Court holds that Coutsodontis' Objections nevertheless should have been filed on January 21, 2019, even though it was a legal holiday on which the courts were closed, the Court should find that the filing of Coutsodontis' Objections on January 22, 2019, the day following the legal holiday, nevertheless was timely due to mistake or excusable neglect, under Rule 60(b)(1).  On this basis, the Court should reconsider its February 27, 2019 Order and vacate the Court's February 28, 2019 Judgment.

Under Rule 60(b)(1), the Court, in its discretion, may relieve a party from a final judgment or order due to mistake or excusable neglect.  In order to establish excusable neglect, a party "must show both good faith and reasonable basis for not acting within specified period." *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 163 F.R.D. 196, 198 (S.D.N.Y. 1995).  Here, counsel had a good-faith basis to believe that the deadline to file Objections was extended to the day following the legal holiday, in reliance upon Rule 6(a)(1) and Local Rule 6.4. Indeed, this is the second time a filing deadline has fallen on Martin Luther King Jr.'s Birthday in this case. In 2017, Coutsodontis filed a brief due on Martin Luther King Day the following day, without objection from the Court, and counsel relied on that prior experience in filed Coutsodontis' Objections. Also, counsel had a recent prior case in the Southern District of New York in which the Court calculated deadlines for filing objections to a magistrate judge's report in a manner consistent with the way in which counsel proceeded in this matter, and counsel justifiably relied upon that experience and that prior decision, as well. *See Johnson v. Fordham Univ.*, Civil No. 11- 4670 (ALC), 2016 U.S. Dist. LEXIS 13652, at *4-5 (S.D.N.Y. Feb. 4, 2016) (citing cases).  Therefore, counsel had a good-faith basis to believe that Coutsodontis' objections would be timely if filed the day following the Martin Luther King Jr. legal holiday, as they were.

Plaintiffs' counsel, as well, believed the deadline to file Objections was extended because of the legal holiday and, for that same reason, filed their Objections the day following the holiday. (Doc. 370.)  Accordingly, Plaintiffs were not prejudiced by Coutsodontis' having filed his Objections on January 22, 2019. To the contrary, Coutsodontis will be prejudiced if his Objections are not considered on the merits under a *de novo* standard of review, as he has waited 16 years to receive fair compensation for his ownership interest in Sea Trade Maritime Corporation.  Indeed, not only did the R&R fail to justly implement this Court's judgment but, in addition, it failed to address the division of additional assets that came into the possession of Sea Trade which, if left unresolved by this Court, will simply lead to future litigation, which might otherwise be avoided, between these same parties.[1]

## CONCLUSION

For the reasons stated above, the Court should reconsider its February 27, 2019 Order, vacate the Court's February 28, 2019 Judgment, and address Coutsodontis' Objections on the merits under a *de novo* standard of review.

Respectfully submitted,

_____
Mark A. Berman, Esq.
Kelly A. Zampino, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
800 Third Avenue, 28th Fl.
New York, NY 10022
 (212) 344-4619
mberman@hdrbb.com
*Attorneys for Defendant*
*Stelios Coutsodontis*

Dated: March 6, 2019

---

[1] The R&R and the Court's Judgment also fail to account for the fact that interest has continued to accrue on the escrowed funds so directing that Coutsodontis receive a sum certain inevitably results in his receiving less than 50% of the funds held in escrow, contrary to this Court's judgment.